FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

10/19/2015 4:15:46 PM

KEITH E. HOTTLE
Clerk

# Appendix 1

FILED
10/12/2015 8:04:13 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marissa Ugarte

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT ALLEN J JONES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF CEARTH FAIRE, who herein files her Reply to Defendants' Response to Plaintiff's Motion to Compel the Deposition of Defendant Allen J. Jones and by this Reply would show the court as follows:

## I. Statements Within the Response Are False

Defendant's allegations that Plaintiff 's Motion to Compel Deposition is a mere vehicle to attack Jones' character is false. It is true and a matter of record that Jones has judicially admitted to human trafficking in open court in cause number 2013-CI-04328.

It is also a matter of record that Jones held hostage his infant son in the

1

Dominican Republic for five months to gain financial advantage in the pending divorce that was finalized on July 17, 2013.

This legal misconduct is a good indicator that without a court order to compel his deposition he will not appear. The history of this case reflects that he has used his counsel's unavailability to resist giving his oral and video-taped deposition during this pending litigation that has been ongoing for over one year.

Plaintiff would show Jones' good character, or lack thereof, is by his own admissions a matter of record for this Court to consider.

## II. Plaintiff Has Exhibited Due Diligence Noticing Depositions

Plaintiff again asserts that without a Court Order and a Court assessing consequences for resisting the oral deposition, Jones will not make himself available for the deposition. This case was filed on October 21, 2014, and continues with no end in sight. Although trial is set for March 7, 2016.

Plaintiff files with this Reply a summary of efforts to depose Jones together with pleadings, letters and Rule 11 Agreements that disprove all of the factual allegations contained in Defendant's Response. See Exhibit "A" attached herein and incorporated for purposes.

**CONCLUSION & PRAYER**

Plaintiff respectfully requests this Court consider the character of Jones that by his own admissions shows total and complete disrespect for the system of justice and can anticipate that he will not present himself for the oral deposition presently noticed for October 27, 2015. Plaintiff prays that after notice and hearing and consideration of the false representation made in Defendant's Response that the Court deny their requests for attorney fees and grant to Plaintiff the relief requested in Plaintiff's Motion to Compel. Plaintiff prays for all other and further relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By: /s/ Olga Brown
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 12TH day of October 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Reply to Defendant's Response to Plaintiff's Second Motion to Compel Deposition of Defendant Allen J Jones was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown
OLGA BROWN

# EXHIBIT A - Reply to Response - Mtn to Compel Depo Jones

| | | |
|---|---|---|
| Page 1 of Defendant's Response | Defendant omitted that their this Motion was filed December 22, 2014 [AFTER Deposition notice of 12/17/2014] | FALSE |
| | Plaintiff attempted to confer on new dates **Dec 18, 2014** | |
| | Plaintiff offered Rule 11 agreement **Dec 29, 2014** | |
| Page 1 of Defendant's Response | Defendant "made no further efforts to schedule or take Jones' Deposition..." | FALSE |
| | Plaintiff attempted to confer on new dates **Dec 18, 2014** | |
| | Plaintiff offered Rule 11 agreement **Dec 29, 2014** | |
| Page 2 of Defendant's Response | Plaintiff next noticed Jones' deposition for April 13, 2015 | Half-Truth |
| | Plaintiff attempted to confer **February 24, 2015 and March 13, 2015** | |
| Page 2 of Defendant's Response | Claimant's counsel elected to cancel this deposition setting | Half-Truth |
| | Claimant's counsel asked for alternative dates for deposition because Defendants had yet to produce complete Responses to Discovery Requests, in letter dated **April 6, 2015** | |
| Page 2 Para 2 of Defendant's Response | Plaintiff allowed the matter of deposition to languish for nearly 5 months until she unilaterally noticed for Oct 2, 2015 | FALSE |
| | Plaintiff Amended Petition Jun 19, 2015 | |
| | Plaintiff served Second Amended Notice of Deposition **August 28, 2015**, setting for **October 2, 2015** | |
| | Plaintiff noticed the deposition of Jones in a companion matter in **September 18, 2015**, which ALL JONES quashed | |
| | Defendant claims Jones was "ready to appear" for his deposition on October 2, 2015, YET Defendant counsel was unavailable - by his written letter of **September 30, 2015** | |
| | Plaintiff proposed a Rule 11 agreement regarding dropping the Amended Docket Control Order - Counsel for Defendant handwrote his request to reset depositions, which Plaintiff did. | |
| Page 2 para **4** of Defendant's Response | Plaintiff's repeated, baseless, inflammatory, and sanctionable attacks on Mr. Jones' character belie the arguments... | FALSE |
| | Plaintiff's pleadings speak for themselves, and are facts for a jury to determine | |
| Page 2-3 of Defendant's response | Instant Motion serves as a vehicle by which Claimant continues to utilize the litigation process to harass, annoy, and impose needless and unwarranted costs on Jones | FALSE |
| | Defendants abuse of discovery, even when compelled by the Court, and harassing pleadings in Justice Court and County Court are harassing, retaliatory for Plaintiff asserting her rights | |

Page 3 of Defendant's response

"Defendant Jones has fully complied with the Rules and any and all court orders entered in this matter, and no Plaintiff's request for sanctions should be denied."

FALSE

Defendants have and continue to abuse discovery, despite an Order from Judge Sakai, upon which Plaintiff has attempted to confer on several occasions

Attempt to Confer **October 5, 2015** re discovery withheld

Second and Final Attempt to Confer **October 7, 2015** with BATES references



## SCHMOYER REINHARD LLP
Attorneys at Law

17806 IH 10 West  Suite 400 • San Antonio  Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

JUSTIN BARBOUR
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

October 6, 2015

VIA FACSIMILE 210.226.1884
Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205

Re:   Cause No. 2014-CI-16674; *Cearth Faire v. FMP SA Management Group, LLC d/b/a Food Management Partners, LLC et al*; In the 150th Judicial District Court, Bexar County, Texas
Our File No  108 023

Dear Ms Brown:

This letter is sent in response to your letter dated yesterday regarding Plaintiff's Motion to Compel Mediation in the above-styled matter  As no depositions have been taken in this case, Defendants cannot agree to mediation at this time, nor can we agree to drop the October 9, 2015 setting on Defendant Kemp's Rule 91a Motion to Dismiss.  We will, however, agree to mediation after the parties have had a chance to take specified depositions.  For Defendants, that would require an opportunity to depose Plaintiff before any such mediation is scheduled.  I would similarly anticipate you may want to take a few depositions before mediation, as well  If that is the case, we would kindly ask that you indicate which depositions Plaintiff will want in advance of mediation.

If this proposal – to agree to mediate following the completion of specified depositions – meets with your approval, please indicate such and I will draft up a proposed order for your review  If this does not meet with your approval, I would nonetheless kindly ask that we reset the hearing date on your Motion to Compel Mediation  As I indicated to your office yesterday, I have a previously scheduled family medical appointment tomorrow at 8:40 a.m., which will prevent me from attending the hearing.  If you would be willing to reschedule the hearing, I am available to attend on Friday, October 9, following the completion of our hearing on Defendant Kemp's Rule 91a Motion to Dismiss, or next week on October 12, 14, or 15.

As always, thank you for your courtesies and consideration.

Olga Brown
Law Office of Olga Brown
October 6, 2015
Page 2

Sincerely,

Justin Barbour

JB:vp

17806 IH 10 West, Suite 400 · San Antonio, Texas 78257· Office: 210.447.8033 · Fax: 210.447.8036 · www.sr-llp.com



# SCHMOYER REINHARD LLP
*Attorneys at Law*

17806 IH 10 West Suite 400 · San Antonio, Texas 78257 · Office: 210 447 8033 · Fax: 210.447 8036 · www.sr-llp.com

# Fax

**Date:**     October 6, 2015

| To: | Company: | Fax: | Phone: |
|---|---|---|---|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 3

**Re:**   *Cearth Faire v FMP, et al*                                             108.023

☐ Urgent        ☑ **For Review**        ☐ **Please Comment**        ☐ **Please Reply**        ☐ **Please Recycle**

Please see the following attachment  ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

October 7, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re: Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

**Second and Final Attempt to Confer**

Dear Mr. Barbour:

Thank you very much for your letter of October 7, 2015. The letter includes a representation that you have provided *"a wealth of documents pertaining to the Timber Place home"* but nowhere amongst those documents did you provide the lease purchase agreement or amortization schedule the subject of many emails between Peter Donbavand and Adele Wang. Please see your clients' DEF-CF-00592. Nowhere did your clients produce the sales contract, in its entirety See DEF-CF-00158.

Further, let's agree that at the time I appeal Judge Arteaga's ruling, the Fourth Court of Appeals will be reviewing the claims de novo. The review will strictly be a question of law. Did the Plaintiff give the Defendants "fair notice" of her claims against them?

I completely and fully disagree on the finality of the claims Judge Arteaga even granted a "motion for summary judgment" when there were no pleadings to support the ruling.

Further, the scope of discovery will allow me to go into all documents that I have requested. So, let's talk about the requests and if I do not have the documents by Monday, October 12, 2015 I will seek court intervention. Your threats of sanctions by Defendants may be grounds for sanctions against your clients. Thank you and I look forward to hearing from you

Respectfully,

OLGA BROWN

OB/mf
cc    Cearth Faire
File

* * * Memory TX Result Report ( Oct 7 2015 12:53PM ) * * *

1) Law Office of Olga Brown
2) 210-226-1884

Date/Time: Oct 7 2015 12:52PM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------|------|-------------|-------|--------|---------------|
| 8165 | Memory TX | 4478036 | P 1 | OK | |

Reason for error
E 1) Hang up or line fail        E 2) Busy
E 3) No answer                   E 4) No facsimile connection
E 5) Exceeded max E-mail size

**LAW OFFICE OF OLGA BROWN**
111 SOLEDAD, SUITE 1726
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Amris2@sbcglobal.net

October 7 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:   Cause 2014-CI-16674, Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually, In The 150th Judicial District Bexar County Texas

**Second and Final Attempt to Confer**

Dear Mr. Barbour:

Thank you very much for your letter of October 7, 2015. The letter includes a representation that you have provided "a wealth of documents pertaining to the Timber Place home" but nowhere amongst those documents did you provide the lease purchase agreement or amortization schedule the subject of many emails between Peter Donbavand and Adele Wang. Please see your clients' DEF-CF-00592. Nowhere did your clients produce the sales contract, in its entirety See DEF-CF-00168.

Further, let's agree that at the time I appeal Judge Arteaga's ruling the Fourth Court of Appeals will be reviewing the claims de novo. The review will strictly be a question of law. Did the Plaintiff give the Defendants "fair notice" of her claims against them?

I completely and fully disagree on the finality of the claims. Judge Arteaga even granted a "motion for summary judgment" when there were no pleadings to support the ruling

Further, the scope of discovery will allow me to go into all documents that I have requested. So, let's talk about the requests and if I do not have the documents by Monday, October 12, 2015 I will seek court intervention. Your threats of sanctions by Defendants may be grounds for sanctions against your clients. Thank you and I look forward to hearing from you

Respectfully,

OLGA BROWN

OB/mf
cc   Cearth Faire
     File

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

October 6, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:  Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

## ATTEMPT TO CONFER – Discovery Withheld

Dear Mr. Barbour:

I am writing to confer over your clients' still unresolved evasive and/or incomplete responses to Plaintiff's multiple Identification Interrogatories and Requests for Production.

Your clients have deliberately and willfully withheld documents that are responsive to my client's requests, and are also relevant to her claims.

Specifically, but not limited to emails, text messages and other correspondence and documents regarding 8647 Timber Pl, and your client Allen Jones' intentions, actions with regard to Ms Faire's claims.

I look forward to hearing from you again very soon.

Respectfully,

OLGA BROWN

OB/mf
cc    Cearth Faire
File

```
* * * Memory TX Result Report ( Oct  6  2015 10:45AM ) * * *
                                          1) Law Office of Olga Brown
                                          2) 210-226-1884
```

Date/Time: Oct  6  2015 10:44AM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------|------|-------------|-------|--------|---------------|
| 8156 | Memory TX | 4478036 | P 1 | OK | |

```
Reason for error
   E 1) Hang up or line fail        E 2) Busy
   E 3) No answer                   E 4) No facsimile connection
   E 5) Exceeded max E-mail size
```

## LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Attyolga@swbell.net

October 6  2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:     Cause 2014-CI-16874, Coarth Fairo v. Fmp Sa Management Group, Llc
        D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones,
        Individually, And Peter Donbavand, Individually In The 150th Judicial
        District  Bexar County  Texas

            **ATTEMPT TO CONFER– Discovery Withhold**

Dear Mr. Barbour:

     I am writing to confer over your clients' still unresolved evasive and/or
incomplete responses to Plaintiff's multiple Identification Interrogatories and
Requests for Production.

     Your clients have deliberately and willfully withheld documents that are
responsive to my client's requests, and are also relevant to her claims.

     Specifically, but not limited to emails, text messages and other
correspondence and documents regarding 8847 Timbor Pl, and your client Allen
Jones' intentions, actions with regard to Ms. Fairo's claims.

     I look forward to hearing from you again very soon.

                                        Respectfully,

                                        OLGA BROWN

OB/mf
cc    Coarth Fairo
File

Sep 29. 2015 3:16PM                                                      No. 09PM
Sep 29 2015 2:49PM     Law Office of Olga Brown                          No 8126   P. 1

FILED
9/30/2015 11:57:51 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Frances Gonzales

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 225-1550
TELECOPIER (210) 228-1884

September 29, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:   Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

## RULE 11 AGREEMENT

Dear Mr. Barbour:

Would you consider dropping the Amended Agreed Docket Control Order, currently in place now, to avoid me having to go to Monitoring Court to get relief from the Level 3 Docket Control Order. If you do agree, please sign below and I will file this agreement with the Court and forward a conformed copy.

Agreed, subject to Plaintiff's agreement to reset the depositions of Allen Jones & Jason Kemp from October 2, 2015 to October 26, 27, 28, or 29, 2015, or another mutually available date.

Sincerely,

Olga Brown

AGREED:

Justin Barbour
*Attorney for Defendants*

Received Time Sep 29    3:09PM



## SCHMOYER REINHARD LLP
*Attorneys at Law*

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

**JUSTIN BARBOUR**
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

September 30, 2015

**VIA FACSIMILE 210.226.1884**
Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205

Re:  Cause No. 2014-CI-16674; *Cearth Faire v. FMP SA Management Group, LLC d/b/a Food Management Partners, LLC et al*; In the 150th Judicial District Court, Bexar County, Texas.
Our File No. 108 023

Dear Ms Brown:

This letter follows up on our conversations yesterday regarding the depositions of Allen Jones and Jason Kemp, which are presently scheduled for Friday, October 2, 2015, in the above-styled matter. As I indicated, an unexpected conflict has arisen, which will unfortunately prevent my attendance at those depositions. From our conversation, I understood these depositions would be continued until a later date, and I specifically offered October 26-29 as dates on which the witnesses and I were available to reschedule the depositions. This letter is simply meant to confirm that these depositions' October 2 setting have in fact been cancelled. If this is incorrect, please notify me of such at your earliest opportunity but, in any case, no later than 2:00 p.m. this afternoon. Alternatively, if you wish to discuss alternate dates on which the depositions may be rescheduled, I am available at your convenience.

As always, thank you for your courtesies in this matter.

Sincerely,

Justin Barbour

JB:vp



## SCHMOYER REINHARD LLP
*Attorneys at Law*

17806 IH 10 West  Suite 400 - San Antonio, Texas 78257 - Office: 210.447.8033 - Fax 210.447.8036 - www.sr-llp.com

# Fax

**Date:**     September 30, 2015

| To: | Company: | Fax: | Phone: |
|-----|----------|------|--------|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 2

**Re:**   *Cearth Faire v FMP, et al*                                                                                 108.023

☐ Urgent          ☑ For Review          ☐ Please Comment          ☐ Please Reply          ☐ Please Recycle

Please see the following attachment  ORIGINAL(S) WILL NOT FOLLOW

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.

Received Time Sep 30  11:34AM

CAUSE NO. 2015-CV-05205

| | | |
|---|---|---|
| ALL JONES, LLC, | § | IN THE COUNTY COURT |
| *Plaintiff,* | § § | |
| v. | § § | AT LAW NO. 3 |
| CEARTH FAIRE, | § § | |
| *Defendants.* | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S MOTION TO QUASH DEPOSITION NOTICE OF ALLEN J. JONES AND/OR MOTION FOR PROTECTIVE ORDER

Plaintiff All Jones, LLC, files its Motion to Quash Deposition Notice of Allen J. Jones and/or Motion for Protective Order pursuant to Rule 192.6 and 199.4, and in support thereof respectfully show as follows:

1.      Plaintiff All Jones, LLC initiated this action on August 25, 2015, seeking an appeal of the decision of the Justice of the Peace, Precinct No. 2, Bexar County, Texas, in an underlying eviction proceeding.

2      On September 18, 2015, Defendant served her Notice of Intent to Take the Oral and Videotaped Deposition of Allen J. Jones. Ex. 1, Jones Depo. Notice. Defendant unilaterally set Mr. Jones' deposition for September 23, 2015, just three business days after service thereof, despite never having first conferred with Jones, his counsel, or counsel for Plaintiff All Jones, LLC. *Id.* Moreover, Defendant set this deposition for her own counsel's office.

3      Mr. Jones is not a party to this proceeding in his individual capacity, as the deposition has been noticed. Additionally, the deposition notice does not seek the testimony or appearance of a corporate representative of Plaintiff, as provided for in the Texas Rules of Civil Procedure.

1

4.    Due to previously scheduled matters, Mr. Jones is unavailable to attend his deposition on the date unilaterally noticed by Defendant. Accordingly, Plaintiff objects to the time and place designated for his deposition and moves to quash the deposition notice pursuant to Rule 199.4. *See* TEX. R. CIV. P. 199 4.

5.    For the foregoing reasons, pursuant to Rules 192.6 and 199.4, Plaintiff All Jones, LLC objects to, moves to quash, and moves for a protective order as to Defendant's Deposition Notice of Allen J. Jones. This Motion to Quash and/or Motion for Protective Order is filed timely, within three business days of Defendant's service of the underlying Deposition Notice. *See* TEX. R. CIV. P. 4, 199 4. The time and place noticed by Defendant is unreasonable, as is the form and substance of the deposition notice itself. Plaintiff therefore respectfully requests that this Deposition Notice be quashed and/or that a Protective Order be entered with regard to this Notice. Plaintiff also prays the Court grant it any other relief to which it may be entitled.

Respectfully submitted,

Robert N. Ray
State Bar No. 16606500
7272 Wurzbach Road, Suite 1401
San Antonio, Texas 78240
(210) 733-4399
(210) 733-9819 (facsimile)
robertnray@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF ALL JONES, LLC**

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via electronic service and facsimile* to:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1884 (facsimile)
argyle2@sbcglobal.net

on this 22nd day of September, 2015.

Robert N. Ray

3

# EXHIBIT 1

## CAUSE NO. 2015CV05205

| | | |
|---|---|---|
| **ALL JONES, LLC**<br>*Plaintiff* | §<br>§<br>§ | IN THE COUNTY COURT |
| **V.** | §<br>§<br>§ | AT LAW NO. 3 |
| **CEARTH FAIRE**<br>*Defendant* | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## DEFENDANT'S NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF ALLEN J JONES, PRINCIPAL OF ALL JONES, LLC

TO:   Plaintiff, Allen J Jones, by and through his attorney of record, ROBERT RAY, 7272 Wurzbach Road, Suite 1401, Texas 78240

Please take notice that on the 23rd day of September 2015 and continuing thereafter from the day until completed Defendant by and through her attorney of record, Olga Brown, will take the oral and videotaped deposition of Plaintiff, ALLEN J JONES, pursuant to Rule 199 of the Texas Rules of Civil Procedure at 1:30 p.m at the Law Office of Olga Brown, 111 Soledad, Suite 1725, San Antonio, Texas 78205.

Your attention is directed to the penalties set forth in Rule 215 of the Texas Rules of Civil Procedure for failure of the deponent to appear or to comply with the discovery requested

Such deposition and answers shall be taken to be used and read in evidence upon trial in the above styled and numbered cause relevant to issues raised by Defendant.

You are invited to attend and examine the witness.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

BY:    /s/ Olga Brown
       OLGA BROWN
       State Bar No. 03166500
       111 Soledad, Suite 1725
       San Antonio, Texas 78205
       210/226-1550 Telephone
       210/226-1884 Facsimile
       Argyle2@sbcglobal.net
       ATTORNEY FOR Cearth Faire

## CERTIFICATE OF SERVICE

I do hereby certify that on the 18th day of Sep 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Defendant's Notice of Intent to Take the Oral and Videotaped Deposition of Allen J Jones was furnished to:

Via e-serve
Mr. Robert N Ray
Law Office of Robert N Ray
7272 Wurzbach Rd, Suite 1401
San Antonio, TX 78240

                              /s/ Olga Brown
                              OLGA BROWN

The Law Office of Robert N
Ray                          Received Tue 09/22/15 04:35 PM

# TRCP 21a. - Service by Telephonic Transfer

As provided by I RCP 21a, this document is sent to you using FileTime Fax Service.

| | |
|---|---|
| **Date:** | 09/22/15 04:35:PM |
| **To:** | Olga Brown |
| **Fax Number:** | (210) 226-1884 |
| **From:** | Cheryl Henson<br>The Law Office of Robert N. Ray<br>7272 Wurzbach Rd., Ste 1401<br>San Antonio, TX 78240 |
| **Phone Number:** | (210) 733-4399 |
| **Re:** | |
| **Service Document(s):** | Motion (No Fee) (20150922162149661 pdf) |
| **Case Number** | 2015cv05205 |
| **Court** | bexar:cc |
| **Jurisdiction** | Bexar County - County Clerk |
| **Total Number of Pages:** | 7 (including cover sheet) |

**PRIVILEGED AND CONFIDENTIAL**

This facsimile transmission may contain privileged confidential information and is intended for the sole use of the addressee If you are not the intended recipient, or the person responsible to deliver the message to the intended recipient, you are hereby advised that any dissemination, distribution or copying of this communication is prohibited. If you have received this facsimile in error, please notify the sender and destroy all copies of the original facsimile message

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT<br>GROUP, LLC, D/B/A FOOD<br>MANAGEMENT PARTNERS,<br>LLC,<br>ALL JONES, LLC, ALLEN J<br>JONES, INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S SECOND AMENDED NOTICE OF INTENT TO TAKE THE ORAL
AND VIDEOTAPED DEPOSITION OF DEFENDANT, ALLEN J JONES**

TO: Defendant, Allen J Jones, by and through his attorney of record, Christine E Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Please take notice that on the **2nd day of October 2015** and continuing thereafter from the day until completed Plaintiff, by and through her attorney of record, Olga Brown, will take the oral and videotaped deposition of Defendant, **ALLEN J JONES,** pursuant to Rule 199 of the Texas Rules of Civil Procedure at 9:00 a.m at Schmoyer Reinhard LLP, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Your attention is directed to the penalties set forth in Rule 215 of the Texas Rules of Civil Procedure for failure of the deponent to appear or to comply with the discovery requested.

Such deposition and answers shall be taken to be used and read in evidence upon trial in the above styled and numbered cause relevant to issues raised by Plaintiff.

You are invited to attend and examine the witness.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

BY: _/s/ Olga Brown_
OLGA BROWN
State Bar No 03155500
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 Telephone
210/226-1884 Facsimile
Argyle2@sbcglobal.net
_ATTORNEY FOR Cearth Faire_

## CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of August 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Amended Notice of Intent to Take the Oral and Videotaped Deposition of Defendant, Allen J Jones was furnished to:

VIA FACSIMILE (210) 447-8036
Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

_/s/ Olga Brown_
OLGA BROWN

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

August 28, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

Re:    Deposition Notices

Dear Mr Barbour:


      Enclosed please find  Deposition Notices for Defendant Allen J Jones and Defendant Jason Kemp.

      I have noticed these far enough in advance for scheduling issues, if any, to be resolved.

      Please give me a call if you wish to discuss this matter further.  Thank you.


                              Respectfully,

                              OLGA BROWN

OB/mf
Enclosures (as stated)
cc       Cearth Faire
File

✳ ✳ ✳ Memory TX Result Report ( Aug 27 2015 3:17PM ) ✳ ✳ ✳

1) Law Office of Olga Brown
2) 210-226-1884

Date/Time: Aug 27 2015 2:00PM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 7945 | Memory TX Dial at 3:15PM | 4478036 | P 5 | OK | |

Reason for error
E 1) Hang up or line fail        E 2) Busy
E 3) No answer                   E 4) No facsimile connection
E 5) Exceeded max E-mail size

**LAW OFFICE OF OLGA BROWN**
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
fmyta20@sbcglobal.net

August 28 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio TX 78257

Re: Cause 2014-CI-16674, Cearth Faire v. Fmp Sa Management Group, Llc
D/B/A Food Management Partners, Llc, Afi Jones Llc, Allen J Jones,
Individually, And Peter Donbavand, Individually, In The 150th Judicial
District, Bexar County Texas

Re: Deposition Notices

Dear Mr Barbour:

Enclosed please find Deposition Notices for Defendant Allen J Jones and
Defendant Jason Kemp.

I have noticed these far enough in advance for scheduling issues, if any,
to be resolved.

Please give me a call if you wish to discuss this matter further. Thank
you

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc    Cearth Faire
File



**SCHMOYER REINHARD** LLP

*Attorneys at Law*

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

**JUSTIN BARBOUR**
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

July 9, 2015

**VIA FACSIMILE 210.226.1884**

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205

Re: Cause No. 2014-CI-16674; *Cearth Faire v. FMP SA Management Group, LLC d/b/a Food Management Partners, LLC et al*; In the 150th Judicial District Court, Bexar County, Texas

Dear Ms. Brown:

As you will recall, last week the parties agreed to continue their hearings on various matters, including Defendant Jason Kemp's Rule 91a Motion to Dismiss and the parties' discovery motions, to allow them an opportunity to confer regarding their underlying disputes. Please indicate dates and times when you might be available to schedule a call regarding these matters and the parties' requests for relief, so that such a conferral conference can be scheduled. In the event the parties are unable to reach an agreement as to any of the motions at issue, I would recommend we set such motions for hearing sometime during the week of July 20.

Please let me know if you have any questions, and I look forward to hearing from you.

Sincerely,

Justin Barbour

JB/vp

Received Time Jul 9 1:59PM



## SCHMOYER REINHARD LLP
### Attorneys at Law

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax 210.447.8036 • www.sr-llp.com

# Fax

**Date:** July 9, 2015

| To: | Company: | Fax: | Phone: |
|---|---|---|---|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 2

**Re:** Cearth Faire v FMP, et al                                  108.023

☐ Urgent        ☑ For Review        ☐ Please Comment        ☐ Please Reply        ☐ Please Recycle

Please see the following attachment   ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

April 6, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:     Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Re:     Reschedule of Depositions of Parties

Dear Mr. Barbour:

Please be advised, that today, I will have a copy of the transcript from Judge Sakai's hearing of February 24, 2015. During this hearing, he denied your Motion for Protective Order. Please see the attached.

The Defendants have yet to produce complete Responses to our Discovery Requests Therefore, I will be contacting your office for another date for the depositions of Defendant Allen J Jones, Defendant Peter Donbavand, and Tracy Amass, Director of HR

The incomplete Responses are contrary to Judge Sakai's ruling. Therefore, please provide me with alternative dates with sufficient time that would allow me time to file a Motion to Compel if necessary.

If you wish to discuss this matter further, please give me a call, or we can discuss further April 7, 2015

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc      Cearth Faire
File

```
*   *   *  Memory TX Result Report ( Apr  6  2015 10:26AM ) *   *   *

                                        1) Law Office of Olga Brown
                                        2) 210-226-1884
```

Date/Time: Apr  6  2015 10:25AM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------|------|-------------|-------|--------|---------------|
| 7115 | Memory TX | 4478036 | P 1 | OK | |

```
Reason for error
  E 1) Hang up or line fail          E 2) Busy
  E 3) No answer                     E 4) No facsimile connection
  E 5) Exceeded max  E-mail size
```

## LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-0550
TELECOPIER (210) 226-1884
Anywhere@sbcglobal.net

April 6, 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:     Cause 2014-Ci-16574, Cearth Faire v. Fmp Se Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually, In The 150th Judicial District Bexar County, Texas

Re:     Reschedule of Depositions of Parties

Dear Mr. Barbour:

Please be advised, that today, I will have a copy of the transcript from Judge Sakai's hearing of February 24, 2015. During this hearing he denied your Motion for Protective Order. Please see the attached.

The Defendants have yet to produce complete Responses to our Discovery Requests. Therefore, I will be contacting your office for another date for the depositions of Defendant Allen J Jones, Defendant Peter Donbavand, and Tracy Amass, Director of HR.

The incomplete Responses are contrary to Judge Sakai's ruling. Therefore, please provide me with alternative dates with sufficient time that would allow me time to file a Motion to Compel if necessary.

If you wish to discuss this matter further, please give me a call, or we can discuss further April 7 2015.

Respectfully

Olga Brown
OLGA BROWN

OB/mf
Enclosures (as stated)
cc      Cearth Faire
File

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

March 19, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:   Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Dear Mr. Barbour:

Regarding the deposition of my client, I have the following availability:

May 20, 2015
May 21, 2015
May 28, 2015

Please let me know what day works for you   Thank you and I look forward to discussing other discovery issues

Of course, I am available by telephone if you wish to discuss and or confer on these

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc     Cearth Faire
File

* * * Memory TX Result Report ( Mar 19 2015 3:39PM ) * * *

1) Law Office of Olga Brown
2) 210-226-1884

Date/Time: Mar 19 2015 3:38PM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------|------|-------------|-------|--------|---------------|
| 7007 | Memory TX | 4478036 | P 1 | OK | |

Reason for error
E 1) Hang up or line fail
E 3) No answer
E 5) Exceeded max E-mail size
E 2) Busy
E 4) No facsimile connection

## LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1650
TELECOPIER (210) 226-1884
Agyla2@sbcglobal.net

March 19, 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:     Cause 2014-CI-16674, Cearth Faire v. Fmp Sa Management Group, Llc
        D/B/A Food Management Partners, Llc, Al( Jonos Llc, Allan J Jones,
        Individually, And Peter Donbavand, Individually, In The 150th Judicial
        District, Bexar County Texas

Dear Mr Barbour:

        Regarding the deposition of my client I have the following availability:

        May 20, 2015
        May 21, 2015
        May 28, 2015

        Please let me know what day works for you. Thank you and I look forward to
discussing other discovery issues.

        Of course, I am available by telephone if you wish to discuss and or confer on
these.

                                        Respectfully,
                                        OLGA BROWN

OB/mf
Enclosures (as stated)
cc      Cearth Faire
File

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

March 12, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re: Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Dear Mr. Barbour:

Thank you for your letter of March 9, 2015, wherein in part, you provided potential dates for depositions of Tracy Amass, Peter Donbavand, and Allen Jones.

As to your timeframes for Allen Jones, and with respect to the Agreed Docket Control Order, I'm sure you'll see the need for a much earlier date than you propose for Allen Jones.

Plaintiff's deadline regarding Experts is June 4, 2015  I'm sure with your experience, and given the discovery arguments already made to Judge Sakai on February 24, 2015, you'll see the need for an earlier date. I'm sure you'll be able to impress the same upon your clients.

Accordingly, you'll find Amended deposition notices for Amass, Donbavand and Jones, in April 2015

Of course, I am available by telephone if you wish to discuss and or confer on these.

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc      Cearth Faire
File

\* \* \* Memory TX Result Report ( Mar 12 2015 4:34PM ) \* \* \*

1) Law Office of Olga Brown
2) 210-226-1884

Date/Time: Mar 12 2015 1:27PM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------|------|-------------|-------|--------|---------------|
| 6963 | Memory TX<br>Dial at 4:20PM | 4478036 | P 7 | OK | |

Reason for error
E 1) Hang up or line fail                    E 2) Busy
E 3) No answer                               E 4) No facsimile connection
E 5) Exceeded max E-mail size

**LAW OFFICE OF OLGA BROWN**
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1850
TELECOPIER (210) 226-1884
AnyhOtthbootivel.net

March 12 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re: Cause 2014-CI-16574, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, Alf Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually, In The 150th Judicial District Bexar County, Texas*

Dear Mr. Barbour:

Thank you for your letter of March 9, 2015, wherein in part you provided potential dates for depositions of Tracy Amass, Peter Donbavand and Allen Jones.

As to your timeframes for Allen Jones, and with respect to the Agreed Docket Control Order I'm sure you'll see the need for a much earlier date than you propose for Allen Jones.

Plaintiff's deadline regarding Experts is June 4, 2015. I'm sure with your experience, and given the discovery arguments already made to Judge Sakai on February 24, 2015, you'll see the need for an earlier date. I'm sure you'll be able to impress the same upon your clients.

Accordingly, you'll find Amended deposition notices for Amass, Donbavand and Jones, in April 2015.

Of course, I am available by telephone if you wish to discuss and or confer on these.

Respectfully,
OLGA BROWN

OB/mf
Enclosures (as stated)
cc    Cearth Faire
File



## SCHMOYER REINHARD LLP
*Attorneys at Law*

17806 IH 10 West Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

JUSTIN BARBOUR
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

March 9, 2015

**VIA FAX - 210.226.1884**

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

> Re: Cause No 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba Food Management Partners, LLC., et al*; In the 150th Judicial District Court for Bexar County, Texas

Dear Ms. Brown:

This letter is sent to confer on several issues regarding the above-styled lawsuit First, I am in receipt of your draft proposed orders regarding the parties' February 24, 2015 hearing on Plaintiff's Motion to Compel and Defendants' Motion for Protective Order and to Stay Discovery. My proposed revisions to those orders are attached for your review. As to the order on Defendants' Motion for Protective Order, I have simply specified that the order pertained to Plaintiff's Second, Third, and Fourth Sets of Interrogatories and Requests for Production, which were the only discovery items pending at the time of our hearing. Further, as you know, Defendants have already served their timely objections and responses to these requests, in accordance with the Court's bench ruling.

As to the order on Plaintiff's Motion to Compel, it is, in my opinion, improper for this order to address each of Plaintiff's dozens of interrogatories and requests for production individually, and then to compel certain, specific responses to each. You will recall that Plaintiff announced for a one-hour hearing in Presiding Court on February 24 Judge Sakai expressly indicated it would take a "day or more" to individually go line-by-line through Plaintiff's written discovery requests. Because that far exceeded the time available to the parties, Judge Sakai heard (i) arguments regarding Defendants' request that discovery be stayed pending resolution of the Rule 91a Motion and (ii) very generalized arguments regarding the nature and scope of Plaintiff's written discovery requests Judge Sakai ultimately determined that a discovery stay was inappropriate in this case, and that Defendants should produce responsive documents notwithstanding the forthcoming Rule 91a hearing However Judge Sakai's bench ruling and

Olga Brown
Law Office of Olga Brown
March 9, 2015
Page 2

judge's notes do not address Plaintiff's written discovery requests individually, nor do they identify specific documents to be produced in response to those requests. As such, Defendants' attached proposed order on Plaintiff's Motion to Compel tracks both the language of Judge Sakai's judge's notes, as well as his ruling from the bench.

Of course, I welcome any further dialogue regarding the scope and language of these orders  If you have concerns regarding the foregoing or wish to discuss this matter further, I am available at your convenience.

Second, you previously wrote regarding deposition dates in this lawsuit. At present, the requested witnesses are available during the following time frames:

- Tracy Amass: April 7-10 or 13-14;
- Peter Donbavand: April 7-10 or 13-14; and
- Allen Jones: May 11-15 or 18-20.

As to your request for Mr. Jason Kemp's deposition, you know that Mr. Kemp is the Chief Financial Officer of Defendant FMP  We are unaware of allegations or evidence demonstrating that Mr. Kemp has the requisite unique knowledge to justify his apex deposition in this matter. As such, given the facts presently available, we would oppose Mr. Kemp's deposition on this basis  However, as with any matters regarding pertaining to this lawsuit, I am happy to confer and discuss this issue further

Finally, please provide dates during the above-referenced timeframes when you and Ms. Faire would be available to set her deposition.

Sincerely,

Justin Barbour

Enclosure(s)



17806 IH 10 West, Suite 400 • San Antonio  Texas 78257• Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

Received Time Mar 9  1:17PM



**SCHMOYER**
**REINHARD** LLP
*Attorneys at Law*

17806 IH 10 West, Suite 400 · San Antonio, Texas 78257 · Office: 210 447 8033 · Fax: 210 447 8036 · www sr-llp com

JUSTIN BARBOUR
210.447 8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

February 25, 2015

**VIA FAX - 210.226.1884**

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

Re: Cause No 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba Food Management Partners, LLC, et al*; In the 150th Judicial District Court for Bexar County, Texas

Dear Ms. Brown:

I am in receipt of your letters dated today and yesterday regarding depositions in the above-styled matter. My clients and I are conferring regarding their availability and potential deposition dates. Both of your letters have threatened a "Motion for Sanctions for Resisting Discovery"; however, I would kindly ask that you refrain from filing such a motion until Defendants have been afforded a reasonable time period to identify available dates, in light of the Court's ruling yesterday.

Along those same lines, I understood you would draft and forward for my review an order formalizing Judge Sakai's rulings on Plaintiff's Motion to Compel and Defendant's Motion for Protective Order. I have not yet received any such draft. If I missed the proposed order, please let me know. Alternatively, if the order has not yet been drafted, please let me know when I may expect to receive it.

Sincerely,

Justin Barbour



**SCHMOYER REINHARD LLP**
Attorneys at Law

17806 IH 10 West Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

# Fax

**Date:** February 25, 2015

| To: | Company: | Fax: | Phone: |
|-----|----------|------|--------|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1560 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 2

**Re:** *Cearth Faire v FMP, et al*                                               108.023

☐ Urgent        ☑ For Review        ☐ Please Comment        ☐ Please Reply        ☐ Please Recycle

Please see the following attachment  ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

February 24, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc    D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones,    Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

### ATTEMPT TO CONFER OVER DEPOSITIONS OF JONES, DONBAVAND AND AMASS

Dear Mr Barbour:

Would you kindly advise as to the availability of Mr. Jones, Mr. Donbavand and Ms. Amass, for their oral and videotaped depositions in your office

As you might recall, the Plaintiff properly and reasonably noticed:

Allen J Jones, on December 17, 2014
Peter Donbavand on December 17, 2014
Tracy Amass on January 28, 2015.

You will also recall, that your clients moved to Quash the three depositions referenced above.

As noted in Plaintiff's Motion to Compel the depositions of Jones and Donbavand, your client's motion to quash was defective in that TRCP 192.6(a) requires that "The motion must identify a reasonable time and place for the deposition with which the party or witness will comply "

Kindly consider providing dates and availability for the three noticed deponents

Fair warning that this letter may be Exhibit #2 in a future motion for sanctions for resisting discovery, pursuant to Rule 215.3, which I hope does not become necessary, and that you will also tender Mr Kemp for his deposition promptly.

Thank you and I look forward to hearing from you.

Respectfully,

OLGA BROWN

OB/mf
cc    Cearth Faire
File

```
*   *   * Memory TX Result Report ( Feb 25  2015  1:13PM ) *   *   *

                                              1) Law Office of Olga Brown
                                              2) 210-226-1884

Date/Time: Feb 25  2015  1:12PM

File                                                                    Page
No   Mode            Destination                 Pg(s)      Result      Not Sent
----------------------------------------------------------------------------------
6876 Memory TX       4478036                       P  1      OK


------------------------------------------------------------------------------------

    Reason for error
        E 1) Hang up or line fail           E 2) Busy
        E 3) No answer                      E 4) No facsimile connection
        E 5) Exceeded max  E-mail size
```

## LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78203
(210) 226-1650
TELECOPIER (210) 226-1884
brown2@sbcglobal.net

February 24, 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16874, Coach Fairs v. Fmp Sa Management Group, Llc    D/B/A
Food Management Partners, Llc, All Jones Llc, Allen J Jones,    Individually, And Peter
Donbavand, Individually, In The 150th Judicial District, Bexar County, Texas

    ATTEMPT TO CONFER OVER DEPOSITIONS OF JONES, DONBAVAND AND AMASS

Dear Mr. Barbour:

    Would you kindly advise as to the availability of Mr. Jones, Mr. Donbavand and Ms.
Amass, for their oral and videotaped depositions in your office.

    As you might recall, the Plaintiff properly and reasonably noticed:

    Allen J Jones, on December 17, 2014
    Peter Donbavand on December 17, 2014
    Tracy Amass on January 28, 2015.

    You will also recall, that your clients moved to Quash the three depositions
referenced above.

    As noted in Plaintiff's Motion to Compel the depositions of Jones and Donbavand,
your client's motion to quash was defective in that TRCP 192.6(a) requires that "The motion
must identify a reasonable time and place for the deposition with which the party or witness
will comply."

    Kindly consider providing dates and availability for the three noticed deponents.

    Fair warning that this letter may be Exhibit #2 in a future motion for sanctions for
resisting discovery, pursuant to Rule 215.3, which I hope does not become necessary, and
that you will also tender Mr. Kemp for his deposition promptly.

    Thank you and I look forward to hearing from you.

    Respectfully

    OLGA BROWN

OB/nf
cc    Coach Fairs
File

# LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

February 23, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:   Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

Re: Availability of Jason Kemp for deposition

### ATTEMPT TO CONFER OVER AVAILABILITY

Dear Mr. Barbour:

Would you kindly advise as to the availability of Mr. Jason Kemp, for his oral and video taped deposition in your office for a date 33 days out so that I can also include a request for documents?

Mr. Kemp's testimony is relevant to the claims of this case, even if there is an adverse ruling on Ms. Faire's claim to ownership of the home at 8647 Timber Pl. Mr. Kemp is a Co-Founder and Chief Financial Officer for the Defendant companies. Immediately prior to Ms. Faire's termination, Mr. Kemp was an additional direct supervisor of Ms. Faire. Mr. Kemp has personal knowledge of the oral gift of real estate from Mr. Jones to Ms. Faire.

So far every single notice of deposition has been quashed. Further, all subpoenas for records relevant to the claims in this case have also been quashed.

Fair warning that this letter may be Exhibit #1 in a future motion for sanctions for resisting discovery, which I hope does not become necessary and that you will tender Mr. Kemp for his deposition.

Thank you and I look forward to hearing from you.

Respectfully,

OLGA BROWN

OB/mf
cc      Cearth Faire
File

\* \* \* Memory TX Result Report ( Feb 24 2015 2:39PM ) \* \* \*

1) Law Office of Olga Brown
2) 210-226-1884

Date/Time: Feb 24 2015 2:39PM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------|------|-------------|-------|--------|---------------|
| 6871 | Memory TX | 4478036 | P 1 | OK | |

Reason for error
E 1) Hang up or line fail                    E 2) Busy
E 3) No answer                               E 4) No facsimile connection
E 5) Exceeded max E-mail size

## LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1530
TELECOPIER (210) 226-1884
Activ2@sbcglobal.net

February 23, 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:  Cause 2014-CI-16874, Coarth Faire v. Fmp Sa Management Group, Llc
     D/B/A Food Management Partners, Llc, All Jonos Llc, Allen J Jones,
     Individually, And Peter Donhovand, Individually, In The 150th Judicial
     District Bexar County, Texas

Re:  Availability of Jason Kemp for deposition

### ATTEMPT TO CONFER OVER AVAILABILITY

Dear Mr. Barbour:

Would you kindly advise as to the availability of Mr. Jason Kemp, for his oral and video taped deposition in your office for a date 33 days out so that I can also include a request for documents?

Mr. Kemp's testimony is relevant to the claims of this case, even if there is an adverse ruling on Ms. Faire's claim to ownership of the home at 8647 Timber Pt. Mr. Kemp is a Co-Founder and Chief Financial Officer for the Defendant companies immediately prior to Ms. Faire's termination, Mr. Kemp was an additional direct supervisor of Ms. Faire. Mr. Kemp has personal knowledge of the oral gift of real estate from Mr. Jones to Ms. Faire.

So far every single notice of deposition has been quashed. Further, all subpoenas for records relevant to the claims in this case have also been quashed.

Fair warning that this letter may be Exhibit #1 in a future motion for sanctions for resisting discovery, which I hope does not become necessary and that you will tender Mr. Kemp for his deposition.

Thank you and I look forward to hearing from you.

Respectfully,

Olga Brown
OLGA BROWN

OB/nd
cc    Coarth Faire
File

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

February 20, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Dear Mr. Barbour:

This letter follows my request to you that Mr Allen Jones be present at the hearing for the Motion for Sanctions I have filed against him. The fact that he is the CEO of his companies does not shield him for wrongdoings in connection with the claims filed against him.

The hearing on Tuesday, February 24, 2015 is not merely "a discovery hearing". My motion complains about his misconduct. Mr Jones is the actor in all of the claims, including retaliation.

It is reasonable to expect that if my allegations are without merit, he would be in the courtroom to testify. Please reconsider your refusal to have Mr. Jones attend the sanctions hearing. Thank you and I look forward to hearing from you.

Respectfully,

OLGA BROWN

OB/mf
cc    Cearth Faire
File

```
*  *  *  Memory TX Result Report ( Feb 20  2015  4:04PM )  *  *  *
                                              1) Law Office of Olga Brown
                                              2) 210-226-1884
```

Date/Time: Feb 20  2015  4:03PM

| File No | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---------|------|-------------|-------|--------|---------------|
| 6858 | Memory TX | 4478036 | P  1 | OK | |

```
Reason for error.
    E 1) Hang up or line fail        E 2) Busy
    E 3) No answer                   E 4) No facsimile connection
    E 5) Exceeded max  E-mail size
```

## LAW OFFICE OF OLGA BROWN
131 SO. EDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1660
TELECOPIER (210) 226-1884
Amda2@sbcolobal.net

February 20, 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:  Cause 2014-CI-18674, Gearth Feiro v. Fmp Sa Management Group, Llo
     D/B/A Food Management Partners, Llo, AB Jones Llc, Allen J Jones,
     Individually, And Peter Donbovand, Individually, In The 150th Judicial
     District, Boxar County, Texas

Dear Mr. Barbour:

This letter follows my request to you that Mr. Allen Jones be present at the hearing for the Motion for Sanctions I have filed against him. The fact that he is the CEO of his companies does not shield him for wrongdoings in connection with the claims filed against him.

The hearing on Tuesday, February 24, 2015 is not merely "a discovery hearing". My motion complains about his misconduct. Mr Jones is the actor in all of the claims, including retaliation.

It is reasonable to expect that if my allegations are without merit, he would be in the courtroom to testify. Please reconsider your refusal to have Mr. Jones attend the sanctions hearing. Thank you and I look forward to hearing from you.

Respectfully,

OLGA BROWN

OB/mf
cc   Coarth Feiro
File



**SCHMOYER REINHARD** LLP
Attorneys at Law

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

JUSTIN BARBOUR
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

February 18, 2015

**VIA FAX - 210.226.1884**

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

Re:   Cause No. 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba
      Food Management Partners, LLC., et al;* In the 150th Judicial District Court for
      Bexar County, Texas

Dear Ms. Brown:

This letter is sent in response to your February 17, 2015 discovery conferral letter sent in the above-styled matter. Please accept this correspondence as Defendants' response to that letter

Defendant contends that any further discovery in this matter is inappropriate until the Court has disposed of Defendants' Amended Rule 91a Partial Motion to Dismiss, which is set for hearing on March 18, 2015. The resolution of that Motion could largely narrow Plaintiff's claims and the scope of this litigation. Thus, any interim discovery requests, responses, or supplementation risks wasting the parties' time and resources on matters that would ultimately be irrelevant to the issues in this lawsuit. To that end, yesterday we filed Defendants' Motion for Protective Order and to Stay Discovery, which is set for hearing on Friday, February 20, 2015

Please feel free to contact me at your convenience if you wish to discuss this matter further

Sincerely,

Justin Barbour

Received Time Feb 18. 8:20AM

Feb 18 2015 8:23AM        No 7899 P 1



## SCHMOYER REINHARD LLP
*Attorneys at Law*

17806 IH 10 West Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

# Fax

**Date:**    February 18, 2015

| To: | Company: | Fax: | Phone: |
|---|---|---|---|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1884 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 2

**Re:**    *Cearth Faire v FMP, et al*                           108 023

☐ **Urgent**      ☑ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**      ☐ **Please Recycle**

Please see the following attachment. ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above

Received Time Feb 18   8:20AM



**SCHMOYER REINHARD** LLP

*Attorneys at Law*

17806 IH 10 West, Suite 400 • San Antonio  Texas 78257 • Office: 210.447.8033 • Fax: 210 447 8036 • www.sr-llp.com

JUSTIN BARBOUR
210 447 8033 (tel )
210.447.8036 (fax)
jbarbour@sr-llp.com

February 17, 2015

VIA FACSIMILE 210.226.1884

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205

Re:  Cause No. 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC d/b/a Food Management Partners, LLC et al*; In the 150th Judicial District Court, Bexar County, Texas

Dear Ms. Brown:

Enclosed please find a copy of Defendant's Motion for Protective Order and to Stay Discovery, which was filed this afternoon. Please note that the Motion is being set for hearing on February 20, 2015, at 8:30 a.m in the Presiding District Court, Bexar County, Texas. We will forward an executed copy of the Fiat upon receipt from the District Clerk.

Please contact Christine or me if you have any questions.

Sincerely,

Justin Barbour

Enclosure(s)



## SCHMOYER REINHARD LLP
### Attorneys at Law

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210 447 8033 • Fax 210.447.8036 • www.sr-llp.com

# Fax

**Date:**     February 17, 2015

| To: | Company: | Fax: | Phone: |
|-----|----------|------|--------|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1884 |

| From: | Company: | Fax: | Phone: |
|-------|----------|------|--------|
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 12

**Re:**   *Cearth Faire v FMP, et al*                                                        108 023

☐ Urgent          ☑ For Review          ☐ Please Comment          ☐ Please Reply          ☐ Please Recycle

Please see the following attachment. ORIGINAL(S) WILL NOT FOLLOW.

Thank you.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above



## SCHMOYER REINHARD LLP
*Attorneys at Law*

17606 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210 447 8033 • Fax: 210.447.8036 • www.sr-llp.com

JUSTIN BARBOUR
210.447 8033 (tel.)
210 447.8036 (fax)
jbarbour@sr-llp com

February 6, 2015

**VIA FAX - 210.226.1884**

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

> Re:   Cause No 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba Food Management Partners, LLC , et al*; In the 150th Judicial District Court for Bexar County, Texas

Dear Ms. Brown:

This letter is sent with regard to Plaintiff's Motion to Compel, which was apparently filed today in the above-styled matter. As I understand your Motion, you have asked the Court to generally override each and every of Defendants' objections to Plaintiff's First Set of 32 Interrogatories and 33 Requests for Production, both of which were served on every Defendant to this action. As such, your Motion amounts to a blanket request that the Court override all objections to 260 different written discovery requests.[1]

As an initial matter, Defendants note that Plaintiff failed to confer regarding the substance of the Motion prior to its filing. Just yesterday afternoon, we received correspondence from your office asking for supplementation of Defendants' discovery responses. This letter never requested a blanket withdraw of all objections to Plaintiff's 260 written discovery requests. Nonetheless, in light of your request as to "[w]hen [you could] expect to receive supplementation" of Defendants' discovery responses, counsel was evaluating their ability to do so Yet, not even 24 hours later, we received your Motion to Compel. Accordingly, and in

---

[1] Notably, the 260 written discovery requests comprise only Plaintiff's First Set of Interrogatories and Requests for Production. Since that time, Plaintiff has served her Second Set of Interrogatories and Requests for Production (14 each) on January 29, 2015, Third Set of Interrogatories and Requests for Production (two each) on January 30, 2015, and Fourth Set of Interrogatories and Requests for Production (11 each) on February 5, 2015. As each set of written discovery has been served on each Defendant to this lawsuit, Plaintiff has now cumulatively served 476 written discovery requests in this three-and-a-half month-old lawsuit.

Olga Brown
Law Office of Olga Brown
February 6, 2015
Page 2

response to your correspondence dated yesterday, we would respectfully suggest that your Motion to Compel is premature and request a reasonable amount of time in which to provide such supplementation.

Second, we note that your Motion to Compel is grossly inaccurate in its characterization of Defendants' discovery responses Plaintiffs' First Set of Interrogatories and Requests for Production are, by and large, grossly overbroad in their temporal and subject matter scopes, seek a host of patently irrelevant information, and are generally served for little more than the purposes of harassing Defendants Thus, to protect their interests against Plaintiffs' overbroad and overreaching discovery, Defendants properly asserted objections where appropriate Despite having asserted appropriate objections, Defendants nonetheless responded to the overwhelming majority of Plaintiffs' Interrogatories and Requests for Production. Specifically, Defendants responded as follows:

- Defendant Allen Jones responded to 30 of 33 Interrogatories and 19 of 33 Requests for Production;

- Defendant Peter Donbavand responded to 31 of 33 Interrogatories and 30 of 33 Requests for Production;

- Defendant All Jones, LLC responded to 30 of 33 Interrogatories and 17 of 33 Requests for Production; and

- Defendant FMP SA Management Group, LLC responded to 30 of 33 Interrogatories and 29 of 33 Requests for Production

In light of these responses, your sensational claim that "Defendants are trying to usurp the Court of its power" is simply inflammatory and lacking any basis whatsoever. Defendants have fully complied with and responded to Plaintiff's non-objectionable discovery requests. Per your correspondence sent **yesterday**, Defendants are evaluating their ability to further supplement written discovery responses and will do so as soon as practicable. In the meantime, if you contend that any of Defendants' objections to specific Interrogatories or Requests for Production are inappropriate, we welcome an opportunity to confer on this issue. To that end, please identify the discovery requests for which you so contend and your basis for contending that the objections should be withdrawn, and we would be happy to discuss this issue further.

Third, your Motion to Compel claims, without any basis, support, or explanation, that Defendants "are withholding material documents and testimony relevant to" Plaintiff's claims. Please immediately state the documents you contend are in Defendants' possession, and the discovery requests to which they are responsive.

Finally, in addition to failing to confer on the substance of your Motion to Compel, we similarly note that you have failed to confer on a hearing date. We would respectfully urge that the parties attempt to resolve these discovery matters without the need for Court intervention. To



17806 IH 10 West, Suite 400 • San Antonio, Texas 78257• Office: 210 447 8033 • Fax: 210.447.8036 • www.sr-llp.com

Olga Brown
Law Office of Olga Brown
February 6, 2015
Page 3

that end, we request Plaintiff respond to each of Defendants' requests, set forth above. However, should you insist on proceeding with an unnecessary and unjustified hearing on this Motion to Compel, both Ms. Reinhard and I are unavailable on the current hearing date, February 12, 2015. In that case, we would request you please provide other dates on which you are available, such that we may identify a mutually available date on which to present this unnecessary matter to the Court.

Please contact Christine Reinhard or me if you wish to discuss this matter further

Sincerely,

Justin Barbour

17806 IH 10 West, Suite 400 · San Antonio, Texas 78257· Office: 210 447 8033 · Fax: 210 447 8036 · www.sr-llp.com



## SCHMOYER REINHARD LLP
### Attorneys at Law

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447 8033 • Fax: 210 447 8036 • www.sr-llp.com

# Fax

**Date:**    February 6, 2015

| To: | Company: | Fax: | Phone: |
|-----|----------|------|--------|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1884 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:  4**

**Re:**    *Cearth Faire v FMP, et al*                                                                                108 023

☐ **Urgent**        ☒ **For Review**        ☐ **Please Comment**        ☐ **Please Reply**        ☐ **Please Recycle**

Please see the following attachment  ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.



# SCHMOYER REINHARD LLP
### Attorneys at law

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210 447 8033 • Fax: 210 447 8036 • www sr-llp com

JUSTIN BARBOUR
210 447 8033 (tel )
210 447 8036 (fax)
jbarbour@sr-llp com

February 4, 2015

**VIA U.S. FIRST CLASS MAIL**

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

> Re: Cause No. 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba Food Management Partners, LLC, et al*; In the 150th Judicial District Court for Bexar County, Texas

Dear Ms Brown:

Enclosed is a file-stamped copy of Defendants' Response to Plaintiff's Motion to Compel Defendant Allen J Jones' and Defendant Peter Donbavand's Depositions. The Response was hand-filed this morning, when I appeared for the hearings on the parties' Motion to Compel and Motion to Quash, which I had understood to have been reset to today. These motions were not announced in Presiding, however, nor did I see you there. Thus, I was unable to hand-deliver the Response to you, as I had intended, and have instead amended the Certificate of Service to reflect service via U.S. First Class Mail.

Please contact Christine or me if you wish to discuss this matter further.

Sincerely,

Justin Barbour

Enclosure(s)

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

January 14, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

## RULE 11 AGREEMENT CONCERNING SETTINGS OF JANUARY 15, 2015

Dear Mr. Barbour:

This letter is to confirm and thank you for the Rule 11 Agreement in the above matter, as requested via telephone this date, pursuant to Rule 11 of the Texas Rules of Civil Procedure that we have agreed to **reset** the hearings from January 15, 2015, to **January 22, 2015**, at this time on:

1. Plaintiff's Motion to Compel Depositions of Defendants Allen J Jones and Peter Donbavand

2. Defendants' Motion to Quash Depositions Notices and/or Motion for Protective Order

The parties have also agreed to a November 2, 2015 trial, and are anticipating an agreed docket control order will follow shortly.

If you are in agreement with the above please sign below and return to our offices. A conformed copy will be returned to your offices. Your prompt attention to this matter is greatly appreciated. Thank you.

Respectfully,


OLGA BROWN

AGREED:


_____
Justin Barbour
Attorney for Defendants

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

December 18, 2014

**Via e-serve**
Christine E Reinhard/Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:   Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Dear Ms. Reinhard and Mr. Barbour:

Thank you for your one letter of December 17, 2014, responding to our many letters and requests dating back to December 3, 2014.

Please advise as to availability **prior** to January 27, 2015, or make sure you give a date certain in your motions to quash.

Please advise as to the location and time where my client can use her key to access the vehicle and retrieve her and her family's belongings from her vehicle in the next three days.

Thank you for the educational comment as to what should not be filed with the Court. Please review the Texas Bar Journal, November 2014 issue, Pages 898-901, and specifically, Page 901, #7 regarding e-serving of discovery. To date, we have utilized the e-serve option for the majority of that which has been sent to you thus far. This method obviously saves postage and paper, and so far, neither my EFSP, nor my computer has complained of being burdened by my office.

Thank you.

Respectfully,

*/s/ Olga Brown*
OLGA BROWN

OB/mf
cc   Cearth Faire
     Robert Ray, Attorney for ALL JONES, LLC and Allen J Jones, via email
     RobertnRay@sbcglobal.net
File

# Appendix 2

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT KEMP'S RULE 91a MOTION TO DISMISS and REQUEST FOR ATTORNEY FEES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF CEARTH FAIRE, who respectfully requests this court to deny Defendant Jason Kemp's Motion to Dismiss pursuant to Texas Rule of Civil Procedure 91a, and in support of such request Plaintiff would show the court she has properly plead her claims against Defendant Kemp, and would show as follows:

### I. Prior History of a Rule 91a Dismissal

Defendant Kemp is requesting that his Motion to Dismiss pursuant to Rule 91a also be dismissed because two other defendants in this lawsuit have been dismissed by a trial court.

1

Plaintiff Faire would show that the two prior dismissals are not relevant to this Motion in that when the earlier motion is considered by the appeals court it will be reviewed de novo. It is a legal question as to whether Plaintiff properly plead her claims.

The trial court's determination of whether the Plaintiff's claims against Defendants have any basis in law and in fact are legal questions. It is clear Rule 91a is analogous to pleas to the jurisdiction. See *Stedman v. De Paz,* 2015 Tex. App. LEXIS 9326 (Tex. App. Corpus Christi Sept. 2, 2015).

In reviewing Kemp's Motion to Dismiss, this court must only look at the pleadings on file in regards to the claims against Defendant Kemp and not look to other trial court's rulings. In making its determination **this court may not** consider evidence in ruling on this motion and must decide this motion based solely on the Plaintiff's pleading of the causes of action. Did Plaintiff give "fair notice" to Defendant Kemp? Absolutely.

This court is required to accept the factual allegations in the claims against Defendant Kemp as true at this stage of the proceedings. The Appellate Court is also required to accept the factual allegations in Plaintiff's Sixth Amended Petition as true.

In the previous hearing on the motion to dismiss, Defendants' counsel mislead the trial court by engaging the trial judge in an analysis of the facts, which is prohibited by Rule 91a. Whether Plaintiff can prevail on the facts alleged, is irrelevant. The facts are not subject to analysis at this stage of the proceedings, because the trial court is required to accept Plaintiff's factual allegations as true. See *Wooley v. Schaffer,* 447 S.W.3d 71, 76 (Tex. App—Houston [14th Dist.] 2014, pet denied.

Therefore, Plaintiff objects to any and all arguments or statements that another trial court has granted a similar motion to dismiss. Plaintiff can provide the trial court transcript where the Rule 91a was considered on a motion for summary judgment standard, meaning an analysis of the facts as plead by Plaintiff.

## II. Introduction and Background

Defendant Jason Kemp, is Co-Founder, and Chief Financial Officer, and one of the Owners of the Defendant Corporations. Kemp holds himself out to the public as being extremely experienced in finance, accounting and corporate IT accounting.

As such, Defendant Kemp was well aware of Defendant Jones' business and personal activities, which included details of Plaintiff's compensation and Defendant Jones' disparaging treatment of females, including, but not limited to a judicial admission in a Bexar County District Court by Jones of having purchased a female in the Dominican Republic for his own needs. Defendant Kemp is strictly liable for Quid Pro Quo Harassment because he is well aware Defendant Jones used his actual authority to harass Plaintiff.

3

Defendant Kemp, as Chief Financial Officer,  is aware of Defendant Jones' demands of Plaintiff to work for approximately five months to assist him in his divorce defense, by caring for his infant child on a 24 hour basis, in addition to her other job duties.  The demands are in violation of well established wage and hour laws.   Defendant Kemp, as Chief Financial Officer condones Defendant Jones' "human trafficking" as judicially admitted.

Defendant Kemp, as Chief Financial Officer, is well aware that wages owed to Plaintiff under the Fair Labor Standards Act, Wage and Hour Division, exceed the value of the house that Defendant Jones gifted Plaintiff. Plaintiff contends the wages owed to her are approximately $153,162.98.  Defendant Kemp, as Chief Financial Officer, is also well aware that improper deductions were willfully made from Plaintiff's wages, in violation of the Texas Payday Law.  See Exhibit A incorporated herein in its entirety.

Notwithstanding that, a trial judge has dismissed Plaintiff's claim of oral gift of real estate against Defendant Jones and Defendant Peter Donbavand, Defendant Kemp has liability independent of the other Defendants for fraud.  It is well established that fraud can be the basis of a conspiracy claim.  Defendant Kemp perpetrated fraud against Plaintiff by denying her fair and just compensation and by the pretext she was getting the Kemp House.

### III. Plaintiff Has Amended Petition Upon Which Motion is Based

Plaintiff Faire has timely filed an amended petition addressing all the complaints contained in the Defendants' Amended Rule 91a Motion.  Plaintiff has again

succinctly addressed all elements of each and every cause of action and supports allegations with facts that "*a reasonable person could believe the facts plead*" . Tex R Civ P 91a.1.

Plaintiff would further show that "if the allegations, taken as true, together with inferences reasonably drawn from them" would entitle her to present her case to a trier of fact and secure a judgment for the three causes of action filed against Defendant Kemp, in the capacity he has been sued.    Tex R Civ P 91a.1.

By his Rule 91 a Motion, Defendant Kemp challenges Plaintiff's claim for an oral gift of real estate, which Plaintiff would show is enforceable by equity, since the legal and factual requirements of the three elements for enforcement have been plead.

Defendant also challenged the claim of conspiracy between Defendants Kemp, Jones and  Donbavand.   All of these Defendants were acting outside the course and scope of the corporate business and for their personal purposes, and therefore, are not entitled to defend based on Intra-Corporate Immunity Doctrine. Rule 91a expressly prevents a court from considering evidence in making its determination of a Rule 91a motion. Tex. R. Civ. P.  91a.6. The question in deciding whether a claim has a basis in law is whether "the allegations state a cause of action." *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex .. App-Houston [1st Dist.] 2006, no pet); *see also Hamilton v Pechacek*, 319 SW3d 801, 809 (Tex App  -Fort Worth 2010, no pet) (claim has arguable basis in law unless claim presents an "indisputably meritless legal theory").

Plaintiff's claim for sexual harassment falls within the protection of employees by statute: Tex. Lab. Code Ann Chapter 21, which is "designed with the objective to carry out the purposes of Title VII of Civil Rights Act of 1964, including its prohibition of discrimination on the basis of sex."  The Texas Workforce Commission has accepted her claim of sexual discrimination against Defendants FMP, ALL JONES, LLC, Jones and including Kemp.

## IV. Arguments & Authorities Supporting Denial of Motion

### A.    An oral gift of real estate is an equitable exception to the Statute of Frauds:

Plaintiff would show "It is well settled that, notwithstanding the requirements of the statute of frauds, a parol gift of real estate will be enforced in equity upon establishment of the fact of (1) a present gift; (2) possession under the gift taken and held by the donee with consent of the donor; and (3) permanent and valuable improvements made on the premises by donee in reliance of the gift with the knowledge and consent of the donor. To establish an oral gift of real property, Plaintiff  merely must show: (1) a present gift to her by Jones; (2) that she took immediate possession of the described property with Jones' consent; and (3) she made permanent and valuable improvements to the described property with Jones' knowledge and consent." *McCuen v. Huey*, 255 S.W.3d 716, 726-727 (Tex. App. - Waco 2008);  *Flores v. Flores*, 225 S.W.3d 651, 655 (Tex. App.– El Paso 2006, pet. denied); see also *Dawson v. Tumlinson*, 150 Tex. 451, 242 S.W.2d 191, 192-93 (1951) (citing *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921)).

Plaintiff's claims for oral gift of real estate began with Defendant Kemp being the original co-actor in the gifting. Kemp's wife inherited the property the subject of this lawsuit and used such property to defraud Plaintiff. See Exhibit B.

## B. Plaintiff's Claim of Sexual Harassment  is Authorized by TCHRA

For Defendant Kemp to assert that he is merely an "employee" is ludicrous, as he is co-founder and co-owner of the defendant companies, by whom Plaintiff was employed, and as such, has strict liability for the harassment.  Further, Defendant Kemp was a manager of Plaintiff, and as such, knew or should have known of the harassment.

Plaintiff has properly plead her claim of sexual harassment and/or discrimination pursuant to the TCHRA and her claim has been accepted by the Texas Workforce Commission Civil Rights Division, and the EEOC.

## V. Res Judicata Is Not Applicable to Defendant Kemp

Plaintiff's claims against Defendant Kemp are not barred by the doctrine of Res Judicata.  Defendant Kemp was not a party to the trial court's ruling of dismissal of Plaintiff's claims for oral gift of real estate.  The prior ruling, which will definitely be appealed, does not dismiss Defendant Kemp.  Kemp, as CFO and monitoring all finances is liable to the Plaintiff.

## VI. Faire's Claim of Fraud as it Relates to Oral Gift of Real Estate Is Valid and Enforceable

Defendant Kemp, as Co-owner, Co-Founder, and Chief Financial Officer assumed liability for the fraudulent scheme of Defendant Jones, the CEO and co-owner, by providing the home Plaintiff Faire was to accept as an oral gift of real estate to reduce or disallow the wages and expenses due her from employment services in the Dominican Republic which was a 24/7 care of Jones' infant.

Defendant Kemp, as Chief Financial Officer, knew of other employment law violations that harmed Plaintiff Faire.

## VII. Standard of Review Met

Plaintiff has given Defendant Kemp, " fair notice" of her claims against him, fraud, conspiracy and strict liability for the quid pro quo sexual harassment by the CEO and co-owner/business partner Defendant Jones.

The bar for avoiding dismissal by Texas Rule of Civil Procedure 91a is very minimum. All of Plaintiff's claims are valid causes of action in Texas. The facts available to the Plaintiff support her claims. Defendant Kemp has failed to timely object to the discovery requests of the Plaintiff, and therefore has waived all objections.

Plaintiff Faire asserts that once the electronic correspondence traffic between Defendant Kemp, the CFO and Defendant Jones, the CEO is provided, this court will find liability, and find support for exemplary damages against Defendant Kemp.

**CONCLUSION & PRAYER**

Plaintiff Faire's claims against Defendant Kemp are properly plead and supported by facts or inferences thereof that would support a denial of the Defendant's Rule 91a request for dismissal.

Plaintiff Faire's claims against Defendant Kemp for quid pro quo sexual harassment are actionable in that he knew Defendant Jones used the actual authority of the Defendant Corporations to harm the Plaintiff.

Plaintiff Faire asserts that everyone who has been seriously harmed as Plaintiff has been, deserves her day in court. Plaintiff relied on the fraudulent representations made by Defendant Kemp, the Chief Financial Officer, and she has been harmed by all Defendant parties in this lawsuit.

Defendant Kemp's complaints as alleged in the Rule 91a Motion are not valid, and in some instances moot. Defendant Kemp cannot complain about the oral gift of real estate because the pleading requirements have been factually met and properly plead.

Defendant Kemp has a personal grudge in denying the oral gift of real estate, namely retaliation, Defendant Kemp has a personal purpose of financial gain. His concerted actions are definitely outside the course and scope of the corporate business.

Plaintiff has properly pled her claim of sexual harassment/retaliation and the claim under TCHRA has been accepted. Mediation of this claim has been extended to the parties. Defendants declined to mediate.

Plaintiff asserts that if Defendant Kemp insists on going forth with his Rule 91a Motion, this Court will find it is groundless and frivolous. Plaintiff seeks attorney fees and costs accordingly.

Plaintiff prays this court deny the motion and grant all other and further relief to which she is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By: /s/ Olga Brown
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the _6TH_ day of October 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Amended Response to Defendant Kemp' 91a Motion to Dismiss and Request for Attorneys Fees was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown
OLGA BROWN

IX Alamo Business Group, LLC

**FAIRE, CEARTH**
8647 TIMBER PLACE

REDACTED

Employee ID:
SSN:
Check Number: DD000000000000000668
Check Date: 5/23/2014

SAN ANTONIO          TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 800.00 | 15,769.20 |
| **GROSS PAY** | | | | **$1,576.92** | | **$15,769.20** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $10.28 | | 102.80 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $38.50 | | 385.00 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 99.97 |
| **TOTAL DEDUCTIONS** | | | | **$148.75** | | **$587.77** |
| | Federal Tax | | | $176.00 | | 1,760.00 |
| | FICA Social Security Tax | | | $94.74 | | 947.45 |
| | FICA Medicare Tax | | | $22.16 | | 221.58 |
| **TAXES WITHHELD** | | | | **$292.90** | | **$2,929.03** |
| | | | | | | |
| **NET PAY** | | | | **$1,135.27** | | **$12,252.40** |

| Direct Deposit Information | | | | Time Off Balance | Hours |
|---|---|---|---|---|---|
| Bank | Account | | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | | $1,135.27 | Sick Balance | 0.00 |

DEF-CF-00658

*** Duplicate Pay Stub ***

TX Alamo Business Group, LLC

**FAIRE, CEARTH**
8647 TIMBER PLACE

| | |
|---|---|
| Employee ID: | REDACTED |
| SSN: | |
| Check Number: | DD0000000000000000710 |
| Check Date: | 6/6/2014 |

SAN ANTONIO                TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|---|---|---|---|---|---|---|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 880.00 | 17,346.12 |
| **GROSS PAY** | | | | **$1,576.92** | | **$17,346.12** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $10.28 | | 113.08 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $38.50 | | 423.50 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 199.94 |
| **TOTAL DEDUCTIONS** | | | | **$148.75** | | **$736.52** |
| | | | | | | |
| | Federal Tax | | | $176.00 | | 1,936.00 |
| | FICA Social Security Tax | | | $94.75 | | 1,042.20 |
| | FICA Medicare Tax | | | $22.16 | | 243.74 |
| **TAXES WITHHELD** | | | | **$292.91** | | **$3,221.94** |
| | | | | | | |
| **NET PAY** | | | | **$1,135.26** | | **$13,387.66** |

| Direct Deposit Information | | Amount | Time Off Balance | Hours |
|---|---|---|---|---|
| Bank | Account | | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,135.26 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00659

TX Alamo Business Group, LLC

**FAIRE, CEARTH**
8647 TIMBER PLACE

| | | |
|---|---|---|
| Employee ID: | REDACTED | |
| SSN: | | |
| Check Number: | DD000000000000000758 | |
| Check Date: | 6/20/2014 | |

SAN ANTONIO          TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|---|---|---|---|---|---|---|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 960.00 | 18,923.04 |
| **GROSS PAY** | | | | **$1,576.92** | | **$18,923.04** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $10.28 | | 123.36 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $38.50 | | 462.00 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 299.91 |
| **TOTAL DEDUCTIONS** | | | | **$148.75** | | **$885.27** |
| | | | | | | |
| | Federal Tax | | | $176.00 | | 2,112.00 |
| | FICA Social Security Tax | | | $94.74 | | 1,136.94 |
| | FICA Medicare Tax | | | $22.15 | | 265.89 |
| **TAXES WITHHELD** | | | | **$292.89** | | **$3,514.83** |
| | | | | | | |
| **NET PAY** | | | | **$1,135.28** | | **$14,522.94** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|---|---|---|---|---|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,135.28 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00660

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:
Check Number:     DD000000000000000829
Check Date:          7/3/2014

SAN ANTONIO                    TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 1,040.00 | 20,499.96 |
| **GROSS PAY** | | | | **$1,576.92** | | **$20,499.96** |
| DENTAL | DENTAL INSURANCE | | | $10.28 | | 133.64 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $38.50 | | 500.50 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 399.88 |
| **TOTAL DEDUCTIONS** | | | | **$148.75** | | **$1,034.02** |
| | Federal Tax | | | $176.00 | | 2,288.00 |
| | FICA Social Security Tax | | | $94.75 | | 1,231.69 |
| | FICA Medicare Tax | | | $22.16 | | 288.05 |
| **TAXES WITHHELD** | | | | **$292.91** | | **$3,807.74** |
| **NET PAY** | | | | **$1,135.26** | | **$15,658.20** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|----------------------------|---------|--------|------------------|-------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,135.26 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00661

```
                          *** Duplicate Pay Stub ***

TX Alamo Business Group, LLC
                                            REDACTED
FAIRE, CEARTH                        Employee ID:
8647 TIMBER PLACE                    SSN:
                                     Check Number:  DD000000000000000841
                                     Check Date:       7/18/2014
SAN ANTONIO          TX   78250


                                              Current       Year-To-Date
Code    Description            Pay Rate Hours  Amount   Hours    Amount
SALARY  SALARIED PAY        $41,000.00 80.00 $1,576.92 1,120.00  22,076.88
GROSS PAY                                    $1,576.92        $22,076.88

DENTAL  DENTAL INSURANCE                        $11.31          144.95
HEMP    HEALTH EMPLOYEE ONLY                    $63.28          563.78
LOAN    LOAN REPAYMENT                          $99.97          499.85
TOTAL DEDUCTIONS                               $174.56       $1,208.58

        Federal Tax                            $172.13        2,460.13
        FICA Social Security Tax                $93.14        1,324.83
        FICA Medicare Tax                       $21.79          309.84
TAXES WITHHELD                                 $287.06       $4,094.80

NET PAY                                      $1,115.30      $16,773.50


        Direct Deposit Information          Time Off Balance    Hours
   Bank       Account              Amount   Vacation Balance     0.00
   111000025  586034451754      $1,115.30   Sick Balance         0.00
```

EXHIBIT A

DEF-CF-00662

TX Alamo Business Group, LLC -

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:
Check Number:    DD0000000000000000884
Check Date:      8/1/2014

SAN ANTONIO              TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 1,200.00 | 23,653.80 |
| **GROSS PAY** | | | | **$1,576.92** | | **$23,653.80** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $11.31 | | 156.26 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $63.28 | | 627.06 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 599.82 |
| **TOTAL DEDUCTIONS** | | | | **$174.56** | | **$1,383.14** |
| | | | | | | |
| | Federal Tax | | | $172.13 | | 2,632.26 |
| | FICA Social Security Tax | | | $93.14 | | 1,417.97 |
| | FICA Medicare Tax | | | $21.78 | | 331.62 |
| **TAXES WITHHELD** | | | | **$287.05** | | **$4,381.85** |
| | | | | | | |
| **NET PAY** | | | | **$1,115.31** | | **$17,888.81** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|---|---|---|---|---|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,115.31 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00663

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**                          Employee ID:
8647 TIMBER PLACE                          SSN:
                                           Check Number:   DD0000000000000000928
                                           Check Date:       8/15/2014
SAN ANTONIO                TX   78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 1,280.00 | 25,230.72 |
| **GROSS PAY** | | | | **$1,576.92** | | **$25,230.72** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $11.31 | | 167.57 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $63.28 | | 690.34 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 699.79 |
| **TOTAL DEDUCTIONS** | | | | **$174.56** | | **$1,557.70** |
| | Federal Tax | | | $172.13 | | 2,804.39 |
| | FICA Social Security Tax | | | $93.15 | | 1,511.12 |
| | FICA Medicare Tax | | | $21.78 | | 353.40 |
| **TAXES WITHHELD** | | | | **$287.06** | | **$4,668.91** |
| | | | | | | |
| **NET PAY** | | | | **$1,115.30** | | **$19,004.11** |

| Direct Deposit Information | | Amount | Time Off Balance | Hours |
|------|---------|--------|------------------|-------|
| Bank | Account | | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,115.30 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00664

*** Duplicate Pay Stub ***

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:
Check Number:    DD000000000000001010
Check Date:         8/29/2014

SAN ANTONIO                TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | YTD Hours | Year-To-Date Amount |
|------|-------------|----------|-------|----------------|-----------|---------------------|
| SALARY | SALARIED PAY | $45,000.00 | 80.00 | $788.42 | 1,400.00 | 26,884.51 |
| **GROSS PAY** | | | | **$788.42** | | **$26,884.51** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $11.31 | | 178.88 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $63.28 | | 753.62 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 799.76 |
| **TOTAL DEDUCTIONS** | | | | **$174.56** | | **$1,732.26** |
| | Federal Tax | | | $53.85 | | 2,934.82 |
| | FICA Social Security Tax | | | $44.26 | | 1,609.03 |
| | FICA Medicare Tax | | | $10.35 | | 376.30 |
| **TAXES WITHHELD** | | | | **$108.46** | | **$4,920.15** |
| | | | | | | |
| **NET PAY** | | | | **$505.40** | | **$20,232.10** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|------|---------|--------|------------------|-------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $505.40 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00666

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:                    --- --- ---
Check Number:     DD0000000000000001021
Check Date:            9/5/2014

SAN ANTONIO                    TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Year-To-Date Amount |
|------|-------------|----------|-------|---------------|--------------------|---------------------|
| SALARY | SALARIED PAY | $45,000.00 | 40.00 | $865.37 | 1,440.00 | 27,749.88 |
| **GROSS PAY** | | | | **$865.37** | | **$27,749.88** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $0.00 | | 178.88 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $0.00 | | 753.62 |
| LOAN | LOAN REPAYMENT | | | $199.94 | | 999.70 |
| **TOTAL DEDUCTIONS** | | | | **$199.94** | | **$1,932.20** |
| | Federal Tax | | | $76.58 | | 3,011.40 |
| | FICA Social Security Tax | | | $53.65 | | 1,662.68 |
| | FICA Medicare Tax | | | $12.55 | | 388.85 |
| **TAXES WITHHELD** | | | | **$142.78** | | **$5,062.93** |
| | | | | | | |
| **NET PAY** | | | | **$522.65** | | **$20,754.75** |

| Direct Deposit Information | | Amount | Time Off Balance | Hours |
|----------------------------|--------|--------|------------------|-------|
| Bank | Account | | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $522.65 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00667

**Mona Flores**

| | |
|---|---|
| **Sent:** | Thursday, October 09, 2014 3:05 PM |
| **To:** | Allen Jones |
| **Subject:** | FW: Cearth Deductions |
| **Attachments:** | Copy of cearth.xlsx |

FYI – Cearth's next car payment is not until 11/1. Tiffany pulled October's payment out of her last check thinking it was September's. We will try ACH'ing her next payment out on 11/1 and if we cannot get it, we will default her and repossess the car.

As for the house, Cearth's eviction hearing is scheduled for next week. Olga sent another letter basically stating Cearth owned the house because it was promised which is laughable.

Peter Donbavand

Vice President
Real Estate & Business Development
Food Management Partners
210-403-3725 ext 218
pdonbavand@foodmps.com

Confidentiality: The information contained in this e-mail and any attachments to it is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately, and delete it from your network server and/or hard drive.

**From:** Peter Donbavand
**Sent:** Thursday, October 09, 2014 9:52 AM
**To:** Bob Amaro
**Cc:** Nathan Calvert
**Subject:** RE: Cearth Deductions

No, the information provided is sufficient. It looks like Tiffany took Cearth's Oct payment on 9/5 (which she really shouldn't have done but hopefully Cearth's attorney doesn't catch it) so she does not owe All Jones, LLC any money until 11/1. The attached is not perfect but is close enough. Cearth has paid about $1,600 to date which is what she should have paid through Oct to date. We will have to wait until 11/1 to try ACH'ing the next payment from her account.

Peter Donbavand

Vice President
Real Estate & Business Development
Food Management Partners
210-403-3725 ext 218
pdonbavand@foodmps.com

Confidentiality: The information contained in this e-mail and any attachments to it is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately, and delete it from your network server and/or hard drive.

6/16/2015

# EXHIBIT B

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)     12-05-11
(NOTICE: For use only when BUYER occupies the property for no more than 90 days PRIOR the closing)



EQUAL HOUSING
OPPORTUNITY

## BUYER'S TEMPORARY RESIDENTIAL LEASE

**1. PARTIES:** The parties to this Lease are __Tara Kemp__
(Landlord) and ___Cearth Faire_____(Tenant).

**2. LEASE:** Landlord leases to Tenant the Property described in the Contract between Landlord as Seller and Tenant as Buyer known as __9647 Timber Place, San Antonio, TX__
_____(address).

**3. TERM:** The term of this Lease commences __July 30, 2014__ and terminates as specified in Paragraph 18.

**4. RENTAL:** Rental will be $__40.00__ per day. Upon commencement of this Lease, Tenant shall pay to Landlord the full amount of rental of $ __1,200.00__ for the anticipated term of the Lease (commencement date to the Closing Date specified in Paragraph 9 of the Contract). If the actual term of this Lease differs from the anticipated term, any additional rent or reimbursement will be paid at closing. No portion of the rental will be applied to payment of any items covered by the Contract.

**5. DEPOSIT:** Tenant has paid to Landlord $__0.00__ as a deposit to secure performance of this Lease by Tenant. If this Lease is terminated before the Closing Date, Landlord may use the deposit to satisfy Tenant's obligations under this Lease. Landlord shall refund to Tenant any unused portion of the deposit together with an itemized list of all deductions from the deposit within 30 days after Tenant (a) surrenders possession of the Property and (b) provides Landlord written notice of Tenant's forwarding address. If this Lease is terminated by the closing and funding of the sale of the Property, the deposit will be refunded to Tenant at closing and funding.
NOTICE: The deposit must be in addition to the earnest money under the Contract.

**6. UTILITIES:** Tenant shall pay all utility connections, deposits and charges except _____
_____none_____, which Landlord shall pay.

**7. USE OF PROPERTY:** Tenant may use the Property only for residential purposes. Tenant may not assign this Lease or sublet any part of the Property.

**8. PETS:** Tenant may not keep pets on the Property except __bird_____.

**9. CONDITION OF PROPERTY:** Tenant accepts the Property in its present condition and state of repair, but Landlord shall make all repairs and improvements required by the Contract. If this Lease is terminated prior to closing, Tenant shall surrender possession of the Property to Landlord in its present condition, as improved by Landlord, except normal wear and tear and any casualty loss.

**10. ALTERATIONS:** Tenant may not: (a) make any holes or drive nails into the woodwork, floors, walls or ceilings (b) alter, paint or decorate the Property or (c) install improvements or fixtures without the prior written consent of Landlord. Any improvements or fixtures placed on the Property during the Lease become a part of the Property.

**11. SPECIAL PROVISIONS:**

**12. INSPECTIONS:** Landlord may enter at reasonable times to inspect, replace, repair or complete the Improvements. Tenant shall provide Landlord door keys and access codes to allow access to the Property during the term of the Lease.

**13. LAWS:** Tenant shall comply with all applicable laws, restrictions, ordinances, rules and regulations with respect to the Property.

**14. REPAIRS AND MAINTENANCE:** Except as otherwise provided in this Lease, Tenant shall bear all expense of repairing, replacing and maintaining the Property, including but not limited to the yard, trees, shrubs, and all equipment and appliances, unless otherwise required by the Texas Property Code. Tenant shall promptly repair at Tenant's expense any damage to the Property caused directly or indirectly by any act or omission of the Tenant or any person other than the Landlord, Landlord's agents or invitees.

Initialed for identification by Landlord _____ and Tenant _____          TREC NO. 16-5

# EXHIBIT B

**15.INDEMNITY:** Tenant indemnifies Landlord from the claims of all third parties for injury or damage to the person or property of such third party arising from the use or occupancy of the Property by Tenant. This indemnification includes attorney's fees, costs and expenses incurred by Landlord.

**16.INSURANCE:** Landlord and Tenant shall each maintain such insurance on the contents and Property as each party may deem appropriate during the term of this Lease. NOTE: CONSULT YOUR INSURANCE AGENT; POSSESSION OF THE PROPERTY BY BUYER AS TENANT MAY CHANGE INSURANCE POLICY COVERAGE.

**17.DEFAULT:** If Tenant fails to perform or observe any provision of this Lease and fails, within 24 hours after notice by Landlord, to commence and diligently pursue to remedy such failure, Tenant will be in default.

**18.TERMINATION:** This Lease terminates upon (a) closing and funding of the sale under the Contract, (b) termination of the Contract prior to closing, (c) Tenant's default under this Lease, or (d) Tenant's default under the Contract, whichever occurs first. Upon termination other than by closing and funding of the sale, Tenant shall surrender possession of the property.

**19.HOLDING OVER:** Any possession by Tenant after termination creates a tenancy at sufferance and will not operate to renew or extend this Lease. Tenant shall pay $ 100 per day during the period of any possession after termination as damages, in addition to any other remedies to which Landlord is entitled.

**20.ATTORNEY'S FEES:** The prevailing party in any legal proceeding brought under or with respect to this Lease is entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

**21.SMOKE ALARMS:** The Texas Property Code requires Landlord to install smoke alarms in certain locations within the Property at Landlord's expense. Tenant expressly waives Landlord's duty to inspect and repair smoke alarms.

**22.SECURITY DEVICES:** The requirements of the Texas Property Code relating to security devices do not apply to a residential lease for a term of 90 days or less.

**23.CONSULT YOUR ATTORNEY:** Real estate licensees cannot give legal advice. This Lease is intended to be legally binding. READ IT CAREFULLY. If you do not understand the effect of this Lease, consult your attorney BEFORE signing.

**24.NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by facsimile or electronic transmission as follows:

**To Landlord:** _____

Tara Kemp

120 Chula Vista

San Antonio, TX 78232

Telephone:     (    ) _____

Facsimile:     (    ) _____

E-mail: _____

_____
Landlord

_____
Landlord

**To Tenant:** _____

9647 Timber Place

San Antonio, TX

_____

Telephone:     (    ) _____

Facsimile:     (    ) _____

E-mail: _____

_____
Tenant

_____
Tenant

The form of this contract has been approved by the Texas Real Estate Commission.   TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov) TREC NO. 16-5. This form replaces TREC NO. 16-4.

TREC NO. 16-5



# Appendix 3

FILED
10/6/2015 4:10:37 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S SIXTH AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Sixth Amended Original Petition against Defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, Peter Donbavand and Jason Kemp, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. This matter is set for Jury Trial March 7, 2016.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

1

## PARTIES

3. Plaintiff, Cearth Faire, is an individual, whose address is 8647 Timber Pl, San Antonio, TX 78250.

4. Defendant Jason Kemp is an individual, co-founder and Chief Financial Officer (CFO) of Defendant corporations, whose business address is Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232. He has been served, is represented by counsel, and is properly before this court.

5. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

6. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court

7. Defendant Allen J Jones, is an individual, co-founder and President/CEO of Defendant corporations, who has been served and is represented by counsel, and is properly before this court.

8. Defendant Peter Donbavand, is an individual and executive of Defendant corporations, has been served and is represented by counsel, and is properly before this court.

**JURISDICTION**

9. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**VENUE**

10. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

**FACTS**

11. Plaintiff Faire was an employee of Defendant Kemp, Chief Financial Officer of Defendant Corporations and of Defendant Jones, CEO of Defendant Corporations. In addition to the local corporate duties, she was required to work in the Dominican Republic for approximately five months on a 24/7 basis, for the Defendant Jones, CEO with the knowledge of Defendant Kemp. Plaintiff Faire, during the term of her employment was not properly compensated, giving rise to several violations of Wage and Hour laws that Defendant Kemp, CFO knew or should have known about.

12. Defendant Kemp, as Chief Financial Officer of the Defendant Corporations, was made aware of the facts supporting Plaintiff's claims by means of intra-corporate email traffic and including instructions to him and all other Defendants by Jones as to how to properly proceed on Defendant Jones' gifting to the Plaintiff the real estate, and specifically the "Kemp" house.

13. Defendant Jones, CEO in his official capacity as well as in his individual capacity communicated his intent to make the gift of real estate to Plaintiff by negotiating a price for the "Kemp" house at 8647 Timber Pl. San Antonio, Texas, 78250. Defendant Kemp's, knowledge of the oral gift of real estate to Plaintiff is supported by the fact that a buyer's lease agreement was executed.

14. Further, Defendant Donbavand, in his individual capacity and outside the scope of corporate business issued orders for the inspection of, and preparation of the necessary documents to carry out gifting of the real estate to the Plaintiff. Defendant Kemp, individually and in his official capacity of chief financial officer of the Defendant Corporations knew or should have known the facts supporting Plaintiff's claims. Again, email traffic between all Defendants supports the facts of Plaintiff's claims of oral gift of real estate, fraud, and quid pro quo sexual harassment and retaliation.

15. Defendant Jones, as CEO and in his individual capacity, negotiated with Defendant Jason Kemp, CFO, whose wife owned the residence at 8647 Timber Pl, San Antonio, TX 78250.

16. Defendant Kemp, CFO and co-owner, also a business partner of Defendant Jones, took orders and assumed duties outside the course and scope of the corporate entities upon demand from Defendant Jones, the President & CEO of Defendants FMP and ALL JONES, LLC. Defendant Jones treats the corporate entities as his "piggy bank" and Defendants Donbavand and Kemp, as his personal aides.

4

17.     Defendant Kemp, CFO and co-owner, routinely succumbs to the personal demands of Defendant Jones outside the best interests of the corporate business, as in this case, to sell him the residence at 8647 Timber Pl, San Antonio, TX 78250, so he could gift the property to the Plaintiff in consideration for her assisting in his personal legal matters, and in lieu of proper wage compensation.

18.     Defendant Kemp had personal reasons to complete the necessary documents.  Defendant Donbavand, on behalf of Defendant Jones requested of Defendant Kemp,  that Plaintiff move into the house prior to "closing", orally gifting her the house, a present gift.  Plaintiff, in reliance of Jones' oral promise moved into the house with the consent of Defendant Kemp and the consent and  request of Defendant Jones  and made valuable and permanent improvements in reliance of Defendant Jones promise to her.

19.     Plaintiff  incurred moving expenses as well as expenses in making permanent improvements to the residence to make it habitable.  Defendants' email traffic support this.  The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.

20.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones demanded the other

defendants Defendant Peter Donbavand and Defendant Jason Kemp evict Plaintiff from the house he had given her in retaliation for her refusal of sexual advances. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction in that title to the property is at issue. The wrongful eviction proceedings are outside the course and scope of corporate business.

21. Defendants, all acting in concert, continued to retaliate against, and harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini Cooper. Jones promised to repair her car. An ambiguous payment plan was put in place. However, in retaliation for claiming her rightful title to her house, Jones has deprived Plaintiff of a necessity, of transportation to seek employment. During the repossession process, Jones terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

22. Plaintiff had an exemplary employment record before being hired by Defendants FMP and ALL JONES, LLC. Immediately before being fired by Defendants, Faire had been given a raise in pay and been entrusted with additional duties. Plaintiff was fired solely because Plaintiff refused to continue to perform employment duties that were not in furtherance of the corporate business and because of Defendant Jones' demands for demeaning sexual acts and explicit threats to fire her if she didn't submit.

23. Plaintiff seeks actual damages as a result of the sexual harassment and discrimination, which include, but are not limited to back pay from the date of quid pro quo retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her unlawful termination.

24. Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones explicitly forcing her to choose between the sexual abuse he was demanding of her and her livelihood.

25. Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the retaliation. Defendant Jones, as President and CEO, has inflicted additional injuries by circulating malicious rumors about the Plaintiff at corporate headquarters. Plaintiff therefore seeks exemplary damages.

### Count 1: Common Fraud by Defendant Kemp

26. Defendant Kemp, the CFO of Plaintiff's former employers represented to Plaintiff that she would be legally and properly compensated for her services as personal assistant to the corporate officers, and to the CEO Defendant Allen J. Jones.

27. Defendant Kemp in his role as the CFO of all financial data and information for all the businesses, including Defendant Jones' personal businesses, had reason to know that in executing her duties Plaintiff was required to work extremely long hours and carry out very difficult tasks.

28. Defendant Kemp represented to Plaintiff that he would sell his wife's house at 8647 Timber Pl to Plaintiff's employers so that house would eventually become the property of Plaintiff. In making the representation to the Plaintiff, Defendant Kemp knew it was material because Plaintiff would be waiving her rights to seeking proper and legal compensation of an amount of no less than $150,000.00.

29. Defendant Kemp made the false representation knowing it was false but intended for the Plaintiff to rely on the representations. Therefore, Plaintiff justifiably relied on defendant's false representation of proper and legal compensation for her overtime work. Defendant Kemp's false representations have directly and proximately caused injury to the Plaintiff which have resulted in lack of compensation from the corporation and Defendant Jones in an amount of no less than $200,000.00.

30. Plaintiff seeks damages within the jurisdictional limits of this Court.

### Count II: Fraud by Third-Party Misrepresentations

31. Plaintiff and Defendant Kemp were parties to a transaction involving real estate. Kemp provided the vehicle, the residence at 8647 Timber Pl, by which Plaintiff was defrauded.

32. During the transactions between Plaintiff and Defendant Kemp, Kemp knew that Defendant Jones made a false representation to Plaintiff regarding the real estate at 8647 Timber Pl, San Antonio, Texas.

33. Defendant Kemp did not disclose to the Plaintiff that Defendant Jones' representations to her were false. Defendant Kemp knew the representations made to Plaintiff by Defendant Jones were false. Defendant Kemp, as the CFO, had a duty to disclose the misrepresentation to Plaintiff as he knew Plaintiff had no opportunity to discover otherwise and would rely on Jones' false representations.

34. Defendant Kemp by failing to disclose the false representations made by Defendant Jones benefited from the transaction both personally as well as a part owner in the corporations of which he is the chief financial officer.

35. Defendant Kemp 's purpose in not disclosing the falsity of the misrepresentation that Jones was going to provide the house as compensation for Plaintiff's overtime wages was to induce the Plaintiff to enter into a contract with Defendant Kemp. Plaintiff justifiably relied on the false representations to her financial detriment.

36. Defendant Kemp's nondisclosure of the false representations made to Plaintiff by Defendant Jones directly and proximately caused economic and other injuries to the Plaintiff all within the jurisdiction of this court.

## Count III- ORAL GIFT OF REAL ESTATE

37.     On or about  March 27, 2013, when Plaintiff Faire, as an employee of Defendant Corporations,  was temporarily living in the Dominican Republic at the behest of Defendant Jones, CEO, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

38.     On or about July 30 2014, Plaintiff moved into the house at 8647 Timber Pl, San Antonio, Texas 78250, that Defendant Jones gifted her in his individual capacity but with the knowledge and consent of all Defendants, including Defendant Kemp.  Plaintiff is still living at her home, taking possession under the present gift.

39.     Plaintiff has made permanent and valuable improvement to the home based on the reliance of the gift made to her by Defendant Jones as an individual.

40.     It was reasonable for Plaintiff to rely on Defendant Jones' promise of an oral gift of real estate based on her personal knowledge of  Defendant Jones' history of helping employees with homes, and based on Defendant Jones' financial resources, including but not limited to ownership in franchises of Zio's Italian Kitchen, Buffalo Wild Wings, Don Pablo's Big Tex Bold Mex, Furr's, Little Ceasar's and Smashburger.

41. Further, in other judicial proceedings, Defendant Jones made judicial admissions of owning 150 businesses and having financial resources to "buy" a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings. In other words, judicial admissions of human trafficking on the part of the CEO of Defendant corporations, with the knowledge of other corporate officers, including Defendant Kemp, CFO. This is relevant to both the financial capacity to gift a house to an employee, and to Defendants' attitude toward females.

42. Defendant Jones informed the Plaintiff that he was buying the house from Defendant Kemp, and that at closing, he would give her full title and interest to the home. Defendants Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and Defendant Jason Kemp. All terms for the sale of the house were reached by buyer and seller, and having absolutely nothing to do with the business of the corporate entities, parties herein

43. Defendant Kemp, and Defendant Donbavand knew the house located at 8647 Timber Pl, San Antonio, TX 78250 purchased from Kemp, was a gift of real estate to the Plaintiff. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing, all outside of the course and scope of corporate business. Defendant Kemp's knowledge of the gift is evidenced by

electronic correspondence traffic exchanged between Defendant Kemp and Defendant Donbavand.

44.     Defendant Jones made this gift to Plaintiff as an individual and not as President & CEO of the other corporate defendants.  Defendant Jones purchased the home from Defendant Kemp as an individual and not as a transaction within the course and scope of corporate business.

45.     Defendant Jones ordered Defendant Donbavand to complete the necessary documentation and transactions outside the course and scope of corporate business. Defendant Donbavand  routinely acts as Defendant Jones' personal aide to carry out his orders regarding personal matters. Defendant Donbavand is experienced in real estate transactions and worked to completing the necessary documents.   In the meantime, in a fit of retaliation, Defendant Jones changed his mind about the gift.  Plaintiff has been living in the house since on or before July 30, 2014.

46.     Plaintiff asserts this oral gift of real estate must be enforced  in equity as the facts herein establish a gift of real estate, notwithstanding the requirements of the statute of frauds.

## Count IV – Conspiracy Claim

47.     Defendant Jones, CEO of Defendant Corporations, took overt steps of retaliation toward employee, Faire, giving rise to an agreement between Defendant Donbavand and Defendant Kemp and himself, to enter into a scheme against Plaintiff, to deny that he had made an oral gift of real estate to Plaintiff, even though Defendant Kemp had given her a key to the home, and a *short term buyer's lease* evidencing his consent to her proper move into the residence.

48.     Plaintiff asserts that electronic correspondence between conspirators that has been properly requested by her, but denied her, will support all Defendants were involved in Defendant Jones' retaliation against Plaintiff.  All Defendants have participated in the common goal of depriving Plaintiff of her home, after she had taken possession of the home and made valuable improvement, by numerous petitions for eviction proceedings.

49.     Defendants are in possession of electronic communications between conspirators that will support a meeting of the minds on the subject of retaliation, and the tort of fraud to deprive Plaintiff Faire of the real estate gifted to her.  Plaintiff Faire has sustained economic damages as a result of the conspiracy by Defendants Jones, Kemp and Donbavand to defraud her of her rightful title to the real estate.

50.     It is well established that fraud can be the basis of a conspiracy.  The Defendants Jones, Kemp and Donbavand made material misrepresentations to

the Plaintiff in connection with the gifting of the real estate to her.  Each Defendant took overt steps and actions to deceive her by going through the process of purchase and delivery of the real estate.

51.     Plaintiff Faire relied on each step taken by each of the Defendants in furtherance of delivery and possession of the house to her. Defendants intended for the Plaintiff to rely on their representations that they were working on carrying out the oral gift of real estate.

52.     Defendants' false representations, including those of Defendant Kemp have directly and proximately caused economic and other injuries to the Plaintiff.  Plaintiff seeks damages within the jurisdictional limits of this court.

53.     Plaintiff seeks exemplary damages from each Defendant including Defendant Kemp, because Plaintiff will show each acted with malice toward the Plaintiff which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies code section 41.003(a).

## Count  V QUID PRO QUO SEXUAL HARASSMENT

54.     Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant Allen J. Jones, the President and CEO of Defendant FMP.   Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

55. Plaintiff raises this claim under Tex. Lab. Code Ann. §§ 21.001, .051 (West 1996), which prohibits discrimination on the basis of sex.

56. On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman. Defendant Jones then demanded physical conduct of a sexual nature. Defendant Jones's demands escalated and the mental conditioning and abuse was so extreme that it prevented Plaintiff from defending herself.

57. Defendant Jones made it clear to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

58. At the time of the harassment, Defendant Jones was the President and CEO of the Food Management Partners, a Texas LLC. At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and owner of 150 businesses. Defendant Jones instilled fear of his financial power on Plaintiff. There was no recourse available to the Plaintiff to complain.

59. Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones. Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment. When Plaintiff was mentally well enough to, she refused to further submit to Defendant Jones' inappropriate requests, and she was fired on or about August 31, 2014.

60. Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

61. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including judicial admissions that he purchased a female as if she was merely chattel.

62. Further, Plaintiff seeks exemplary damages against Defendant Kemp and Defendant Donbavand, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

### JURY DEMAND

63. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition. The jury trail has been set for March 7, 2016.

### CONDITIONS PRECEDENT

64. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

### OBJECTION TO ASSOCIATE JUDGE

65. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

**PRAYER**

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

a.   Exemplary damages

b.   Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c.   All the remedies afforded by Tex. Lab. Code Ann. 21.001

d.   Prejudgment and postjudgment interest.

e.   Court costs.

f.   Reasonable and necessary Attorney's fees

g.   All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
 San Antonio, Texas 78205
 210/226-1550 telephone
 210/226-1884 facsimile
 Argyle2@sbcglobal.net

By: */s/ Olga Brown*
     OLGA BROWN
     State Bar No. 03155500
     *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the <u>6th </u>day of October 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Sixth Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

<em>/s/ Olga Brown</em>
OLGA BROWN

# Appendix 4

**CAUSE NO. 2014-CI-16674**

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | §<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S SECOND MOTION TO COMPEL THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT ALLEN J JONES

PLAINTIFF, Cearth Faire, asks the Court to issue an order to compel the deposition of Defendant Allen J Jones, properly noticed and now scheduled for October 27, 2015 In support of such request Plaintiff would show the Court as follows:

### I. INTRODUCTION

1. PLAINTIFF, CEARTH FAIRE, sued Defendants FMP et al, including Defendant Jones eleven (11) months ago for numerous tort claims.

2. Plaintiff was employed by Defendant Jones individually and by Defendant ALL JONES, LLC of which Defendant Jones is a principal, and Defendant FMP, of which Defendant Jones is the CEO and a principal.

3. Plaintiff served Defendant Jones, through counsel, a Retention Notice (Spoliation Letter) on December 5, 2014. Plaintiff's counsel has diligently attempted to take the sworn testimony of Defendant Jones to no avail.

4. The sworn testimony of the Defendant Jones necessary to prepare for and to prove Plaintiff's allegations. The sworn testimony is also necessary prior to mediation and/or trial on the merits.

## II. Refusal to Attend Deposition

5. Plaintiff Faire seeks this Order compelling Defendant Jones to attend the deposition because the deposition first set for January 27, 2015 was quashed. Plaintiff conferred with opposing counsel, and has noticed Defendant Jones' deposition again for April 13, 2015, September 23, 2015 in a companion case to the instant case, and October 2, 2015. Plaintiff believes a notice for deposition through his counsel is not sufficient to compel Defendant Jones to attend.

6. The deposition for October 02, 2015 was reset because of Defendant Jones' unavailability. Defendant Jones, who owns and operates numerous fast food franchises is of the belief that such business interests supports his notion that he is above the law and is of the opinion that in spite of his personal and professional misconduct he does not have to follow the Texas Rules of Civil Procedure, in particular his legal obligation as a defendant to give sworn testimony.

7. Defendant Jones has a history here in Bexar County, Texas of making judicial admissions in other proceedings that would shock the conscious of this tribunal and has not suffered consequences. For example, Defendant Jones testified before the Hon. Judge Cathy Stryker, that he had paid $10,000 cash for his third wife in the Dominican Republic.

8.      Plaintiff believes that if Jones does not hold respect for the global laws of human rights and United States laws prohibiting  human trafficking Defendant Jones will not attend the oral and videotaped  deposition now scheduled  **October 27, 2015.**

### III.      Sanctions Requested

9.      Plaintiff requests that an Order compelling Defendant Allen Jones include serious sanctions.  This court can impose sanctions, including the ultimate sanction of dismissal or default authorized by *Tex. R. Civ. P 215.2 (b).*

10.      At the time of this hearing, Plaintiff Faire will testify to the flagrant bad faith and repeated discovery abuses by Defendant Jones that will support her request for the ultimate sanction of dismissal or default as authorized by the Rule.

11.      Plaintiff further requests the Court upon proof of Defendant Jones lying (perjury) during the deposition, to impose the appropriate sanctions.  This court is authorized to impose sanctions ranging from the payment of expenses and attorney fees to a default judgment. See *TRCP 215.2 (b)*

12.      Plaintiff Faire would show that from the minimum records produced it is evident that Defendant Jones has given false statements concerning the time, place and reason for the employment termination.  Defendant Jones is expected to obstruct the court in the performance of its duties in this case.  See *In re Reece, 341 S.W.3d 360, (Tex. 2011).*

## III. ARGUMENT & AUTHORITIES

13.     The purpose of discovery is to seek the truth, so disputes may be decided by what facts are revealed, not by what facts are concealed. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3(a). Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

14. Plaintiff's discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Specifically, by this motion, Plaintiff seeks Defendant Jones' sworn testimony to prove Plaintiff's claims.   Defendants, in their previous Motion to Quash depositions misrepresented to the Court that Plaintiff made no attempt to confer, when in actuality, Defendants ignored Plaintiff's attempts to confer, leaving her no alternative to notice the first depositions.  Defendant Jones has a history of making misrepresentations to the Court.

15. Plaintiff would show that without a court order and a threat of serious sanctions compelling Defendants Jones to appear for this deposition on October 27, 2016, Defendant Jones is not expected to appear.  Plaintiff will then be prejudiced by not having information that cannot be obtained from any other source, as all of Plaintiff's claim are based on Jones' unlawful conduct.

## EXPENSES OF MOTION

16. Plaintiff has incurred expenses in preparing and filing this motion to obtain relief. Under Texas Rule of Civil Procedure 215.1(d), Plaintiff is entitled to

reasonable expenses incurred in obtaining the order, including attorney fees.

## CONCLUSION

17. Plaintiff requests an order compelling Defendant Jones to appear on October 27, 2015, and give sworn testimony to support the validity of Plaintiff's allegations pending in claims before this court.

## PRAYER

For these reasons, Plaintiff asks the Court to set this motion for hearing and, after the hearing, to compel Defendant Jones to give sworn testimony relevant to the pleadings before the Court. Plaintiff further requests as part of the order an award for reasonable expenses incurred in filing this motion, including attorney fees. Plaintiff prays for all other and further relief to which she is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111Soledad, Suite 1725
San Antonio, Texas 78205
Telephone (210) 226-1550
Facsimile (210) 226-1884
Argyle2@sbcglobal.net

*/s/ Olga Brown*_____
OLGA BROWN
State Bar No. 03155500

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

   I do hereby certify that on the  1st day of October 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Motion to Compel was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

           */s/ Olga Brown*
           OLGA BROWN

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

### FIAT

Plaintiff's Notice of Hearing for Plaintiff's Second Motion to Compel Deposition, has been duly submitted to the Court and request is made for hearing thereon and is hereby set for hearing on the **12th** day of October, 2015 at 8:30 a.m. in Presiding Court ,Room 1.09, of Bexar County Courthouse, San Antonio, Texas.

SIGNED this the _____ day of October, 2015.

_____
HON. JUDGE PRESIDING

### CERTIFICATE OF SERVICE

I do hereby certify that on the 1st day of October 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Motion to Compel Deposition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

*/s/ Olga Brown*_____
OLGA BROWN

# Appendix 5

**CAUSE NO. 2014-CI-16674**

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | 150TH JUDICIAL DISTRICT |
| ALL JONES, LLC, ALLEN J JONES, | § | |
| INDIVIDUALLY, AND | § | |
| PETER DONBAVAND,  AND JASON | § | |
| KEMP, INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S RESPONSE TO DEFENDANT JONES' MOTION TO DISQUALIFY PLAINTIFF'S ATTORNEY

TO THE HONORABLE OF SAID COURT:


NOW COMES PLAINTIFF FAIRE, who herein files her Response to Defendant Jones' Motion for Disqualification of Plaintiff's attorney and respectfully requests this Court to DENY such untimely and groundless  motion and in support thereof would show the Court as follows:


## I. Defendant Jones Has Waived Objections To Brown's Representation By An Unexplained Delay For One Year

Plaintiff Faire attempted to resolve her claims against Defendant Jones prior to filing this lawsuit on October 21, 2014.  At the time of the pre-suit discussions, on September 11, 2014, Plaintiff Faire also informed Defendant Jones that she had interviewed several attorneys and that she intended to hire Brown if the matters between them did not resolve.  Defendant Jones did not object.  Defendant Jones

has produced a copy of an email dated September 11, 2014 and September 17, 2014, wherein they were privy to information that Plaintiff intended to and did hire Brown, and paid Brown a retainer. See Exhibit "A"

Defendant Jones failed to move for disqualification when Jones filed his answer on November 24, 2014, nine and a half (9 ½) months ago. Defendant Jones also failed to move for disqualification when Brown represented Plaintiff beginning on October 16, 2014 in defense of his attempts to evict her from the home he had promised her on 8647 Timber Place, San Antonio, TX 78250. Defendant Jones again failed to move for disqualification when Brown represented Plaintiff at Jones' second attempt to evict the Plaintiff, properly abated by the Justice court on October 29, 2014, nine (9) months ago.

Defendant Jones failed to move for disqualification when Brown represented Plaintiff Faire in the third attempt by Defendant Jones to evict Faire from the residence he gifted her, which the court dismissed finding the Plaintiff Jones had not proven their case by a preponderance of the evidence, on August 19, 2015.

Defendant Jones failed to move for disqualification of Plaintiff's counsel when he moved for an expedited dismissal of some Plaintiff's claims on December 22, 2014, eight and one half (8 ½) months ago. The trial court granted Jones' Rule 91a motion on the mistaken notion of a summary judgment standard. Plaintiff intends to appeal the ruling.

It is just over one year that Defendant Jones has had actual notice that Plaintiff Faire had retained Brown. Defendant filed the motion to disqualify on September 9, 2015. Waiver of Motion is determined by the filing of Motion. *In re Butler*, 987 S.W. 2d 221, 224 (Tex. App.—Houston [14th Dist.] 1999, orig. proceedings).

## II. DEFENDANT JONES HAS FAILED TO ESTABLISH GROUNDS FOR DISQUALIFICATION OF PLAINTIFF'S COUNSEL

Plaintiff asserts that notwithstanding the fact that this is an untimely motion, Defendant Jones has failed to establish with specificity the circumstances that justify the attorney's disqualifications one year later.

Defendant Jones has failed to allege the facts and issues involved in both former (a divorce )  and present (employment claims)  litigation are similar.
A requirement, if he alleges Plaintiff was a member of the litigation team of the former suit, when in fact she was not.   See Affidavit of Plaintiff, herein marked as Exhibit "B" and incorporated here for all purposes.

Defendant Jones is required to provide evidence of specific similarities that would be included and recited in the disqualification order.

Plaintiff Faire was not a member of his litigation team during the pendency of the Jones divorce. Jones was represented by Sam Bashara and his office who did

not need the assistance of a clerk to properly defend Jones. Plaintiff Faire never met with Bashara or any members of his staff during the divorce proceedings. Plaintiff was merely the passive recipient of emails having to do with calendar and deadlines of Defendant Jones.

Plaintiff would further show that emails are not privileged information. Further, Defendant Jones "wiped" Plaintiff's personal and business phone, and emails produced were those that were remained in the electronically stored communications on Plaintiff's personal email account.

### III. No Fiduciary Duty Between Jones and Faire

Plaintiff Faire would show there is no fiduciary duty existing between her and Jones.  The facts of the this case do not support an obligation for Plaintiff Faire to honor the duty of loyalty, and utmost good faith and including the duty to act in Defendant Jones' best interest when the facts of this case would  also support a claim for wrongful termination under *Sabine Pilot Serv. v. Hauck 687 S.W. 2d 733, 735 (Tex. 1985).*

The elements of *Sabine Pilot* are simply 1) plaintiff was an at-will employee, 2) plaintiff refused to perform an illegal act, 2) plaintiff was terminated solely because of the refusal.  The law would not impose a fiduciary duty on an employee whose employer demanded and ordered her to commit acts in violations of human rights.

Movant has failed to establish any evidence that would support a fiduciary duty exists between Defendant Jones and Plaintiff in light of the allegations of this suit and of documents that have been exchanged through proper discovery requests. Mere conclusory statements of employee/employer relationship in this case are not sufficient to claim a fiduciary duty.

In this case, since Plaintiff Faire does not owe Defendant Jones a fiduciary duty, thus the bold conclusion that Brown assisted and encouraged Plaintiff Faire to breach her fiduciary duty to Jones is without merit. None of Movant's cases cited in this paragraph are on point. The *Johnson* case is a dispute between a law firm and an ex-associate over referral fees. *Flanagan Shipping Corp* defines the responsibility of a third-party who participates in a breach of fiduciary duty. Plaintiff Faire agrees with the definition, however, there is no fiduciary duty established here for Brown to knowingly participate in.

Brown should not be disqualified if " through no wrongdoing on her part, she gained possession of opponent's confidential information without regard to the significance of the information or other circumstances". See *In re Meador*. 968 S.W.2d 346, 351-52 (Tex. 1998). Any emails between Bashara's office and Jones were scrutinized by Jones when his office wiped Plaintiff's electronic devices, and when he forwarded to her personal email accounts the emails they now complain of. Emails are not private and after six months lose confidentiality if any existed.

## IV. BROWN SHOULD NOT BE DISQUALIFIED FOR RECEIVING "ALLEGED " PRIVILEGED MATERIALS

Defendant Jones seeks to _untimely_ disqualify Plaintiff's counsel for receiving "alleged" privileged emails outside the normal discovery process without first establishing he is without fault that Plaintiff Faire was in possession without his consent and knowledge.

Plaintiff Faire has plead that she was in the Domincan Republic "assisting him in the defense of his child custody litigation here in Bexar County. Plaintiff Faire has not admitted to the responsibilities attributed to her in the Jones Affidavit.

Plaintiff Faire assisted him in the care of the infant son he was holding hostage in the Dominican Republic to gain leverage in the divorce proceedings. Neither Jones nor Bashara told her she was part of the legal team or that she was being entrusted with privileged information that was not a matter of public record.

Defendant Jones has failed to establish the most important element required for disqualification; **_that being the significance of the privileged information_**. See _In re Meador,_

While Movant has listed some the bates-stamped documents the Plaintiff has produced, the fact the documents originated from his previous law firm in and of itself is not enough to make the emails privileged.

Defendant Jones has not disclosed to this court, the extent to which he is at fault in this matter. Defendant Jones, routinely forwarded email to Plaintiff's personal email account.

If Plaintiff's personal email account contained any alleged privileged information it was at the request of Jones.

## ARGUMENTS & AUTHORITIES

### I. Waiver

Plaintiff Faire asserts that this Court go no further than a determination of waiver of this claim for disqualification of her attorney. Defendant Jones has failed to bring this motion in a timely manner. For over a year, Defendant Jones has had the best of legal representation in the area of employment law. This case has been intensively litigated over many hearings which, at any one of those times, he could have filed this motion. Defendant Jones had many opportunities to bring this motion, and completely ignored that his window of opportunity could be narrow.

If Defendant Jones had filed this motion on December 2014, the courts have found two months is a reasonable time to bring disqualification motions. *Wasserman v. Black, 910 S.W.2d 564, 569 (Tex. App.__Waco 1995, no writ)* Even three months delay in filing the motion could also be timely with *Buck v. Palmer, 381 S.W.3d 525 , 528 (Tex. 2012) (per curiam)*.

In *Vaughan v. Walther, 875 S.W.2d 690, 691 (Tex. 1994*) original proceeding, the Court found an "unexplained seven-month delay in seeking the attorney's disqualification was sufficient to establish waiver. Also a six and one-half month delay in seeking attorney's disqualification resulted in waiver. *Conoco Inc. v. Baskin, 803 S.W.2d 416, 419 (Tex. App.\_\_El Paso 1991, no writ)*

## II. Lack of Specificity

By this Motion all Movant has established is that Plaintiff's Counsel represented Defendant Jones' third wife in child custody litigation. The facts known to Plaintiff's counsel are a matter of public record. Mainly, Movant abducted his infant son and held him hostage in the Dominican Republic.

In good-faith Plaintiff has produced emails that were left in Plaintiff's personal email accounts after Movant had an opportunity to "wipe" the electronically stored information at the time of her termination of employment.

Also by this Motion Movant is requesting a severe remedy/relief against the Plaintiff. In considering this motion this " court must adhere to an exacting standard". See *Spears v. Fourth Ct. of Appeals, 797 S.W.2d 654, 656 (Tex.* 1990). Mere allegations of unethical conduct on the part of the Plaintiff and her counsel will not do. *In re Sanders, 153 S.W.3d 54 57 (Tex., 2004)*

Movant's motion is not sworn to. The exhibits attached therein are not sufficient to establish that Plaintiff was a member of the litigation team. There were no representations by Movant or his counsel Bashara that informed the Plaintiff that she was a member of the litigation team involving child custody issues.

The Jones affidavit is not sufficient evidence to establish the fact that a conflict exists. Plaintiff would show that and attaches herein that Jones had judicially admitted to paying $10,000.00 to a brothel owner for his wife See Exhibit C. Jones a sophisticated businessman knows this is a crime and a serious violation of human rights. His affidavit is objectionable on that basis. Therefore there is no evidence to support the disqualification of Plaintiff's counsel. Movant has failed to prove that the factual matters involved in the child custody suit were closely related to the pending litigation. They were not.

This motion is not specific as to what specific confidences and secrets were imparted to the Plaintiff and what harm if any it has caused the Movant.

**III. Meador**

In this case, the trial court refused to disqualify Plaintiff's counsel. Like in this case, the Defendant accused the lawyer of improperly using privileged information, documents which the lawyer's client (in another lawsuit) secretly removed from Defendant's office.

The trial court refused to disqualify the lawyer. Additionally, in this lawsuit, the Movant actually forwarded email to the Plaintiff's personal email account, from his previous lawsuit, without any confidential statements or requests. If there are any claims of unauthorized disclosure, it is the Movant that is responsible for the disclosure of those documents.

## CONCLUSION & PRAYER

Nowhere in his sixteen (16) page motion does Movant offer an explanation for his one year's delay in filing his motion to disqualify Plaintiff's counsel. Nowhere in his motion does Defendant Jones specifically shows this Court the sensitivity of the alleged privileged information.

Defendant Jones fails to show this Court how he is harmed by the receipt of information he requested from the Plaintiff. Defendant Jones simply makes conclusory statements unsupported by the evidence required to meet his burden.

For the reasons stated above and supported by Movant's caselaw Plaintiff respectfully requests this Court issue an Order denying Defendant Jones' Motion to Disqualify. Plaintiff Faire prays for all other and further relief to which she is justly entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By: /s/ Olga Brown
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the _15TH_ day of September 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Response to Defendants' Motion to Disqualify was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown
OLGA BROWN

Date: Fri, 19 Sep 2014 10:21:33 -0400

From: Tracy Amass

To: Peter Donbavand

Subject: FW: Receipt from Olga Brown

---

**From:** Lisa Mittelberg
**Sent:** Friday, September 19, 2014 8:44 AM
**To:** Tracy Amass
**Subject:** FW: Receipt from Olga Brown

It looks like Cearth still thinks that she works for Allen. Here is a copy of a credit card receipt that she signed and I received it this Wednesday. Allen didn't know what it was for. I did call the attorney (Olga Brown) and gave them Allen's cell so that they could look into it and get back to him about it.

## Lisa Mittelberg
Executive Assistant
Food Management Partners Inc.
120 Chula Vista
Hollywood Park, Texas 78232

Phone 210-403-3725 ext 201
Fax 210-403-3580

---

**From:** Allen Jones
**Sent:** Friday, September 19, 2014 7:19 AM
**To:** Lisa Mittelberg
**Subject:** Re: Receipt from Olga Brown

No idea what this is

Sent from my iPhone

On Sep 17, 2014, at 3:51 PM, "Lisa Mittelberg" < lmittelberg@foodmps.com > wrote:

> Isn't this the name of your attorney?

## Lisa Mittelberg
Executive Assistant
Food Management Partners Inc.
120 Chula Vista
Hollywood Park, Texas 78232

Phone 210-403-3725 ext 201
Fax 210-403-3580

DEF-CF-00527



Olga Brown

How was your experience?
Positive

$ 2,500.00

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Custom Amount                    $2,500.00

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Total                            $2,500.00

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Visa 4704                        9/17/14, 1:58 PM
                                        #YJTE

© 2014 Square, Inc. All rights reserved.
1455 Market Street, Suite 600, San Francisco, CA
94103

Square Privacy Policy
Not your receipt?
Manage preferences  for digital receipts

DEF-CF-00528

Date: Fri, 12 Sep 2014 10:31:39 -0400

From: Peter Donbavand

To: Jason Kemp

Cc: Allen Jones

Subject: RE: Code of ethics

This code is for BWW Corp employees.  Unless I am missing something, I wouldn't be overly concerned.  Olga Brown was not a particularly good attorney and even if she did bring a case, we have plenty of witnesses to corroborate her erratic behavior and discredit her.


Peter Donbavand

Vice President
Real Estate & Business Development
Food Management Partners
210-403-3725 ext 218
pdonbavand@foodmps.com

Confidentiality:  The information contained in this e-mail and any attachments to it is privileged, confidential, and protected from disclosure.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited.  If you have received this communication in error, please notify the sender immediately, and delete it from your network server and/or hard drive.

**From:** Jason Kemp
**Sent:** Thursday, September 11, 2014 1:20 PM
**To:** Peter Donbavand
**Cc:** Allen Jones
**Subject:** Fwd: Code of ethics


JK


*********************************************
Jason R. Kemp
Co-founder & CFO
Food Management Partners, Inc.
120 Chula Vista
Hollywood Park, Texas 78232
P- 210-403-3725 ext. 217
F- 210-403-9097 *Confidential fax*
C- 210-268-2006
Jasonkemp@FoodMPS.com

Begin forwarded message:

> **From:** Cearth < mommiesawitch@yahoo.com >
> **Date:** September 11, 2014 at 1:15:43 PM CDT
> **To:** < allenjones@foodmps.com >, < jasonkemp@foodmps.com >, <

DEF-CF-00486

brianpadilla@foodmps.com >
**Subject: Code of ethics**

Allen,

I don't have to do this but I contacted Olga Brown. I have included the partners that will be served with subpoenas.  Our affair and subsequent termination is in violation of this code.

http://files.shareholder.com/downloads/BWLD/0x0x481458/2d00f2bc-5360-442c-8f00-49c13da5b325/code_of_ethics.pdf

Contact me if you are interested in keeping this out of court.

210-725-5213
Cearth Faire

Sent from my T-Mobile 4G LTE Device

DEF-CF-00487

# EXHIBIT B

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP, LLC,** | § | |
| **D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **PETER DONBAVAND, INDIVIDUALLY** | § | |
| | | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## AFFIDAVIT

STATE OF TEXAS

COUNTY OF BEXAR

BEFORE ME, the undersigned authority, a notary public in and for the State of Texas, personally appeared **Cearth Faire**, known to be the person whose name is subscribed to this affidavit and who after being duly sworn by me did on her oath depose and state the following, to-wit:

1. "My name is **Cearth Faire**. I am over the age of 18 and I am fully competent to make this Affidavit in all respects and the statements contained herein are within my personal knowledge and true and correct.

2. I am the Plaintiff in this lawsuit against Allen J Jones, FMP, ALL JONES, LLC, Peter Donbavand and Jason Kemp, all officers of the business entities.

3. I am a former employee of FMP and ALL JONES. I was hired November 12, 2012 and fired August 31, 2014. At all times, I was employed as Allen Jones' personal assistant. My knowledge of Mr. Jones' business was limited to assisting in personal matters, handling calendars and scheduling travel.

4. My attorney, Olga Brown, represented Mr. Jones' third wife, Tetyana Jones, in an international child custody case. Mr. Jones was accused of holding the infant, Astin, in the Dominican Republic to gain an advantage in his divorce action. My case against Jones is about his oral gift of real estate, sexual harassment and related actions. The factual information is completely different and unrelated.

5. I was never told I was part of his litigation team. During the period, March 12, 2013 to July 17 2013, when I was required to work in the Dominican Republic, to care for his child and other matters, is when Mr. Jones first made his oral promise of real estate, his promise to buy me a house.

6. As Mr. Jones' personal assistant, I was to gather personal information and forward it to this legal team, Peter Donbavand, Melissa Figueroa and counsel Sam Bashara. I was never informed, nor assumed that I was part of any litigation team. I have no education in this field. Mr. Bashara never asked for my assistance. Peter Donbavand was the person in the key role of liaison to his attorneys in San Antonio and in the Dominican Republic.

7. On Saturday, August 30, 2014, as part of my employment, at Mr. Jones' direction, I traveled with him, his girlfriend, his children, and the nanny to South Padre Island for the Labor Day weekend, in his 2014 Mercedes G450. On the morning of Sunday, August 31, 2014, when I refused to engage in a sexual encounter that I found offensive, he fired me. However, he refused to allow me to return to San Antonio, forcing me to stay in that toxic environment. I was forced to ride back to San Antonio with him and everyone else on Monday, September 1, 2014.

8. In response to discovery served by Allen Jones, attached as Exhibit A to this affidavit, I produced 97 pages responsive to what Allen Jones asked for in his Interrogatory No. 12, and Request for Production No. 70, that he now complains of. Some were duplicates in that I produced emails both sent directly to my personal account, and those I forwarded to my work account. I turned these documents over to my attorney, as requested by Allen Jones and his attorneys. Ms. Brown has not represented Mr. Jones' ex-wife since July of 2013. I did not have these, nor had I used them in anyway myself, except to respond to his demands.

_____
Signature

SWORN and SUBSCRIBED to before me on this 15th day of **September** 2015

_____
Notary Public in and for State of Texas

My commission expires: 8/16/2016

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT ALLEN J JONES'
FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**

TO:    Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, Defendants, by and through their attorney of record, Christine E Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Plaintiff, Cearth Faire, serves these objections and answers to Defendant Allen J Jones' first set of interrogatories and first requests for production.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
 San Antonio, Texas 78205
 210/226-1550 telephone
 210/226-1884 facsimile
 Argyle2@sbcglobal.net


By:  */s/ Olga Brown*_____
    OLGA BROWN
    State Bar No. 03155500
    *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on the  1st day of April 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Objections and Responses to Defendant Allen J Jones' First Set of  Interrogatories and First Request for Production to Plaintiff was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                                   */s/ Olga Brown*
                                   OLGA BROWN

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT ALLEN J JONES'**
**FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**
Identify each instance in which you contend Jones "promised Plaintiff that he would buy a home and transfer ownership to her," as alleged in your Petition, including the dates on which such promises were made, the manner in which Jones allegedly made such promises (*e.g.,* by email, oral communications, etc.) and any witnesses to such communications.
**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory. Subject to and without waiving the foregoing objection, June 2013 while working 24/7 in the Dominican Republic, August 2013 while celebrating Mr. Jones' birthday, and numerous other conversations during the course of all evening/night work as personal assistant.

**INTERROGATORY NO. 2:**
If you contend you were employed by Jones, state the factual basis for your contention.
**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Subject to and without waiving the foregoing objection, please refer to DEF-CJ-00065, 0452/53, DEF-CF-00220-384.  Plaintiff will supplement as required by the rules

**INTERROGATORY NO. 3:**
Identify all documents supporting your contention that Jones "authorized for the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.
**ANSWER:** Objection, duplicative.  Please refer to Plaintiff's Objections and Responses to Defendant ALL JONES, LLC's First Set of Interrogatories, Interrogatory No. 4, and Plaintiff's Objections and Responses to Defendant FMP's Request for Production, Request No. 47.

**INTERROGATORY NO. 4:**
Identify all copies of the "written agreement [Jones promised to execute] at closing, giving [you] full title and interest to the home," as alleged in your Petition.
**ANSWER:** Objection, duplicative.  Please refer to Plaintiff's Objections and Responses to Defendant ALL JONES, LLC's First Set of Interrogatories, Interrogatory No. 5, and Plaintiff's Objections and Responses to Defendant FMP's Request for Production, Request No. 60.

**INTERROGATORY NO. 5:**

Identify all "necessary documents" Jones promised to sign "to give Plaintiff full and complete ownership of the home," including any such documents in your possession, custody, and control, whether you contend such documents were drafted, and the approximate date(s) on which you reviewed any such documents.

**ANSWER:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff was not presented with any documents for review by Defendants. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

**INTERROGATORY NO. 6:**

Identify each manner in which you contend you "detrimentally relied upon [Defendant Jones's] misrepresentation," as alleged in your Petition, including but not limited to any costs or expenses incurred based on such alleged misrepresentations.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory. Subject to and without waiving the foregoing objection, Plaintiff, with consent from Defendants Jones and Donbavand, took possession of her home on or about July 30, 2014, incurred moving expenses, and proceeded to make improvements, including but not limited to purchasing and installing a hot water heater.

**INTERROGATORY NO. 7:**

If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element or damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component was determined, and should identify the source of each number used in the calculation.

**ANSWER:** Plaintiff objects as this request is duplicative. Please see Plaintiff's Objections and Responses to Defendant FMP's First Set of Interrogatories, Interrogatory No. 15.

**INTERROGATORY NO. 8:**

Identify each act committed by Jones in furtherance of the "conspiracy" alleged in your Petition.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records and said Defendants can obtain such information from their own intracorporate emails as this was a routine matter of conducting business. Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and

4

such request is improper .  Subject to and without waiving the foregoing objection,  see Plaintiff's objections and responses to Defendant FMP's First Set of Interrogatories, Interrogatory 17.  Plaintiff will supplement as required by the rules.

**INTERROGATORY NO. 9:**
Identify the goal or objective of the conspiracy alleged in your Petition.
**ANSWER:** Plaintiff objects to this request because the answer is based on information obtained from other persons, and not on information to which the Plaintiff can verify under oath.  Plaintiff further objects and declines to give a narrative answer to this interrogatory because the request asks for information that is available from Defendants and Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, voice and test messages, and this was a routine matter of conducting business.  Subject to and without waiving the foregoing objections, Plaintiff would state objective of conspiracy was retaliation.

**INTERROGATORY NO. 10:**
Describe Plaintiff's efforts and her methodology used to identify and locate any electronic documents in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account and text messages, responsive to Defendant's Requests for Production.
**ANSWER:**  Plaintiff objects as this request is duplicative.  Plaintiff objects and declines to give a narrative answer to this Interrogatory.  Subject to and without waiving the foregoing objection, Plaintiff searched for pdonbavand@foodmps.com", "allenjones@foodmps.com",ajones@foodmps.com "allen jones" then printed same. Text messages are in the possession of Defendants.

**INTERROGATORY NO. 11:**
Identify all search terms used by Plaintiff in identifying and locating documents maintained in any of her personal email accounts, including the mommiesawitch@yahoo.com account, and responsive to Defendant's Requests for Production.
**ANSWER:** Plaintiff objects as this request is duplicative.  Plaintiff objects and declines to give a narrative answer to this Interrogatory.  Subject to and without waiving the foregoing objection, Plaintiff searched for pdonbavand@foodmps.com", "allenjones@foodmps.com",ajones@foodmps.com "allen jones" then printed same. Text messages are in the possession of Defendants.

**INTERROGATORY NO. 12:**
Identify the last date on which Plaintiff deleted any emails, text messages, or other electronically stored data in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account, and

describe in detail steps taken by Plaintiff to ensure documents, data, and information responsive to Defendant's Requests for Production were not deleted or lost during this process.

**ANSWER:** Objection as this request is duplicative. Plaintiff further objects as this request calls for answer that is not in evidence. Subject to and without waiving the foregoing objection, Text messages relevant to this suit are in the possession of Defendants. Plaintiff has not deleted emails or other electronically stored data in her possession, custody, or control, and relevant to this suit.

## INTERROGATORY NO. 13:

Identify the email accounts you have had and/or currently have, whether created by you or for your use, since November 13, 2012. Your answer should include the full email address, the date the account was established, and an indication as to whether you have sent and/or received any emails from such account(s) related to your employment with Defendants or your claims against Defendants in this lawsuit.

**ANSWER**: Plaintiff objects to the duplicative nature of this request. Please refer to Plaintiff's Objections and Responses to Defendant ALL JONES, LLC's First Set of Interrogatories, Interrogatory No. 17, and Defendant FMP's, First Set of Interrogatories, Interrogatory No. 21.

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP, LLC,** | § | |
| **D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **PETER DONBAVAND, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## <u>VERIFICATION</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared CEARTH FAIRE, known to me through TXDL NO. *****898, SSN ***-**-4220 to be the person whose name is subscribed below and who being by me duly sworn on her oath deposed and said that She has read the foregoing and that the statements contained therein are within her personal knowledge and are true and correct.

_____
CEARTH FAIRE

SWORN and SUBSCRIBED to before me on this 31st day of May 2015.

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

_____
Notary Public in and for State of Texas

My Commission

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT ALLEN J JONES'
FIRST REQUEST FOR PRODUCTION**

**GENERAL OBJECTIONS**

PLAINTIFF OBJECTS BASED ON TRCP 193.1, PLAINTIFF IS NOT REQUIRED TO PRODUCE DOCUMENTS EXCLUSIVELY IN THE CONTROL AND POSSESSION OF DEFENDANTS.

1. W-2 forms or 1099 forms that you have filed or received from January 1, 2010 to the present.
   **RESPONSE**: Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit. Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants. Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.

2. Resumes that you have prepared since January 1, 2010 to the present.
   **RESPONSE:** Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit. Subject to and without waiving the foregoing objection, please see Defendants' Bates DEF-CJ-00076/78 and Faire0001-02.

3. Your personal diaries, journals, calendars, and/or notes created by you on or after November 13, 2012, that discuss or reference the facts underlying any of your claims in this lawsuit. This request is not seeking any documents protected from discovery by the attorney-client privilege.

   **RESPONSE:** Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

4. Maps, charts, tables, diagrams, and chronologies created by you on or after November 13, 2012, that reference the facts underlying any of your claims in this lawsuit. This request is not seeking any documents protected from discovery by the attorney-client privilege.

**RESPONSE:** Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

5. Videotapes, audiotapes, and photographs relating to your allegations against Defendants or the facts underlying any of your claims in this lawsuit. This Request includes all duplicate copies you have in your possession, including any copies of audio recordings.

**RESPONSE:** Objection as the requested items were last in the possession of Defendants, and only limited "responsive" documents were "recovered" by Defendants in response to my proper discovery requests. Plaintiff objects to this request in that it assumes such documents are in possession of Plaintiff. Such documents are in possession o Defendants or other third parties. All other "responsive" documents are in the possession, custody and control of Defendants, and have been withheld from Plaintiff by Defendants. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

6. Written, audiotaped, or videotaped statements that you have taken from any person whom you believe may have knowledge of facts relevant to the claims in your lawsuit.
**RESPONSE:** None at this time. Plaintiff will supplement as required by the rules.

7. Written, audiotaped, or videotaped statements in which you allegedly complain of unlawful discrimination and/or retaliation during your employment with Defendant.
**RESPONSE:** Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, please refer to Defendants' Bates DEF-CF000607-000617. Plaintiff will supplement as required by the rules.

8.    Correspondence, including but not limited to emails, between you and Defendant Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:**  Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same.  See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Subject to and without waiving the foregoing objection, please see Faire003-131.

9.    Correspondence, including but not limited to emails, between you and Defendant Donbavand regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:**    Objection, as Defendants Jones and Donbavand are in possession and control of such emails between Donbavand and Plaintiff, and further Defendants withheld same from Plaintiff, or "redacted" same. Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Subject to and without waiving the foregoing objection, please see Faire0132-0256.

10.   Correspondence, including but not limited to emails, between you and any employee or agent of Defendant FMP regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:**  Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same.  See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Please also refer to Requests 8 and 9 above.

11.   Correspondence, including but not limited to emails, between you and any employee or agent of Defendant All Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendant ALL JONES and co-defendants are in possession and control of such emails between any employee or agent of Defendants, and further, See TRCP 193.1. Further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-10 above.

12.     Correspondence, including but not limited to emails, between you and any individual identified in your Responses to Defendants' Requests for Disclosure regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendants are in possession and control of such emails between any employee or agent of Defendants, and further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank. . Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-11 above.

13.     Statements, documents, videotapes, and audiotapes you submitted to the EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.
**RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

14.     Statements, documents, videotapes, and audiotapes you received from EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.
**RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

15.     Rebuttal and impeachment evidence you intend on introducing at trial that is not otherwise responsive to Defendant's Requests for Production or Interrogatories propounded on you.

**RESPONSE:** Plaintiff objects as this request is overly broad, and because this request requires Plaintiff to marshall her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection,

None at this time.  However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents.  Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.  Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Plaintiff will supplement once she is afforded access to properly requested responsive documents.

16.     Documents submitted by you in conjunction with any bankruptcy petition filed by you since January 1, 2010.
        **RESPONSE:**     Plaintiff objects, as this request is irrelevant, and will not lead to admissible evidence related to the subject matter of this suit.  Subject to and without waiving the foregoing objection, none.

17.     Documents taken, received, kept, or generated by a health care provider relating to any emotional distress or mental anguish you claim as damages in this lawsuit.
        **RESPONSE:**  Plaintiff will supplement.

18.     Medical records supporting your claim that you suffered mental anguish as a result of Defendants' conduct and/or omissions as alleged in this lawsuit.
        **RESPONSE:**   Plaintiff will supplement.

19.     If you are seeking attorney's fees, the contract(s) for legal services between you and your counsel in this case.
        **RESPONSE:**  See Faire 0257-0260.

20.     If you are seeking attorney's fees, documents, including but not limited to "time sheets," bills, invoices, and/or receipts, that support your claim for reasonable attorney's fees, costs, and expenses in this case.
        **RESPONSE:  :**  See Faire 0261-0264.  Plaintiff will supplement.

21.     Privilege log of all documents withheld from production due to a claim of privilege.
        **RESPONSE**: None

22.     Documents relied upon by a consulting expert whose opinion(s) and/or work product have been reviewed by or relied upon by a testifying expert.
        **RESPONSE:**  None at this time.  Plaintiff will supplement as required by the rules.

23.     Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings sent to or received from any current or former

employee of Defendant relating to your claims in this lawsuit.
**RESPONSE:** None at this time. However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents. Plaintiff will supplement once she is afforded access to properly requested responsive documents TRCP 193.1

24. Any documents identified in or relied upon in your Responses to Defendant's Requests for Disclosures.
**RESPONSE:** Objection as this request requires Plaintiff to marshall her evidence on this particular issue and such request is improper.

25. Any documents relied upon or referenced in responding to Defendant's Interrogatories.
**RESPONSE:** Objection as this request requires Plaintiff to marshall her evidence on this particular issue and such request is improper.

26. Documents created by you that record, summarize, document or reference conversations or communications between you and any current or former employee of Defendants about your claims in this lawsuit. This Request does not seek documents created by you in order to seek legal advice or documents created at the behest of your attorney.
**RESPONSE:** Objection as this request is nonsensical. Subject to and without waiving the foregoing objection, attorney-work product.

27. Correspondence, notes, memoranda, reports, documents, or other written or recorded material taken or received from Defendants by Plaintiff, including but not limited to, policies, procedure manuals, reports, performance reviews, counselings, and/or memoranda.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted, in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

28. Documents discussing or referencing your work performance while employed with Defendant from November 13, 2012 to the present.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

29. Evaluations, reprimands, or other documents discussing your performance or employment status with Defendants since November 13, 2012.

**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

30. Documents received from employers to whom you have inquired about employment at any time from January 1, 2014 to the present.
**RESPONSE:** None

31. Documents received from employers that have made you an offer of employment at any time from January 1, 2014 to the present.
**RESPONSE:** None at this time. Plaintiff will supplement.

32. Documents, including but not limited to written applications for employment, submitted to potential employer(s) at any time from January 1, 2014 to the present.
**RESPONSE:** None, as the mechanisms have been online. See response to Defendants' Interrogatory No.6.

33. Documents you intend to offer as an exhibit during any proceeding, deposition, hearing, or trial of this lawsuit.
**RESPONSE:** Objection, as this request is premature, and Plaintiff is not required to marshall all evidence at this time. Further, Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Discovery is ongoing, Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

34. Emails you sent to or received from any current or former employee of Defendant that discuss or evidence your claims in this lawsuit.
**RESPONSE**: See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

35. Documents that support your claim for back pay as alleged in your Petition.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

36. Documents that support your claim for front pay as alleged in your Petition.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

37. Documents that support your claim for "non-economic" damages, as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Plaintiff will supplement pursuant to the rules.

38. Documents revealing your gross and net income, including benefits, since January 1, 2010 to the present.
**RESPONSE:** Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit. Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants. Defendants have withheld and/or redacted such documents from Plaintiff

39. Documents supporting your contention that "Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to" her, as alleged in your Petition.
**RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

40. Documents supporting your contention that "Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit," as alleged in your Petition.
**RESPONSE**: Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court

14

intervention including, but not limited to forensic examination of equipment and devices of Defendants..  Please refer to Defendants' BATES DEF-CF-00118, DEF-CF-000448, 00401 and other documents in the possession of Defendants.

41.     Documents supporting your contention that Defendant Jones "authorized for [sic] the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.
**RESPONSE:**  Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants   Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.  Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.

42.     Documents evidencing any Defendant's alleged intent to gift the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
**RESPONSE:**  Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants   Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.  Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF- CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.

43.     Documents that, if executed, would transfer ownership of the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
**RESPONSE:**  Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

44.     Documents evidencing Plaintiff's "moving expenses.
**RESPONSE:**  "Plaintiff objects because this request requires Plaintiff to marshal all

her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1.

45.  Documents evidencing Plaintiff's "expenses in making repairs to the residence to make it habitable.
**RESPONSE:**   " Please see Faire0265-0272 and objections and responses to Request 8 and 9 above.

46.  A copy of the "inspection report" identified in Paragraph 13 of your Petition.
**RESPONSE:**  See Defendants' DEF-CF-00119-00144.

47.  A copy of the "one-month lease" identified in Paragraph 13 of your Petition.
**RESPONSE:**  Please refer to BATES DEF-CJ-00085-00086.

48.  Documents supporting your contention that "Plaintiff had clear title to her 2005 Mini Cooper," as alleged in your Petition.
**RESPONSE:**  Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. DEF-CF-00514  Please also see Faire0273-279.

49.  A copy of the "payment plan" identified in Paragraph 15 of your Petition.
**RESPONSE:**  Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

50.  Documents supporting your contention that "immediately before the firing, [you had] been given a raise in pay and additional duties," as alleged in your Petition.
**RESPONSE**:  See DEF-CJ-00065.

51.  Documents supporting your contention that you were asked to "perform employment duties that were not in furtherance of the corporate business," as alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this

particular issue, and such request is improper.  Subject to and without waiving the foregoing objection,  please refer to 2013-CI-04328 and 2013-CI-11046.

52. Documents supporting your contention that "Donbavand … was aware of the employment violations …," as alleged in your Petition.
**RESPONSE:**  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.   Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff  TRCP 193.1.

53. Documents supporting your contention that Defendants have "circulat[ed] malicious rumors about the Plaintiff," as alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection. **See DEF-CJ-00064, DEF-CJ-000111-15, DEF-CF-00456, 00463** Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1.

54. The "written agreement" Defendant Jones allegedly promised to execute at closing, as alleged in Paragraph 22 of your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1.

55. Any documents that existed at the time of closing and would "giv[e you] full title and interest to the home," as alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

56. Documents supporting your contention that Defendants made "a false representation or concealment of material facts concerning the real estate transaction," as alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further

object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

57. Documents supporting your contention that Defendants "made representation with knowledge, actual or constructive, of those facts," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

58. Documents supporting your contention that you "detrimentally relied upon the misrepresentation," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

59. Documents evidencing any costs or expenses incurred by you based upon your alleged detrimental reliance upon Defendants' representations.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see Faire0265-0272. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

60. Documents, including but not limited to any invoices for work performed, evidencing "valuable improvements" you contend you have made to the property located at 8647 Timber Place, San Antonio, Texas 78250.
**RESPONSE:** DEF-CF-496/97 and see Request 65 above.

61. Documents, including but not limited to emails and correspondence, evidencing any instance in which Defendant Jones "made sexual advances toward Plaintiff," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

62. Documents, including but not limited to emails and correspondence, evidencing any instance in which you complained of Defendant Jones's alleged "sexual advances.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1."

63. Documents, including but not limited to emails and correspondence, evidencing any instance in which you resisted Defendant Jones's alleged "sexual advances.
**RESPONSE:** " Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

64. Documents supporting your contention that Defendant Jones "made it clear that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing

objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

65. Documents evidencing any instance in which you "refused to further submit to Defendant Jones's inappropriate requests," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

66. Documents evidencing any act committed by Donbavand in furtherance of the "conspiracy" alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see DEF-CF-00477,00478,00479, 00482/00483, 00486, 00492, 00496 Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

67. Documents evidencing any act committed by Kemp in furtherance of the "conspiracy" alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see DEF-CF-00486, 00490, 00491, 00496, 00509,00510, 00511 Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

68. Documents evidencing your "payment of consideration" for the property located at 8647 Timber Place, San Antonio, Texas 78250, as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue,

and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

69. Documents evidencing "valuable improvements" you have made to the property located at 8647 Timber Place, San Antonio, Texas, as alleged in your Petition.
**RESPONSE:** Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1 and Request 66 above.

70. All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Defendant FMP's Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Defendant FMP's Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

71. All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present regarding your claims in this lawsuit.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Defendant FMP's Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Defendant FMP's Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff.

72. All emails sent from your mommiesawitch@yahoo.com email account from November 13, 2012 to present to any person identified in your Responses to Defendants' Requests for Disclosure.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses

to Defendant FMP's Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Defendant FMP's Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

73. All emails received at your mommiesawitch@yahoo.com email account from November 13, 2012 to present from any person identified in your Responses to Defendants' Requests for Disclosure.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Defendant FMP's Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Defendant FMP's Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP193.1

# EXHIBIT C - MOTION TO DISQUALIFY

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

September 14, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc   D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones,    Individually, And Peter Donbavand, Individually,* In The 150th Judicial      District, Bexar County, Texas

### Attempt to Confer Over Defendant Jones Affidavit

Dear Mr. Barbour:

Please let this letter serve as an attempt to confer over the legal competence of Defendant Jones giving an affidavit which attempts to establish the grounds for disqualification of an attorney.

As I have brought to your attention on numerous occasions, Defendant Jones has made a judicial admission of his involvement in human trafficking. Jones has testified in open court before the Hon. Cathleen Stryker that he paid Ten Thousand Dollars cash to purchase a young lady from a brothel in the Dominican Republic. For your convenience, I am enclosing a transcript of his testimony. Again.

Jones' conduct constitutes a serious crime and a grave violation of human rights. Therefore, his credibility in this motion and in the entire lawsuit is at issue. Before the court can consider any of his statements, I must have the right to cross-examine Jones.

Your motion requests the court to deny the Plaintiff counsel of her choice. This is a very severe remedy and the Court must follow exacting standards when considering the motion to disqualify. The Court should not consider the Jones Affidavit. There is no evidence to support the grounds and any ruling granting the motion would be an abuse of discretion. Please have Defendant Jones available for cross-examination or consider dropping the motion to disqualify.

If you wish to discuss this further, please do not hesitate to give me a call. I look forward to resolving the issue. Thank you.

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc      Cearth Faire
File

EXHIBIT C - MOTION TO DISQUALIFY

66

Q.   That's where you met Allen?

A.   Yes.

Q.   Was it your intention to be employed at such a house?

A.   No.

Q.   And did the men pay for sex with women?

A.   Yes.

Q.   And was Allen one of those men?

A.   Yes.

Q.   How did you get out of there?

A.   He took me out every morning I -- he pay for my passport and for me, like he said.

Q.   And then a month later you and Allen were married?

A.   We get married, yes.

         MS. WHIILEY:  I'll pass the witness.

                REDIRECT EXAMINATION

BY MR. SKINNER:

Q.   You don't know that Allen was -- that Astin was given any Benadryl, do you?

A.   I did not know.  I told her to call Dr. Storandt. I give her to be -- piece of paper with notes and phone numbers, and say, please call to Dr. Storandt and ask her if -- if -- before give my child anything, and I asked her to pass it to my ex-husband, but she bring it back --

EXHIBIT C - MOTION TO DISQUALIFY

92

don't think it's right for a man to take children from a woman.

Q. So, let's explore that a little bit. You weren't ordered to do it. This is something you agreed to do?

A. Yes.

Q. Now, I want to speak briefly, and then we're going to get on to the substance of this. You met Tetyana basically at a brothel, didn't you?

A. Yes.

Q. And you paid $10,000 to get her out of that, didn't you?

A. I paid because they said they would not --

MS. WHITLEY: Objection, Your Honor, that's hearsay.

MR. SKINNER: Objection; relevance.

THE COURT: Sustained -- overruled.

MS. WHITLEY: It's relevant.

Q. (BY MS. WHITLEY) You paid them how much money?

A. I don't know. I paid the money to get her passport back and for the expenses that they said that they had spent on her.

Q. And a month later y'all got married?

A. Yes -- or I'm not sure about that.

THE COURT: Back up a little bit from the microphone. It's a little bit --

# EXHIBIT C - MOTION TO DISQUALIFY　　　　　　P. 1

1) Law Office of Olga Brown
2) 210-226-1884

Date/Time: Sep 14, 2015 3:21PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 8031 | Memory TX | 4478036 | P 3 | OK | |

---

Reason for error
E. 1) Hang up or line fail　　　　　　　　　E. 2) Busy
E. 3) No answer　　　　　　　　　　　　　　E. 4) No facsimile connection
E. 5) Exceeded max E-mail size

---

## LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

September 14, 2015

Via facsimile (210) 447-8036
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:　Cause 2014-CI-16674, Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually, In The 150th Judicial District Bexar County Texas

### Attempt to Confer Over Defendant Jones Affidavit

Dear Mr Barbour:

　　Please let this letter serve as an attempt to confer over the legal competence of Defendant Jones giving an affidavit which attempts to establish the grounds for disqualification of an attorney.

　　As I have brought to your attention on numerous occasions, Defendant Jones has made a judicial admission of his involvement in human trafficking. Jones has testified in open court before the Hon. Cathleen Stryker that he paid Ten Thousand Dollars cash to purchase a young lady from a brothel in the Dominican Republic. For your convenience, I am enclosing a transcript of his testimony Again.

　　Jones' conduct constitutes a serious crime and a grave violation of human rights. Therefore, his credibility in this motion and in the entire lawsuit is at issue. Before the court can consider any of his statements, I must have the right to cross-examine Jones.

　　Your motion requests the court to deny the Plaintiff counsel of her choice. This is a very severe remedy and the Court must follow exacting standards when considering the motion to disqualify. The Court should not consider the Jones Affidavit. There is no evidence to support the grounds and any ruling granting the motion would be an abuse of discretion. Please have Defendant Jones available for cross-examination or consider dropping the motion to disqualify.

　　If you wish to discuss this further, please do not hesitate to give me a call. I look forward to resolving the issue. Thank you.

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc　Cearth Faire
File

# Appendix 6

FILED
9/8/2015 10:18:23 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bonnie Banks

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, PETER DONBAVAND, | § | |
| INDIVIDUALLY, AND JASON KEMP, | § | |
| INDIVIDUALLY | § | |
| *Defendants*. | § | BEXAR COUNTY, TEXAS |

---

**DEFENDANT ALLEN J. JONES' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

---

For his Motion to Disqualify Plaintiff's Counsel, Defendant Allen J. Jones (Defendant Jones" or "Jones") respectfully shows the following:

## I.     INTRODUCTION

Defendant Jones requests the Court disqualify Plaintiff's counsel, Olga Brown, from her continuing representation of Plaintiff Cearth Faire in the above-styled lawsuit.  Brown's disqualification is necessary and appropriate based on her inappropriate acceptance, review, and use of Jones' confidential and privileged documents, which were wrongfully retained by her client, Faire.  Defendant Jones further requests that the Court order the immediate return of his confidential and privileged documents in the possession of Faire or Brown, and that Faire and Brown be ordered not to make use of any information contained in these privileged documents.[1]

---

[1] On June 8, 2015, Defendant Jones demanded the immediate return of his confidential and privileged documents.  Ex. A, June 8, 2015 Corr.  Brown's response, sent on June 22, 2015, refused to return the privileged documents or to otherwise take necessary steps to mitigate the harm to Jones.  Ex. B, June 22, 2015 Corr.

## II. FACTUAL BACKGROUND

1. Plaintiff Cearth Faire is a former employee of Defendants FMP and All Jones. Ex. C, P's 5th Am. Pet. ¶ 42. In this capacity, Faire served as a personal assistant to Jones, the CEO of FMP and a principal of All Jones. Ex. C, P's 5th Am. Pet. ¶ 42. As Jones' personal assistant, Faire was responsible for handling and assisting with various personal and business matters for Jones. Accordingly, Jones placed substantial trust and responsibility in Faire. Ex. D, Jones Aff. ¶ 3.

2. Defendant Jones was previously involved in a family law matter, including divorce and child custody proceedings. In that litigation, Jones' ex-wife, Tatyana Jones, was also represented by Ms. Brown. Ex. D, Jones Aff. ¶ 4. These family law matters were ongoing during the tenure of Faire's employment with FMP. In her position as Jones' personal assistant, Faire played a key role in providing information to and reviewing communications from Jones' personal legal counsel. Ex. D, Jones Aff. ¶ 5; Ex. E, P's 4th Am. Pet. ¶ 10. As such, Faire was considered a member of Jones' litigation team. Ex. D, Jones Aff. ¶ 5; *see also* Ex. E, P's 4th Am. Pet. ¶ 10 (noting Faire "took care of Defendant Jones' personal matters, including … assisting in his defense in a family law matter"). In this capacity, Faire assisted with various matters under the direction of Jones and his attorneys, including gathering facts, developing timelines, and providing other input relevant to the ongoing litigation. Ex. D, Jones Aff. ¶ 5.

3. On August 31, 2014, Faire was terminated from her employment with FMP after she exhibited erratic and threatening behavior during working time. Ex. C, P's 5th Am. Pet. ¶ 47. After her termination, Faire filed suit against FMP, All Jones, and individual Defendants Jones, Peter Donbavand, and Jason Kemp. In this lawsuit, Faire is now represented by Brown, who represented Jones' ex-wife throughout the above-referenced family law proceedings.

4.      Defendant FMP previously served requests for Production on Faire.  In response, Faire produced nearly 100 pages of Jones' privileged and confidential communications, including numerous emails to and from his counsel in the family law matter.[2]  Prior to Faire's production of these privileged documents, Jones was completely unaware Faire had kept or retained possession of these documents following her termination of employment.  Similarly, Jones was unaware Faire had disclosed these documents to Brown, counsel for Jones' ex-wife.  At no point after her termination did Jones authorize Faire to retain possession of his privileged documents, nor did Jones authorize Faire to disclose these documents to his ex-wife's counsel, Ms. Brown.

5.      On June 8, 2015, Defendants' counsel wrote Brown regarding this issue.  Ex. A, June 8, 2015 Corr.  This correspondence outlined Faire's improper possession and disclosure of Jones' privileged communications and demanded Faire immediately take steps to avoid further prejudice to Jones, including:

- The immediate return of all of Jones' privileged documents and communications in Faire's possession;
- That Faire immediately provide an accounting and description of Jones' information and documents provided or described to Brown; and
- Brown's immediate withdrawal from representation of Faire in this litigation.[3]

*Id.*  Brown, on behalf of Faire, responded on June 22, 2015, and refused to take any of the steps requested in Jones' June 8 correspondence.  Ex. B, Corr.

---

[2]  Apparently, during the course of her employment, Faire had retained Jones' privileged and confidential documents and email in her personal email account, mommiesawitch@yahoo.com.  At the termination of her employment, Faire did not return or destroy these privileged communications.  Moreover, Jones does not know whether Faire and Brown may have possession of other privileged documents not produced in discovery.

[3]  Although the documents in issue are privileged, Jones will submit copies for an *in camera* review if the Court wishes to confirm the privileged nature of the documents.

# III.    ARGUMENT AND AUTHORITIES

**A.    Brown's representation of Faire, a former member of Jones' "Litigation Team," warrants Brown's disqualification.**

Courts have recognized that counsel can be disqualified based on inappropriate communications with a member of the opposing party's litigation team. In evaluating such situations, courts presume the litigation team member received confidential information about the litigation during employment. Moreover, courts have adopted a second, rebuttable presumption that the litigation team member disclosed confidential information in communications with counsel for the opposing party. If a party fails to rebut the second presumption. or if the presumption of shared confidences is conclusive, then counsel must be disqualified, as a matter of law.

Application of this test is illustrated by various Texas cases. For example, *In re RSR Corp.*, 405 S.W.3d 265 (Tex. App.—Dallas 2013, orig. proceeding) (pet. pending), plaintiff's counsel had inappropriately interacted and communicated with the defendant's former finance manager, Sobarz, in a breach of licensing agreement case. As a member of the defendant's litigation team, Sobarz had access to the defendant's privileged and confidential information. *Id.* at 268-69. Like Faire, Sobarz copied numerous privileged and confidential documents between defendant and its counsel. After resigning employment, Sobarz disclosed these documents and other privileged information to plaintiff's counsel. *Id.* at 268-69, 272-73, 274-75.

The court noted that "an attorney's relationship with a … member of the opposing party's litigation team carries the same unacceptably high risk of disclosure of confidential information as does the hiring by an attorney of a legal assistant who previously performed work for the opposing party." 405 S.W.3d at 275, citing *In re SAExploration, Inc.*, No. 14-12-00981-CV, 2012 WL 6017717, at *4 (Tex. App.—Houston [14th Dist.] Dec. 4, 2012, orig. proceeding).

Thus, applying the two-part test set forth above, if a party "fails to rebut the presumption that confidential information was shared by the non-attorney or if the presumption of shared confidences is conclusive, *disqualification is required*." *Id.* at 273 (emphasis added), citing *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding); *In re Am. Home Prods. Corp.*, 985 S.W.2d at 76. Thus, given the finance manager's status as a member of the defendant's litigation team, the court of appeals concluded disqualification of plaintiffs' counsel was required. *Id.* at 276.

Similarly, in *In re Am. Home Prods. Corp.*, 985 S.W.2d 68 (Tex. 1998) (orig. proceeding), Palacios, an individual described as legal assistant/investigator/consultant, was hired by Wyeth-Ayerst Laboratories Division of American Home Products, one of the defendants in litigation involving the Norplant contraceptive device, to work "freelance" with the defendant's local counsel in the Norplant litigation and at the direction of Wyeth's counsel. *Id.* at 71. Palacios subsequently went to work for plaintiffs' counsel in the Norplant litigation. *Id.* at 72. The Texas Supreme Court concluded that, as a non-lawyer employee of the law firm, Palacios was subject to an irrebuttable presumption that "trial confidences and secrets were imparted" to her in connection with her prior employment, and a second, rebuttable presumption that she had shared confidences with her new employer. *Id.* at 74-76. Thus, applying the two-part test set forth above, the Supreme Court found disqualification of counsel for plaintiffs *required* because the plaintiffs failed to rebut the presumption that the legal assistant shared confidential information with their counsel. *Id.* at 71; *see In re Bell Helicopter Textron, Inc.*, 87 S.W.3d 139, 146-47 (Tex. App.—Fort Worth 2002) (orig. proceeding) (applying *American Home* to former employee of party working as consultant to opposing party's retained counsel).

5

Applying this precedent, there is no question Ms. Brown must be disqualified from continued representation of Faire in this litigation. Faire was Jones' personal assistant and agent. Ex. C, P's 5th Am. Pet. ¶ 42. In this role, Faire admits she was a member of Jones' litigation team during his family law litigation proceedings. Ex. E, P's 4th Am. Pet. ¶ 10; Ex. D, Jones Aff. ¶ 5. In these roles, Faire was directly involved in the development of Jones' litigation strategy, as well as communications to and from his attorneys regarding the implementation of this strategy. Specifically, Faire (i) was privy to the advice, thoughts, and litigation strategy of Jones' attorneys, (ii) undertook various assignments at the direction of Jones' attorneys with respect to the litigation, and (iii) was copied on or had access to emails and other confidential and privileged documents of Jones in connection with the family law proceedings. Ex. D, Jones Aff. ¶ 5. Indeed, most of the 90 pages of privileged documents Faire provided to Ms. Brown reflect private communications with Jones' attorney, including counsel's impressions regarding legal strategy and analysis.

In this matter, Ms. Brown accepted representation of Faire despite knowing Faire had been a member of Jones' family law litigation team. Moreover, the undisputed evidence in this matter unambiguously establishes that Faire disclosed Jones' privileged documents and communications to Ms. Brown. Further, the evidence shows that Brown has reviewed, retained, and used confidential and privileged information Faire obtained as a result of her employment as Jones' personal assistant and agent and her activities as a member of his litigation team. Ex. B, Brown Corr.; Ex. G, Faire RFP Resp. Accordingly, the presumption is conclusive that Faire wrongfully shared Jones' confidential and privileged information with Ms. Brown.

The evidence also affirmatively forecloses Ms. Brown from claiming ignorance of Faire's status as a member of Jones' litigation team. Indeed, she affirmatively referenced that role in

6

Plaintiff's various Petitions filed ot date. *See, e.g.,* Ex. F, P's Original Petition ¶ 10, and Ex. E, P's 4th Am. Pet. ¶ 10 (both reciting that Faire was Jones' personal assistant and assisted in his defense of family law matter). Moreover, during those family law proceedings, Ms. Brown even requested Faire's deposition as an agent of Jones and an adverse witness. Additionally, in now representing Faire in this current lawsuit, it appears Ms. Brown reviewed the privileged documents and information in Faire's possession and has made full use of them and will likely make full use of them in the family law case. See Ex. A, June 8, 2015 Corr.; Ex. B, June 22, 2015 Corr. Accordingly, under Texas law, disqualification of Brown is required. *In re Am. Home Prods.*, 985 S.W.2d at 71, 74-77; *In re RSR Corp.*, 405 S.W.3d at 276; *see Hornsby*, 2013 WL 2093155, at *5-7 ("[w]hen an attorney's conduct gives the strong appearance of impropriety, casting doubt upon the integrity of the legal system, the court should act to guard that integrity").

**B.      Brown's actions in reviewing, retaining, and using Jones' confidential and privileged documents warrant her disqualification from this case.**

As shown above, Brown must be disqualified from her representation of Faire, given her inappropriate contacts with Faire as a member of Jones' "litigation team." However, Brown should also be disqualified on separate but related grounds, as she has wrongfully come into possession of Jones' privileged communications and documents. To that end, the the Texas Supreme Court has recognized that a lawyer should be disqualified based on her review and possession of privileged information improperly obtained from an opposing party, even if the lawyer may not have been involved in obtaining the information. *In re Meador*, 968 S.W.2d 346, 351 (Tex. 1998). In *Meador*, the Texas Supreme Court set forth six factors to be considered by a trial court in determining whether an attorney must be disqualified in such situations:

(1) Whether the attorney knew or should have known that the material was privileged;

(2) The promptness with which the attorney notifies the opposing side that he or she has received its privileged information;

7

(3) The extent to which the attorney notifies the opposing side that he or she has received its privileged information;

(4) The significance of the privileged information, i.e., the extent to which its disclosure may prejudice the movant's claim or defense, and the extent to which return of the documents will mitigate that prejudice;

(5) The extent to which movant may be at fault for the unauthorized disclosure;

(6) The extent to which the nonmovant will suffer prejudice from the disqualification of his or her attorney.

968 S.W.2d at 351-52;

Application of the *Meador* factors is best illustrated by *In re Marketing Investors Corp.*, 80 S.W.3d 44 (Tex. App.—Dallas 1998, orig. proceeding). In that case, MacDonald, the former president of the company, was terminated for cause and subsequently sued by the company under various contractual and common law theories. *Id.* at 47. *Id.* at 46-47. In discovery, the company learned MacDonald had taken its privileged documents after his termination. *Id.* at 47. The company requested MacDonald return the documents he took and agree not to use them. *Id.* Unlike Faire in this matter, MacDonald in fact returned the originals, though he kept copies and refused to agree not to use them. *Id.* The company moved to disqualify MacDonald's attorney from the case; the trial court denied the motion, and the company sought *mandamus* from the court of appeals. Applying the six *Meador* factors, the court of appeals concluded the trial court improperly refused to disqualify MacDonald's counsel given that:

- the attorney knew the documents were privileged documents of the company;
- the attorney reviewed the company's attorney-client privileged documents, despite knowing their privileged nature;
- the attorney failed to promptly notify the company he had its privileged documents and instead simply produced them in discovery;
- it was undisputed that the attorney extensively reviewed the documents, had referenced them in new pleadings, and had shown an intent to use them in the future;
- the attorney refused to return all copies of the documents;
- the issues relating to the privileged documents arose early in the litigation; and

8

- there was no evidence of an inability by MacDonald to employ different counsel, as the case did not involve novel issues that only a few attorneys were qualified to handle.

*Id.* at 51-52; *see Maldonado v. New Jersey*, 225 F.R.D. 120, 139-42 (D.N.J. 2004) (applying six *Meador* factors, as set forth in *Richards v. Jain*, cited below, and concluding plaintiff's attorneys should be disqualified for reviewing and using privileged documents of defendants); *Richards v. Jain*, 168 F. Supp. 2d 1195, 1205-09 (W.D. Wash. 2001) (applying six factors adopted from *Meador* and concluding that plaintiff's attorneys should be disqualified for reviewing and failing to promptly return privileged documents of defendant wrongfully taken by plaintiff, who was former employee).

Analysis of the *Meador* factors in the context of this case likewise demonstrates that Ms. Brown should be disqualified from continuing to represent Faire in this case.

1. <u>Ms. Brown knew or should have known the material was privileged.</u>

As shown above, Ms. Brown has come into possession of and reviewed emails sent to or from Jones' attorneys regarding his family law proceedings, in which she represents the opposing party. Given her status as counsel for Jones' ex-wife, there can be no question Ms. Brown knew the documents provided by Faire were privileged. For example, each of the privileged communications in question was sent to or from Jones' former counsel, including Mr. Sam Bashara and representatives of his office. Moreover, Mr. Brown, as an experienced attorney, should have immediately recognized the contents of the emails and other correspondence between Jones, his attorneys, and others contained attorney-client privileged information. Accordingly, this factor weighs in favor of Brown's disqualification. *See In re Meador*, 968 S.W.2d at 353 (attorney should have known after most cursory review that documents were privileged) *see also Maldonado*, 225 F.R.D. at 139 (letter from defendants to their attorney should have placed counsel on notice it was privileged).

9

2.  **The promptness with which Ms. Brown notified the opposing side that she has its privileged information.**

Quite simply, Ms. Brown never explicitly or implicitly notified Jones' counsel she was in possession of Jones' confidential and privileged information. To the contrary, she simply produced Jones' privileged documents during discovery in this lawsuit, while simultaneously basing Faire's claims on information allegedly contained in Jones' confidential and privileged documents. *See* Ex. A, June 8, 2015 Corr. of Defendant's counsel; Ex. B, June 22, 2015 Brown Corr. Accordingly, this factor weighs in favor of Brown's disqualification. *See In re Meador*, 968 S.W.2d at 353 (attorney failed to notify opposing party that he had privileged documents); *In re Marketing Investors*, 80 S.W.3d at 51 (counsel failed to notify opposing party he had party's privileged documents, but just produced documents in response to defendant's discovery requests); *see also Maldonado*, 225 F.R.D. at 139-40 (same); *Richards*, 168 F. Supp. 2d at 1206 (same).

3.  **The extent to which Ms. Brown reviewed and digested the privileged information.**

Only Ms. Brown can provide exact testimony regarding the extent to which she has "reviewed and digested" Jones' privileged information. However, Ms. Brown's communications thus far in this litigation suggest her review of these documents has been extensive. For example, Ms. Brown has repeatedly insinuated that Faire's claim are, in large part, premised upon the content of privileged emails she received or sent while working on Jones' litigation team. Similarly, as counsel for Faire, Ms. Brown reviewed and coordinated Faire's document production, which itself consists of nearly 100 pages of Jones' privileged communications. Accordingly, given the evidence presently available, this factor weighs in favor of Ms. Brown's disqualification. *See In re Meador*, 968 S.W.2d at 353 (attorney appeared to have thoroughly reviewed privileged materials, as he directly referenced specific portions of documents in

10

pleadings); *see also In re Marketing Investors*, 80 S.W.3d at 51 (counsel found to have extensively reviewed privileged documents, based on references in pleadings and intent to use them in litigation); *Richards*, 168 F. Supp. 2d at 1206-07 (counsel's reliance on privileged communications, based on reference to contents of letter, weighed in favor of disqualification).

4.  The significance of the privileged information.

Both the privileged documents and information Faire wrongfully provided to Ms. Brown, as well as the underlying privileges themselves, belong solely to Jones. Texas Rule of Evidence 503(b) expressly provides that a "client has the privilege to refuse to disclose ***and to prevent any other person from disclosing confidential communications*** made for the purpose of facilitating the rendition of professional legal services…" TEX. R. EVID. 503(b). The attorney-client privilege applies to communications between the client and counsel. TEX. R. EVID. 503(a)(2); *In re Monsanto Co.*, 998 S.W.2d 917, 922 (Tex. App.—Waco 1999, orig. proceeding). Moreover, as an agent of Jones, Faire lacked the legal status or capacity to waive any privileges attached to Jones' privileged communications. *West v. Solito*, 563 S.W.2d 240, 244 n.2, 245 (Tex. 1978) ("The attorney-client privilege belongs to the client" and must remain so, unless expressly waived by the client himself). Accordingly, Faire had neither the right to retain Jones' privileged documents nor to disclose those documents to any third parties.

Furthermore, the privileged documents and information go to the heart of Jones' claims and defenses in the underlying family law proceedings. By wrongfully obtaining, reviewing, and digesting Jones' privileged information, Ms. Brown now has direct knowledge of and insight into Jones' legal strategy, analysis, and communications regarding such with his counsel. Unless she is disqualified from further representation of Faire in this lawsuit, Ms. Brown will gain additional insights through any future inevitable disclosures of Jones' attorney-client information

11

and communications in Faire's possession. Additionally, Defendants will be prejudiced by Ms. Brown's continued representation of Faire, as she has also indicated she intends to use Jones' privileged emails in support of Faire's claims in this very lawsuit. Disqualification is justified where a party will suffer significant prejudice as a result of opposing counsel's possession and knowledge of that party's privileged information. *See In re Marketing Investors*, 80 S.W.3d at 51 (counsel's stated intent to use privileged documents prejudicial and warranted disqualification); *see also Maldonado*, 225 F.R.D. at 140 (disclosure of privileged letter resulted in substantial prejudice to defendants); *Richards*, 168 F. Supp. 2d at 1207-08 (privileged emails deemed significant, and disclosure warranted disqualification, whether related directly to suit or not). As such, there is simply no question that Ms. Brown's continued representation of Faire in this matter will significantly and irreparably prejudice Defendants, thereby warranting her disqualification.

5.    Extent to which movant may be at fault for the unauthorized disclosure of privileged documents/information.

Ms. Brown's possession and review of Jones' privileged documents has occurred through absolutely no fault or act of Jones. Rather, Ms. Brown obtained Jones' privileged documents exclusively through Faire's wrongful acts in breaching her fiduciary duties to Jones. As his personal assistant, agent, and member of his litigation team, Jones was legally entitled to assume Faire would adhere to her legal duties and obligations in protecting his privileged information. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 202 (Tex. 2002) (agents owe fiduciary duty to principal and employee is obligated to act in employer's best interest); *Welex Jet Servs. v. Owen*, 325 S.W.2d 856, 858 (Tex. Civ. App.—Fort Worth 1959, writ ref'd n.r.e.) ("[c]onfidential information secured by reason of fiduciary relationships may not be used or disclosed to [employer's] detriment irrespective of an agreement not to do so"). Accordingly, this factor also

12

weighs in favor of Ms. Brown's disqualification. *See In re Meador*, 968 S.W.2d at 352 (plaintiff's unknown removal of privileged documents weighed in favor of disqualification); *In re Marketing Investors*, 80 S.W.3d at 51-52 (privileged documents improperly taken/retained by terminated president of company); *see also Maldonado*, 225 F.R.D. at 140-41 (no evidence that defendants were at fault in plaintiff's receipt of privileged letter); *Richards*, 168 F. Supp. 2d at 1208 (no fault in disclosure of privileged emails wrongfully taken from defendant).

6.      The extent to which Faire will suffer prejudice if her attorney is disqualified.

The last of the six *Meador* factors is whether, and to what extent, Faire would be prejudiced by Ms. Brown's disqualification. In the unlikely event Faire would suffer any such prejudice, multiple factors would work to mitigate such harm. For example, this case is at a relatively early stage of the proceedings, with no depositions having yet been taken, and dispositive briefing and trial deadlines many months away. Thus, should Faire obtain new representation, that counsel would have ample time to learn the case and provide competent representation. Moreover, the overwhelming majority of Faire's claims have been dismissed, and her only remaining claim arises under Chapter 21 of the Texas Labor Code. Because Ms. Brown does not specialize in this type of litigation, Faire would suffer no unique prejudice by virtue of this disqualification. Accordingly, the minimal risk of prejudice to Faire also weighs in favor of disqualification. *See In re Marketing Investors*, 80 S.W.3d at 52 (trial court erred in not disqualifying counsel, as disqualification arose early in litigation, case was not well-developed, and no indication that former employee could not obtain alternate counsel).

In determining when to exercise its discretion to disqualify counsel in those cases involving the loss of the protection of privilege, "the Court should resolve any doubts in favor of disqualification." *Richards*, 168 F. Supp. 2d at 1209. In this case, there are no doubts

13

whatsoever on this issue, as the six *Meador* factors weigh in favor of Ms. Brown's disqualification.

**C.**     **Ms. Brown should be disqualified for encouraging and assisting Faire in the breach of fiduciary duties.**

Finally, Ms. Brown should be disqualified from further representation of Faire due to her apparent encouragement, facilitation, and assistance of Faire's breach of fiduciary duties owed to Jones. As Jones' personal assistant and agent, Faire owes fiduciary duties to Jones. These duties specifically include the duty of loyalty and utmost good faith, the duty to act in the employer's best interest, and a duty not to disclose the employer's or principal's confidential information. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 202 (Tex. 2002) (agents owe fiduciary duty to principal and employee is obligated to act in employer's best interest);].

A third party that knowingly induces a fiduciary to breach a duty, or participates in the breach, can be held liable as a joint tortfeasor. *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 513 (Tex. 1942); *James J. Flanagan Shipping Corp. v. Del Monte Fresh Produce N.A., Inc.*, 403 S.W.3d 360, 368 (Tex. App.—Houston [1st Dist.] 2013, no pet.). This rule is illustrated by *Joe N. Pratt Ins. v. Doane*, No. V-07-07, 2008 WL 819011 (S.D. Tex. Mar. 20, 2008). There, the plaintiff alleged a former employee copied plaintiff's confidential documents as she left the plaintiff's employment. Subsequently, the employee used the information to compete with her former employer. *Id.* at *1. Furthermore, the plaintiff also alleged its former employee shared the information with Trinity Insurance, a competitor, who used the information to lure away the plaintiff's clients. *Id.* In denying the defendant's motion to dismiss, the court left no question that "a third party who knowingly participates in the breach of a fiduciary duty may be liable as a joint tortfeasor with the fiduciary." *Id.* at *14. *see also Cotton v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 701-02 (Tex. App.—Fort Worth 2006, pet. denied) ((same).

14

As is demonstrated by Brown's correspondence and document production in this matter, Brown has encouraged and assisted Faire in the breach of her fiduciary duties owed to Jones. *See* Ex. D, Jones Aff. ¶¶ 7-8; Ex. B, Brown June 22, 2015 Corr. Under these circumstances, Brown should be disqualified from continuing to represent to Faire in these proceedings.

## IV.    CONCLUSION & PRAYER

Brown's improper actions in this case of accepting, reviewing, and using Jones' privileged information warrant her disqualification from continuing to represent Faire in this case. Defendants pray the Court disqualify Brown from representing Faire in this case and grant Defendants all other relief to which they may be entitled.

Respectfully submitted,

_____
Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone:  (210) 447-8033
Fax:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANTS FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC, ALL JONES, LLC, ALLEN J. JONES, PETER DONBAVAND, AND JASON KEMP**

## FIAT

The foregoing Defendants' Motion to Disqualify Plaintiff's Counsel is hereby set for hearing at 9:00 a.m. on September 14, 2015 in the Presiding District Court, Bexar County Courthouse, San Antonio, Texas **ROOM 1.09**

Signed on this ___**8TH**___ day of September, 2015. Larry Noll

Presiding Judge

408th District Court

_____Bexar County, Texas_____
JUDGE PRESIDING

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via electronic service* and *facsimile,* to:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1884 (facsimile)
argyle2@sbcglobal.net

on this 8th day of September, 2015.

_____
Justin Barbour

# EXHIBIT A



JUSTIN BARBOUR
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

June 8, 2015

**VIA FAX - 210.226.1884**
Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

      Re:   Cause No. 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba Food Management Partners, LLC., et al*; In the 150th Judicial District Court for Bexar County, Texas
           Our File No: 108.023

Dear Ms. Brown:

In reviewing Plaintiff's document production in the above-styled matter, we have reason to believe that Ms. Faire has wrongfully produced to you, and that you have wrongfully come into possession of, reviewed, and produced, Defendant Allen Jones's personal, privileged documents and information. This letter outlines our concerns regarding Ms. Faire's wrongful disclosure of these privileged documents and demands that you immediately take affirmative actions to remedy this issue.

You have previously noted that Plaintiff Cearth Faire was formerly a personal assistant to Mr. Jones. In her capacity as Mr. Jones's agent, Ms. Faire was copied on numerous privileged communications to and from his counsel, including communications regarding legal strategy and advice in Mr. Jones's divorce and child custody disputes with his ex-wife, Tetyana Jones. However, because such privileges belonged to Mr. Jones—not to Ms. Faire—Plaintiff lacks the ability to waive such privileges attached to such documents and communications. Instead, only the holder of the privilege himself—in this case, Mr. Jones—may waive the attorney-client or work product privileges that attach to such documents.

In reviewing Ms. Faire's document production in the above-styled matter, we have reason to believe she provided to you Mr. Jones's privileged documents and information, including documents produced at FAIRE-0015-16, 68-71, 149-204, 213-230, 237-241, and 246-255. These *90 pages of privileged communications* include correspondence to and from Mr. Jones's legal counsel and communications discussing legal strategies and obligations. Moreover, because you represented Tetyana Jones during these divorce and child custody proceedings, you were well aware these communications were privileged. Indeed, many of these documents

included correspondence with attorneys, including Sam Bashara, with whom you were adverse in those family law matters. Yet, despite having come into possession of these known privileged communications, your office has apparently reviewed, analyzed, and produced these documents, without any notice whatsoever to Mr. Jones, Mr. Bashara, or our firm.

In light of Ms. Faire's wrongful retention and production of these privileged documents, as well as your office's review, analysis, and production of such documents, this correspondence is sent to demand that you and Ms. Faire immediately take the following actions, including:

- The immediate return of any and all of Mr. Jones's privileged documents and communications in Ms. Faire's possession, including but not limited to the documented located at the Bates-ranges identified above and any copies or duplicates thereof;
- That you immediately provide an accounting and detailed description of Mr. Jones's other privileged information and documents described to you by Ms. Faire or otherwise provided to you or your office; and
- That you withdraw from your representation of Ms. Faire in this matter.

We appreciate your prompt attention to this critically important matter. I understand that, from your pending vacation notice, you may be out of the office through this Friday, June 12. As such, we would request that you provide written confirmation that you have taken the steps outlined above no later than the close of business on Tuesday, June 16. If you have any questions or wish to discuss this matter further, please contact me at your earliest convenience.

Sincerely,

Justin Barbour

JB/vp



# EXHIBIT B

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

June 22, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Dear Mr. Barbour:

Thank you for your letter of June 8, 2015, regarding your contention that my client "wrongfully produced" documents in response to the Defendants' discovery requests.

It is important to note that what you asked for, and what was produced, supports one or more of Ms. Faire's causes of action.

Further, not all documents you address are "privileged" particularly in the context of your clients' requests. If Ms. Faire did not produce the documents, your clients would then move for a "no-evidence" summary judgment. Are the Defendants trying to have it both ways?

Please review what you contend is "privileged" again. You will find that Defendant Jones has made his conduct a matter of public record.

As such, in an abundance of caution, all that your clients requested was produced, to counsel for Allen J Jones, only.

Thank you.

Respectfully,

OLGA BROWN

OB/mf
cc    Cearth Faire
File

# EXHIBIT C

FILED
6/19/2015 3:41:57 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | | |
| **INDIVIDUALLY, AND** | | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FIFTH AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Fifth Amended Original Petition against Defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, Peter Donbavand and Jason Kemp, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. A Level Three Amended Agreed Docket Control Order is in place, this matter is set for Jury Trial March 7, 2016.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

1

**PARTIES**

3.     Plaintiff, Cearth Faire, is an individual, whose address is 8647 Timber Place, San Antonio, TX 78250.

4.     Defendant Jason Kemp is an individual, co-founder and Chief Financial Officer (CFO) of Defendant corporations, whose business address is Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232.  He has been served, is represented by counsel, and is properly before this court.

5.     Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

6.     Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court

7.     Defendant Allen J Jones, is an individual, co-founder and President/CEO of Defendant corporations, who has been served and is represented by counsel, and is properly before this court.

8.     Defendant Peter Donbavand, is an individual and executive of Defendant corporations, has been served and is represented by counsel, and is properly before this court.

**JURISDICTION**

9. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**VENUE**

10. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

**FACTS**

11. Plaintiff Faire was an employee of Defendant Kemp, Chief Financial Officer of Defendant Corporations and of Defendant Jones, CEO of Defendant Corporations. In addition to the local corporate duties, she was required to work in the Dominican Republic for approximately five months on a 24/7 basis, for the Defendant Jones, CEO with the knowledge of Defendant Kemp.

Plaintiff Faire, during the term of her employment was not properly compensated, giving rise to several violations of Wage and Hour laws that Defendant Kemp, CFO knew or should have known about.

12. Defendant Kemp, as Chief Financial Officer of the Defendant Corporations, was made aware of the facts supporting Plaintiff's claims by means of intra-corporate email traffic and including instructions to him and all other Defendants by Jones as to how to properly proceed on Defendant Jones' gifting to the Plaintiff the real estate, and specifically the "Kemp" house.

13.     Defendant Jones, CEO in his official capacity as well as in his individual capacity communicated his intent to make the gift of real estate to Plaintiff by negotiating a price for the "Kemp" house at 8647 Timber Pl. San Antonio, Texas, 78250. Defendant Kemp's, knowledge of the oral gift of real estate to Plaintiff is supported by the fact that a buyer's lease agreement was executed.

Further, Defendant Donbavand, in his individual capacity and outside the scope of corporate business issued orders for the inspection of, and  preparation of the necessary documents to carry out gifting of the real estate to the Plaintiff. Defendant Kemp, individually and in his official capacity of chief financial officer of the Defendant Corporations knew or should have known the facts supporting Plaintiff's claims.  Again, email traffic between all Defendants supports the facts of Plaintiff's claims of oral gift of real estate, fraud, and quid pro quo sexual harassment and retaliation.

14.     Defendant Jones, as CEO and in his individual capacity,  negotiated with Defendant Jason Kemp, CFO, whose wife owned the residence at  8647 Timber Pl, San Antonio, TX 78250.

15.     Defendant Kemp, CFO and co-owner, also a business partner of Defendant Jones, took orders and assumed duties outside the course and scope of the corporate entities upon demand from Defendant Jones, the President & CEO of Defendants FMP and ALL JONES, LLC.  Defendant Jones treats the corporate entities as his "piggy bank" and Defendants Donbavand and Kemp, as his personal aides.

4

16.     Defendant Kemp, CFO and co-owner, routinely succumbs to the personal demands of Defendant Jones outside the best interests of the corporate business, as in this case, to sell him the residence at 8647 Timber Pl, San Antonio, TX 78250, so he could gift the property to the Plaintiff in consideration for her assisting in his personal legal matters, and in lieu of proper wage compensation.

17.     Defendant Kemp had personal reasons to complete the necessary documents.  Defendant Donbavand, on behalf of Defendant Jones requested of Defendant Kemp,  that Plaintiff move into the house prior to "closing", orally gifting her the house, a present gift.  Plaintiff, in reliance of Jones' oral promise moved into the house with the consent of Defendant Kemp and the consent and  request of Defendant Jones  and made valuable and permanent improvements in reliance of Defendant Jones promise to her.

18.     Plaintiff  incurred moving expenses as well as expenses in making permanent improvements to the residence to make it habitable.  Defendants' email traffic support this.  The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.

19.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones demanded the other defendants Defendant Peter Donbavand and Defendant Jason Kemp evict Plaintiff

5

from the house he had given her in retaliation for her refusal of sexual advances. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction in that title to the property is at issue. The wrongful eviction proceedings are outside the course and scope of corporate business.

20.     Defendants, all acting in concert, continued to retaliate against, and harass the Plaintiff by wrongfully repossessing her car.  Plaintiff had clear title to her 2005 Mini Cooper.  Jones promised to repair her car.  An ambiguous payment plan was put in place.  However, in retaliation for claiming her rightful title to her house, Jones has deprived Plaintiff of a necessity, of transportation to seek employment. During the repossession process, Jones terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

21.     Plaintiff had an exemplary employment record before being hired by Defendants FMP and ALL JONES, LLC.  Immediately before being fired by Defendants, Faire had  been given a raise in pay and been entrusted with additional duties.  Plaintiff was fired solely because Plaintiff refused to continue to perform employment duties that were not in furtherance of the corporate business and because of Defendant Jones' demands for demeaning sexual acts and explicit threats to fire her if she didn't submit.

22.     Plaintiff seeks actual damages as a result of the sexual harassment and

discrimination, which include, but are not limited to back pay from the date of quid pro quo retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her unlawful termination.

23.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones explicitly forcing her to choose between the sexual abuse he was demanding of her and her livelihood.

24.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the retaliation.  Defendant Jones, as President and CEO, has inflicted additional injuries by circulating malicious rumors about the Plaintiff at corporate headquarters.  Plaintiff therefore seeks exemplary damages.

## COUNT 1- ORAL GIFT OF REAL ESTATE

25.     On or about  March 27, 2013, when Plaintiff Faire, as an employee of Defendant Corporations,  was temporarily living in the Dominican Republic at the behest of Defendant Jones, CEO, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

26.     On or about July 30 2014, Plaintiff moved into the house at 8647 Timber Pl, San Antonio, Texas 78250, that Defendant Jones gifted her in his individual

7

capacity but with the knowledge and consent of all Defendants, including Defendant Kemp. Plaintiff is still living at her home, taking possession under the present gift.

27.   Plaintiff has made permanent and valuable improvement to the home based on the reliance of the gift made to her by Defendant Jones as an individual.

28.   It was reasonable for Plaintiff to rely on Defendant Jones' promise of an oral gift of real estate based on Defendant Jones' financial resources, including but not limited to ownership in franchises of Zio's Italian Kitchen, Buffalo Wild Wings, Don Pablo's Big Tex Bold Mex, Furr's, Little Ceasar's and Smashburger.

29.   Further,  in other judicial proceedings, Defendant Jones made judicial admissions of owning 150 businesses and having financial resources to "buy" a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings.   In other words, judicial admissions of human trafficking on the part of the CEO of Defendant corporations, with the knowledge of other corporate officers, including Defendant Kemp, CFO.  This is relevant to both the financial capacity to gift a house to an employee, and to Defendants' attitude toward females.

30. Defendant Jones informed the Plaintiff that he was buying the house from Defendant Kemp, and that at closing, he would give her full title and interest to the home.  Defendants Jones further promised the closing would take place immediately

upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and Defendant Jason Kemp. All terms for the sale of the house were reached by buyer and seller, and having absolutely nothing to do with the business of the corporate entities, parties herein

31. Defendant Kemp, and Defendant Donbavand knew the house located at 8647 Timber Pl, San Antonio, TX 78250 purchased from Kemp, was a gift of real estate to the Plaintiff. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing, all outside of the course and scope of corporate business. Defendant Kemp's knowledge of the gift is evidenced by email traffic exchanged between Defendant Kemp and Defendant Donbavand.

32. Defendant Jones made this gift to Plaintiff as an individual and not as President & CEO of the other corporate defendants. Defendant Jones purchased the home from Defendant Kemp as an individual and not as a transaction within the course and scope of corporate business.

33. Defendant Jones ordered Defendant Donbavand to complete the necessary documentation and transactions outside the course and scope of corporate business. Defendant Donbavand routinely acts as Defendant Jones' personal aide to carry out his orders regarding personal matters. Defendant Donbavand is experienced in real estate transactions and worked to completing the necessary documents. In the meantime, in a fit of retaliation, Defendant Jones

changed his mind about the gift.  Plaintiff has been living in the house since on or before July 30, 2014.

34.     Plaintiff asserts this oral gift of real estate must be enforced  in equity as the facts herein establish a gift of real estate, notwithstanding the requirements of the statute of frauds.

## COUNT 2 – Conspiracy Claim

35.     Defendant Jones, CEO of Defendant Corporations, took overt steps of retaliation toward employee, Faire, giving rise to an agreement between Defendant Donbavand and Defendant Kemp and himself, to enter into a scheme against Plaintiff, to deny that he had made an oral gift of real estate to Plaintiff, even though Defendant Kemp had given her a key to the home, and a short term buyer's lease to evidence her proper move into the residence.

36.     Plaintiff asserts that email correspondence between conspirators that has been properly requested by her, but denied her, will support all Defendants were involved in Defendant Jones' retaliation against Plaintiff.  All Defendants have participated in the common goal of depriving Plaintiff of her home, after she had taken possession of the home and made valuable improvement, by numerous petitions for eviction proceedings.

37.     Defendants are in possession of email communications between conspirators that will support a meeting of the minds on the subject of retaliation, and the tort of fraud to deprive Plaintiff Faire of the real estate gifted to her. Plaintiff Faire has sustained economic damages as a result of the conspiracy by Defendants Jones, Kemp and Donbavand to defraud her of her rightful title to the real estate.

38.     It is well established that fraud can be the basis of a conspiracy. The Defendants Jones, Kemp and Donbavand made material misrepresentations to the Plaintiff in connection with the gifting of the real estate to her. Each Defendant took overt steps and actions to deceive her by going through the process of purchase and delivery of the real estate.

39.     Plaintiff Faire relied on each step taken by each of the Defendants in furtherance of delivery possession of the house to her. Defendants intended for the Plaintiff to rely on their representations that they were working on carrying out the oral gift of real estate.

40.     Defendants' false representations, including those of Defendant Kemp have directly and proximately caused economic and other injuries to the Plaintiff. Plaintiff seeks damages within the jurisdictional limits of this court.

41.     Plaintiff seeks exemplary damages from each Defendant including Defendant Kemp, because Plaintiff will show each acted with malice toward the Plaintiff which entitles Plaintiff to exemplary damages under Texas civil Practice and Remedies code section 41.003(a).

11

## COUNT 3 QUID PRO QUO SEXUAL HARASSMENT

42.      Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant Allen J. Jones, the President and CEO of Defendant FMP.   Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

43.      Plaintiff raises this claim under Tex. Lab. Code Ann. §§ 21.001, .051 (West 1996), which prohibits discrimination on the basis of sex.

44.      On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

45.      Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

46.      At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his financial power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

47.     Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones.  Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment.  When Plaintiff was mentally well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about  August 31, 2014.

48.     Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

49.     Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment  of others and including judicial admissions that he purchased a female as if she was merely chattel.

50.     Further, Plaintiff seeks exemplary damages against Defendant Donbavand and Defendant Kemp, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

## JURY DEMAND

51.  Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.  The jury trail has been set for November 2, 2015.

## CONDITIONS PRECEDENT

52. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

53. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. All the remedies afforded by Tex. Lab. Code Ann. 21.001

d. Prejudgment and postjudgment interest.

e. Court costs.

f. Reasonable and necessary Attorney's fees

g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
  San Antonio, Texas 78205
  210/226-1550 telephone
  210/226-1884 facsimile
  Argyle2@sbcglobal.net

By: */s/ Olga Brown*
      OLGA BROWN
      State Bar No. 03155500
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the  19th day of June 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Fifth Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                            */s/ Olga Brown*
                            OLGA BROWN

# EXHIBIT D

CAUSE NO. 2014-CI-16674

| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF ALLEN J. JONES

| STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF BEXAR | § |

On this day, before me, the undersigned notary public, personally appeared Allen J. Jones, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. "My name is Allen J. Jones. I am over 21 years of age, of sound mind, and am competent and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am one of the Defendants in this lawsuit brought by Cearth Faire. I am the Chief Executive Officer of FMP SA Management Group, LLC, and a principal in All Jones, LLC, both of whom are also named as Defendants.

3. Ms. Faire is a former employee of FMP and All Jones. During her employment, Ms. Faire served as my personal assistant. As my personal assistant, Ms. Faire was responsible for handling and assisting with various personal and business matters of mine. Accordingly, I placed substantial trust and responsibility in Ms. Faire.

4. I was previously involved in a family law matter, including divorce and child custody proceedings. In that litigation, my ex-wife, Tatyana Jones, was represented by attorney Olga Brown. These family law matters were ongoing during the tenure of Ms. Faire's employment with FMP.

5. In her position as my personal assistant, Ms. Faire played a key role in providing information to and reviewing communications from my personal legal counsel. As such, I and my legal counsel considered Ms. Faire to be a member of my litigation team. In this capacity, Ms. Faire assisted with various case-related matters under the direction of my attorneys, including gathering facts, developing timelines, and providing other input to my attorneys. As a result, Ms. Faire was copied on or had access to emails and other confidential and privileged documents of mine in connection with the family law proceedings.

6. On August 31, 2014, Ms. Faire was terminated from her employment with FMP after she exhibited erratic and threatening behavior during work time. After her termination, Ms. Faire filed this lawsuit. Ms. Faire is now represented by Ms. Brown in this litigation.

7. In response to discovery requests served by FMP in this case, Ms. Faire produced nearly 100 pages of my privileged and confidential communications, including numerous emails to and from my attorneys in the family law matter. Prior to the production of these privileged documents, I was completely unaware that Ms. Faire had kept or retained possession of these documents following her termination of employment. I was also unaware that Ms. Faire had disclosed these documents to her attorney, Ms. Brown, who is also the attorney for my ex-wife.

8. At no point did I authorize, condone, or permit Ms. Faire to retain possession of any privileged or confidential communications beyond the termination of her employment with FMP. I also did not authorize, condone, or permit Ms. Faire to disclose these privileged and confidential communications or information to any other individuals, including to Ms. Brown."

FURTHER AFFIANT SAYETH NOT.

_____
ALLEN J. JONES

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS /o⟨ DAY OF AUGUST, 2015.

MELISSA J. FIGUEROA
Notary Public, State of Texas
My Commission Expires
April 04, 2019

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC, STATE OF TEXAS

My Commission expires: 4/4/2019

2

# EXHIBIT E

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | | |
| **INDIVIDUALLY, AND** | | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Fourth Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, Peter Donbavand and Jason Kemp, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. A Level Three Agreed Docket Control Order is in place, this matter is set for Jury Trial November 2, 2015.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

**PARTIES**

3.    Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.    Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5.    Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court

6.    Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7.    Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

8.    Defendant Jason Kemp is an individual  whose business address is Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232.  He may be served at this address, or wherever he may be found.

**JURISDICTION**

9.    The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**VENUE**

10. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

**FACTS**

11. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated.

12. Defendant Jones, individually, in recognition for her loyal and tireless services personal to him, promised Plaintiff a home. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit, until he retaliated against Plaintiff by denying he had made a gift of real estate to Plaintiff.

13. Defendant Jones, in his individual capacity, negotiated with Defendant Jason Kemp, whose wife owned the residence at 8647 Timber Pl, San Antonio, TX 78250. Defendant Jones then instructed, Defendant Donbavand, in his individual capacity and outside the scope of corporate business to prepare the necessary documents so he, Jones could purchase the residence for the Plaintiff.

14. Defendant Donbavand, while a business partner of Defendant Jones and also an agent of Defendant FMP, routinely served Defendant Jones as a personal aide and routinely took orders from Jones outside the course and scope of his duties with the corporate entities to meet the personal demands of Defendant Jones, notwithstanding if the corporate best interests were served.

15. Defendant Kemp, also a business partner of Defendant Jones, took orders and assumed duties outside the course and scope of the corporate entities upon demand from Defendant Jones the President & CEO of Defendant FMP. Defendant Jones treats the corporate entities as his "piggy bank" and Defendants Donbavand and Kemp, as his personal aides.

16. Defendant Kemp routinely succumbs to the personal demands of Defendant Jones outside the best interests of the corporate business as in this case to sell him the residence at 8647 Timber Pl, San Antonio, TX 78250, so he could gift the property to the Plaintiff in consideration for her assisting in his personal legal matters.

17. While Defendant Donbavand was completing the necessary documents, again outside the course and scope of corporate business, Defendant Jones requested that Plaintiff move into the house, orally gifting her the house, a present gift. Plaintiff in reliance of his oral promised moved into the house with the consent of Defendant Kemp and the request of Defendant Jones and made valuable and permanent improvements in reliance of Defendant Jones promise to her.

4

18. Plaintiff incurred moving expenses as well as expenses in making permanent improvements to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.

19. Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones demanded the other defendants Defendant Peter Donbavand and Defendant Jason Kemp evict Plaintiff from the house he had given her. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction in that title to the property is at issue. The wrongful eviction proceedings are outside the course and scope of corporate business.

20. Defendants continued to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini Cooper. Jones promised to repair her car. An ambiguous payment plan was put in place. However, in retaliation for claiming her rightful title to her house, Jones has deprived Plaintiff of a necessity, of transportation to seek employment. During the repossession process, Jones terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

21.     Plaintiff had an exemplary employment record before being hired by Defendants FMP and ALL JONES, LLC.  Immediately before being fired by Defendants, Faire had  been given a raise in pay and been entrusted with additional duties.  Plaintiff was fired solely because Plaintiff refused to continue to perform employment duties that were not in furtherance of the corporate business and because of Defendant Jones' demands for demeaning sexual acts and explicit threats to fire her if she didn't submit.

22.     Plaintiff seeks actual damages as a result of the sexual harassment and discrimination, which include, but are not limited to back pay from the date of quid pro quo retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her unlawful termination.

23.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones explicitly forcing her to choose between the sexual abuse he was demanding of her and her livelihood.

24.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the retaliation.  Defendant Jones, as President and CEO, has inflicted additional injuries by circulating malicious rumors about the Plaintiff at corporate headquarters.  Plaintiff therefore seeks exemplary damages.

## COUNT 1- ORAL GIFT OF REAL ESTATE

25.     On or about  March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

26.     On or about July 20 2014, Plaintiff moved into the house at 8647 Timber Pl, San Antonio, Texas 78250, that Defendant Jones gifted her in his individual capacity but  with the knowledge and  consent of all Defendants.  Plaintiff is still living at her home, taking possession under the present gift.

27.      Plaintiff has made permanent and valuable improvement to the home based on the reliance of the gift made to her by Defendant Jones as an individual.

28.     It was reasonable for Plaintiff to rely on Defendant Jones' promise of an oral gift of real estate based on Defendant Jones' financial resources, including but not limited to ownership in franchises of Zio's Italian Kitchen, Buffalo Wild Wings, Don Pablo's Big Tex Bold Mex, Furr's, Little Ceasar's and Smashburger.

29.   Further, Defendant Jones boasts of having presently one million dollars worth of cars and extensive real estate holdings in the state.   In other judicial proceedings, Defendant Jones bragged about owning 150 businesses and having financial resources to "buy" a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings.

30. Defendant Jones informed the Plaintiff that he was buying the house from Defendant Kemp, and that at closing, he would give her full title and interest to the home. Defendants Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and Defendant Jason Kemp. All terms for the sale of the house were reached by buyer and seller, and having absolutely nothing to do with the business of the corporate entities, parties herein

31. Defendant Jones negotiated all the terms of the real estate purchase to make a present gift of real estate to Plaintiff. Defendant Jones, Defendant Kemp, and Defendant Donbavand knew the house located at 8647 Timber Pl, San Antonio, TX 78250 purchased from Kemp's wife, Tara Kemp, was a gift of real estate to the Plaintiff. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing, all outside of the course and scope of corporate business..

32. Defendant Jones made this gift to Plaintiff as an individual and not as President & CEO of the other corporate defendants. Defendant Jones purchased the home from Defendant Kemp as an individual and not as a transaction within the course and scope of corporate business.

33. Defendant Jones ordered Defendant Donbavand to complete the necessary documentation and transactions outside the course and scope of

8

corporate business. Defendant Donbavand routinely acts as Defendant Jones' personal aide to carry out his orders regarding personal matters. Defendant Donbavand is experienced in real estate transactions and worked to completing the necessary documents. In the meantime, in a fit of retaliation, Defendant Jones changed his mind about the gift. Plaintiff has been living in the house for eight months.

34. Plaintiff asserts this oral gift of real estate must be enforced in equity as the facts herein establish a gift of real estate, notwithstanding the requirements of the statute of frauds.

## COUNT 2 – Conspiracy

35. Defendants Peter Donbavand and Jason Kemp, as individuals acting outside their corporate duties, assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff, and specifically acting to rescind the oral gift of real estate to Plaintiff

36. Defendant Donbavand and Defendant Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff of attempting to rescind the present gift of real estate.

37. Defendant Donbavand and Defendant Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in the breach of the present gift Defendant Jones made to Plaintiff.

## COUNT 3 QUID PRO QUO SEXUAL HARASSMENT

38.     Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant Allen J. Jones, the President and CEO of Defendant FMP.   Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

39.     Plaintiff raises this claim under Tex. Lab. Code Ann. §§ 21.001, .051 (West 1996), which prohibits discrimination on the basis of sex.

40.     On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

41.     Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

42.     At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his financial power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

43.     Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones.  Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment.  When Plaintiff was mentally well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about  August 31, 2014.

44.     Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

45.     Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment  of others and including the purchase of a female as if she was merely chattel.

46.     Further, Plaintiff seeks exemplary damages against Defendant Donbavand and Defendant Kemp, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).


**JURY DEMAND**

47.  Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.  The jury trail has been set for November 2, 2015.

## CONDITIONS PRECEDENT

48. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

49. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

    a.    Exemplary damages

    b.    Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

    c.    All the remedies afforded by Tex. Lab. Code Ann. 21.001

    c.    Prejudgment and postjudgment interest.

    d.    Court costs.

    e.    Reasonable and necessary Attorney's fees

    f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net


By: */s/ Olga Brown*_____
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the _10th_ day of March 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Fourth Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

*/s/ Olga Brown*_____
OLGA BROWN

# EXHIBIT F

FILED
10/21/2014 4:04:21 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

4 CITS PPS W/JD - SAC2

CAUSE NO. **2014CI16674**

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | **150TH** JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, Cearth Faire, files this original petition and request for disclosure against defendants, Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3. Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and may be served by and through its registered agent for service of process, Peter Donbavand, 120 Chula Vista, Hollywood Park, Texas 78232.

5. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and may be served by and through its registered agent for service of process, Peter Donbavand, 120 Chula Vista, Hollywood Park, Texas 78232.

6. Defendant Allen J Jones, is an individual whose address is 73 La Escalera, San Antonio, Texas 78261

7. Defendant Peter Donbavand, is an individual whose business address is, Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232.

## JURISDICTION

8. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

9.      Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10.      Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones.  Plaintiff, in addition to working for Defendants' businesses,  also took care of Defendant Jones' personal matters, including living in the Dominican Republic for over five months on a 24/7 basis assisting in his defense in a family law matter.

11.      Defendant Jones in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy her a home so she would never have worries about a residence.   Defendant Jones developed a scheme for the purchase of the house that included an authorization that Plaintiff's pay scale would be increased to cover the house payments. Defendant Jones intended to hide the gift  from the other Defendants named in this lawsuit.  Defendants have a real estate department as part of their businesses.

12.      Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate transactions to be initiated that would result in a purchase transaction with Plaintiff as the owner.  Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13. Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' promise of the gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14. Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones has also conspired with the other defendants including Defendant Peter Donabavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings are currently pending in justice of the peace court.

15. Defendants continue to harass the Plaintiff although they have been put on notice that question of title is so integrally linked to the issue of possession, that the justice court is without jurisdiction over the matter . The title to the property is one of the facts that give rise to this lawsuit. Plaintiff suffers from mental anguish as a result of the conduct of Defendant Jones and the other defendants who have conspired with Defendant Jones.

## Count 1 Promissory Estoppel as a Claim

16. Defendant Jones promised the Plaintiff that he would purchase a residence for her. He promised that he would buy the home owned by another partner.

The financing of the purchase was designed so as to be disguised as follows: Plaintiff was to receive and did receive a raise to cover the monthly payments. Defendant Jones also promised Plaintiff lifetime employment.

17. All the necessary real estate documents were ordered by Defendant Jones.

18. Plaintiff relied on Defendant Jones' promise because the nature and subject of the promise was reasonable in the context of the relationship between the Plaintiff and Defendant Jones. Plaintiff 's reliance on the promise was also reasonable and substantial, and she moved into the residence incurring moving and repair expenses.

19. Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court.

20. Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this suit is for promissory estoppel.

21. On or about July 25, 2014 at the office of FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC, hereinafter "FMP", 120 Chula Vista, San Antonio, Bexar County, Texas, Allen J Jones, President of FMP, and benefactor of

Plaintiff, made a promise to purchase a home for Plaintiff, located at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff, Cearth Faire, negotiating a temporary lease pending the purchase of the home for her.

22. At the direction of Defendant Jones, Defendant Peter Donbavand, Vice President of Real Estate & Business Development for Defendant FMP, commenced the process of purchasing the home at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff. Defendants' actions in furtherance of the promise, included but were not limited to contracting for an inspection and repairs for the home, prior to purchase.

23. At the direction of Defendant Jones, Defendant Donbavand negotiated a temporary lease agreement between, Tara Kemp, the owner of the home at 8647 Timber Place, and Plaintiff, pending closing of that purchase on or about September 15, 2014. Defendant Donbavand prepared the one-month lease pending the closing of the sale.

24. Relying on the promise to purchase, and subsequent actions on the part of Defendants, Plaintiff Faire gave notice to vacate her prior address.

25. On or about August 30, 2014, Plaintiff's employment with Defendant FMP was abruptly terminated, without notice or good cause connected with the work. Her employment was terminated after several years, and following a recent promotion and pay increase. Defendant Jones had promised Plaintiff lifetime employment based on her willingness to work around the clock if necessary.

26. Employees of Defendants All Jones, LLC, and FMP, under the direction and control of Defendants Jones and Donbavand, were instructed, and did demand and collect Plaintiff's personal iPhone, iPad, and computers. Defendants then had access to all her security and passwords, including her bank account, which they accessed.

27. On or about September 8, 2014, at the direction of Defendants Jones and Donbavand, FMP employee Jessica DeLaTorre personally delivered a Notice to Vacate Property, to Plaintiff at her home at 8647 Timber Place.

## COUNT I - Promissory Estoppel As A Claim

28. Defendant Jones made a promise to the Plaintiff that he would buy her a house. The said house was owned by Tara Kemp, the wife of his partner, Jason Kemp. Defendant Jones assured Plaintiff that the official real estate documents for conveyance were being prepared. Defendant wanted Plaintiff to own the house in consideration for her loyal employment during the past years. The nature of the promise was one that was reasonable considering the special relationship between the parties.

29. Plaintiff Faire reasonably and substantially relied on the promise to her detriment. Her reliance was foreseeable by Defendant Jones and other Defendants acting in concert with Jones. Further, Defendants have actual knowledge of her reliance in that in furtherance of Jones' promise to purchase the house for her, Plaintiff made numerous improvements to the home Defendant Jones promised her. Plaintiff sustained economic damages as a result and great injustice can be avoided only by enforcing the Defendant's promise.

30.    Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court

31.    Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies COde section 38.001(8) because this suit is for promissory estoppel.


## COUNT II – WRONGFUL TERMINATION

32. Over two years ago Plaintiff and Defendants entered into a valid and enforceable written employment agreement. Throughout the term of employment, Defendant Jones incessantly praised Plaintiff for her efforts both as to the companies and to his personal requirements. Defendant Jones accordingly gave her pay raises and other benefits.

33.    Within two weeks of her latest pay raise, Defendant Jones breached the employment agreement by firing her without cause. Defendant Jones has failed to meet the terms of the agreement. His breach has caused injury to the Plaintiff which resulted in economic damages including but not limited to her monthly salary, benefits and a severance package. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

34.     Defendant Jones' accessing of her personal bank account and Facebook account and other private matters would be offensive to a reasonable person. Plaintiff has confirmed with her bank of Defendant Jones' intrusion via the internet.

## COUNT III – CONVERSION

35.     Plaintiff owned several items of electronic personal property that included an Iphone and an Ipad load with personal information and private pass codes including to bank accounts. Defendants wrongfully acquired and exercised dominion and control over Plaintiff's personal property and invade her right to privacy. Defendants have refused to return Plaintiff's personal property and continue to harass Plaintiff by illegally accessing her email accounts.

36.     Plaintiff has made numerous attempts to get her personal property by means of written communications with Defendant Jones. He intentionally and willfully continues to exercise dominion and control over Plaintiff's personal property including electronic information. Defendants' wrongful acts have proximately and directly caused injury to the Plaintiff, which have resulted in economic and non-economic damages. Plaintiff seeks return of the converted property and the damages within the jurisdictional limits of the Court.

37.     Further, Plaintiff seeks exemplary damages against all Defendants as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a). Plaintiff is also entitled to recover reasonable attorney fees under the Texas Property Code, because this claim is to recover her personal property.

## JURY DEMAND

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

40. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## OBJECTION TO ASSOCIATE JUDGE

41. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

    a.    Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

    b.    Prejudgment and postjudgment interest.

    c.    Court costs.

d.    Attorney's fees

e.    All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net


By: /s/ Olga Brown
      OLGA BROWN
      State Bar No. 03155500
      *Attorney for Plaintiff*

# EXHIBIT G

# LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

May 1, 2015

**Via facsimile (210) 447-8036**
Christine E Reinhard/Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Dear Ms. Reinhard and Mr. Barbour:

Enclosed please find Plaintiff's First Supplemental Objections and Responses to Defendant FMP's First Set of Interrogatories and First Request for Production.

Thank you.

Respectfully,

OLGA BROWN

OB/mf
cc    Cearth Faire

File

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S OBJECTIONS AND FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FMP'S
## FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

TO:   Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, Defendants, by and through their attorney of record, Christine E Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.


Plaintiff, Cearth Faire, serves these objections and first supplemental answers to Defendant FMP's first set of interrogatories and first requests for production.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By_____
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

2

## CERTIFICATE OF SERVICE

     I do hereby certify that on the _1st_ day of May 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Objections and First Supplemental Responses to Defendant FMP's First Set of Interrogatories and First Request for Production to Plaintiff was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

OLGA BROWN

2

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT FMP'S
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify your current home address and who resides with you at this address.

**ANSWER:** Objection, as Defendant has posed two questions. Subject to and without waiving the foregoing objection, 8647 Timber Pl, San Antonio, TX 78250,

**INTERROGATORY NO. 2:**
Identify all names or aliases you are using today or have used in the past.

**ANSWER:** Plaintiff objects to the use of "aliases." Subject to and without waiving the foregoing objection, Cearth Faire and Cearth Lowden.

**INTERROGATORY NO. 3:**
Identify each and every lawsuit, arbitration, bankruptcy, administrative complaint, administrative charge (including, but not limited to, charges of discrimination filed with the Texas Workforce Commission and/or the Equal Employment Opportunity Commission), appeal, judgment, and execution to which you have been a party in any capacity within the last five (5) years. Include in your answer the case style and/or governmental identification number and the name and location of the applicable court or agency.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business. Subject to and without waiving the foregoing objection, please refer to Defendants' Bates DEF-CF000607-000617

**INTERROGATORY NO. 4:**
Identify, by date and nature of offense, each and every criminal conviction, arrest, prosecution, charge, indictment, information and/or investigation (not including minor traffic violations) directed toward you in the last ten (10) years, including the location of the alleged offense and the governmental authority seeking or making the conviction, arrest, prosecution, charge, indictment, information, and/or investigation.

**ANSWER:** Plaintiff objects to this interrogatory as worded, and as it implies she has had any such items listed. Plaintiff objects to the request as overly broad, and not designed to lead to discoverable and/or admissible evidence. Subject to and without waiving the foregoing objection, None.

**INTERROGATORY NO. 5:**

Identify all employers for whom you have worked since **January 1, 2014** to the present, and state the dates of such employment (start and end), the position(s) held with each employer, your rate of pay, the benefits for each such position(s), and the total amount of compensation before deductions earned through each such employer.

**ANSWER:** Objection, merely harassing and annoying, as Defendants FMP, ALL JONES, LLC and their subsidiaries, are fully aware, January 1, 2014, until they terminated my employment August 31, 2014, they were my only employers, and have all the information, and the best information requested in this interrogatory. Subject to and without waiving the foregoing objections, please refer to Defendants' own payroll, benefit, expense and other documents, whether produced, withheld, redacted, or destroyed. I have recently obtained intermittent work with Barbizon USA, LLC, starting March 15, 2015, rate of pay $14.50/hour, and have been paid once, before deductions gross pay was $435.00 on or about April 15 , 2015 .

**INTERROGATORY NO. 6:**

Identify all employers with whom you have applied for employment since January 1, 2014 to the present, and state the dates of such applications, the position(s) applied for, and the ultimate disposition of each such application.

**ANSWER:** Steel Point, Texas State Optical, Barbizon, New Braunfels ISD, FBD, Kevin Saunders Photography, FEDITC, Davis Law Firm, KeyStaff Inc, Gibson Guitar, Celebrities Concierge & Staffing Services, Cor-Tech LLC, Oslin Nation Co, Titan Factory Direct, Rapid Rod Service, KFSG Wealth Management, Patina Metals Inc, FiftyThree, Inc., J. Connell Constructions Recruiting, LLC, Southwaste, Perfect Lawns & LandWorks of Austin, Altruist Home Health Care, Inc, Boutique Plaintiff's Litigation Firm, PNP Petroleum, Independence Oilfield Chemicals, Responsive ID Solutions, Edward Lazaga, MD, Career Point College, XPEL technologies, Vysk Communications, Rise recovery, Alliance Family of Companies, Kendal King Group, Alamo Brokers of Texas, Babich & Associates, Texas State Optical, Olympia Group Inc, Tarantino Properties, Inc, Esplanade Gardens Assisted Living, Hunters Pond Rehabilitation and Healthcare Center, Casa Rio Healthcare and Rehabilitation Center, John Hernden Companies, Carlton Staffing and other "anonymous" employers via Indeed.com, beginning October 29, 2014, up through April 30, 2015. Positions applied for: Contract Administrative, Executive Assistant, Executive Administrative, Administrative Assistant, Executive/Personal Assistant, Administration Assistant, VMware Administrator, Executive Assistant, Human Resource Asst, Admin Support spec, VMware Administrator, Commercial and Plumbing admin, Professional Housing, "Entry Level Positions", "Office and Accounting", Director of Education, Modeling & Acting Instructor, Field Marketing/Sales, Office/Administrative, Receptionist/Administrative, Admin Asst, Operations Manager, JR Project, Fleet Manager/DOT Specialist, Executive Asst, Quality Assurance analyst, Legal Asst, Secretary/Office Mgr, Exec Asst, Medical Receptionist, Admin Asst, Admissions

4

Coordinators, Export/Shipping Coordinator, Exec Asst, Development Coord, Exec Asst, Medical Territory Sales, Optometry Practice Administrator, Admin Asst, Exec Asst, Optometry Practice, Asst Property Manager, Resident Asst, Business Office Mgr, Business Office Mgr, Property Management, Executive Assistant, Special Events coordinator II, Executive assistant, Administrative Assistant, Equine Veterinary, Legal Secretary/Paralegal, marketing, Administrative Assistant, Executive Admin Assistant, Assistant Property Manager, Business Office Manager, Dental Administrative, Administrative Assistant, Office Manager/Administrative, Executive Administrative, Legal Secretary, Executive Assistant/Personal, Assistant Manager, Hospice Director of Clinical, Executive Assistant Needed, Client Services, Executive Business Assistant, Receptionist/Customer, Assistant Business Office, Retail Admin Assistant, Administrative, Administrative Assistant, Project Administrator, Administration, $75-100k Executive personal Assistant, Assistant Brand Ambassador, Executive Assistant, Temporary Irrigation, Secretary/Customer Service, Executive Assistant, Executive Assistant, Executive Assistant, Senior Executive Assistant., Administrative Assistant, . Ultimate disposition: not hired. Barbizon USA, LLC, hired for intermittent work. I do not have any other information as to employers by name at this time, but will supplement as required.

## INTERROGATORY NO. 7:

Identify each individual whom you contend harassed or discriminated against you on the basis of your sex as alleged in your Petition, including the approximate date(s) on which each such harassment or discrimination occurred, the nature of such harassment or discrimination, and any witnesses to such incidents.

**ANSWER:** Plaintiff objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Allen J Jones, beginning on or about January 22, 2013, and continuing through my termination on or about August 30, 2014. Please refer to the pleadings and Defendants' Bates DEF-CF000607-000617, and witnesses have been listed in Plaintiff's Amended Responses to Defendants' Request for Disclosures. Plaintiff will supplement.

## INTERROGATORY NO. 8:

Identify each individual whom you contend retaliated against you in violation of the Texas Labor Code as alleged in your Petition, including the date(s) on which each such allegedly retaliatory act occurred and the nature of such allegedly retaliatory acts.

**ANSWER:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Allen J Jones, Peter Donbavand, Jason Kemp, Tracy Amass. The first retaliatory act was my termination on August 30, 2014. Subsequent retaliatory acts include but are not limited to: multiple attempts to deprive me of my home, repossession of my car, false police reports filed, falsification of employment records,

and libel and slander, together  hindering my reemployment efforts.  Plaintiff will supplement.

## INTERROGATORY NO. 9:

Identify each employee or agent of Defendant FMP to whom you complained of the alleged discrimination and harassment to which you contend you were subjected, including the dates on which such complaints were made, the manner in which such complaints were communicated to such agents, and any witnesses to such complaints.

**ANSWER:** See Defendants DEF-CJ-00054/55, complaint policy, which required me to report to my supervisor, (Allen J Jones), and elevate through the chain up to and including the President/CEO, (Allen J Jones), which I did, repeatedly.  See the result in Defendants DEF-CJ-00111/12.

## INTERROGATORY NO. 10:

Identify each employment duty "not in furtherance of the corporate business" which you contend you were asked to perform, as alleged in your Petition, including the dates on which such requests were allegedly made of you and the individuals making such requests.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business.  Plaintiff further objects to this request because it  is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection: Perform sexual acts for, on, and with the President/CEO and others at his direction, transport his illegal substances during air travel, for and at the direction of the President/CEO, aid the President/CEO, and Peter Donbavand, in keeping Mr. Jones' infant child out of the United States, in the Dominican Republic, and out of reach of his mother (See DEF-CF-490).  Transport/travel with same infant child to return child to his mother in the United States, from the Dominican Republic   Plaintiff will supplement.

## INTERROGATORY NO. 11:

Identify all current or former employees, representatives, or agents of Defendant FMP whom you have contacted, or have been in contact with, regarding any matters relating to your Petition or to the subject matter of this lawsuit.  For each communication, please include in your response the substance of each communications, the parties to the communication, the dates of such communications and contacts, and the nature (in person, by telephone, or through a third party) to the communication.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff

6

to marshal all her evidence on this particular issue, and such request is improper Plaintiff objects as this request is better addressed at deposition, and Plaintiff objects, as all such communications are in the custody and control of Defendants. Subject to and without waiving the foregoing objection, **please refer to Plaintiff's comprehensive responses to Defendants' Request for Disclosure. Plaintiff will supplement. (note to mona- "Rick in IT", Tracy, Hugo, Brittne, Peter, Jessica D, Anna (new personal asst), Lisa**

## INTERROGATORY NO. 12:

Identify each individual from whom you have taken a written, audiotaped, or videotaped statement regarding any of the facts underlying your claims in this lawsuit.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Subject to and without waiving the foregoing objection, none at this time. Plaintiff will supplement as required by the rules.

## INTERROGATORY NO. 13:

Identify each manner in which you contend "Kemp ... acted with intent to assist Defendant Jones in his wrongful acts," as alleged in your Petition.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Subject to and without waiving the foregoing objection, none at this time. Plaintiff will supplement as required by the rules

## INTERROGATORY NO. 14:

With respect to any expert used for consultation and not expected to be called as a witness at trial, state the name, address, and telephone number of the expert and the subject matter of the expert's work. This Interrogatory applies only to those consulting experts whose opinions and/or work have been reviewed or relied upon by an expert who will testify at the trial of this case.

**ANSWER:** None at this time. Plaintiff will supplement as required by the rules.

## INTERROGATORY NO. 15:

If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element or damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component was determined, and should identify the source of each number used in the calculation.

**ANSWER:** Objection, premature, and Plaintiff is not required to marshal all her evidence. Subject to and without waiving the foregoing objection, please refer to Rule 408 communications since the inception of this case, and as of this response, $4,378,486.41:

| | |
|---|---|
| 153,162.98 | Unpaid Overtime While Employed |
| 98,024.48 | Back Pay To Date Of Term |
| 196,048.95 | Front Pay |
| 150,000.00 | Oral Gift Of Real Estate |
| 8,500.00 | Car |
| 150,000.00 | Wiretap Violations (minimum)* |
| 150,000.00 | Sexual Harassment |
| 200,000.00 | Punitives |
| 912,750.00 | Exemplary |
| 300,000.00 | Intentional Infliction Of Emotional Distress |
| 2,000,000.00 | Retaliation |
| 200,000.00 | Attorney Fees |

**4,518,486.41**

*Statute mandates $10,000.00 per occurrence

Plaintiff will supplement as the case progresses, particularly as Defendants are in control of most records associated with this matter.

## INTERROGATORY NO. 16:

Identify each health care provider from whom you have received treatment and/or a diagnosis relating to any mental anguish, emotional distress, or other mental health problem you contend was caused or exacerbated by Defendant FMP as alleged in your Petition.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Plaintiff further objects as this request calls for a medical diagnosis. Subject to and without waiving the foregoing objection, none at this time. Vine Wellness Group, Dr Yazdani, Dr. Parra, Lillian Jones, Christus Santa Rosa. Plaintiff will supplement as required by the rules.

8

**INTERROGATORY NO. 17:**
Identify each act committed by any employee or agent of FMP in furtherance of the "conspiracy" alleged in your Petition.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records and said Defendants can obtain such information from their own intracorporate emails and this was a routine matter of conducting business. Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper . Subject to and without waiving the foregoing objection, Plaintiff will supplement as required by the rules.

**INTERROGATORY NO. 18:**
Describe Plaintiff's efforts and her methodology used to identify and locate any electronic documents in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account and text messages, responsive to Defendant's Requests for Production.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory. Subject to and without waiving the foregoing objection, Plaintiff searched for pdonbavand@foodmps.com", "allenjones@foodmps.com",ajones@foodmps.com "allen jones" then printed same. Text messages are in the possession of Defendants.

**INTERROGATORY NO. 19:**
Identify all search terms used by Plaintiff in identifying and locating documents maintained in any of her personal email accounts, including the mommiesawitch@yahoo.com account, and responsive to Defendant's Requests for Production.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records and said Defendants can obtain such information from their own intracorporate emails and this was a routine matter of conducting business. Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper . **Subject to and without waiving the foregoing objection, see Answer to No. 18 above.**

**INTERROGATORY NO. 20:**
Identify the last date on which Plaintiff deleted any emails, text messages, or other electronically stored data in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account, and describe in detail steps taken by Plaintiff to ensure documents, data, and information responsive to Defendant's Requests for Production were not deleted or lost during

this process.

**ANSWER:** Objection as this request calls for answer that is not in evidence. Subject to and without waiving the foregoing objection, Text messages relevant to this suit are in the possession of Defendants. Plaintiff has not deleted emails or other electronically stored data in her possession, custody, or control, and relevant to this suit.

### INTERROGATORY NO. 21:

Identify the email accounts you have had and/or currently have, whether created by you or for your use, since November 13, 2012. Your answer should include the full email address, the date the account was established, and an indication as to whether you have sent and/or received any emails from such account(s) related to your employment with Defendants or your claims against Defendants in this lawsuit.

**ANSWER:** Objection as this request is overly broad, this request is two questions, which calls for two answers. Subject to and without waiving the foregoing objections, any information responsive to these interrogatories is in the possession, custody and control of Defendants, who have refused Plaintiff access to the information responsive to this request. mommiesawitch@yahoo.com, cfaire@foodmps.com, mommiesawitch@gmail.com clowden@foodmps, cfaire23@gmail.com cearthfaire@gmail.com

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT FMP'S**
**FIRST REQUEST FOR PRODUCTION**

**GENERAL OBJECTIONS**

PLAINTIFF OBJECTS BASED ON TRCP 193.1, PLAINTIFF IS NOT REQUIRED TO PRODUCE DOCUMENTS EXCLUSIVELY IN THE CONTROL AND POSSESSION OF DEFENDANTS.

1.    W-2 forms or 1099 forms that you have filed or received from January 1, 2010 to the present.
**RESPONSE**:    Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit.  Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants.    Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.

2.    Resumes that you have prepared since January 1, 2010 to the present.
**RESPONSE:**  Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit.  Subject to and without waiving the foregoing objection, please see Defendants' Bates DEF-CJ-00076/78 and Faire0001-02.

3.    Your personal diaries, journals, calendars, and/or notes created by you on or after November 13, 2012, that discuss or reference the facts underlying any of your claims in this lawsuit.  This request is not seeking any documents protected from discovery by the attorney-client privilege.

**RESPONSE:**    Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff.    Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

4.    Maps, charts, tables, diagrams, and chronologies created by you on or after November 13, 2012, that reference the facts underlying any of your claims in this lawsuit.  This request is not seeking any documents protected from discovery by the attorney-client privilege.

**RESPONSE:** Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

5.      Videotapes, audiotapes, and photographs relating to your allegations against Defendants or the facts underlying any of your claims in this lawsuit. This Request includes all duplicate copies you have in your possession, including any copies of audio recordings.

**RESPONSE:** Objection as the requested items were last in the possession of Defendants, and only limited "responsive" documents were "recovered" by Defendants in response to my proper discovery requests. Plaintiff objects to this request in that it assumes such documents are in possession of Plaintiff. Such documents are in possession o Defendants or other third parties. All other "responsive" documents are in the possession, custody and control of Defendants, and have been withheld from Plaintiff by Defendants. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

6.      Written, audiotaped, or videotaped statements that you have taken from any person whom you believe may have knowledge of facts relevant to the claims in your lawsuit.
**RESPONSE:** None at this time. Plaintiff will supplement as required by the rules.

7.      Written, audiotaped, or videotaped statements in which you allegedly complain of unlawful discrimination and/or retaliation during your employment with Defendant.
**RESPONSE:** Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, please refer to Defendants' Bates DEF-CF000607-000617. Plaintiff will supplement as required by the rules.

8.      Correspondence, including but not limited to emails, between you and Defendant Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same.   See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014.   Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Subject to and without waiving the foregoing objection, please see Faire003-131.

9.    Correspondence, including but not limited to emails, between you and Defendant Donbavand regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.
**RESPONSE:**     Objection, as Defendants Jones and Donbavand are in possession and control of such emails between Donbavand and Plaintiff, and further Defendants withheld same from Plaintiff, or "redacted" same. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Subject to and without waiving the foregoing objection, please see Faire0132-0256.

10.    Correspondence, including but not limited to emails, between you and any employee or agent of Defendant FMP regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same.   See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014.   Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Please also refer to Requests 8 and 9 above.

11.    Correspondence, including but not limited to emails, between you and any employee or agent of Defendant All Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendant ALL JONES and co-defendants are in possession and control of such emails between any employee or agent of Defendants, and further, See TRCP 193.1. Further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank Defendants were sent a Retention Notice on

December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-10 above.

12.    Correspondence, including but not limited to emails, between you and any individual identified in your Responses to Defendants' Requests for Disclosure regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

   **RESPONSE:** Objection, as Defendants are in possession and control of such emails between any employee or agent of Defendants, and further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank. . Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-11 above.

13.    Statements, documents, videotapes, and audiotapes you submitted to the EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.
   **RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

14.    Statements, documents, videotapes, and audiotapes you received from EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.
   **RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

15.    Documents relating in any manner to any criminal records (including but not limited to police reports, arrest, and/or conviction records) identified in your response to Interrogatory No. 4.
   **RESPONSE:** Plaintiff incorporates her objection to Interrogatory No. 4, objects as this request is solely for the purpose of harassment. Subject to and without waiving the foregoing objection, none.

16.    Rebuttal and impeachment evidence you intend on introducing at trial that is not otherwise responsive to Defendant's Requests for Production or Interrogatories propounded on you.

   **RESPONSE:** Plaintiff objects as this request is overly broad, and because this request requires Plaintiff to marshall her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, None at this time. However, discovery is in its early stages, ongoing, and

Defendants' have withheld and/or redacted "responsive" documents. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Plaintiff will supplement once she is afforded access to properly requested responsive documents.

17.    Petitions and complaints in lawsuits identified in response to Interrogatory No. 3.
**RESPONSE:**   None other than this suit, for which, Defendants' are in possession of all such requested documents. Please see Requests 13 and 14 above

18.    Documents submitted by you in conjunction with any bankruptcy petition filed by you since January 1, 2010.
**RESPONSE:**   Plaintiff objects, as this request is irrelevant, and will not lead to admissible evidence related to the subject matter of this suit. Subject to and without waiving the foregoing objection, none.

19.    Documents taken, received, kept, or generated by a health care provider relating to any emotional distress or mental anguish you claim as damages in this lawsuit.
**RESPONSE:** Plaintiff will supplement.

20.    Medical records supporting your claim that you suffered mental anguish as a result of Defendants' conduct and/or omissions as alleged in this lawsuit.
**RESPONSE:**   Plaintiff will supplement.

21.    If you seek emotional distress, mental anguish, or other compensatory damages, a signed copy of the attached authorization for release of medical records.
**RESPONSE:** Plaintiff objects as these are three separate questions. Subject to and without waiving the foregoing objections, please see executed release enclosed.

22.    If you have worked or applied for work with any other employer besides Defendant since January 1, 2014, a signed copy of the attached authorization for release of employment records.
**RESPONSE:**   Objection as this is two questions, calling for two answers, and as such is improper.   Subject to and without waiving the foregoing objection, please see executed release enclosed.

23.    If you are seeking attorney's fees, the contract(s) for legal services between you and your counsel in this case.
**RESPONSE:** See Faire 0257-0260.

24.    If you are seeking attorney's fees, documents, including but not limited to "time sheets," bills, invoices, and/or receipts, that support your claim for reasonable attorney's fees, costs, and expenses in this case.
**RESPONSE:  :** See Faire 0261-0264. Plaintiff will supplement.

25.  Privilege log of all documents withheld from production due to a claim of privilege.
**RESPONSE**: None

26.  Documents relied upon by a consulting expert whose opinion(s) and/or work product have been reviewed by or relied upon by a testifying expert.
**RESPONSE**: None at this time. Plaintiff will supplement as required by the rules.

27.  Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings sent to or received from any current or former employee of Defendant relating to your claims in this lawsuit.
**RESPONSE**: None at this time. However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents. Plaintiff will supplement once she is afforded access to properly requested responsive documents TRCP 193.1

28.  Any documents identified in or relied upon in your Responses to Defendant's Requests for Disclosures.
**RESPONSE**: Objection as this request requires Plaintiff to marshal her evidence on this particular issue and such request is improper.

29.  Any documents relied upon or referenced in responding to Defendant's Interrogatories.
**RESPONSE**: Objection as this request requires Plaintiff to marshal her evidence on this particular issue and such request is improper.

30.  Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings you have received from the individuals identified in your responses to Interrogatory Nos. 7-9 and 12-13 above that relate to your claims in this lawsuit.

**RESPONSE**: None at this time. However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, Plaintiff will supplement once she is afforded access to properly requested responsive documents. TRCP 193.1

31.  Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings that relate to the employment practices identified in response to Interrogatory Nos. 7-8 above.

16

**RESPONSE:** None at this time. However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to examination of security tapes previously requested of Defendants, and forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, Plaintiff will supplement once she is afforded access to properly requested responsive documents.

32. Documents created by you that record, summarize, document or reference conversations or communications between you and any current or former employee of Defendants about your claims in this lawsuit. This Request does not seek documents created by you in order to seek legal advice or documents created at the behest of your attorney.
**RESPONSE:** Objection as this request is non-sensical. Subject to and without waiving the foregoing objection, attorney-work product.

33. Correspondence, notes, memoranda, reports, documents, or other written or recorded material taken or received from Defendants by Plaintiff, including but not limited to, policies, procedure manuals, reports, performance reviews, counselings, and/or memoranda.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted, in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

34. Documents discussing or referencing your work performance while employed with Defendant from November 13, 2012 to the present.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

35. Evaluations, reprimands, or other documents discussing your performance or employment status with Defendants since November 13, 2012.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

36. Documents received from employers to whom you have inquired about employment at any time from January 1, 2014 to the present.
**RESPONSE:** None

37.    Documents received from employers that have made you an offer of employment at any time from January 1, 2014 to the present.
RESPONSE:    None at this time. Plaintiff will supplement.

38.    Documents, including but not limited to written applications for employment, submitted to potential employer(s) at any time from January 1, 2014 to the present.
RESPONSE:    None, as the mechanisms have been online.  See response to Defendants' Interrogatory No.6.

39.    Documents you intend to offer as an exhibit during any proceeding, deposition, hearing, or trial of this lawsuit.
RESPONSE:  Objection, as this request is premature, and Plaintiff is not required to marshall all evidence at this time.   Further, Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Discovery is ongoing, Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

40.    Emails you sent to or received from any current or former employee of Defendant that discuss or evidence your claims in this lawsuit.
RESPONSE:   See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

41.    Documents that support your claim for back pay as alleged in your Petition.
RESPONSE:  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

42.    Documents that support your claim for front pay as alleged in your Petition.
RESPONSE:  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

43. Documents that support your claim for "non-economic" damages, as alleged in your Petition.
RESPONSE: Plaintiff objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Plaintiff will supplement pursuant to the rules.

44. Documents revealing your gross and net income, including benefits, since January 1, 2010 to the present.
RESPONSE: Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit. Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants. Defendants have withheld and/or redacted such documents from Plaintiff

45. Documents supporting your contention that "Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to" her, as alleged in your Petition.
RESPONSE: Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants  Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

46. Documents supporting your contention that "Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit," as alleged in your Petition.
RESPONSE: Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants  Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants..   Please refer to Defendants' BATES DEF-CF-00118, DEF-CF-000448, 00401 and other documents in the possession of Defendants.

47. Documents supporting your contention that Defendant Jones "authorized for [sic] the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.
RESPONSE: Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants  Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on

December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.

48.  Documents evidencing any Defendant's alleged intent to gift the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
     **RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants   Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF- CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.

49.  Documents that, if executed, would transfer ownership of the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
     **RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

50.  Documents evidencing Plaintiff's "moving expenses.
     **RESPONSE:** "Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

51.  Documents evidencing Plaintiff's "expenses in making repairs to the residence to make it habitable.
     **RESPONSE:**  " Please see Faire0265-0272 and objections and responses to Request 8 and 9 above.

52.  A copy of the "inspection report" identified in Paragraph 13 of your Petition.
     **RESPONSE:** See Defendants' DEF-CF-00119-00144.

53.   A copy of the "one-month lease" identified in Paragraph 13 of your Petition.
      **RESPONSE:** Please refer to BATES DEF-CJ-00085-00086.

54.   Documents supporting your contention that "Plaintiff had clear title to her 2005 Mini Cooper," as alleged in your Petition.
      **RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. DEF-CF-00514 Please also see Faire0273-0279.

55.   A copy of the "payment plan" identified in Paragraph 15 of your Petition.
      **RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

56.   Documents supporting your contention that "immediately before the firing, [you had] been given a raise in pay and additional duties," as alleged in your Petition.
      **RESPONSE:** See DEF-CJ-00065.

57.   Documents supporting your contention that you were asked to "perform employment duties that were not in furtherance of the corporate business," as alleged in your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, please refer to 2013-CI-04328 and 2013-CI-11046.

58.   Documents supporting your contention that "Donbavand ... was aware of the employment violations ...," as alleged in your Petition.
      **RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff TRCP 193.1.

59.   Documents supporting your contention that Defendants have "circulat[ed] malicious rumors about the Plaintiff," as alleged in your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this

particular issue, and such request is improper. Subject to and without waiving the foregoing objection. **See DEF-CJ-00064, DEF-CJ-000111-15, DEF-CF-00456, 00463** Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

60.   The "written agreement" Defendant Jones allegedly promised to execute at closing, as alleged in Paragraph 22 of your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

61.   Any documents that existed at the time of closing and would "giv[e you] full title and interest to the home," as alleged in your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Subject to and without waiving the foregoing objection, See DEF-CF-118, 119, 149, 478, 478, 496, 583 AND DEF-CJ-0085. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

62.   Documents supporting your contention that Defendants made "a false representation or concealment of material facts concerning the real estate transaction," as alleged in your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, See DEF-CF-118, 119, 149, 478, 478, 496, 583 AND DEF-CJ-0085. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

63.   Documents supporting your contention that Defendants "made representation with knowledge, actual or constructive, of those facts," as alleged in your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing

objections, See DEF-CF-118, 119, 149, 478, 478, 496, 583 AND DEF-CJ-0085. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

64.    Documents supporting your contention that you "detrimentally relied upon the misrepresentation," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see DEF-CF-00565 Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

65.    Documents evidencing any costs or expenses incurred by you based upon your alleged detrimental reliance upon Defendants' representations.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see Faire0265-0272 and Uhaul rental records and Bank of America check record for $1,200.00. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

66.    Documents, including but not limited to any invoices for work performed, evidencing "valuable improvements" you contend you have made to the property located at 8647 Timber Place, San Antonio, Texas 78250.
**RESPONSE:**    DEF-CF-496/97 and see Request 65 above.

67.    Documents, including but not limited to emails and correspondence, evidencing any instance in which Defendant Jones "made sexual advances toward Plaintiff," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

68.  Documents, including but not limited to emails and correspondence, evidencing any instance in which you complained of Defendant Jones's alleged "sexual advances.

RESPONSE: Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1."

69.  Documents, including but not limited to emails and correspondence, evidencing any instance in which you resisted Defendant Jones's alleged "sexual advances.

RESPONSE: " Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

70.  Documents supporting your contention that Defendant Jones "made it clear that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones," as alleged in your Petition.

RESPONSE: Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

71.  Documents evidencing any instance in which you "refused to further submit to Defendant Jones's inappropriate requests," as alleged in your Petition.

RESPONSE: Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

72.   Documents evidencing any act committed by Donbavand in furtherance of the "conspiracy" alleged in your Petition.
RESPONSE: Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see DEF-CF-00477,00478,00479, 00482/00483, 00486, 00492, 00496 Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

73.   Documents evidencing any act committed by Kemp in furtherance of the "conspiracy" alleged in your Petition.
RESPONSE: Plaintiff objects to this request because it is duplicative, overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Plaintiff also objects and declines to give a narrative answer to this interrogatory because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business. Subject to and without waiving the foregoing objection, see DEF-CF-00486, 00490, 00491, 00496, 00509,00510, 00511. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

74.   Documents evidencing your "payment of consideration" for the property located at 8647 Timber Place, San Antonio, Texas 78250, as alleged in your Petition.
RESPONSE: Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

75.   Documents evidencing "valuable improvements" you have made to the property located at 8647 Timber Place, San Antonio, Texas, as alleged in your Petition.
RESPONSE: Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1 and Request 66 above.

76.    All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

77.    All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present regarding your claims in this lawsuit.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff.

78.    All emails sent from your mommiesawitch@yahoo.com email account from November 13, 2012 to present to any person identified in your Responses to Defendants' Requests for Disclosure.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

79. All emails received at your mommiesawitch@yahoo.com email account from November 13, 2012 to present from any person identified in your Responses to Defendants' Requests for Disclosure.

**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP193.1

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP, LLC,** | § | |
| **D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **PETER DONBAVAND, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared CEARTH FAIRE, known to me through TXDL NO. *****898, SSN ***-**-4220 to be the person whose name is subscribed below and who being by me duly sworn on her oath deposed and said that She has read the foregoing and that the statements contained therein are within her personal knowledge and are true and correct.

_____
CEARTH FAIRE

SWORN and SUBSCRIBED to before me on this ___ day of ___ 2015.

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

_____
Notary Public in and for State of Texas
My Commission



# Appendix 7

# LAW OFFICES OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884

July 21, 2015

Donna Kay McKinney
Bexar County District Court Clerk
300 Dolorosa, Suite 217
San Antonio, Texas  78205

## VACATION NOTICE

Dear Ms. McKinney:

Please accept this correspondence as notice that I will be on vacation and unavailable for hearings, settings or trials on the following dates:

August 6 – August 12, 2015

By copy of this letter, I am notifying all counsel of record of my plans and asking them to please not schedule any hearings, depositions or trials during this time

Thank you for your cooperation in this matter

Very truly yours,

OLGA BROWN

OB/mf

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2015 JUL 21  AM 11: 19
DEPUTY
BY

Vacation Letter of Olga Brown,                                    Page 1 of 2

cc:

| Attorney Name | Firm | Facsimile |
|---|---|---|
| Stacy Goodbread | Stacy E Goodbread, PC | 210.656.1026 |
| Tom C. McCall | The McCall Firm | 512.477.2271 |
| Kindra A Johnson | The McCall Firm | 512.477.2271 |
| Thomas A Cowen | Chaves, Gonzales & Hoblit, LLP | 210.226.1544 |
| James A Sindon | Law Office of James Sindon | 830.334.4823 |
| Patrick Kelly | Langley & Banack | 830.876.5451 |
| Tex/Carol Corrigan | Corrigan and Corrigan | 210.829.0701 |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 |
| Christine Reinhard | Schmoyer Reinhard LLP | 210.447.8036 |
| Steven Gonzalez | Gonzalez Palacios, LLP | 956.618.0445 |
| Todd A. Prins | Prins Law Firm | 210.820.0929 |
| Brett T Reynolds | Blakely & Reynolds, PC | 210.805.9654 |
| Patricia A Finch | Patricia A Finch, PC | 830.372.2160 |
| Gershon D Cohen | | 210.820.2609 |
| Tim K Singley | Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C. | 210.525.0666 |
| Elizabeth Fisher | | 210.572.7575 |
| Carmen Rojo | | 210.446.3822 |
| M Arnold Govella | | 361.758.9801 |
| Robert Valdez | | 210.227.6948 |
| Robert Ray | Law Office of Robert N Ray | 210.733.9819 |
| Lucretia Marmor | Langley & Banack | 210.735.6889 |
| Donald Loving | Law Office of Hugh Leighton McWilliams | 210.340.2246 |
| Lucretia Marmor | Langley & Banack | 210.735.6889 |
| Leigh A Mammarella | | 210.491.9969 |
| James McKibben | | 361.883.8353 |
| Lee Hernandez | | 210.735.4231 |
| Carlo Garcia | | 210.308.6939 |



# Appendix 8



# SCHMOYER
# REINHARD LLP
*Attorneys at Law*

FILED
6/30/2015 10:45:37 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Alex Lewicke

17806 IH 10 West, Suite 400 - San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

JUSTIN BARBOUR
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

June 30, 2015

**VIA FACSIMILE 210.226.1884**

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205

Re: Cause No. 2014-CI-16674; *Cearth Faire v. FMP SA Management Group, LLC d/b/a Food Management Partners, LLC et al*; In the 150th Judicial District Court, Bexar County, Texas

Dear Ms. Brown:

I am in receipt of your June 26, 2015 correspondence regarding the above-styled matter. Defendants accept your offer to drop the hearings presently set for parties' discovery motions and Defendant Jason Kemp's Rule 91a Motion to Dismiss, such that they may have additional time to confer regarding these issues and hopefully identify a mutually agreeable resolution to these disputes. This agreement would be subject to the condition that, if our conferral efforts are ultimately unsuccessful, all motions presently set for hearing be reset to a mutually agreeable date in the very near future, but in no event later than July 17, 2015. Additionally, the parties expressly agree that it is their mutual intent to allow the Court to rule on Defendant Jason Kemp's Rule 91a Motion to Dismiss up to and beyond the 45-day deadline provided for in Rule 91a.3, and that Plaintiff waives any potential timeliness defenses to this Motion.

If this adequately sets forth our agreement regarding the parties' pending motions, please indicate such by signing below and returning a copy of this agreement to our office, at which point we will have it filed with the Court. We will then inform the Court that Defendants' motions are dropped from tomorrow's hearing, and we expect you would do the same for Plaintiff's scheduled motions. Of course, if this does not accurately set forth our agreement, or if you have any questions or wish to discuss this matter further, I am available at your convenience.

Olga Brown
June 30, 2015
Page 2

---

**AGREED:**

Olga Brown

Sincerely,

Justin Barbour

JB/vp

17606 IH 10 West, Suite 400 • San Antonio, Texas 78257• Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com



# Appendix 9

FILED
6/19/2015 3:41:57 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIFTH AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Fifth Amended Original Petition against Defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, Peter Donbavand and Jason Kemp, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. A Level Three Amended Agreed Docket Control Order is in place, this matter is set for Jury Trial March 7, 2016.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

1

## PARTIES

3.     Plaintiff, Cearth Faire, is an individual, whose address is 8647 Timber Place, San Antonio, TX 78250.

4.     Defendant Jason Kemp is an individual, co-founder and Chief Financial Officer (CFO) of Defendant corporations, whose business address is Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232.  He has been served, is represented by counsel, and is properly before this court.

5.     Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

6.     Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court

7.     Defendant Allen J Jones, is an individual, co-founder and President/CEO of Defendant corporations, who has been served and is represented by counsel, and is properly before this court.

8.     Defendant Peter Donbavand, is an individual and executive of Defendant corporations, has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

9.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

10.  Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

11.      Plaintiff Faire was an employee of Defendant Kemp, Chief Financial Officer  of Defendant Corporations and of Defendant Jones, CEO of Defendant Corporations.  In addition to the local  corporate duties, she was required to work in the Dominican Republic for approximately five months on a 24/7 basis, for the Defendant Jones, CEO with the knowledge of Defendant Kemp.

Plaintiff Faire, during the term of her employment was not properly compensated, giving rise to several violations of Wage and Hour laws that Defendant Kemp, CFO knew or should have known about.

12.      Defendant Kemp, as Chief Financial Officer of the Defendant Corporations, was made aware of the facts supporting Plaintiff's claims by means of intra-corporate email traffic and including instructions to him and all other Defendants by  Jones as to how to properly proceed on Defendant Jones' gifting to the Plaintiff the real estate, and specifically the "Kemp" house.

3

13.      Defendant Jones, CEO in his official capacity as well as in his individual capacity communicated his intent to make the gift of real estate to Plaintiff by negotiating a price for the "Kemp" house at 8647 Timber Pl. San Antonio, Texas, 78250. Defendant Kemp's, knowledge of the oral gift of real estate to Plaintiff is supported by the fact that a buyer's lease agreement was executed.

Further, Defendant Donbavand, in his individual capacity and outside the scope of corporate business issued orders for the inspection of, and  preparation of the necessary documents to carry out gifting of the real estate to the Plaintiff. Defendant Kemp, individually and in his official capacity of chief financial officer of the Defendant Corporations knew or should have known the facts supporting Plaintiff's claims.  Again, email traffic between all Defendants supports the facts of Plaintiff's claims of oral gift of real estate, fraud, and quid pro quo sexual harassment and retaliation.

14.      Defendant Jones, as CEO and in his individual capacity,  negotiated with Defendant Jason Kemp, CFO, whose wife owned the residence at  8647 Timber Pl, San Antonio, TX 78250.

15.      Defendant Kemp, CFO and co-owner, also a business partner of Defendant Jones, took orders and assumed duties outside the course and scope of the corporate entities upon demand from Defendant Jones, the President & CEO of Defendants FMP and ALL JONES, LLC.  Defendant Jones treats the corporate entities as his "piggy bank" and Defendants Donbavand and Kemp, as his personal aides.

4

16.     Defendant Kemp, CFO and co-owner, routinely succumbs to the personal demands of Defendant Jones outside the best interests of the corporate business, as in this case, to sell him the residence at 8647 Timber Pl, San Antonio, TX 78250, so he could gift the property to the Plaintiff in consideration for her assisting in his personal legal matters, and in lieu of proper wage compensation.

17.     Defendant Kemp had personal reasons to complete the necessary documents.  Defendant Donbavand, on behalf of Defendant Jones requested of Defendant Kemp,  that Plaintiff move into the house prior to "closing", orally gifting her the house, a present gift.  Plaintiff, in reliance of Jones' oral promise moved into the house with the consent of Defendant Kemp and the consent and  request of Defendant Jones  and made valuable and permanent improvements in reliance of Defendant Jones promise to her.

18.     Plaintiff  incurred moving expenses as well as expenses in making permanent improvements to the residence to make it habitable.  Defendants' email traffic support this.  The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.

19.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones demanded the other defendants Defendant Peter Donbavand and Defendant Jason Kemp evict Plaintiff

from the house he had given her in retaliation for her refusal of sexual advances. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction in that title to the property is at issue. The wrongful eviction proceedings are outside the course and scope of corporate business.

20. Defendants, all acting in concert, continued to retaliate against, and harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini Cooper. Jones promised to repair her car. An ambiguous payment plan was put in place. However, in retaliation for claiming her rightful title to her house, Jones has deprived Plaintiff of a necessity, of transportation to seek employment. During the repossession process, Jones terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

21. Plaintiff had an exemplary employment record before being hired by Defendants FMP and ALL JONES, LLC. Immediately before being fired by Defendants, Faire had been given a raise in pay and been entrusted with additional duties. Plaintiff was fired solely because Plaintiff refused to continue to perform employment duties that were not in furtherance of the corporate business and because of Defendant Jones' demands for demeaning sexual acts and explicit threats to fire her if she didn't submit.

22. Plaintiff seeks actual damages as a result of the sexual harassment and

discrimination, which include, but are not limited to back pay from the date of quid pro quo retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her unlawful termination.

23.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones explicitly forcing her to choose between the sexual abuse he was demanding of her and her livelihood.

24.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the retaliation.  Defendant Jones, as President and CEO, has inflicted additional injuries by circulating malicious rumors about the Plaintiff at corporate headquarters.  Plaintiff therefore seeks exemplary damages.

## COUNT 1- ORAL GIFT OF REAL ESTATE

25.     On or about  March 27, 2013, when Plaintiff Faire, as an employee of Defendant Corporations,  was temporarily living in the Dominican Republic at the behest of Defendant Jones, CEO, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

26.     On or about July 30 2014, Plaintiff moved into the house at 8647 Timber Pl, San Antonio, Texas 78250, that Defendant Jones gifted her in his individual

7

capacity but with the knowledge and consent of all Defendants, including Defendant Kemp. Plaintiff is still living at her home, taking possession under the present gift.

27. Plaintiff has made permanent and valuable improvement to the home based on the reliance of the gift made to her by Defendant Jones as an individual.

28. It was reasonable for Plaintiff to rely on Defendant Jones' promise of an oral gift of real estate based on Defendant Jones' financial resources, including but not limited to ownership in franchises of Zio's Italian Kitchen, Buffalo Wild Wings, Don Pablo's Big Tex Bold Mex, Furr's, Little Ceasar's and Smashburger.

29. Further, in other judicial proceedings, Defendant Jones made judicial admissions of owning 150 businesses and having financial resources to "buy" a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings. In other words, judicial admissions of human trafficking on the part of the CEO of Defendant corporations, with the knowledge of other corporate officers, including Defendant Kemp, CFO. This is relevant to both the financial capacity to gift a house to an employee, and to Defendants' attitude toward females.

30. Defendant Jones informed the Plaintiff that he was buying the house from Defendant Kemp, and that at closing, he would give her full title and interest to the home. Defendants Jones further promised the closing would take place immediately

upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and Defendant Jason Kemp. All terms for the sale of the house were reached by buyer and seller, and having absolutely nothing to do with the business of the corporate entities, parties herein

31. Defendant Kemp, and Defendant Donbavand knew the house located at 8647 Timber Pl, San Antonio, TX 78250 purchased from Kemp, was a gift of real estate to the Plaintiff. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing, all outside of the course and scope of corporate business. Defendant Kemp's knowledge of the gift is evidenced by email traffic exchanged between Defendant Kemp and Defendant Donbavand.

32. Defendant Jones made this gift to Plaintiff as an individual and not as President & CEO of the other corporate defendants. Defendant Jones purchased the home from Defendant Kemp as an individual and not as a transaction within the course and scope of corporate business.

33. Defendant Jones ordered Defendant Donbavand to complete the necessary documentation and transactions outside the course and scope of corporate business. Defendant Donbavand routinely acts as Defendant Jones' personal aide to carry out his orders regarding personal matters. Defendant Donbavand is experienced in real estate transactions and worked to completing the necessary documents. In the meantime, in a fit of retaliation, Defendant Jones

changed his mind about the gift.  Plaintiff has been living in the house since on or before July 30, 2014.

34.     Plaintiff asserts this oral gift of real estate must be enforced  in equity as the facts herein establish a gift of real estate, notwithstanding the requirements of the statute of frauds.

## COUNT 2 – Conspiracy Claim

35.     Defendant Jones, CEO of Defendant Corporations, took overt steps of retaliation toward employee, Faire, giving rise to an agreement between Defendant Donbavand and Defendant Kemp and himself, to enter into a scheme against Plaintiff, to deny that he had made an oral gift of real estate to Plaintiff, even though Defendant Kemp had given her a key to the home, and a short term buyer's lease to evidence her proper move into the residence.

36.     Plaintiff asserts that email correspondence between conspirators that has been properly requested by her, but denied her, will support all Defendants were involved in Defendant Jones' retaliation against Plaintiff.  All Defendants have participated in the common goal of depriving Plaintiff of her home, after she had taken possession of the home and made valuable improvement, by numerous petitions for eviction proceedings.

37.     Defendants are in possession of email communications between conspirators that will support a meeting of the minds on the subject of retaliation, and the tort of fraud to deprive Plaintiff Faire of the real estate gifted to her.  Plaintiff Faire has sustained economic damages as a result of the conspiracy by Defendants Jones, Kemp and Donbavand to defraud her of her rightful title to the real estate.

38.     It is well established that fraud can be the basis of a conspiracy.  The Defendants Jones, Kemp and Donbavand made material misrepresentations to the Plaintiff in connection with the gifting of the real estate to her.  Each Defendant took overt steps and actions to deceive her by going through the process of purchase and delivery of the real estate.

39.     Plaintiff Faire relied on each step taken by each of the Defendants in furtherance of delivery possession of the house to her. Defendants intended for the Plaintiff to rely on their representations that they were working on carrying out the oral gift of real estate.

40.     Defendants' false representations, including those of Defendant Kemp have directly and proximately caused economic and other injuries to the Plaintiff. Plaintiff seeks damages within the jurisdictional limits of this court.

41.     Plaintiff seeks exemplary damages from each Defendant including Defendant Kemp, because Plaintiff will show each acted with malice toward the Plaintiff which entitles Plaintiff to exemplary damages under Texas civil Practice and Remedies code section 41.003(a).

## COUNT 3 QUID PRO QUO SEXUAL HARASSMENT

42.      Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant Allen J. Jones, the President and CEO of Defendant FMP.   Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

43.      Plaintiff raises this claim under Tex. Lab. Code Ann. §§ 21.001, .051 (West 1996), which prohibits discrimination on the basis of sex.

44.      On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

45.      Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

46.      At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his financial power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

47. Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones. Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment. When Plaintiff was mentally well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about August 31, 2014.

48. Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

49. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including judicial admissions that he purchased a female as if she was merely chattel.

50. Further, Plaintiff seeks exemplary damages against Defendant Donbavand and Defendant Kemp, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

**JURY DEMAND**

51. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition. The jury trail has been set for November 2, 2015.

## CONDITIONS PRECEDENT

52. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

53. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. All the remedies afforded by Tex. Lab. Code Ann. 21.001

d. Prejudgment and postjudgment interest.

e. Court costs.

f. Reasonable and necessary Attorney's fees

g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
  San Antonio, Texas 78205
  210/226-1550 telephone
  210/226-1884 facsimile
  Argyle2@sbcglobal.net


By:  */s/ Olga Brown*_____
    OLGA BROWN
    State Bar No. 03155500
    *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the __19th__ day of June 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Fifth Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                */s/ Olga Brown*_____
                OLGA BROWN

# Appendix 10

**CAUSE NO. 2014-CI-16674**

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S RESPONSE TO DEFENDANT KEMP'S RULE 91a**
**MOTION TO DISMISS and REQUEST FOR ATTORNEY FEES**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF CEARTH FAIRE, who respectfully requests this court to deny Defendant Jason Kemp's Motion to Dismiss pursuant to Texas Rule of Civil Procedure 91a, and in support of such request Plaintiff would show the court she has properly plead her claims against Defendant Kemp, and would show as follows:

**I. Introduction and Background**

Defendant Jason Kemp, is Co-Founder, and Chief Financial Officer, and one of the Owners of the Defendant Corporations. Kemp holds himself out to the public as being extremely experienced in finance, accounting and corporate IT accounting.

As such, Defendant Kemp was well aware of Defendant Jones' business and personal activities, which included details of Plaintiff's compensation and Defendant Jones' disparaging treatment of females, including, but not limited to a judicial admission in a Bexar County District Court by Jones of having purchased a female in the Dominican Republic for his own needs. Defendant Kemp is strictly liable for Quid Pro Quo Harassment because he is well aware Defendant Jones used his actual authority to harass Plaintiff.

Defendant Kemp, as Chief Financial Officer, is aware of Defendant Jones' demands of Plaintiff to work for approximately five months to assist him in his divorce defense, by caring for his infant child on a 24 hour basis, in addition to her other job duties. The demands are in violation of well established wage and hour laws. Defendant Kemp, as Chief Financial Officer condones Defendant Jones' "human trafficking" as judicially admitted.

Defendant Kemp, as Chief Financial Officer, is well aware that wages owed to Plaintiff under the Fair Labor Standards Act, Wage and Hour Division, exceed the value of the house that Defendant Jones gifted Plaintiff. Plaintiff contends the wages owed to her are approximately $153,162.98. Defendant Kemp, as Chief Financial Officer, is also well aware that improper deductions were made from Plaintiff's wages, in violation of the Texas Payday Law. See Exhibit A incorporated herein in its entirety.

Notwithstanding that, a trial judge has dismissed Plaintiff's claim of oral gift of real estate against Defendant Jones and Defendant Peter Donbavand, Defendant Kemp has liability independent of the other Defendants for fraud. It is well-established that fraud can be the basis of a conspiracy claim. Defendant Kemp perpetrated fraud against Plaintiff by denying her fair and just compensation and the pretext she was getting Kemp House.

## II. Plaintiff Has Amended Petition Upon Which Motion is Based

Plaintiff Faire has timely filed an amended petition addressing all the complaints contained in the Defendants' Amended Rule 91a Motion. Plaintiff has again succinctly addressed all elements of each and every cause of action and supports allegations with facts that "*a reasonable person could believe the facts plead*" . Tex R Civ P 91a.1.

Plaintiff would further show that "if the allegations, taken as true, together with inferences reasonably drawn from them" would entitle her to present her case to a trier of fact and secure a judgment for the three causes of action filed against Defendant Kemp, in the capacity he has been sued.   Tex R Civ P 91a.1.

By his Rule 91 a Motion, Defendant Kemp challenges Plaintiff's claim for an oral gift of real estate, which Plaintiff would show is enforceable by equity, since the legal and factual requirements of the three elements for enforcement have been plead.

Defendant also challenged the claim of conspiracy between Defendants Kemp, Jones and Donbavand. All of these Defendants were acting outside the course and scope of the corporate business and for their personal purposes, and therefore, are not entitled to defend based on Intra-Corporate Immunity Doctrine. Rule 91a expressly prevents a court from considering evidence in making its determination of a Rule 91a motion. Tex. R. Civ. P. 91a.6. The question in deciding whether a claim has a basis in law is whether "the allegations state a cause of action." *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex .. App-Houston [1st Dist.] 2006, no pet); *see also Hamilton v Pechacek*, 319 SW3d 801, 809 (Tex App -Fort Worth 2010, no pet) (claim has arguable basis in law unless claim presents an "indisputably meritless legal theory").

Plaintiff's claim for sexual harassment falls within the protection of employees by statute: Tex. Lab. Code Ann Chapter 21, which is "designed with the objective to carry out the purposes of Title VII of Civil Rights Act of 1964, including its prohibition of discrimination on the basis of sex." The Texas Workforce Commission has accepted her claim of sexual discrimination against Defendants FMP, ALL JONES, LLC, Jones and including Kemp.

### III. Arguments & Authorities Supporting Denial of Motion
### A. An oral gift of real estate is an equitable exception to the Statute of Frauds:

Plaintiff would show "It is well settled that, notwithstanding the requirements of the statute of frauds, a parol gift of real estate will be enforced in equity upon

establishment of the fact of (1) a present gift; (2) possession under the gift taken and held by the donee with consent of the donor; and (3) permanent and valuable improvements made on the premises by donee in reliance of the gift with the knowledge and consent of the donor. To establish an oral gift of real property, Plaintiff merely must show: (1) a present gift to her by Jones; (2) that she took immediate possession of the described property with Jones' consent; and (3) she made permanent and valuable improvements to the described property with Jones' knowledge and consent." *McCuen v. Huey*, 255 S.W.3d 716, 726-727 (Tex. App. - Waco 2008); *Flores v. Flores*, 225 S.W.3d 651, 655 (Tex. App.– El Paso 2006, pet. denied); see also *Dawson v. Tumlinson*, 150 Tex. 451, 242 S.W.2d 191, 192-93 (1951) (citing *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921)).

Plaintiff's claims for oral gift of real estate began with Defendant Kemp being the original co-actor in the gifting. Kemp's wife inherited the property the subject of this lawsuit and used such property to defraud Plaintiff. See Exhibit B.

## B. Plaintiff's Claim of Sexual Harassment is Authorized by TCHRA

For Defendant Kemp to assert that he is merely an "employee" is ludicrous, as he is co-founder and co-owner of the defendant companies, by whom Plaintiff was employed, and as such, has strict liability for the harassment. Further, Defendant Kemp was a manager of Plaintiff, and as such, knew or should have known of the harassment.

Plaintiff has properly plead her claim of sexual harassment and/or discrimination pursuant to the TCHRA and her claim has been accepted by the Texas Workforce Commission Civil Rights Division, and the EEOC.

## IV. Res Judicata Is Not Applicable to Defendant Kemp

Plaintiff's claims against Defendant Kemp are not barred by the doctrine of Res Judicata. Defendant Kemp was not a party to the trial court's ruling of dismissal of Plaintiff's claims for oral gift of real estate. The prior ruling, which will definitely be appealed, does not dismiss Defendant Kemp. Kemp, as CFO and monitoring all finances is liable to the Plaintiff.

## V. Faire's Claim of Fraud as it Relates to Oral Gift of Real Estate Is Valid and Enforceable

Defendant Kemp, as Co-owner, Co-Founder, and Chief Financial Officer assumed liability for the fraudulent scheme of Defendant Jones, the CEO and co-owner, by providing the home Plaintiff Faire was to accept as an oral gift of real estate to reduce or disallow the wages and expenses due her from employment services in the Dominican Republic which was a 24/7 care of Jones' infant.

Defendant Kemp, as Chief Financial Officer, knew of other employment law violations that harmed Plaintiff Faire.

## VI. Standard of Review Met

Plaintiff has given Defendant Kemp, " fair notice" of her claims against him, fraud, conspiracy and strict liability for the quid pro quo sexual harassment by the CEO and co-owner/business partner Defendant Jones.

The bar for avoiding dismissal by Texas Rule of Civil Procedure 91a is very minimum.  All of Plaintiff's claims are valid causes of action in Texas.  The facts available to the Plaintiff support her claims. Defendant Kemp has failed to timely object to the discovery requests of the Plaintiff, and therefore has waived all objections.

Plaintiff Faire asserts that once the email traffic between Defendant Kemp, the CFO and Defendant Jones, the CEO is provided, this court will find liability, and  find support for exemplary damages against Defendant Kemp.


## CONCLUSION & PRAYER

Plaintiff Faire's claims against Defendant Kemp are properly plead and supported by facts or inferences thereof that would support a denial of the Defendant's Rule 91a request for dismissal.

Plaintiff Faire's claims against Defendant Kemp for quid pro quo sexual harassment are actionable in that he knew Defendant Jones used the actual authority of the Defendant Corporations to harm the Plaintiff.

Plaintiff Faire asserts that everyone who has been seriously harmed as Plaintiff has been, deserves her day in court. Plaintiff relied on the fraudulent representations made by Defendant Kemp, the Chief Financial Officer, and she has been harmed by all Defendant parties in this lawsuit.

Defendant Kemp's complaints as alleged in the Rule 91a Motion are not valid, and in some instances moot. Defendant Kemp cannot complain about the oral gift of real estate because the pleading requirements have been factually met and properly plead.

Defendant Kemp has a personal grudge in denying the oral gift of real estate, namely retaliation, Defendant Kemp has a personal purpose of financial gain. His concerted actions are definitely outside the course and scope of the corporate business.

Plaintiff has properly pled her claim of sexual harassment/retaliation and the claim under TCHRA has been accepted. Mediation of this claim has been extended to the parties. Defendants declined to mediate.

Plaintiff asserts that if Defendant Kemp insists on going forth with his Rule 91a Motion, this Court will find it is groundless and frivolous. Plaintiff seeks attorney fees and costs accordingly.

Plaintiff prays this court deny the motion and grant all other and further relief to which she is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By: /s/ Olga Brown_____
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the _16th_ day of June 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Response to Defendant Kemp' 91a Motion to Dismiss and Request for Attorneys Fees was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown_____
OLGA BROWN

IX Alamo Business Group, LLC

**FAIRE, CEARTH**
8647 TIMBER PLACE

SAN ANTONIO      TX    78250

REDACTED

Employee ID:
SSN:
Check Number:   DD000000000000000668
Check Date:      5/23/2014

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 800.00 | 15,769.20 |
| **GROSS PAY** | | | | $1,576.92 | | $15,769.20 |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $10.28 | | 102.80 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $38.50 | | 385.00 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 99.97 |
| **TOTAL DEDUCTIONS** | | | | $148.75 | | $587.77 |
| | | | | | | |
| | Federal Tax | | | $176.00 | | 1,760.00 |
| | FICA Social Security Tax | | | $94.74 | | 947.45 |
| | FICA Medicare Tax | | | $22.16 | | 221.58 |
| **TAXES WITHHELD** | | | | $292.90 | | $2,929.03 |
| | | | | | | |
| **NET PAY** | | | | $1,135.27 | | $12,252.40 |

| Direct Deposit Information | | | Time Off Balance | Hours |
|----------------------------|---------|--------|------------------|-------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,135.27 | Sick Balance | 0.00 |

DEF-CF-00658

*** Duplicate Pay Stub ***

TX Alamo Business Group, LLC

**FAIRE, CEARTH**
8647 TIMBER PLACE


SAN ANTONIO                    TX   78250

Employee ID:      REDACTED
SSN:
Check Number:     DD0000000000000000710
Check Date:          6/6/2014

|  |  |  |  | | Current | Year-To-Date | |
| Code | Description | Pay Rate | Hours | | Amount | Hours | Amount |
|---|---|---|---|---|---|---|---|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | | $1,576.92 | 880.00 | 17,346.12 |
| **GROSS PAY** | | | | | **$1,576.92** | | **$17,346.12** |
| | | | | | | | |
| DENTAL | DENTAL INSURANCE | | | | $10.28 | | 113.08 |
| HEMP | HEALTH EMPLOYEE ONLY | | | | $38.50 | | 423.50 |
| LOAN | LOAN REPAYMENT | | | | $99.97 | | 199.94 |
| **TOTAL DEDUCTIONS** | | | | | **$148.75** | | **$736.52** |
| | | | | | | | |
| | Federal Tax | | | | $176.00 | | 1,936.00 |
| | FICA Social Security Tax | | | | $94.75 | | 1,042.20 |
| | FICA Medicare Tax | | | | $22.16 | | 243.74 |
| **TAXES WITHHELD** | | | | | **$292.91** | | **$3,221.94** |
| | | | | | | | |
| **NET PAY** | | | | | **$1,135.26** | | **$13,387.66** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|---|---|---|---|---|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,135.26 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00659

TX Alamo Business Group, LLC

**FAIRE, CEARTH**
8647 TIMBER PLACE

SAN ANTONIO                    TX    78250

| Employee ID: | REDACTED |
| --- | --- |
| SSN: | |
| Check Number: | DD000000000000000758 |
| Check Date: | 6/20/2014 |

| Code | Description | Pay Rate | Hours | Current Amount | YTD Hours | YTD Amount |
| --- | --- | --- | --- | --- | --- | --- |
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 960.00 | 18,923.04 |
| **GROSS PAY** | | | | **$1,576.92** | | **$18,923.04** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $10.28 | | 123.36 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $38.50 | | 462.00 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 299.91 |
| **TOTAL DEDUCTIONS** | | | | **$148.75** | | **$885.27** |
| | | | | | | |
| | Federal Tax | | | $176.00 | | 2,112.00 |
| | FICA Social Security Tax | | | $94.74 | | 1,136.94 |
| | FICA Medicare Tax | | | $22.15 | | 265.89 |
| **TAXES WITHHELD** | | | | **$292.89** | | **$3,514.83** |
| | | | | | | |
| **NET PAY** | | | | **$1,135.28** | | **$14,522.94** |

| Direct Deposit Information | | | | Time Off Balance | Hours |
| --- | --- | --- | --- | --- | --- |
| Bank | Account | | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | | $1,135.28 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00660

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:
Check Number:    DD0000000000000000829
Check Date:        7/3/2014

SAN ANTONIO              TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 1,040.00 | 20,499.96 |
| **GROSS PAY** | | | | **$1,576.92** | | **$20,499.96** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $10.28 | | 133.64 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $38.50 | | 500.50 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 399.88 |
| **TOTAL DEDUCTIONS** | | | | **$148.75** | | **$1,034.02** |
| | Federal Tax | | | $176.00 | | 2,288.00 |
| | FICA Social Security Tax | | | $94.75 | | 1,231.69 |
| | FICA Medicare Tax | | | $22.16 | | 288.05 |
| **TAXES WITHHELD** | | | | **$292.91** | | **$3,807.74** |
| | | | | | | |
| **NET PAY** | | | | **$1,135.26** | | **$15,658.20** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|----------------------------|---------|--------|------------------|-------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,135.26 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00661

*** Duplicate Pay Stub ***

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

SAN ANTONIO        TX   78250

Employee ID:
SSN:
Check Number:   DD0000000000000000841
Check Date:       7/18/2014

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 1,120.00 | 22,076.88 |
| **GROSS PAY** | | | | **$1,576.92** | | **$22,076.88** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $11.31 | | 144.95 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $63.28 | | 563.78 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 499.85 |
| **TOTAL DEDUCTIONS** | | | | **$174.56** | | **$1,208.58** |
| | Federal Tax | | | $172.13 | | 2,460.13 |
| | FICA Social Security Tax | | | $93.14 | | 1,324.83 |
| | FICA Medicare Tax | | | $21.79 | | 309.84 |
| **TAXES WITHHELD** | | | | **$287.06** | | **$4,094.80** |
| | | | | | | |
| **NET PAY** | | | | **$1,115.30** | | **$16,773.50** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|---|---|---|---|---|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,115.30 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00662

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:
Check Number:  DD0000000000000000884
Check Date:    8/1/2014

SAN ANTONIO            TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Year-To-Date Amount |
|------|-------------|----------|-------|----------------|-------------------|---------------------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 1,200.00 | 23,653.80 |
| **GROSS PAY** | | | | **$1,576.92** | | **$23,653.80** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $11.31 | | 156.26 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $63.28 | | 627.06 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 599.82 |
| **TOTAL DEDUCTIONS** | | | | **$174.56** | | **$1,383.14** |
| | | | | | | |
| | Federal Tax | | | $172.13 | | 2,632.26 |
| | FICA Social Security Tax | | | $93.14 | | 1,417.97 |
| | FICA Medicare Tax | | | $21.78 | | 331.62 |
| **TAXES WITHHELD** | | | | **$287.05** | | **$4,381.85** |
| | | | | | | |
| **NET PAY** | | | | **$1,115.31** | | **$17,888.81** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|------|------|------|------|------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,115.31 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00663

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**          Employee ID:
8647 TIMBER PLACE          SSN:
                           Check Number:   DD0000000000000000928
                           Check Date:        8/15/2014

SAN ANTONIO          TX   78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Year-To-Date Amount |
|------|-------------|----------|-------|----------------|--------------------|---------------------|
| SALARY | SALARIED PAY | $41,000.00 | 80.00 | $1,576.92 | 1,280.00 | 25,230.72 |
| **GROSS PAY** | | | | **$1,576.92** | | **$25,230.72** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $11.31 | | 167.57 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $63.28 | | 690.34 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 699.79 |
| **TOTAL DEDUCTIONS** | | | | **$174.56** | | **$1,557.70** |
| | Federal Tax | | | $172.13 | | 2,804.39 |
| | FICA Social Security Tax | | | $93.15 | | 1,511.12 |
| | FICA Medicare Tax | | | $21.78 | | 353.40 |
| **TAXES WITHHELD** | | | | **$287.06** | | **$4,668.91** |
| | | | | | | |
| **NET PAY** | | | | **$1,115.30** | | **$19,004.11** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|----------------------------|---------|--------|------------------|-------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $1,115.30 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00664

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:
Check Number:   DD000000000000001010
Check Date:        8/29/2014

SAN ANTONIO                    TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | YTD Hours | Year-To-Date Amount |
|------|-------------|----------|-------|----------------|-----------|---------------------|
| SALARY | SALARIED PAY | $45,000.00 | 80.00 | $788.42 | 1,400.00 | 26,884.51 |
| **GROSS PAY** | | | | **$788.42** | | **$26,884.51** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $11.31 | | 178.88 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $63.28 | | 753.62 |
| LOAN | LOAN REPAYMENT | | | $99.97 | | 799.76 |
| **TOTAL DEDUCTIONS** | | | | **$174.56** | | **$1,732.26** |
| | Federal Tax | | | $53.85 | | 2,934.82 |
| | FICA Social Security Tax | | | $44.26 | | 1,609.03 |
| | FICA Medicare Tax | | | $10.35 | | 376.30 |
| **TAXES WITHHELD** | | | | **$108.46** | | **$4,920.15** |
| | | | | | | |
| **NET PAY** | | | | **$505.40** | | **$20,232.10** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|------|------|------|------|------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $505.40 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00666

TX Alamo Business Group, LLC

REDACTED

**FAIRE, CEARTH**
8647 TIMBER PLACE

Employee ID:
SSN:
Check Number:    DD000000000000001021
Check Date:         9/5/2014

SAN ANTONIO                    TX    78250

| Code | Description | Pay Rate | Hours | Current Amount | Year-To-Date Hours | Amount |
|------|-------------|----------|-------|----------------|--------------------|--------|
| SALARY | SALARIED PAY | $45,000.00 | 40.00 | $865.37 | 1,440.00 | 27,749.88 |
| **GROSS PAY** | | | | **$865.37** | | **$27,749.88** |
| | | | | | | |
| DENTAL | DENTAL INSURANCE | | | $0.00 | | 178.88 |
| HEMP | HEALTH EMPLOYEE ONLY | | | $0.00 | | 753.62 |
| LOAN | LOAN REPAYMENT | | | $199.94 | | 999.70 |
| **TOTAL DEDUCTIONS** | | | | **$199.94** | | **$1,932.20** |
| | Federal Tax | | | $76.58 | | 3,011.40 |
| | FICA Social Security Tax | | | $53.65 | | 1,662.68 |
| | FICA Medicare Tax | | | $12.55 | | 388.85 |
| **TAXES WITHHELD** | | | | **$142.78** | | **$5,062.93** |
| | | | | | | |
| **NET PAY** | | | | **$522.65** | | **$20,754.75** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|------|------|------|------|------|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| 111000025 | 586034451754 | $522.65 | Sick Balance | 0.00 |

EXHIBIT A

DEF-CF-00667

## Mona Flores

FYI – Cearth's next car payment is not until 11/1. Tiffany pulled October's payment out of her last check thinking it was September's. We will try ACH'ing her next payment out on 11/1 and if we cannot get it, we will default her and repossess the car.

As for the house, Cearth's eviction hearing is scheduled for next week. Olga sent another letter basically stating Cearth owned the house because it was promised which is laughable.

Peter Donbavand

Vice President
Real Estate & Business Development
Food Management Partners
210-403-3725 ext 218
pdonbavand@foodmps.com

Confidentiality: The information contained in this e-mail and any attachments to it is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately, and delete it from your network server and/or hard drive.

**From:** Peter Donbavand
**Sent:** Thursday, October 09, 2014 9:52 AM
**To:** Bob Amaro
**Cc:** Nathan Calvert
**Subject:** RE: Cearth Deductions

No, the information provided is sufficient. It looks like Tiffany took Cearth's Oct payment on 9/5 (which she really shouldn't have done but hopefully Cearth's attorney doesn't catch it) so she does not owe All Jones, LLC any money until 11/1. The attached is not perfect but is close enough. Cearth has paid about $1,600 to date which is what she should have paid through Oct to date. We will have to wait until 11/1 to try ACH'ing the next payment from her account.

Peter Donbavand

Vice President
Real Estate & Business Development
Food Management Partners
210-403-3725 ext 218
pdonbavand@foodmps.com

Confidentiality: The information contained in this e-mail and any attachments to it is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately, and delete it from your network server and/or hard drive.

6/16/2015

# EXHIBIT B



EQUAL HOUSING
OPPORTUNITY

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)   12-05-11
(NOTICE: For use only when BUYER occupies the property for no more than 90 days PRIOR the closing)

## BUYER'S TEMPORARY RESIDENTIAL LEASE

1. **PARTIES:** The parties to this Lease are___Tara Kemp_____
   (Landlord) and ___Cearth Faire_____(Tenant).

2. **LEASE:** Landlord leases to Tenant the Property described in the Contract between Landlord as Seller and Tenant as Buyer known as __9647 Timber Place, San Antonio, TX_____
   _____(address).

3. **TERM:** The term of this Lease commences __July 30, 2014_____ and terminates as specified in Paragraph 18.

4. **RENTAL:** Rental will be $__40.00_____ per day.  Upon commencement of this Lease, Tenant shall pay to Landlord the full amount of rental of $ __1,200.00_____ for the anticipated term of the Lease (commencement date to the Closing Date specified in Paragraph 9 of the Contract). If the actual term of this Lease differs from the anticipated term, any additional rent or reimbursement will be paid at closing. No portion of the rental will be applied to payment of any items covered by the Contract.

5. **DEPOSIT:** Tenant has paid to Landlord $_____0.00_____ as a deposit to secure performance of this Lease by Tenant. If this Lease is terminated before the Closing Date, Landlord may use the deposit to satisfy Tenant's obligations under this Lease. Landlord shall refund to Tenant any unused portion of the deposit together with an itemized list of all deductions from the deposit within 30 days after Tenant (a) surrenders possession of the Property and (b) provides Landlord written notice of Tenant's forwarding address. If this Lease is terminated by the closing and funding of the sale of the Property, the deposit will be refunded to Tenant at closing and funding.
   NOTICE: The deposit must be in addition to the earnest money under the Contract.

6. **UTILITIES:** Tenant shall pay all utility connections, deposits and charges except _____
   _____none_____, which Landlord shall pay.

7. **USE OF PROPERTY:** Tenant may use the Property only for residential purposes. Tenant may not assign this Lease or sublet any part of the Property.

8. **PETS:** Tenant may not keep pets on the Property except __bird_____.

9. **CONDITION OF PROPERTY:** Tenant accepts the Property in its present condition and state of repair, but Landlord shall make all repairs and improvements required by the Contract.  If this Lease is terminated prior to closing, Tenant shall surrender possession of the Property to Landlord in its present condition, as improved by Landlord, except normal wear and tear and any casualty loss.

10. **ALTERATIONS:** Tenant may not: (a) make any holes or drive nails into the woodwork, floors, walls or ceilings (b) alter, paint or decorate the Property or (c) install improvements or fixtures without the prior written consent of Landlord.  Any improvements or fixtures placed on the Property during the Lease become a part of the Property.

11. **SPECIAL PROVISIONS:**

12. **INSPECTIONS:**  Landlord may enter at reasonable times to inspect, replace, repair or complete the Improvements. Tenant shall provide Landlord door keys and access codes to allow access to the Property during the term of the Lease.

13. **LAWS:** Tenant shall comply with all applicable laws, restrictions, ordinances, rules and regulations with respect to the Property.

14. **REPAIRS AND MAINTENANCE:** Except as otherwise provided in this Lease, Tenant shall bear all expense of repairing, replacing and maintaining the Property, including but not limited to the yard, trees, shrubs, and all equipment and appliances, unless otherwise required by the Texas Property Code. Tenant shall promptly repair at Tenant's expense any damage to the Property caused directly or indirectly by any act or omission of the Tenant or any person other than the Landlord, Landlord's agents or invitees.

Initialed for identification by Landlord_____ and Tenant_____          TREC NO. 16-5

# EXHIBIT B

(Address of Property)

**15.INDEMNITY:** Tenant indemnifies Landlord from the claims of all third parties for injury or damage to the person or property of such third party arising from the use or occupancy of the Property by Tenant. This indemnification includes attorney's fees, costs and expenses incurred by Landlord.

**16.INSURANCE:** Landlord and Tenant shall each maintain such insurance on the contents and Property as each party may deem appropriate during the term of this Lease. NOTE: CONSULT YOUR INSURANCE AGENT; POSSESSION OF THE PROPERTY BY BUYER AS TENANT MAY CHANGE INSURANCE POLICY COVERAGE.

**17.DEFAULT:** If Tenant fails to perform or observe any provision of this Lease and fails, within 24 hours after notice by Landlord, to commence and diligently pursue to remedy such failure, Tenant will be in default.

**18.TERMINATION:** This Lease terminates upon (a) closing and funding of the sale under the Contract, (b) termination of the Contract prior to closing, (c) Tenant's default under this Lease, or (d) Tenant's default under the Contract, whichever occurs first. Upon termination other than by closing and funding of the sale, Tenant shall surrender possession of the property.

**19.HOLDING OVER:** Any possession by Tenant after termination creates a tenancy at sufferance and will not operate to renew or extend this Lease. Tenant shall pay $ 100 per day during the period of any possession after termination as damages, in addition to any other remedies to which Landlord is entitled.

**20.ATTORNEY'S FEES:** The prevailing party in any legal proceeding brought under or with respect to this Lease is entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

**21.SMOKE ALARMS:** The Texas Property Code requires Landlord to install smoke alarms in certain locations within the Property at Landlord's expense. Tenant expressly waives Landlord's duty to inspect and repair smoke alarms.

**22.SECURITY DEVICES:** The requirements of the Texas Property Code relating to security devices do not apply to a residential lease for a term of 90 days or less.

**23.CONSULT YOUR ATTORNEY:** Real estate licensees cannot give legal advice. This Lease is intended to be legally binding. READ IT CAREFULLY. If you do not understand the effect of this Lease, consult your attorney BEFORE signing.

**24.NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by facsimile or electronic transmission as follows:

| To Landlord: | To Tenant: |
|---|---|
| Tara Kemp | 9647 Timber Place |
| 120 Chula Vista | San Antonio, TX |
| San Antonio, TX 78232 | |
| Telephone:  (   ) | Telephone:  (   ) |
| Facsimile:  (   ) | Facsimile:  (   ) |
| E-mail: | E-mail: |

Landlord

Tenant

Landlord

Tenant

The form of this contract has been approved by the Texas Real Estate Commission.  TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov) TREC NO. 16-5. This form replaces TREC NO. 16-4.

TREC NO. 16-5

# Appendix 11



## JUDGE ANTONIA ARTEAGA
## 57TH DISTRICT COURT
100 DOLOROSA
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS 78205-3036
Phone: (210)335-2531  Fax: (210) 335-3592

# FAX COVER SHEET

Date:      05/06/2015

TO:        Olga Brown-210-226-1884
           Justin barbour-210-447-8036

FROM:

RE:        *2014CI16674*


TOTAL PAGES FAXED:   2  (including cover sheet)

| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91a PARTIAL MOTION TO DISMISS

On this date, the Court considered Plaintiff's Motion for Reconsideration/New Trial. After careful consideration of the Motion, the response thereto, arguments of counsel, and the relevant law, the Court is of the opinion that the Motion should be DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration/New Trial is DENIED.

SIGNED on this _____ day of _____, 2015.

_____
PRESIDING JUDGE

AGREED AS TO FORM:

_____       _____
Counsel for Plaintiff              Counsel for Defendant



# Appendix 12

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

May 1, 2015

**Via facsimile (210) 447-8036**
Christine E Reinhard/Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

Dear Ms. Reinhard and Mr. Barbour:

Enclosed please find Plaintiff's First Supplemental Objections and Responses to Defendant FMP's First Set of Interrogatories and First Request for Production.

Thank you.

Respectfully,

OLGA BROWN

OB/mf
cc    Cearth Faire

File

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE**<br>*Plaintiff*<br><br>**V.**<br><br>**FMP SA MANAGEMENT GROUP,**<br>**LLC, D/B/A FOOD MANAGEMENT**<br>**PARTNERS, LLC,**<br>**ALL JONES, LLC, ALLEN J JONES,**<br>**INDIVIDUALLY, AND**<br>**PETER DONBAVAND,**<br>**INDIVIDUALLY**<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT**<br><br><br>**150TH JUDICIAL DISTRICT**<br><br><br><br><br><br>**BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S OBJECTIONS AND FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT FMP'S
### FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

TO:  Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, Defendants, by and through their attorney of record, Christine E Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Plaintiff, Cearth Faire, serves these objections and first supplemental answers to Defendant FMP's first set of interrogatories and first requests for production.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By_____
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

2

## CERTIFICATE OF SERVICE

I do hereby certify that on the _1st_ day of May 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Objections and First Supplemental Responses to Defendant FMP's First Set of Interrogatories and First Request for Production to Plaintiff was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

OLGA BROWN

2

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT FMP'S
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify your current home address and who resides with you at this address.

**ANSWER:** Objection, as Defendant has posed two questions. Subject to and without waiving the foregoing objection, 8647 Timber Pl, San Antonio, TX 78250,

**INTERROGATORY NO. 2:**
Identify all names or aliases you are using today or have used in the past.

**ANSWER:** Plaintiff objects to the use of "aliases." Subject to and without waiving the foregoing objection, Cearth Faire and Cearth Lowden.

**INTERROGATORY NO. 3:**
Identify each and every lawsuit, arbitration, bankruptcy, administrative complaint, administrative charge (including, but not limited to, charges of discrimination filed with the Texas Workforce Commission and/or the Equal Employment Opportunity Commission), appeal, judgment, and execution to which you have been a party in any capacity within the last five (5) years. Include in your answer the case style and/or governmental identification number and the name and location of the applicable court or agency.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business. Subject to and without waiving the foregoing objection, please refer to Defendants' Bates DEF-CF000607-000617

**INTERROGATORY NO. 4:**
Identify, by date and nature of offense, each and every criminal conviction, arrest, prosecution, charge, indictment, information and/or investigation (not including minor traffic violations) directed toward you in the last ten (10) years, including the location of the alleged offense and the governmental authority seeking or making the conviction, arrest, prosecution, charge, indictment, information, and/or investigation.

**ANSWER:** Plaintiff objects to this interrogatory as worded, and as it implies she has had any such items listed. Plaintiff objects to the request as overly broad, and not designed to lead to discoverable and/or admissible evidence. Subject to and without waiving the foregoing objection, None.

## INTERROGATORY NO. 5:

Identify all employers for whom you have worked since **January 1, 2014** to the present, and state the dates of such employment (start and end), the position(s) held with each employer, your rate of pay, the benefits for each such position(s), and the total amount of compensation before deductions earned through each such employer.

**ANSWER:** Objection, merely harassing and annoying, as Defendants FMP, ALL JONES, LLC and their subsidiaries, are fully aware, January 1, 2014, until they terminated my employment August 31, 2014, they were my only employers, and have all the information, and the best information requested in this interrogatory. Subject to and without waiving the foregoing objections, please refer to Defendants' own payroll, benefit, expense and other documents, whether produced, withheld, redacted, or destroyed. I have recently obtained intermittent work with Barbizon USA, LLC, starting March 15, 2015, rate of pay $14.50/hour, and have been paid once, before deductions gross pay was $435.00 on or about April 15, 2015.

## INTERROGATORY NO. 6:

Identify all employers with whom you have applied for employment since January 1, 2014 to the present, and state the dates of such applications, the position(s) applied for, and the ultimate disposition of each such application.

**ANSWER:** Steel Point, Texas State Optical, Barbizon, New Braunfels ISD, FBD, Kevin Saunders Photography, FEDITC, Davis Law Firm, KeyStaff Inc, Gibson Guitar, Celebrities Concierge & Staffing Services, Cor-Tech LLC, Oslin Nation Co, Titan Factory Direct, Rapid Rod Service, KFSG Wealth Management, Patina Metals Inc, FiftyThree, Inc., J. Connell Constructions Recruiting, LLC, Southwaste, Perfect Lawns & LandWorks of Austin, Altruist Home Health Care, Inc, Boutique Plaintiff's Litigation Firm, PNP Petroleum, Independence Oilfield Chemicals, Responsive ID Solutions, Edward Lazaga, MD, Career Point College, XPEL technologies, Vysk Communications, Rise recovery, Alliance Family of Companies, Kendal King Group, Alamo Brokers of Texas, Babich & Associates, Texas State Optical, Olympia Group Inc, Tarantino Properties, Inc, Esplanade Gardens Assisted Living, Hunters Pond Rehabilitation and Healthcare Center, Casa Rio Healthcare and Rehabilitation Center, John Hernden Companies, Carlton Staffing and other "anonymous" employers via Indeed.com, beginning October 29, 2014, up through April 30, 2015. Positions applied for: Contract Administrative, Executive Assistant, Executive Administrative, Administrative Assistant, Executive/Personal Assistant, Administration Assistant, VMware Administrator, Executive Assistant, Human Resource Asst, Admin Support spec, VMware Administrator, Commercial and Plumbing admin, Professional Housing, "Entry Level Positions", "Office and Accounting", Director of Education, Modeling & Acting Instructor, Field Marketing/Sales, Office/Administrative, Receptionist/Administrative, Admin Asst, Operations Manager, JR Project, Fleet Manager/DOT Specialist, Executive Asst, Quality Assurance analyst, Legal Asst, Secretary/Office Mgr, Exec Asst, Medical Receptionist, Admin Asst, Admissions

4

Coordinators, Export/Shipping Coordinator, Exec Asst, Development Coord, Exec Asst, Medical Territory Sales, Optometry Practice Administrator, Admin Asst, Exec Asst, Optometry Practice, Asst Property Manager, Resident Asst, Business Office Mgr, Business Office Mgr, Property Management, Executive Assistant, Special Events coordinator II, Executive assistant, Administrative Assistant, Equine Veterinary, Legal Secretary/Paralegal, marketing, Administrative Assistant, Executive Admin Assistant, Assistant Property Manager, Business Office Manager, Dental Administrative, Administrative Assistant, Office Manager/Administrative, Executive Administrative, Legal Secretary, Executive Assistant/Personal, Assistant Manager, Hospice Director of Clinical, Executive Assistant Needed, Client Services, Executive Business Assistant, Receptionist/Customer, Assistant Business Office, Retail Admin Assistant, Administrative, Administrative Assistant, Project Administrator, Administration, $75-100k Executive personal Assistant, Assistant Brand Ambassador, Executive Assistant, Temporary Irrigation, Secretary/Customer Service, Executive Assistant, Executive Assistant, Executive Assistant, Senior Executive Assistant., Administrative Assistant, . Ultimate disposition: not hired. Barbizon USA, LLC, hired for intermittent work. I do not have any other information as to employers by name at this time, but will supplement as required.

**INTERROGATORY NO. 7:**
Identify each individual whom you contend harassed or discriminated against you on the basis of your sex as alleged in your Petition, including the approximate date(s) on which each such harassment or discrimination occurred, the nature of such harassment or discrimination, and any witnesses to such incidents.

**ANSWER:** Plaintiff objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Allen J Jones, beginning on or about January 22, 2013, and continuing through my termination on or about August 30, 2014. Please refer to the pleadings and Defendants' Bates DEF-CF000607-000617, and witnesses have been listed in Plaintiff's Amended Responses to Defendants' Request for Disclosures. Plaintiff will supplement.

**INTERROGATORY NO. 8:**
Identify each individual whom you contend retaliated against you in violation of the Texas Labor Code as alleged in your Petition, including the date(s) on which each such allegedly retaliatory act occurred and the nature of such allegedly retaliatory acts.

**ANSWER:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Allen J Jones, Peter Donbavand, Jason Kemp, Tracy Amass. The first retaliatory act was my termination on August 30, 2014. Subsequent retaliatory acts include but are not limited to: multiple attempts to deprive me of my home, repossession of my car, false police reports filed, falsification of employment records,

and libel and slander, together  hindering my reemployment efforts.   Plaintiff will supplement.

## INTERROGATORY NO. 9:

Identify each employee or agent of Defendant FMP to whom you complained of the alleged discrimination and harassment to which you contend you were subjected, including the dates on which such complaints were made, the manner in which such complaints were communicated to such agents, and any witnesses to such complaints.

**ANSWER:** See Defendants DEF-CJ-00054/55, complaint policy, which required me to report to my supervisor, (Allen J Jones), and elevate through the chain up to and including the President/CEO, (Allen J Jones), which I did, repeatedly. See the result in Defendants DEF-CJ-00111/12.

## INTERROGATORY NO. 10:

Identify each employment duty "not in furtherance of the corporate business" which you contend you were asked to perform, as alleged in your Petition, including the dates on which such requests were allegedly made of you and the individuals making such requests.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business. Plaintiff further objects to this request because it  is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection: Perform sexual acts for, on, and with the President/CEO and others at his direction, transport his illegal substances during air travel, for and at the direction of the President/CEO, aid the President/CEO, and Peter Donbavand, in keeping Mr. Jones' infant child out of the United States, in the Dominican Republic, and out of reach of his mother (See DEF-CF-490). Transport/travel with same infant child to return child to his mother in the United States, from the Dominican Republic  Plaintiff will supplement.

## INTERROGATORY NO. 11:

Identify all current or former employees, representatives, or agents of Defendant FMP whom you have contacted, or have been in contact with, regarding any matters relating to your Petition or to the subject matter of this lawsuit.  For each communication, please include in your response the substance of each communications, the parties to the communication, the dates of such communications and contacts, and the nature (in person, by telephone, or through a third party) to the communication.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff

6

to marshal all her evidence on this particular issue, and such request is improper Plaintiff objects as this request is better addressed at deposition, and Plaintiff objects, as all such communications are in the custody and control of Defendants. Subject to and without waiving the foregoing objection, **please refer to Plaintiff's comprehensive responses to Defendants' Request for Disclosure. Plaintiff will supplement. (note to mona- "Rick in IT", Tracy, Hugo, Brittne, Peter, Jessica D, Anna (new personal asst), Lisa**

## INTERROGATORY NO. 12:

Identify each individual from whom you have taken a written, audiotaped, or videotaped statement regarding any of the facts underlying your claims in this lawsuit.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Subject to and without waiving the foregoing objection, none at this time. Plaintiff will supplement as required by the rules.

## INTERROGATORY NO. 13:

Identify each manner in which you contend "Kemp ... acted with intent to assist Defendant Jones in his wrongful acts," as alleged in your Petition.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Subject to and without waiving the foregoing objection, none at this time. Plaintiff will supplement as required by the rules

## INTERROGATORY NO. 14:

With respect to any expert used for consultation and not expected to be called as a witness at trial, state the name, address, and telephone number of the expert and the subject matter of the expert's work. This Interrogatory applies only to those consulting experts whose opinions and/or work have been reviewed or relied upon by an expert who will testify at the trial of this case.

**ANSWER:** None at this time. Plaintiff will supplement as required by the rules.

## INTERROGATORY NO. 15:

If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element or damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component was determined, and should identify the source of each number used in the calculation.

**ANSWER:** Objection, premature, and Plaintiff is not required to marshal all her evidence. Subject to and without waiving the foregoing objection, please refer to Rule 408 communications since the inception of this case, and as of this response, $4,378,486.41:

| | |
|---|---|
| 153,162.98 | Unpaid Overtime While Employed |
| 98,024.48 | Back Pay To Date Of Term |
| 196,048.95 | Front Pay |
| 150,000.00 | Oral Gift Of Real Estate |
| 8,500.00 | Car |
| 150,000.00 | Wiretap Violations (minimum)* |
| 150,000.00 | Sexual Harassment |
| 200,000.00 | Punitives |
| 912,750.00 | Exemplary |
| 300,000.00 | Intentional Infliction Of Emotional Distress |
| 2,000,000.00 | Retaliation |
| 200,000.00 | Attorney Fees |

**4,518,486.41**

*Statute mandates $10,000.00 per occurrence
Plaintiff will supplement as the case progresses, particularly as Defendants are in control of most records associated with this matter.

## INTERROGATORY NO. 16:

Identify each health care provider from whom you have received treatment and/or a diagnosis relating to any mental anguish, emotional distress, or other mental health problem you contend was caused or exacerbated by Defendant FMP as alleged in your Petition.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Plaintiff further objects as this request calls for a medical diagnosis. Subject to and without waiving the foregoing objection, none at this time. Vine Wellness Group, Dr Yazdani, Dr. Parra, Lillian Jones, Christus Santa Rosa. Plaintiff will supplement as required by the rules.

8

## INTERROGATORY NO. 17:

Identify each act committed by any employee or agent of FMP in furtherance of the "conspiracy" alleged in your Petition.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records and said Defendants can obtain such information from their own intracorporate emails and this was a routine matter of conducting business. Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper . Subject to and without waiving the foregoing objection, Plaintiff will supplement as required by the rules.

## INTERROGATORY NO. 18:

Describe Plaintiff's efforts and her methodology used to identify and locate any electronic documents in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account and text messages, responsive to Defendant's Requests for Production.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory. Subject to and without waiving the foregoing objection, Plaintiff searched for pdonbavand@foodmps.com", "allenjones@foodmps.com",ajones@foodmps.com "allen jones" then printed same. Text messages are in the possession of Defendants.

## INTERROGATORY NO. 19:

Identify all search terms used by Plaintiff in identifying and locating documents maintained in any of her personal email accounts, including the mommiesawitch@yahoo.com account, and responsive to Defendant's Requests for Production.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records and said Defendants can obtain such information from their own intracorporate emails and this was a routine matter of conducting business. Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper . **Subject to and without waiving the foregoing objection, see Answer to No. 18 above.**

## INTERROGATORY NO. 20:

Identify the last date on which Plaintiff deleted any emails, text messages, or other electronically stored data in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account, and describe in detail steps taken by Plaintiff to ensure documents, data, and information responsive to Defendant's Requests for Production were not deleted or lost during

this process.

**ANSWER:** Objection as this request calls for answer that is not in evidence. Subject to and without waiving the foregoing objection, Text messages relevant to this suit are in the possession of Defendants. Plaintiff has not deleted emails or other electronically stored data in her possession, custody, or control, and relevant to this suit.

## INTERROGATORY NO. 21:

Identify the email accounts you have had and/or currently have, whether created by you or for your use, since November 13, 2012. Your answer should include the full email address, the date the account was established, and an indication as to whether you have sent and/or received any emails from such account(s) related to your employment with Defendants or your claims against Defendants in this lawsuit.

**ANSWER:** Objection as this request is overly broad, this request is two questions, which calls for two answers. Subject to and without waiving the foregoing objections, any information responsive to these interrogatories is in the possession, custody and control of Defendants, who have refused Plaintiff access to the information responsive to this request. mommiesawitch@yahoo.com, cfaire@foodmps.com, mommiesawitch@gmail.com clowden@foodmps, cfaire23@gmail.com cearthfaire@gmail.com

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT FMP'S
FIRST REQUEST FOR PRODUCTION**

**GENERAL OBJECTIONS**

PLAINTIFF OBJECTS BASED ON TRCP 193.1, PLAINTIFF IS NOT REQUIRED
TO PRODUCE DOCUMENTS EXCLUSIVELY IN THE CONTROL AND
POSSESSION OF DEFENDANTS.

1.    W-2 forms or 1099 forms that you have filed or received from January 1, 2010 to the present.
**RESPONSE**:    Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit.  Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants.    Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.

2.    Resumes that you have prepared since January 1, 2010 to the present.
**RESPONSE:**  Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit.  Subject to and without waiving the foregoing objection, please see Defendants' Bates DEF-CJ-00076/78 and Faire0001-02.

3.    Your personal diaries, journals, calendars, and/or notes created by you on or after November 13, 2012, that discuss or reference the facts underlying any of your claims in this lawsuit.  This request is not seeking any documents protected from discovery by the attorney-client privilege.

**RESPONSE:**    Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

4.    Maps, charts, tables, diagrams, and chronologies created by you on or after November 13, 2012, that reference the facts underlying any of your claims in this lawsuit.  This request is not seeking any documents protected from discovery by the attorney-client privilege.

**RESPONSE:** Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

5.      Videotapes, audiotapes, and photographs relating to your allegations against Defendants or the facts underlying any of your claims in this lawsuit. This Request includes all duplicate copies you have in your possession, including any copies of audio recordings.

**RESPONSE:** Objection as the requested items were last in the possession of Defendants, and only limited "responsive" documents were "recovered" by Defendants in response to my proper discovery requests. Plaintiff objects to this request in that it assumes such documents are in possession of Plaintiff. Such documents are in possession o Defendants or other third parties. All other "responsive" documents are in the possession, custody and control of Defendants, and have been withheld from Plaintiff by Defendants. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

6.      Written, audiotaped, or videotaped statements that you have taken from any person whom you believe may have knowledge of facts relevant to the claims in your lawsuit.
**RESPONSE:** None at this time. Plaintiff will supplement as required by the rules.

7.      Written, audiotaped, or videotaped statements in which you allegedly complain of unlawful discrimination and/or retaliation during your employment with Defendant.
**RESPONSE:** Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, please refer to Defendants' Bates DEF-CF000607-000617. Plaintiff will supplement as required by the rules.

8.      Correspondence, including but not limited to emails, between you and Defendant Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same. See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Faire003-131.

9. Correspondence, including but not limited to emails, between you and Defendant Donbavand regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.
**RESPONSE:** Objection, as Defendants Jones and Donbavand are in possession and control of such emails between Donbavand and Plaintiff, and further Defendants withheld same from Plaintiff, or "redacted" same. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Faire0132-0256.

10. Correspondence, including but not limited to emails, between you and any employee or agent of Defendant FMP regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same. See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please also refer to Requests 8 and 9 above.

11. Correspondence, including but not limited to emails, between you and any employee or agent of Defendant All Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendant ALL JONES and co-defendants are in possession and control of such emails between any employee or agent of Defendants, and further, See TRCP 193.1. Further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank Defendants were sent a Retention Notice on

December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-10 above.

12.   Correspondence, including but not limited to emails, between you and any individual identified in your Responses to Defendants' Requests for Disclosure regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendants are in possession and control of such emails between any employee or agent of Defendants, and further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank. . Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-11 above.

13.   Statements, documents, videotapes, and audiotapes you submitted to the EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.
**RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

14.   Statements, documents, videotapes, and audiotapes you received from EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.
**RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

15.   Documents relating in any manner to any criminal records (including but not limited to police reports, arrest, and/or conviction records) identified in your response to Interrogatory No. 4.
**RESPONSE:** Plaintiff incorporates her objection to Interrogatory No. 4, objects as this request is solely for the purpose of harassment. Subject to and without waiving the foregoing objection, none.

16.   Rebuttal and impeachment evidence you intend on introducing at trial that is not otherwise responsive to Defendant's Requests for Production or Interrogatories propounded on you.

**RESPONSE:** Plaintiff objects as this request is overly broad, and because this request requires Plaintiff to marshall her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, None at this time. However, discovery is in its early stages, ongoing, and

Defendants' have withheld and/or redacted "responsive" documents. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Plaintiff will supplement once she is afforded access to properly requested responsive documents.

17.    Petitions and complaints in lawsuits identified in response to Interrogatory No. 3.
**RESPONSE:**   None other than this suit, for which, Defendants' are in possession of all such requested documents. Please see Requests 13 and 14 above

18.    Documents submitted by you in conjunction with any bankruptcy petition filed by you since January 1, 2010.
**RESPONSE:**    Plaintiff objects, as this request is irrelevant, and will not lead to admissible evidence related to the subject matter of this suit. Subject to and without waiving the foregoing objection, none.

19.    Documents taken, received, kept, or generated by a health care provider relating to any emotional distress or mental anguish you claim as damages in this lawsuit.
**RESPONSE:**  Plaintiff will supplement.

20.    Medical records supporting your claim that you suffered mental anguish as a result of Defendants' conduct and/or omissions as alleged in this lawsuit.
**RESPONSE:**   Plaintiff will supplement.

21.    If you seek emotional distress, mental anguish, or other compensatory damages, a signed copy of the attached authorization for release of medical records.
**RESPONSE:**  Plaintiff objects as these are three separate questions. Subject to and without waiving the foregoing objections, please see executed release enclosed.

22.    If you have worked or applied for work with any other employer besides Defendant since January 1, 2014, a signed copy of the attached authorization for release of employment records.
**RESPONSE:**   Objection as this is two questions, calling for two answers, and as such is improper.   Subject to and without waiving the foregoing objection, please see executed release enclosed.

23.    If you are seeking attorney's fees, the contract(s) for legal services between you and your counsel in this case.
**RESPONSE:**  See Faire 0257-0260.

24.    If you are seeking attorney's fees, documents, including but not limited to "time sheets," bills, invoices, and/or receipts, that support your claim for reasonable attorney's fees, costs, and expenses in this case.
**RESPONSE:** :  See Faire 0261-0264. Plaintiff will supplement.

25.    Privilege log of all documents withheld from production due to a claim of privilege.
**RESPONSE**: None

26.    Documents relied upon by a consulting expert whose opinion(s) and/or work product have been reviewed by or relied upon by a testifying expert.
**RESPONSE**: None at this time.  Plaintiff will supplement as required by the rules.

27.    Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings sent to or received from any current or former employee of Defendant relating to your claims in this lawsuit.
**RESPONSE**: None at this time.  However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents.  Plaintiff will supplement once she is afforded access to properly requested responsive documents TRCP 193.1

28.    Any documents identified in or relied upon in your Responses to Defendant's Requests for Disclosures.
**RESPONSE**: Objection as this request requires Plaintiff to marshal her evidence on this particular issue and such request is improper.

29.    Any documents relied upon or referenced in responding to Defendant's Interrogatories.
**RESPONSE**: Objection as this request requires Plaintiff to marshal her evidence on this particular issue and such request is improper.

30.    Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings you have received from the individuals identified in your responses to Interrogatory Nos. 7-9 and 12-13 above that relate to your claims in this lawsuit.

**RESPONSE**: None at this time.  However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents.  Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.  Subject to and without waiving the foregoing objection, Plaintiff will supplement once she is afforded access to properly requested responsive documents. TRCP 193.1

31.    Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings that relate to the employment practices identified in response to Interrogatory Nos. 7-8 above.

**RESPONSE:**   None at this time.  However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents.  Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to examination of security tapes previously requested of Defendants, and forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection,  Plaintiff will supplement once she is afforded access to properly requested responsive documents.

32.    Documents created by you that record, summarize, document or reference conversations or communications between you and any current or former employee of Defendants about your claims in this lawsuit.  This Request does not seek documents created by you in order to seek legal advice or documents created at the behest of your attorney.
**RESPONSE:**   Objection as this request is non-sensical.  Subject to and without waiving the foregoing objection, attorney-work product.

33.    Correspondence, notes, memoranda, reports, documents, or other written or recorded material taken or received from Defendants by Plaintiff, including but not limited to, policies, procedure manuals, reports, performance reviews, counselings, and/or memoranda.
**RESPONSE:**  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted, in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any.  Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

34.    Documents discussing or referencing your work performance while employed with Defendant from November 13, 2012 to the present.
**RESPONSE:**  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

35.    Evaluations, reprimands, or other documents discussing your performance or employment status with Defendants since November 13, 2012.
**RESPONSE:**  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

36.    Documents received from employers to whom you have inquired about employment at any time from January 1, 2014 to the present.
**RESPONSE:**   None

37.    Documents received from employers that have made you an offer of employment at any time from January 1, 2014 to the present.
RESPONSE:    None at this time. Plaintiff will supplement.

38.    Documents, including but not limited to written applications for employment, submitted to potential employer(s) at any time from January 1, 2014 to the present.
RESPONSE:    None, as the mechanisms have been online. See response to Defendants' Interrogatory No.6.

39.    Documents you intend to offer as an exhibit during any proceeding, deposition, hearing, or trial of this lawsuit.
RESPONSE:    Objection, as this request is premature, and Plaintiff is not required to marshall all evidence at this time. Further, Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Discovery is ongoing, Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

40.    Emails you sent to or received from any current or former employee of Defendant that discuss or evidence your claims in this lawsuit.
RESPONSE:    See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

41.    Documents that support your claim for back pay as alleged in your Petition.
RESPONSE:    See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

42.    Documents that support your claim for front pay as alleged in your Petition.
RESPONSE:    See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

43.     Documents that support your claim for "non-economic" damages, as alleged in your Petition.
        **RESPONSE:** Plaintiff objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Plaintiff will supplement pursuant to the rules.

44.     Documents revealing your gross and net income, including benefits, since January 1, 2010 to the present.
        **RESPONSE:** Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit. Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants. Defendants have withheld and/or redacted such documents from Plaintiff

45.     Documents supporting your contention that "Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to" her, as alleged in your Petition.
        **RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

46.     Documents supporting your contention that "Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit," as alleged in your Petition.
        **RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.. Please refer to Defendants' BATES DEF-CF-00118, DEF-CF-000448, 00401 and other documents in the possession of Defendants.

47.     Documents supporting your contention that Defendant Jones "authorized for [sic] the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.
        **RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on

December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.

48.  Documents evidencing any Defendant's alleged intent to gift the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
**RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants  Defendants have withheld such documents from Plaintiff.  Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF- CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.

49.  Documents that, if executed, would transfer ownership of the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
**RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

50.  Documents evidencing Plaintiff's "moving expenses.
**RESPONSE:** "Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

51.  Documents evidencing Plaintiff's "expenses in making repairs to the residence to make it habitable.
**RESPONSE:** " Please see Faire0265-0272 and objections and responses to Request 8 and 9 above.

52.  A copy of the "inspection report" identified in Paragraph 13 of your Petition.
**RESPONSE:** See Defendants' DEF-CF-00119-00144.

53.   A copy of the "one-month lease" identified in Paragraph 13 of your Petition.
      **RESPONSE:** Please refer to BATES DEF-CJ-00085-00086.

54.   Documents supporting your contention that "Plaintiff had clear title to her 2005
      Mini Cooper," as alleged in your Petition.
      **RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped
      documents produced and those withheld, as well as those redacted in response
      to Plaintiff's discovery requests. Defendants are in possession, custody or control
      of the requested documents, if any. Plaintiff has requested all of the above from
      Defendants, and most has been withheld or redacted. Plaintiff will supplement
      should Defendants' produce responsive documents properly requested by
      Plaintiff. DEF-CF-00514 Please also see Faire0273-0279.

55.   A copy of the "payment plan" identified in Paragraph 15 of your Petition.
      **RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped
      documents produced and those withheld, as well as those redacted in response
      to Plaintiff's discovery requests. Defendants are in possession, custody or control
      of the requested documents, if any. Plaintiff has requested all of the above from
      Defendants, and most has been withheld or redacted. Plaintiff will supplement
      should Defendants' ever produce responsive documents properly requested by
      Plaintiff.

56.   Documents supporting your contention that "immediately before the firing, [you
      had] been given a raise in pay and additional duties," as alleged in your Petition.
      **RESPONSE:** See DEF-CJ-00065.

57.   Documents supporting your contention that you were asked to "perform
      employment duties that were not in furtherance of the corporate business," as
      alleged in your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further
      object to this request because it requires Plaintiff to marshal all her evidence on this
      particular issue, and such request is improper. Subject to and without waiving the
      foregoing objection, please refer to 2013-CI-04328 and 2013-CI-11046.

58.   Documents supporting your contention that "Donbavand ... was aware of the
      employment violations ...," as alleged in your Petition.
      **RESPONSE:** See Defendants' Bates stamped documents produced and those
      withheld, as well as those redacted in response to Plaintiff's discovery requests.
      Defendants are in possession, custody or control of the requested documents, if
      any. Plaintiff has requested all of the above from Defendants, and most has been
      withheld or redacted. Plaintiff will supplement should Defendants' produce
      responsive documents properly requested by Plaintiff TRCP 193.1.

59.   Documents supporting your contention that Defendants have "circulat[ed]
      malicious rumors about the Plaintiff," as alleged in your Petition.
      **RESPONSE:** Plaintiff objects to this request because it is overly broad, and further
      object to this request because it requires Plaintiff to marshal all her evidence on this

particular issue, and such request is improper. Subject to and without waiving the foregoing objection. **See DEF-CJ-00064, DEF-CJ-000111-15, DEF-CF-00456, 00463** Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

60.   The "written agreement" Defendant Jones allegedly promised to execute at closing, as alleged in Paragraph 22 of your Petition.
RESPONSE:  Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

61.   Any documents that existed at the time of closing and would "giv[e you] full title and interest to the home," as alleged in your Petition.
RESPONSE:  Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Subject to and without waiving the foregoing objection, See DEF-CF-118, 119, 149, 478, 478, 496, 583 AND DEF-CJ-0085. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

62.   Documents supporting your contention that Defendants made "a false representation or concealment of material facts concerning the real estate transaction," as alleged in your Petition.
RESPONSE:  Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, See DEF-CF-118, 119, 149, 478, 478, 496, 583 AND DEF-CJ-0085. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

63.   Documents supporting your contention that Defendants "made representation with knowledge, actual or constructive, of those facts," as alleged in your Petition.
RESPONSE:  Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing

objections, See DEF-CF-118, 119, 149, 478, 478, 496, 583 AND DEF-CJ-0085. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

64. Documents supporting your contention that you "detrimentally relied upon the misrepresentation," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see DEF-CF-00565 Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

65. Documents evidencing any costs or expenses incurred by you based upon your alleged detrimental reliance upon Defendants' representations.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see Faire0265-0272 and Uhaul rental records and Bank of America check record for $1,200.00. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

66. Documents, including but not limited to any invoices for work performed, evidencing "valuable improvements" you contend you have made to the property located at 8647 Timber Place, San Antonio, Texas 78250.
**RESPONSE:** DEF-CF-496/97 and see Request 65 above.

67. Documents, including but not limited to emails and correspondence, evidencing any instance in which Defendant Jones "made sexual advances toward Plaintiff," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

68. Documents, including but not limited to emails and correspondence, evidencing any instance in which you complained of Defendant Jones's alleged "sexual advances.

**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1."

69. Documents, including but not limited to emails and correspondence, evidencing any instance in which you resisted Defendant Jones's alleged "sexual advances.

**RESPONSE:** " Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

70. Documents supporting your contention that Defendant Jones "made it clear that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones," as alleged in your Petition.

**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

71. Documents evidencing any instance in which you "refused to further submit to Defendant Jones's inappropriate requests," as alleged in your Petition.

**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

72.  Documents evidencing any act committed by Donbavand in furtherance of the "conspiracy" alleged in your Petition.
RESPONSE: Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see DEF-CF-00477,00478,00479, 00482/00483, 00486, 00492, 00496 Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

73.  Documents evidencing any act committed by Kemp in furtherance of the "conspiracy" alleged in your Petition.
RESPONSE: Plaintiff objects to this request because it is duplicative, overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Plaintiff also objects and declines to give a narrative answer to this interrogatory because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business. Subject to and without waiving the foregoing objection, see DEF-CF-00486, 00490, 00491, 00496, 00509,00510, 00511. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

74.  Documents evidencing your "payment of consideration" for the property located at 8647 Timber Place, San Antonio, Texas 78250, as alleged in your Petition.
RESPONSE: Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1

75.  Documents evidencing "valuable improvements" you have made to the property located at 8647 Timber Place, San Antonio, Texas, as alleged in your Petition.
RESPONSE: Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1 and Request 66 above.

76. All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present.

**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

77. All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present regarding your claims in this lawsuit.

**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff.

78. All emails sent from your mommiesawitch@yahoo.com email account from November 13, 2012 to present to any person identified in your Responses to Defendants' Requests for Disclosure.

**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

79.    All emails received at your mommiesawitch@yahoo.com email account from November 13, 2012 to present from any person identified in your Responses to Defendants' Requests for Disclosure.

**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP193.1

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP, LLC,** | § | |
| **D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **PETER DONBAVAND, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## VERIFICATION

STATE OF TEXAS      §
                    §
COUNTY OF BEXAR     §

BEFORE ME, the undersigned authority, on this day personally appeared CEARTH FAIRE, known to me through TXDL NO. *****898, SSN ***-**-4220 to be the person whose name is subscribed below and who being by me duly sworn on her oath deposed and said that She has read the foregoing and that the statements contained therein are within her personal knowledge and are true and correct.

_____
CEARTH FAIRE

SWORN and SUBSCRIBED to before me on this _____ day of _____ 2015.

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

_____
Notary Public in and for State of Texas

My Commission



CEARTH FAIRE  |  Account # 5860 3019 4183  |  July 25, 2014 to August 22, 2014

## Checks

| Date | Check # | Amount |
|------|---------|-----------:|
| 08/05/14 | 501 | -1,200.00 |
| **Total checks** | | -$1,200.00 |
| **Total # of checks** | | 1 |

| U-HAUL EQUIPMENT CONTRACT | | In-Town Return (IN) |
|---|---|---|

Contract No.: 97656754
Saturday 8/2/2014 9:08 AM

S&R Boat & Rv Storage
(038039)

25890 Hwy 281 N
SAN ANTONIO, TX. 78259

(830)980-9780

Customer Name:

Cearth Faire
240 E NORTH ST
NEW BRAUNFELS, TX 78130

Cust Ph - Email:

2102153234

Rental Date/Time: 7/31/2014 12:28 PM
Return Date/Time: 8/2/2014 9:08 AM
Chargeable Rental Periods: 2

| Equipment | MI Out | MI In | MI Rate | MI Charge | Coverage | Missing or Damage Charge: | Rental Rate | Rental Charge | Actual Charges |
|---|---|---|---|---|---|---|---|---|---|
| UH - 26' Truck UH 4166B Plate: AD67025 State: AZ | 85505.0 | 85708.0 | $0.69 X 203.0 | $140.07 | SafeMove $28.00 | $0.00 | $39.95 | $79.90 | $247.97 |

FUEL TANK CAPACITY: 0 GALLONS

| E | 1/8 | 1/4 | 3/8 | 1/2 | 5/8 | 3/4 | 7/8 | F |
|---|---|---|---|---|---|---|---|---|

|  |  |
|---|---|
| Environmental Fee: | $2.00 |
| SubTotal: | $249.97 |
| Rental Tax: | $25.00 |
| Rental Charges: | $274.97 |
| Previous Paid: | $0.00 |

Card Type:
VISA

Account:
XXXXXXXXXXXXXXXX4704

Auth:
025971

Credit Card Payment: $105.99

Card Type:
VISA

Account:
XXXXXXXXXXXXXXXX4704

Auth:
015029

Credit Card Payment: $168.98

Net Paid Today: $274.97

* I confirm that during the term of my rental there was not an accident involving the rented U-Haul equipment and no incidence where this equipment struck or otherwise caused damage to any person or property either while on a public road or private property. There was no injury or damage sustained by me or any other drivers or passengers of this equipment.

X_____
Customer Signature - (Cearth Faire)

X_____
Agent Signature - (38039)

How are we doing? Please go to http://www.uhaul.com/review and let us know if you received the level of quality and service you expect from this U-Haul location.

**In-Town Rental (OUT)** - Thursday, 7/31/2014 12:28 PM **Contract No.:** 97656754
**ROADSIDE ASSISTANCE:** myuhaul.com or 1-800-528-0355- JH 41668
**Dispatched From:** 038039 - Safe-Protection:(YES)

Customer:
cearth faira
240 E NORTH ST
NEW BRAUNFELS, TX 78130

2102153234
DL: xxxxx5898, TX, 0120

Renting Location:
S&R Boat & Rv Storage - (038039)
25890 Hwy 281 N
SAN ANTONIO, TX 78258 (830)980-9780

**Towing Vehicle:** U-Haul Truck

▪ I agree that only the "Towing Vehicle" listed on this contract will be used to tow U-Haul Equipment.

Rental Out Date/Time: 7/31/2014 12:28 PM                Rental Due Date/Time: 7/31/2014 5:00 PM

▪ Failure to return the equipment by the Rental Due time may result in additional charges.

| Equipment | MI Out | MI Rate | MI Charge | Coverage | Rental Rate | Rental Charge | Estimated Charges |
|-----------|--------|---------|-----------|----------|-------------|---------------|-------------------|
| JH 41668 AD67025 AZ | 35505.0 | $0.69 X 60.0 | $41.40 | SafeMove $14.00 | $39.95 | $39.95 | $95.35 |

FUEL TANK CAPACITY: 57 GALLONS

| | Estimated Environmental Fee: | $1.00 |
|---|---|---|
| | Estimated Subtotal: | $96.35 |
| | Estimated Rental Tax: | $9.64 |
| | Estimated Charges Paid: | $0.00 |
| | Estimated Total Charges: | $105.99 |

Estimated gallons needed to return to dispatched level of 1/4

Card Type:          Account:                        Auth-
VISA                XXXXXXXXXXXXXXXX4704            025971

The bank has placed a HOLD for $105.99 on your account. This hold may appear on your statement. U-Haul will not charge/credit your card until you return the equipment and your rental charges are calculated.        **Net Paid Today:** $0.00

▪ I agree to verify my truck's fuel level is 1/4 before leaving the premises. I will return the vehicle with the same amount of fuel as when dispatched and/or agree to pay a $5.00 per gallon convenience fee for the estimated fuel I do not replace. If returned with less than a 1/4 tank, I agree to also pay a $30.00 service fee. U-Haul does not reimburse if this truck is returned with more fuel than what is printed on the receipt gauge. U-Haul pays for oil (save receipts).

Customer may be responsible for any damage to the vehicle even if not at fault. Purchase of collision damage waiver (SafeMove/SafeTow) is not mandatory to the renting of the vehicle. Customer's motor vehicle insurance purchased and in force in this state may cover the same amounts as covered by the collision damage waiver.

▪ U-Haul provides the Customer with minimum limits of protection required by that state or province where arises any claim, suit or cause of action. This provided protection is in excess or secondary to any insurance coverage(s) of the Customer. Customer assumes Sole Responsibility for any and all liability that exceeds the applicable minimum limits of protection for that state or province.

▪ I understand that this equipment must be returned to the same U-Haul location where it was rented. I understand that the minimum rental charge for equipment returned to a different location is twice the amount of the current One Way rate from this U-Haul location to the actual drop-off location.
▪ I understand that the equipment rented is water resistant and not water proof.
▪ I acknowledge that I have received the appropriate User Instructions and acknowledge my responsibility to fully read and understand these User Instructions before operating the equipment.
▪ I agree to submit all claims against U-Haul in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from your local U-Haul representative.

▪ Watch for overhead objects and lock-up the cargo box. I understand that a collision with an overhead object and theft of my cargo are just two specific exclusions not covered by Safemove or Safetow protection.
▪ I agree that distracted driving is dangerous and that driving while distracted is likely to lead to an **accident/crash** causing serious injury or death. I agree not to use a hand held mobile phone (other than for an emergency call) and not to text while driving any U-Haul truck or towing any U-Haul Trailer, Tow Dolly or Auto Transport. My agreement not to do so is material to U-Haul's decision to enter into this Agreement. My failure to comply is material breach of this Agreement.
▪ The following shall be admissible as evidence of negligence and breach of contract in any lawsuit or arbitration: 1) that the driver of the U-Haul truck, or vehicle towing any U-Haul Trailer, Tow Dolly or Auto Transport was texting while driving; 2) that the driver of the U-Haul truck, or vehicle towing any U-Haul Trailer, Tow Dolly or Auto Transport, was using any mobile phone (other than hands free or for an emergency call) while driving.
▪ I acknowledge that I have received and agree to the terms and conditions of this Rental Contract and the Rental Contract Addendum.

X_____                          X_____
Customer Signature - (cearth faire)                      Agent Signature - (38039)

Discount Savings on Motel and Hotel Rooms. 10% OFF at La Quinta Inns and Suites: 1-800-753-3757 Online @ www.lq.com/uhaul
Questions or need help? Call me.

_____ (830)980-9780
69461162(G)

# AUTHORIZATION FOR THE USE AND DISCLOSURE OF
## PROTECTED HEALTH INFORMATION

1.    I hereby authorize my Medical Providers to use and disclose protected health information from the record(s) of:

Patient's Name: Cearth Faire

Birth Date:    1/20/1964    Social Security No : 4220

2.    Copies of the following records shall be used and disclosed:
___X___ Complete Medical Records for the patient's admission or treatment for November 13, 2013 to present.
_____ Complete Medical Records for ALL of the patient's admissions.
_____ Other _____

(Specifically Identify)

3.    I understand that the records used and disclosed under this authorization form may include information relating to Human Immunodeficiency Virus ("HIV") infection or Acquired Immunodeficiency Syndrome ("AIDS"); treatment for or history of drug or alcohol abuse; or mental or behavioral health or psychiatric care.

4.    I request that copies of the records indicated above be sent to:

| | |
|---|---|
| Name of Recipient: | SCHMOYER REINHARD LLP |
| Address: | 17806 IH 10 West, Suite 400 |
| City: | San Antonio |
| State: | Texas |
| Zip Code: | 78257 |

5.    I understand that the information furnished by my Health Care Providers may no longer be protected by Federal and Texas privacy law once it is disclosed to the Recipient and, therefore, may be subject to re-disclosure by the Recipient.

6.    This use and disclosure is at the request of the individual signing below.

7.    I understand that I may revoke this authorization in writing at any time except to the extent that any of my Medical Providers have already relied on this authorization. I understand that I may revoke this authorization by sending or faxing a written notice to the Privacy Officer of the Medical Provider(s) stating my intent to revoke this authorization.

8.    If not revoked, I understand that this authorization will expire 180 days from the date shown next to my signature unless I have indicated another date here: _____.

9.    I understand that my Medical Providers may not condition my treatment based on my completion of this authorization form.

10.    A copy of this Authorization will have the same effect as that of an original.

_____    _____
Signature of Patient or Legal Representative    Date

Cearth Faire
_____
Printed Name of Legal Representative (if any)

Description of authority to act for the patient: ___NONE_____

## AUTHORIZATION AND RELEASE
## FOR EMPLOYMENT RECORDS

I hereby authorize any company, business, person, institution, firm or corporation, to release to Schmoyer Reinhard LLP, and any of its agents, any material or information pertaining to your employment of CEARTH FAIRE, including by way of example, but not limited to the following:

> Complete and/or updated personnel records, payroll records, human resources records, office notes, reports, correspondence and/or written documents pertaining to the employment of CEARTH FAIRE including but not limited to his applications for employment, contracts or agreements signed by all parties, documents reflecting dates of employment, resume provided, records of all positions held, job descriptions of positions held, attendance records, wage records, pay stubs, employee benefits records, workers' compensation files, warning letters, performance evaluations, counseling documents, disciplinary documents, complimentary letters, complaint letters, medical records, training records and/or records contained in your files from other sources pertaining to CEARTH FAIRE'S employment.

This Authorization also includes the authority to copy and inspect any and all such records.

You are hereby released from any and all liability in connection with the disclosure of information, records, documents, writings and physical evidence to the firm specified above.

This Authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof.

A copy of this Authorization may be used in place of and with the same force and effect as the original.

_1/20/1964_
Date of Birth

Signature: CEARTH FAIRE

_4220_
Social Security Number



# Appendix 13

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91a PARTIAL MOTION TO DISMISS

On this date, the Court considered Defendants' First Amended Rule 91a Partial Motion to Dismiss. After careful consideration of the Motion, the response thereto, arguments of counsel, and the relevant law, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' First Amended Rule 91a Partial Motion to Dismiss is GRANTED. It is further ORDERED that Plaintiff's claims for promissory estoppel, "oral gift" of real estate, and conspiracy are DISMISSED WITH PREJUDICE, and ~~Defendants are awarded their reasonable and necessary attorney's fees incurred with respect to these challenged causes of action~~.

SIGNED on this _____ day of _____, 2015.

_____
PRESIDING JUDGE

AGREED AS TO FORM:

_____    _____
Counsel for Plaintiff        Counsel for Defendant



# Appendix 14

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | | |
| **INDIVIDUALLY, AND** | | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Fourth Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, Peter Donbavand and Jason Kemp, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. A Level Three Agreed Docket Control Order is in place, this matter is set for Jury Trial November 2, 2015.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3. Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court

6. Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7. Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

8. Defendant Jason Kemp is an individual whose business address is Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232. He may be served at this address, or wherever he may be found.

## JURISDICTION

9. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**VENUE**

10. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

**FACTS**

11. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated.

12. Defendant Jones, individually, in recognition for her loyal and tireless services personal to him, promised Plaintiff a home. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit, until he retaliated against Plaintiff by denying he had made a gift of real estate to Plaintiff.

13. Defendant Jones, in his individual capacity, negotiated with Defendant Jason Kemp, whose wife owned the residence at 8647 Timber Pl, San Antonio, TX 78250. Defendant Jones then instructed, Defendant Donbavand, in his individual capacity and outside the scope of corporate business to prepare the necessary documents so he, Jones could purchase the residence for the Plaintiff.

14.     Defendant Donbavand, while a business partner of Defendant Jones and also an agent of Defendant FMP, routinely served Defendant Jones as a personal aide and routinely took orders from Jones outside the course and scope of his duties with the corporate entities to meet the personal demands of Defendant Jones, notwithstanding if the corporate best interests were served.

15. Defendant Kemp, also a business partner of Defendant Jones, took orders and assumed duties outside the course and scope of the corporate entities upon demand from Defendant Jones the President & CEO of Defendant FMP. Defendant Jones treats the corporate entities as his "piggy bank" and Defendants Donbavand and Kemp, as his personal aides.

16.     Defendant Kemp routinely succumbs to the personal demands of Defendant Jones outside the best interests of the corporate business as in this case to sell him the residence at 8647 Timber Pl, San Antonio, TX 78250, so he could gift the property to the Plaintiff in consideration for her assisting in his personal legal matters.

17.     While Defendant Donbavand was completing the necessary documents, again outside the course and scope of corporate business, Defendant Jones requested that Plaintiff move into the house, orally gifting her the house, a present gift. Plaintiff in reliance of his oral promised moved into the house with the consent of Defendant Kemp and the request of Defendant Jones and made valuable and permanent improvements in reliance of Defendant Jones promise to her.

4

18.     Plaintiff  incurred moving expenses as well as expenses in making permanent improvements to the residence to make it habitable.  The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.

19.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones demanded the other defendants Defendant Peter Donbavand and Defendant Jason Kemp evict Plaintiff from the house he had given her.   The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction in that title to the property is at issue. The wrongful eviction proceedings are outside the course and scope of corporate business.

20.     Defendants continued to harass the Plaintiff by wrongfully repossessing her car.  Plaintiff had clear title to her 2005 Mini Cooper.  Jones promised to repair her car.  An ambiguous payment plan was put in place.  However, in retaliation for claiming her rightful title to her house, Jones has deprived Plaintiff of a necessity, of transportation to seek employment.  During the repossession process, Jones terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

21.     Plaintiff had an exemplary employment record before being hired by Defendants FMP and ALL JONES, LLC.  Immediately before being fired by Defendants, Faire had been given a raise in pay and been entrusted with additional duties.  Plaintiff was fired solely because Plaintiff refused to continue to perform employment duties that were not in furtherance of the corporate business and because of Defendant Jones' demands for demeaning sexual acts and explicit threats to fire her if she didn't submit.

22.     Plaintiff seeks actual damages as a result of the sexual harassment and discrimination, which include, but are not limited to back pay from the date of quid pro quo retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her unlawful termination.

23.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones explicitly forcing her to choose between the sexual abuse he was demanding of her and her livelihood.

24.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the retaliation.  Defendant Jones, as President and CEO, has inflicted additional injuries by circulating malicious rumors about the Plaintiff at corporate headquarters.  Plaintiff therefore seeks exemplary damages.

## COUNT 1- ORAL GIFT OF REAL ESTATE

25.     On or about  March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

26.     On or about July 20 2014, Plaintiff moved into the house at 8647 Timber Pl, San Antonio, Texas 78250, that Defendant Jones gifted her in his individual capacity but  with the knowledge and  consent of all Defendants.  Plaintiff is still living at her home, taking possession under the present gift.

27.      Plaintiff has made permanent and valuable improvement to the home based on the reliance of the gift made to her by Defendant Jones as an individual.

28.     It was reasonable for Plaintiff to rely on Defendant Jones' promise of an oral gift of real estate based on Defendant Jones' financial resources, including but not limited to ownership in franchises of Zio's Italian Kitchen, Buffalo Wild Wings, Don Pablo's Big Tex Bold Mex, Furr's, Little Ceasar's and Smashburger.

29.   Further, Defendant Jones boasts of having presently one million dollars worth of cars and extensive real estate holdings in the state.   In other judicial proceedings, Defendant Jones bragged about owning 150 businesses and having financial resources to "buy" a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings.

30. Defendant Jones informed the Plaintiff that he was buying the house from Defendant Kemp, and that at closing, he would give her full title and interest to the home. Defendants Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and Defendant Jason Kemp. All terms for the sale of the house were reached by buyer and seller, and having absolutely nothing to do with the business of the corporate entities, parties herein

31. Defendant Jones negotiated all the terms of the real estate purchase to make a present gift of real estate to Plaintiff. Defendant Jones, Defendant Kemp, and Defendant Donbavand knew the house located at 8647 Timber Pl, San Antonio, TX 78250 purchased from Kemp's wife, Tara Kemp, was a gift of real estate to the Plaintiff. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing, all outside of the course and scope of corporate business..

32. Defendant Jones made this gift to Plaintiff as an individual and not as President & CEO of the other corporate defendants. Defendant Jones purchased the home from Defendant Kemp as an individual and not as a transaction within the course and scope of corporate business.

33. Defendant Jones ordered Defendant Donbavand to complete the necessary documentation and transactions outside the course and scope of

corporate business. Defendant Donbavand  routinely acts as Defendant Jones' personal aide to carry out his orders regarding personal matters. Defendant Donbavand is experienced in real estate transactions and worked to completing the necessary documents.   In the meantime, in a fit of retaliation, Defendant Jones changed his mind about the gift.  Plaintiff has been living in the house for eight months.

34.     Plaintiff asserts this oral gift of real estate must be enforced  in equity as the facts herein establish a gift of real estate, notwithstanding the requirements of the statute of frauds.

## COUNT 2 – Conspiracy

35.     Defendants Peter Donbavand and Jason Kemp, as individuals acting outside their corporate duties,  assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff, and specifically acting to rescind the oral gift of real estate to Plaintiff

36.     Defendant Donbavand  and Defendant Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff of attempting to rescind the present gift of real estate.

37.     Defendant Donbavand and Defendant Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in the breach of the present gift Defendant Jones made to Plaintiff.

## COUNT 3 QUID PRO QUO SEXUAL HARASSMENT

38.     Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant Allen J. Jones, the President and CEO of Defendant FMP.   Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

39.     Plaintiff raises this claim under Tex. Lab. Code Ann. §§ 21.001, .051 (West 1996), which prohibits discrimination on the basis of sex.

40.     On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

41.     Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

42.     At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his financial power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

43.     Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones.  Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment.  When Plaintiff was mentally well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about  August 31, 2014.

44.     Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

45.     Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment  of others and including the purchase of a female as if she was merely chattel.

46.     Further, Plaintiff seeks exemplary damages against Defendant Donbavand and Defendant Kemp, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

## JURY DEMAND

47.  Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.  The jury trail has been set for November 2, 2015.

## CONDITIONS PRECEDENT

48.  All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

49.    Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

a.    Exemplary damages

b.    Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c.    All the remedies afforded by Tex. Lab. Code Ann. 21.001

c.    Prejudgment and postjudgment interest.

d.    Court costs.

e.    Reasonable and necessary Attorney's fees

f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

111 Soledad, Suite 1725
  San Antonio, Texas 78205
  210/226-1550 telephone
  210/226-1884 facsimile
  Argyle2@sbcglobal.net


By: */s/ Olga Brown*_____
    OLGA BROWN
    State Bar No. 03155500
    *Attorney for Plaintiff*


## <u>CERTIFICATE OF SERVICE</u>

    I do hereby certify that on the __10th__ day of March 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Fourth Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                */s/ Olga Brown*_____
                OLGA BROWN



# Appendix 15

# LAW OFFICES OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884

February 11, 2015

Donna Kay McKinney
Bexar County District Court Clerk
300 Dolorosa, Suite 217
San Antonio, Texas  78205

## VACATION NOTICE

Dear Ms. McKinney:

Please accept this correspondence as notice that I will be on vacation and unavailable for hearings, settings or trials on the following dates:

March 18, 2015 through March 25, 2015
April 2, 2015 through April 7, 2015
June 3, 2015 through June 12, 2015 (previously filed)
July 2, 2015 through July 7, 2015
September 4, 2015 through September 9, 2015
November 24, 2015 through November 27, 2015
December 24, 2015
December 31, 2015

By copy of this letter, I am notifying all counsel of record of my plans and asking them to please not schedule any hearings, depositions or trials during this time

Thank you for your cooperation in this matter

Very truly yours,

OLGA BROWN

OB/mf

# Appendix 16

**CAUSE NO. 2014-CI-16674**

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Third Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief. Plaintiff has a pending Motion for a Level Three Docket Control Order, and the parties entered into a Rule 11 Agreement showing intent to enter into an Agreed Docket Control Order and setting this matter for Jury Trial November 2, 2015. See Exhibit A.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3. Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6. Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7. Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

8. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

9. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated for her services.

11. Defendant Jones, in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to Plaintiff, so she would never have worries about a residence. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses, and therefore, Plaintiff was further inclined to believe his promise to purchase and transfer ownership.

12. Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate

transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership.  Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13.	Plaintiff  incurred moving expenses as well as expenses in making repairs to the residence to make it habitable.  The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.  Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14.	Thereafter, Defendant Jones, fired Plaintiff,  notwithstanding her recent promotion based on meritorious work.. Defendant Jones has now conspired with the other defendants including Defendant Peter Donbavand to evict Plaintiff from the house she was promised.   The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction.

15.	Defendants continue to harass the Plaintiff by wrongfully repossessing her car.  Plaintiff had clear title to her 2005 Mini cooper.  Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity of transportation to seek employment.  During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

16. Plaintiff had an exemplary employment record with Defendants FMP and ALL JONES, LLC, and had immediately before the firing, been given a raise in pay and additional duties. Plaintiff was fired solely because Plaintiff refused to continue perform employment duties that were not in furtherance of the corporate business but to serve as a shield for Defendant Jones numerous illegal activities some including sexual harassment. Defendant Peter Donbavand, a business partner of Defendant Jones was aware of the employment violations occurring at the corporations and by non-action, condoned the wrongful conduct of Defendant Jones.

17. Plaintiff seeks actual damages as a result of the wrongful termination, which include, but are not limited to back pay from the date of retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her wrongful termination.

18. Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones forcing her to choose between the illegal activities he was demanding of her and her livelihood.

19. Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the wrongful termination. Defendant Jones and Defendant Donbavand have inflicted additional injuries by circulating malicious rumors about the Plaintiff, harassing the Plaintiff and other activities which affect her future employment. Plaintiff therefore seeks exemplary damages.

## COUNT 1-PROMISSORY ESTOPPEL as a CLAIM

20.     On or about  March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

21.     It was reasonable for Plaintiff to rely on Defendant Jones' promise to purchase a home and gift it to her based on Defendant Jones' financial resources, including his ownership of one million dollars worth of cars, and extensive property real estate holdings in the United States, and in the Dominican Republic.

22.     Defendant Jones promised the Plaintiff that he would execute a written agreement at closing, giving her full title and interest to the home.  Defendant Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms.  A final purchase price was reached between Defendant Jones and his business partner Jason Kemp.  All terms for the sale of the house were reached by buyer and seller.

23.     Defendant Jones negotiated all the terms of the real estate purchase. Defendant Jones had reached an agreement with his business partner, Jason Kemp to purchase the house located at 8647 Timber Place San Antonio, Texas 78250 from Kemp's wife, Tara Kemp.  The real estate actions necessary for a closing were initiated. Defendant Donbavand ordered an inspection of the home  in furtherance of a prompt closing.

24. Although there were no uncertainties regarding the purchase of the home by Defendant Jones for the Plaintiff, there was a delay in the closing. Plaintiff was asked to sign a one month lease pending the real estate closing. In signing the one-month lease, Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home in consideration for her loyal efforts in assisting Defendant Jones in the defense of his suit for divorce.

25. It now appears that Defendant Jones, acting in concert with Defendant Donbavand, who appeared in Justice of Peace court attempting to practice law without a license, regarding this promise, made the following:

a. a false representation or concealment of material facts concerning the real estate transaction;

b. made representation with knowledge, actual or constructive, of those facts;

c. with the intention that it should be acted on;

d. to a party without knowledge or the means of knowledge of those facts

e. who detrimentally relied upon the misrepresentation

26. Plaintiff contends the promise to complete the transaction (closing of the real estate) conveying title to Plaintiff is binding against Defendant Jones in order to avoid injustice. Plaintiff further contends equitable estoppel alleged above is sufficient to preclude the statute of fraud defense to this promise of a home to Plaintiff.

## COUNT 2 QUID PRO QUO SEXUAL HARASSMENT

27. Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant

Allen J. Jones, the President and CEO of Defendant FMP. Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

28.     On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

29.     Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

30.     At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

31.     Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones.  Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment.  When Plaintiff was well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about  August 31, 2014.

32. Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

33. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including the purchase of a female for his own inappropriate sexual requests.

34. Further, Plaintiff seeks exemplary damages against all Defendants, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

## COUNT 3 – Conspiracy

35. Defendant Peter Donbavand and Jason Kemp, CFO of FMP assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff.

36. Defendant Donbavand and Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff including the discriminatory practices perpetrated against Plaintiff more fully described in Petitioner's Third Amended Original Petition.

37. Defendant Donbavand and Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in causing the discriminatory practices and in the breach of the promise Defendant Jones made to Plaintiff.

## COUNT 4 – Fraud

38.        Additionally,  Plaintiff Faire pleads fraud on the part of Defendant Jones and aided and abetted by the other Defendants. Petitioner alleges that Defendants are barred from using the statute of frauds to avoid the promise of gifting real estate, namely the residence at 8647 Timber Place, San Antonio, TX 78250 to Plaintiff.

39.        Plaintiff claims the gift of  real estate must be enforced in equity as the denial of the enforcement would amount to a virtual fraud. See *Exxon Corp. Breezevale, Ltd, 82 S.W.3d 429, 439 (Tex. App—Dallas 2002, pet. denied)*.

40.        Plaintiff alleges the facts of her claim removes the suit from the operation of the statute of frauds in that it meets the elements required as set forth;

    (1) payment of consideration,

    (2) possession by the promisee and

    (3) the making by the promisee  of valuable improvements;

41.        Plaintiff  shows it is undisputed that she worked Defendant Jones with the knowledge of all Defendants for nearly five months in the Dominican Republic on a 24/7 basis as consideration, and she has refrained from a claim of wage and hour violations, in reliance of the promise; Plaintiff has properly taken possession of the home pursuant to a document prepared by the Defendants and Plaintiff has made valuable improvements on the faith of the Agreement/promise.

10

42.     Defendant Peter Donbavand has employed one Robert Ray, attorney at law to initiate eviction proceedings against Plaintiff on two occasions with the full knowledge of Defendant Jones' promise to Plaintiff. Therefore, Plaintiff's injuries resulted from Defendants' actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## JURY DEMAND

43. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

## CONDITIONS PRECEDENT

44. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

45. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a.     Exemplary damages

b.     Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c.      Prejudgment and postjudgment interest.

d.      Court costs.

e.      Reasonable and necessary Attorney's fees

f.      All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
 San Antonio, Texas 78205
 210/226-1550 telephone
 210/226-1884 facsimile
Argyle2@sbcglobal.net


By:  */s/ Olga Brown*
    OLGA BROWN
    State Bar No. 03155500
    *Attorney for Plaintiff*


**CERTIFICATE OF SERVICE**

I do hereby certify that on the _30th_ day of January 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Third Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                  */s/ Olga Brown*
                  OLGA BROWN

FILED
1/14/2015 2:03:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bonnie Banks

EXHIBIT A

# LAW OFFICE OF OLGA BROWN
111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

January 14, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:  Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

## RULE 11 AGREEMENT CONCERNING SETTINGS OF JANUARY 15, 2015

Dear Mr. Barbour:

This letter is to confirm and thank you for the Rule 11 Agreement in the above matter, as requested via telephone this date, pursuant to Rule 11 of the Texas Rules of Civil Procedure that we have agreed to **reset** the hearings from January 15, 2015, to **January 22, 2015,** at this time on:

1. Plaintiff's Motion to Compel Depositions of Defendants Allen J Jones and Peter Donbavand

2. Defendants' Motion to Quash Depositions Notices and/or Motion for Protective Order

The parties have also agreed to a November 2, 2015 trial, and are anticipating an agreed docket control order will follow shortly.

If you are in agreement with the above please sign below and return to our offices. A conformed copy will be returned to your offices. Your prompt attention to this matter is greatly appreciated. Thank you.

Respectfully,

OLGA BROWN

AGREED:

Justin Barbour
Attorney for Defendants



# Appendix 17

FILED
1/28/2015 3:21:38 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Valeria Zapata

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 91a MOTION TO DISMISS and REQUEST FOR ATTORNEY FEES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF CEARTH FAIRE, who respectfully requests this court to deny Defendants FMP SA Management Group, LLC, ALL JONES, LLC, Allen J Jones, and Peter Donbavand's Motion to Dismiss pursuant to Texas Rule of Civil Procedure 91a, and in support of such request Plaintiff would show the court as follows:

### I. Plaintiff Has Amended Petition upon which Motion is Based

Plaintiff Faire has timely filed petition addressing all the complaints contained in the Defendants' pleadings. Plaintiff has now succinctly addressed all elements of each and every cause of action and supports allegations with facts that are true and that "*a reasonable person could believe the facts plead*" .

Plaintiff would further show that "if the allegations, taken as true, together with inferences reasonably drawn from them would entitle her to present her case to a trier of fact and  secure a verdict.

Plaintiff would show she has alleged sexual harassment and it is definitely a recognized cause of action under the Texas Human Rights Act. Petitioner has alleged  quid pro quo sexual harassment against her employer, Defendant Allen J. Jones and all his companies. Defendant Jones' unlawful conduct compelled her to elect between acceding to his sexual demands and forfeiting the job, benefits, continued employment or promotion.

Plaintiff would show Defendants are barred from invoking the statute of frauds as to the home Defendant Jones promised Plaintiff because of equitable promissory estoppel. Defendant Jones made a promise of a written transfer and but for his agreement of executing  his written transfer of ownership,  the requirement of the statute of fraud in regards to real estate  would have been  met.

Plaintiff would show that she has made a demand for the return of her personal property including her phone, iPad and other electronics that contain personal information that a refusal by the Defendants amounts to an invasion of privacy for which she sues. Petitioner has properly plead all of the elements for conversion of her personal property.

## II. Defendants Have Failed to Meet the Standard That Would Require a Dismissal of Plaintiff's Suit

Plaintiff has properly plead her all her causes of action against all of the Defendants. Petitioner contends all Defendants acted in concert with Defendant

2

Jones to defraud Plaintiff and cause her harm and for which she seeks damages against them jointly and severally.

Plaintiff has shown that each and every cause of action has a basis in law as the claims for wrongful termination fall within the exception of employment at will. Plaintiff has plead sufficient facts to support her claims. The Rule does not require her to prove her case at this time but merely to give notice of her claims. See Affidavit of Cearth Faire herein attached and incorporated for all purposes.

Plaintiff has shown that Defendants' are barred from invoking the statute of frauds as to her claims for a gift of real estate under the theory of equitable estoppel. It is reasonable to believe that Defendant Jones would gift Plaintiff a home based on his demands for her efforts while living in the Dominican Republic taking her of his infant son. Plaintiff would show that Defendant Jones has the financial resources to make the promise, that she could reasonably rely on the representation he would buy a home and the promise to transfer ownership to her.

### III. Arguments & Authorities

A. Defendants Are Barred From Invoking the Defense of Statute of Fraud

Plaintiff showed diligence in securing the documents to support her claim. A formal request of all email correspondence and documents prepared by Defendants including those documents prepared by Peter Donbavand in furtherance of purchasing the home from Tara Kemp, wife of partner, Jason Kemp. Those documents were due at the law office of the undersigned on January 5, 2015.

Defendants have objected to the production of documents. Plaintiff intends to file a Motion to Compel such documents that would support her claim that Defendant

Jones represented to her he would purchase a home and immediately convey that interest to her. In reliance of the promise made to her, Plaintiff moved into the house, made repairs and incurred other expenses.

Plaintiff would show that this court can enforce an oral promise to sign an Instrument complying with the Statute of Frauds if:

(1) the promisor should have expected that his promise would lead the promisee to some definite and substantial injury;

(2) such an injury occurred;

(3) the court must enforce the promise to avoid injustice See "*Moore*" *Burger, Inc. v. Phillips Petroleum Company, et al, 492 S.W.2d at 934, 1972 Tex. Lexis 282*

More specifically, the Texas Supreme Court addressed the promissory estoppel exception to cases where the promise was to "sign a written agreement which itself complies with the Statute of Frauds.

The Court in *Cooper Petroleum Co. v. La Gloria Oil and Gas Co. 436 S.W.2d 889 (Tex. 1969)* "where, "the promise was to sign a written guaranty, and a written agreement would have been enforceable", the exception applies. Here Defendant Jones' promise was to sign over title of the house to the Plaintiff immediately after closing. A closing date was set and then delayed and Plaintiff was asked to sign a one-month lease pending closing.

Plaintiff's presentation of the facts to come before the trier of fact will support the promissory estoppel exception applies to this claim for a gift of real estate.

Plaintiff would show that Defendant Donvaband must also be held liable for his participation in the fraudulent scheme he has perpetrated to assist Defendant Jones in breaching his promise that he would purchase the home at 8647 Timber Place, San Antonio, TX 78250 and then transfer title to Plaintiff. Defendant Donvaband, vice-president of real estate section of Defendant Jones' corporations knew of the promise to transfer title to Plaintiff, following the purchase of the home by Defendant Jones.

B. Plaintiff's Claims for Wrongful Termination Are Discriminatory in Nature.

The Texas Commission on Human Rights Act (TCHRA) prohibits discrimination in employment based on sex and other protected characteristics. Plaintiff has alleged quid pro quo sexual harassment which is a form of discrimination. Plaintiff has properly plead all the elements of this discriminatory practice by Defendant Jones, President and CEO. Plaintiff can show that she was forced to submit to the unwelcomed sexual demands of Jones in order to keep her job. When Plaintiff refused, she was fired. During the sexual abuse by Defendant Jones, he was aware of the stress he was inflicting on Plaintiff and the medical care required by such damage. Plaintiff has been severely injured by this sexual discrimination and has plead for damages.

C.Participatory Liability- Assisting or Encouraging by Other Defendants

Defendant Peter Donbavand and Jason Kemp, CFO of FMP assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff.

Defendant Donvavand and Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff including the discriminatory practices perpetrated against Plaintiff more fully described in Petitioner's Second Amended Original Petition.

Defendant Donbavand and Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in causing the discriminatory practices and in the breach of the promise Defendant Jones made to Plaintiff.

## CONCLUSION

Plaintiff has properly plead her claims against Defendants' giving due notice as required to establish her cause of actions against Defendants. Plaintiff has established that the Defendants are barred by invoking the Statute of Frauds in this claim, as equitable estoppel applies to the facts of this claim.

Plaintiff has properly plead the exception to the employment at will doctrine; sexual discrimination. All of the elements of the cause of action are support by facts that would be considered reasonable and believable by a trier of fact.

The Defendants in this claim are liable to the Plaintiff by either participatory liability or by acting in concert with Defendant Jones to harm the Plaintiff.

If after a review of the law and facts contained in Petitioner's Second Amended Petition, Defendants fail to promptly withdraw their Motion, Plaintiff seeks attorney fees and costs as permitted by this Rule.

6

## PRAYER

Wherefore all premises considered Plaintiff prays that after notice and hearing this Court issue an Order denying Defendants' Motion to Dismiss in all aspects and award to Plaintiff attorney fees and costs relating to the filing of the motion. Petitioner prays for all other and further relief to which she is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By: /s/ Olga Brown
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of January 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Response to Defendants' 91a Motion to Dismiss and Request for Attorneys Fees was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown
OLGA BROWN

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| FMP SA MANAGEMENT GROUP, LLC, | § | |
| D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | § | |
| INDIVIDUALLY, AND | § | |
| PETER DONBAVAND, INDIVIDUALLY | § | |
| | | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## AFFIDAVIT

STATE OF TEXAS

COUNTY OF BEXAR

BEFORE ME, the undersigned authority, a notary public in and for the State of Texas, personally appeared **Cearth Faire**, known to be the person whose name is subscribed to this affidavit and who after being duly sworn by me did on her oath depose and state the following, to-wit:

1. "My name is **Cearth Faire**. I am the Plaintiff in this matter. I am over the age of 18 and I am fully competent to make this Affidavit in all respects and the statements contained herein are within my personal knowledge and true and correct.

2. While I was in the Dominican Republic, taking care of Mr. Jones' infant child, in my capacity as a personal assistant, during the period of his Bexar County divorce, Mr. Jones promised to buy me a house. Mr. Jones promised he would buy it in his name, and then transfer ownership to me at closing.

3. The house Mr. Jones promised me is the one I am currently living in at 8647 Timber Pl, San Antonio, TX 78250. It was previously owned by Tara Kemp, the wife of one of his business partners, Jason Kemp. The price of $120,000.00 was agreed to by the Kemps and Mr. Jones. It was purchased for $120,000.00. In reliance of his promise to me, I moved into the house, made repairs, and incurred moving expenses.

4. Immediately before he was to transfer ownership to me, Mr. Jones fired me. The promise to transfer the house was breached by him, with the help of Peter Donbavand, FMP's VP of the Real Estate and Business Division, and Jason Kemp, FMP's Co-Founder and CFO. I had been compelled to engage in sexual conduct with Allen Jones in order to keep my job.

5. On August 30, 2014, I refused further sexual conduct with him, and I was fired. While I was employed by him and his companies, in addition to submitting to sexual conduct, I was also required to make arrangements to secure drugs and prostitutes for his personal needs. These employment requirements are illegal. Mr. Jones was asking me to perform illegal acts. When I refused, he fired me.

_____
Signature

SWORN and SUBSCRIBED to before me on this 28th day of **January** 2015

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

_____
Notary Public in and for State of Texas

My commission expires: 8/16/16

# Appendix 18

FILED
1/28/2015 4:07:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Hernandez

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants* | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Second Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief. Plaintiff has a pending Motion for a Level Three Docket Control Order, and the parties entered into a Rule 11 Agreement showing intent to enter into an Agreed Docket Control Order and setting this matter for Jury Trial November 2, 2015. See Exhibit A.

**CLAIM FOR RELIEF**

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

**PARTIES**

3. Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6. Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7. Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

**JURISDICTION**

8. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**VENUE**

9.   Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

**FACTS**

10.   Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones.  Plaintiff, in addition to working for Defendants' businesses,  also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas.  Plaintiff has not been properly compensated for her services.

11.   Defendant Jones, in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to Plaintiff, so she would never have worries about a residence.   Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other  Defendants named in this lawsuit.  Defendants have a real estate department as part of their businesses, and therefore, Plaintiff was further inclined to believe his promise to purchase and transfer ownership.

12.   Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate

transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13.     Plaintiff  incurred moving expenses as well as expenses in making repairs to the residence to make it habitable.  The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.  Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14.     Thereafter, Defendant Jones, fired Plaintiff,  notwithstanding her recent promotion based on meritorious work.. Defendant Jones has now conspired with the other defendants including Defendant Peter Donbavand to evict Plaintiff from the house she was promised.   The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction.

15.     Defendants continue to harass the Plaintiff by wrongfully repossessing her car.  Plaintiff had clear title to her 2005 Mini cooper.  Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity of transportation to seek employment.  During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

16.     Plaintiff had an exemplary employment record with Defendants FMP and ALL JONES, LLC, and had immediately before the firing,  been given a raise in pay and additional duties.  Plaintiff was fired solely because Plaintiff refused to continue perform employment duties that were not in furtherance of the corporate business but to serve as a shield for Defendant Jones numerous illegal activities some including sexual harassment. Defendant Peter Donbavand, a business partner of Defendant Jones was aware of the employment violations occurring at the corporations and by non-action,  condoned the wrongful  conduct of  Defendant Jones.

17.     Plaintiff seeks actual damages as a result of the wrongful termination, which include, but are not limited to back pay from the date of retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her wrongful termination.

18.     Plaintiff also seeks damages for past and future mental  anguish as a result of Defendant Jones forcing her to choose between the illegal activities he was demanding of her and her livelihood.

19.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the wrongful termination.  Defendant Jones and Defendant Donbavand  have inflicted additional injuries by circulating malicious rumors about the Plaintiff, harassing the Plaintiff and other activities which affect her future employment.  Plaintiff therefore seeks exemplary damages.

## COUNT 1-PROMISSORY ESTOPPEL as a CLAIM

20.     On or about  March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

21.     It was reasonable for Plaintiff to rely on Defendant Jones' promise to purchase a home and gift it to her based on Defendant Jones' financial resources, including his ownership of one million dollars worth of cars, and extensive property real estate holdings in the United States, and in the Dominican Republic.

22.     Defendant Jones promised the Plaintiff that he would execute a written agreement at closing, giving her full title and interest to the home.  Defendant Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms.  A final purchase price was reached between Defendant Jones and his business partner Jason Kemp.  All terms for the sale of the house were reached by buyer and seller.

23.     Defendant Jones negotiated all the terms of the real estate purchase. Defendant Jones had reached an agreement with his business partner, Jason Kemp to purchase the house located at 8647 Timber Place San Antonio, Texas 78250 from Kemp's wife, Tara Kemp.  The real estate actions necessary for a closing were initiated. Defendant Donbavand ordered an inspection of the home  in furtherance of a prompt closing.

24.	Although there were no uncertainties regarding the purchase of the home by Defendant Jones for the Plaintiff, there was a delay in the closing. Plaintiff was asked to sign a one month lease pending the real estate closing. In signing the one-month lease, Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home in consideration for her loyal efforts in assisting Defendant Jones in the defense of his suit for divorce.

25.	It now appears that Defendant Jones, acting in concert with Defendant Donbavand, who appeared in Justice of Peace court attempting to practice law without a license, regarding this promise, made the following:

a.	a false representation or concealment of material facts concerning the real estate transaction;

b.	made representation with knowledge, actual or constructive, of those facts;

c.	with the intention that it should be acted on;

d.	to a party without knowledge or the means of knowledge of those facts

e.	who detrimentally relied upon the misrepresentation

26.	Plaintiff contends the promise to complete the transaction (closing of the real estate) conveying title to Plaintiff is binding against Defendant Jones in order to avoid injustice. Plaintiff further contends equitable estoppel alleged above is sufficient to preclude the statute of fraud defense to this promise of a home to Plaintiff.

## COUNT 2 QUID PRO QUO SEXUAL HARASSMENT

27.	Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant

Allen J. Jones, the President and CEO of Defendant FMP. Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

28.    On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

29.    Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

30.    At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

31.    Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones.  Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment.  When Plaintiff was well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about  August 31, 2014.

8

32. Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

33. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including the purchase of a female for his own inappropriate sexual requests.

34. Further, Plaintiff seeks exemplary damages against all Defendants, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

## COUNT 3 – Conspiracy

35. Defendant Peter Donbavand and Jason Kemp, CFO of FMP assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff.

36. Defendant Donbavand and Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff including the discriminatory practices perpetrated against Plaintiff more fully described in Petitioner's Second Amended Original Petition.

37. Defendant Donbavand and Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in causing the discriminatory practices and in the breach of the promise Defendant Jones made to Plaintiff.

**JURY DEMAND**

38. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

**CONDITIONS PRECEDENT**

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

**OBJECTION TO ASSOCIATE JUDGE**

40. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

**PRAYER**

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a.  Exemplary damages

b.  Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c.  Prejudgment and postjudgment interest.

d.  Court costs.

e.  Reasonable and necessary Attorney's fees

f.  All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net


By: */s/ Olga Brown*
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the  28th  day of January 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

*/s/ Olga Brown*
OLGA BROWN

FILED
1/14/2015 2:03:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bonnie Banks

EXHIBIT A

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

January 14, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re: Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually*, In The 150th Judicial District, Bexar County, Texas

## RULE 11 AGREEMENT CONCERNING SETTINGS OF JANUARY 15, 2015

Dear Mr. Barbour:

This letter is to confirm and thank you for the Rule 11 Agreement in the above matter, as requested via telephone this date, pursuant to Rule 11 of the Texas Rules of Civil Procedure that we have agreed to **reset** the hearings from January 15, 2015, to **January 22, 2015**, at this time on:

1. Plaintiff's Motion to Compel Depositions of Defendants Allen J Jones and Peter Donbavand

2. Defendants' Motion to Quash Depositions Notices and/or Motion for Protective Order

The parties have also agreed to a November 2, 2015 trial, and are anticipating an agreed docket control order will follow shortly.

If you are in agreement with the above please sign below and return to our offices. A conformed copy will be returned to your offices. Your prompt attention to this matter is greatly appreciated. Thank you.

Respectfully,

OLGA BROWN

AGREED:

Justin Barbour
Attorney for Defendants



# Appendix 19

# LAW OFFICES OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884

January 21/2015

Donna Kay McKinney
Bexar County District Court Clerk
300 Dolorosa, Suite 217
San Antonio, Texas 78205

## VACATION NOTICE

Dear Ms. McKinney:

Please accept this correspondence as notice that I will be on vacation and unavailable for hearings, settings or trials on the following dates:

June 3, 2015 through June 12, 2015

By copy of this letter, I am notifying all counsel of record of my plans and asking them to please not schedule any hearings, depositions or trials during this time

Thank you for your cooperation in this matter

Very truly yours,

OLGA BROWN

OB/mf

CC:

| Attorney Name | Firm | Facsimile |
|---|---|---|
| Brett Rowe | Brett & Rowe | 210.340.6664 |
| Laura F Macom | Brett & Rowe | 210.340.6664 |
| Tom C. McCall | The McCall Firm | 512.477.2271 |
| Kindra A Johnson | The McCall Firm | 512.477.2271 |
| Thomas A Cowen | Chaves, Gonzales & Hoblit, LLP | 210.226.1544 |
| James A Sindon | Law Office of James Sindon | 830.334.4823 |
| Patrick Kelly | Langley & Banack | 830.876.5451 |
| Tex/Carol Corrigan | Corrigan and Corrigan | 210.829.0701 |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 |
| Christine Reinhard | Schmoyer Reinhard LLP | 210.447.8036 |
| Steven Gonzalez | Gonzalez Palacios, LLP | 956.618.0445 |
| Todd A. Prins | Prins Law Firm | 210.820.0929 |
| Brett T Reynolds | Blakely & Reynolds, PC | 210.805.9654 |
| Patricia A Finch | Patricia A Finch, PC | 830.372.2160 |
| Gershon D Cohen | | 210.820.2609 |
| Tim K Singley | Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C. | 210.525.0666 |
| W. Doug Bineham | Bineham & Gillen, PC | 210.785.0555 |
| H.E. Mendez | | 210.224.4113 |
| David Rodriguez | Bineham & Gillen, PC | 210.785.0555 |
| M Arnold Govella | | 361.758.9801 |
| Robert Valdez | | 210.227.6948 |
| Robert Ray | Law Office of Robert N Ray | 210.733.9819 |
| Lucretia Marmor | Langley & Banack | 210.735.6889 |

| | | |
|---|---|---|
| Kate Soulsby | | 210.691.1817 |
| Lucretia Marmor | Langley & Banack | 210.735.6889 |
| Leigh A Mammarella | | 210.491.9969 |
| James McKibben | | 361.883.8353 |
| Lee Hernandez | | 210.735.4231 |
| Carlo Garcia | | 210.308.6939 |



# Appendix 20

# NO._____

## IN THE COURT OF APPEALS FOR
## THE FOURTH DISTRICT OF TEXAS
## SITTING AT SAN ANTONIO

**CEARTH FAIRE**,

*Petitioner,*

***v.***

***FMP SA MANAGEMENT GROUP, LLC d/b/a***
***FOOD MANAGEMENT PARTNERS, LLC*, ALL JONES, LLC**
**ALLEN J. JONES, INDIVIDUALLY, PETER DONBAVAND,**
**INDIVIDUALLY, AND JASON KEMP, INDIVIDUALLY**,

*Respondents.*

Cause No. 2014-CI-16674 from the
150th District Court, Bexar County, Texas
Hon . Antonia Arteaga, presiding

**Petition for Leave to File Interlocutory Appeal Pursuant to**
**Tex. R. App. P. 28.3 and Tex. Civ. Prac. & Rem. Code 51.014(f)**

Olga Brown
State Bar No. 03155500
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210.226.1550/210.226.1884
argyle2@sbcglobal.net

Jeff Small
State  Bar No. 00793027
LAW OFFICE OF JEFF SMALL
12451 Starcrest, Suite 100
San Antonio, Texas 78216
210.496.0611/f: 210.579.1399
jdslaw@satx.rr.com

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

    Issue No. 1:    Does permitting an interlocutory appeal now serve the best interests of judicial economy thereby eliminating the risk of two trials by deciding the propriety of the trial court's Rule of Civil Procedure 91a dismissal of several of Petitioner's causes of action before the remaining issues go to trial? . . . . . . . . . . . . . . . . . vi

    Issue No. 2:    Is dismissal under Rule 91a proper when Petitioner's causes of action state a recognized cause of action and her factual pleadings do not show as a matter of law that she cannot prevail? . . . . . . . . . . . . . . . . . . . . . . vi

INFORMATION COMPLYING WITH RULE 25.1(d). . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REASONS TO GRANT PERMISSION
FOR AN INTERLOCUTORY APPEAL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    The trial court erred by dismissing Petitioner's causes of action because each states a recognized cause of action in Texas and none of her factual pleadings affirmatively negate her entitlement to relief.. . . . . . . . . . 5

    A.    Texas Rule of Civil Procedure 91a. . . . . . . . . . . . . . . . . . 5

    B.    There is "no basis in law" only if the pleading fails to state a recognized cause of action.. . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    A pleading has "no basis in fact" only if no reasonable person could believe the facts pleaded.. . . . . . . . . . . . . . . 7

CONCLUSION and PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VERIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

## Cases

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*City of Keller v. Wilson,*
   168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Drake v. Walker,*
   No. 05-14-0355-CV, 2015 Tex. App. LEXIS 4732
   (Tex. App.— Dallas May 8, 2015, no pet. h.). . . . . . . . . . . . . . . . 5

*GoDaddy.com, LLC v. Hollie Toups ,*
   429 S.W.3d 752 (Tex. App.— Beaumont 2014, pet. denied) . . . . . . . 8

*Gulley v. State Farm Lloyds,*
   350 S.W.3d 204 (Tex. App.-- San Antonio 2011, no pet.) . . . . . . . . . 4

*Scott v. Gallagher,*
   209 S.W.3d 262 (Tex. App.— Houston [1st Dist.] 2006, no pet.). . . . . 7

*Wooley v. Schaffer,*
   447 S.W.3d 71 (Tex. App.— Houston [14th Dist.] 2014, pet. filed). . . 5

## Rules

TEX. R. APP. P. 25.1(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. APP. P. 28.3(k). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. CIV. P. 47 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. CIV. P. 91a.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

TEX. R. CIV. P. 91a.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. CIV. P. 91a.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

TEX. R. CIV. P. 91a.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

TEX. R. CIV. P. 91a, cmt. to 2013 change. . . . . . . . . . . . . . . . . . . . . . . . .  4

**Other Authorities**

David E. Chamberlain and W. Bradley Parker,
 *Rule 91a Motions to Dismiss*,
 in State Bar of Texas Ultimate
 Motions Practice Course (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

House Comm. on Civil Practices, Bill Analysis,
 Tex. H.B. 978, 77th Leg., R.S. (2001) . . . . . . . . . . . . . . . . . . . . . . . .  4

## ISSUES PRESENTED

*Issue No. 1*:    Does permitting an interlocutory appeal now serve the best interests of judicial economy thereby eliminating the risk of two trials by deciding the propriety of the trial court's Rule of Civil Procedure 91a dismissal of several of Petitioner's causes of action before the remaining issues go to trial?

*Issue No. 2*:    Is dismissal under Rule 91a proper when Petitioner's causes of action state a recognized cause of action and her factual pleadings do not show as a matter of law that she cannot prevail?

## INFORMATION COMPLYING WITH RULE 25.1(d)

Plaintiff/Appellant Cearth Faire desires to pursue an interlocutory appeal in accordance with the provisions of Texas Rule of Appellate Procedure 28.3 and the Texas Civil Practice and Remedies Code section 51.014(f). The order being appealed dated May 6, 2015 (ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 1)), overruled Ms. Faire's Motion for Reconsideration/New Trial in cause number 2014-CI-16674, which dismissed certain of Ms. Faire's causes of action pursuant to Rule 91a. If the Court grants leave to file an interlocutory appeal pursuant to TEX. R. APP. P. 28.3(k), that appeal is treated as accelerated in accordance with Rule 26.1(b).

## STATEMENT OF FACTS

The facts stated herein are those as alleged in Plaintiff's Fourth Amended Petition (App'x Tab 3).

Defendants/ Appellants FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC and All Jones, LLC, all of which are owned and controlled by Defendant Allen Jones, employed Plaintiff/Appellant Faire. Defendants Peter Donbavand and Jason Kemp are business partners of Allen Jones. In addition to her employment for the corporate defendants, Ms. Faire also served as Defendant/Appellant Allen J. Jones personal assistant. As his personal assistant, Ms. Faire took care of Allen Jones' personal matters. She lived in the Dominican Republic caring for Jones' children on a 24/7 basis for approximately five months, also assisting administratively in his defense in Jones' divorce proceedings pending in Bexar County, Texas during 2013 and 2014.

In recognition for her loyal and tireless employment services to him, Jones gifted Ms. Faire the house at 8647 Timber Place in San Antonio. Jones negotiated with Defendant Jason Kemp, who works for Jones, and purchased the home at 8647 Timber Pl, San Antonio, TX 78250, from Kemp's wife who was the deeded owner of that property. It was this property that Jones gifted

to Ms. Faire. Jones instructed another employee, Peter Donbavand, in his individual capacity and outside the scope of corporate business, to prepare the necessary documents so Jones could finalize the gift to Ms. Faire. Jones later retaliated against Ms. Faire by denying he had gifted the real estate to her.

Both defendants Donbavand and Kemp, while business partners of Jones and employees and agents of FMP, routinely served Jones as personal aides, taking and executing orders from Jones outside the course and scope of their duties with the corporate entities to meet his personal demands without regard for whether those orders served the corporate interests.

While Donbavand completed the necessary transfer documents, Jones insisted that Ms. Faire move into the house, which she did in reliance on his gift of the house to her. She made valuable and permanent improvements to the house in reliance on Defendant Jones' promise to her. She also incurred moving expenses, as well as expenses in making permanent improvements to the residence to make it habitable.

When Ms. Faire refused Jones' sexual advances, he fired her despite having recently promoted her, given her additional duties, and increased her pay based on meritorious work. Jones then ordered Donbavand and Jason Kemp to evict Ms. Faire from the house Jones had given her. Jones also

2

reneged on other promises he had made to Ms. Faire.

Ms. Faire sued for sexual harassment, conspiracy, promissory estoppel, and fraud. Defendants filed a Rule 91a motion and an amended motion to dismiss (DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 2)). After Defendants filed their amended motion to dismiss, but before the hearing at which the causes of action were dismissed, Ms. Faire amended her petition to drop the claim for promissory estoppel and added a claim for an oral gift of real estate. *See* PLAINTIFF'S FOURTH AMENDED PETITION (App'x Tab 3).Defendants filed no further amended pleadings until after the motion to dismiss had been heard, belatedly asking for the opportunity to present evidence of reasonable and necessary attorneys' fees.

The trial court overruled Ms. Faire's motion to reconsider the dismissal of her causes of action on May 6, 2015. ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS dtd MAY 6, 2015 (App'x Tab 1);ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS dtd April 9, 2015 (App'x Tab 2).

## REASONS TO GRANT PERMISSION
## FOR AN INTERLOCUTORY APPEAL

This Court should grant leave for an interlocutory appeal because Rule 91a is relatively new[1] and, thus, there is not a great deal of case law to guide its interpretation. Permitting an interlocutory appeal at this point in the case will serve the interests of judicial economy and advance the ultimate termination of the litigation in that the question at hand involves a controlling question of law. This is so because an appeal at this juncture will eliminate the potential for two trials if the trial court's Rule 91a dismissal of several of Plaintiff/Appellant's causes of action was, indeed, erroneous. *See Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207-08 (Tex. App.— San Antonio 2011, no pet.) (citing House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (explaining that the addition of subsection (d) would promote judicial efficiency by "allowing the trial court to certify a question for appeal" when "the trial court rules on an issue that is pivotal in a case but about which there is legitimate disagreement")).

---

[1] Adopted by the Supreme Court of Texas February 12, 2013.

*See* TEX. R. CIV. P. 91a, cmt. to 2013 change

## ARGUMENT

**The trial court erred by dismissing Petitioner's causes of action because each states a recognized cause of action in Texas and none of her factual pleadings affirmatively negate her entitlement to relief.**

### A. Standard of Review

A trial court's ruling on a Rule 91a motion to dismiss — whether there is a basis in law and a basis in fact — is reviewed de novo; the pleadings are construed liberally in favor of the plaintiff, looking to the pleader's intent; and the factual allegations in the pleadings are accepted as true. *Wooley v. Schaffer*, 447 S.W.3d 71, 74 (Tex. App.— Houston [14th Dist.] 2014, pet. filed) (analogizing 91a dismissal motion to plea to the jurisdiction); *see Drake v. Walker*, No. 05-14-0355-CV, 2015 Tex. App. LEXIS 4732, at *7 (Tex. App.— Dallas May 8, 2015, no pet. h.).

### A. Texas Rule of Civil Procedure 91a

Rule 91a permits the dismissal of only those causes of action that have "no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

Rule 91a specifically requires that a motion to dismiss address each challenged cause of action and must state specifically the reason the cause of action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. The court may not rule on a cause of action that has been non-suited or is not included in the plaintiff's latest amended petition. TEX. R. CIV. P. 91a.2, 91a.5. Further, the rule explicitly states that in determining a Rule 91a motion the trial court is to consider only the pleadings and may NOT consider evidence. TEX. R. CIV. P. 91a.6.

The trial court's dismissal here violates each of those tenets. *Compare* DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 2), *with* PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION (App'x Tab 3). Because the trial court dismissed issues already amended out of the pleadings at the time of the hearing and Defendants orally requested and were granted dismissal of a cause of action not addressed in their amended motion (*See* App'x Tab 1 & App'x Tab 2) , there is a legitimate question in this case whether the trial court's dismissal of Petitioner's causes of action was proper. Thus, this Court should grant permission for an interlocutory appeal of that dismissal.

**B.    There is "no basis in law" only if the pleading fails to state a recognized cause of action.**

Texas "[c]ourts are likely to dismiss causes of action under Rule 91a in three circumstances: (1) when a cause of action is not recognized by Texas law; (2) when the pleading alleges facts that negate a cause of action; and (3) when pleading exhibits, attached pursuant to Rule 59, demonstrate that claimant is not entitled to the relief sought as a matter of law." David E. Chamberlain and W. Bradley Parker, *Rule 91a Motions to Dismiss*, in STATE BAR OF TEXAS ULTIMATE MOTIONS PRACTICE COURSE, at § II B.1., at 4 (2013) (App'x Tab 4).

The question presented by Rule 91a is "relatively straightforward" — Do the pleadings state a cause of action that would entitle the plaintiff to relief? *Scott v. Gallagher*, 209 S.W.3d 262, 267 (Tex. App.— Houston [1st Dist.] 2006, no pet.) ("no arguable basis in law" under Civil Practice and Remedies Code Chapter 14 means a claim that is "indisputably meritless"). Putting it differently, the question is "whether, as a matter of law, [the petition] state[s] a cause of action that would authorize relief." *Id*. Thus, giving the pleader the benefit of the doubt, if a plaintiff's petition arguably states a cause of action recognized in the state of Texas, dismissing it under Rule 91a is error. *Id*.

### C. A pleading has "no basis in fact" only if no reasonable person could believe the facts pleaded.

When analyzing a plaintiff's petition as to whether it has a basis in fact, a court may go no further than ascertaining whether a "reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. A claim may be dismissed for having "no basis in fact" when, taken as true as the pleaded facts must be, they are legally insufficient to support plaintiff's claim. *See City of Keller v. Wilson*, 168 S.W.3d 802, 811- 17 (Tex. 2005). If the facts pleaded satisfy Texas's notice pleading requirements, the claim is not subject to dismissal under Rule 91a. *See* TEX. R. CIV. P. 47 (a) (pleading satisfies notice pleading requirements if it gives "fair notice of the claim involved").

Using the Federal Rule of Civil Procedure 12(b)(6) for guidance, the Beaumont Court of Appeals observed that a claim will survive dismissal if the pleader alleges "enough facts to state a claim to relief that is plausible on its face." *GoDaddy.com, LLC v. Hollie Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### CONCLUSION and PRAYER

Judicial efficiency will be served here by granting leave for an interlocutory appeal rather than permitting a trial to go forward on the

8

remaining issues in this cause only to have the issue of the propriety of the 91a dismissal then come before this court and be remanded back for another trial if the 91a dismissal is determined to be erroneous. The interests of all concerned would be better served by abating the trial court proceedings, permitting the interlocutory appeal to go forward, and then reinstating the trial court proceedings after a determination has been made by this Court on the 91a issue.

The trial court dismissed a cause of action that had been amended out of Petitioner's pleadings before the hearing on the motion to dismiss; dismissed a cause of action not addressed in Respondents' Amended Motion to Dismiss, and delved into evidentiary details rather than ruling strictly on the pleadings as required by Rule 91a. All of these actions are error requiring reversal of the trial court's dismissal. It is better that the reversal come now rather than after a trial on the remaining issues and then a remand for another trial.

Accordingly, Petitioner respectfully requests that she be permitted to pursue an interlocutory appeal of the trial court's dismissal of her causes of action.

Respectfully submitted,

_/s/ Jeff Small_

| | |
|---|---|
| Olga Brown | Jeff Small |
| State Bar No. 03155500 | State Bar No. 00793027 |
| LAW OFFICE OF OLGA BROWN | Law Office of Jeff Small |
| 111 Soledad, Suite 1725 | 12451 Starcrest Dr., Suite 103 |
| San Antonio, Texas 78205 | San Antonio, TX 78216.2988 |
| 210.226.1550/210.226.1884 | 210.496.0611/F: 210.579.1399 |
| argyle2@sbcglobal.net | jdslaw@satx.rr.com |

Counsel for Petitioner Cearth Faire

**VERIFICATION**

Before me, the undersigned notary, on this day personally appeared Olga Brown, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Olga Brown. I am over 18 years of age, of sound mind, and capable of making this verification. the facts in this verification are within my personal knowledge and are true and correct.

2. I am one of the attorneys for petitioner. All the documents included with this petition for permission to file an interlocutory appeal are true copies."

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

Olga Brown

Sworn to and subscribed to before me by Olga Brown on May 20th, 2015.

Notary Public, State of Texas

10

## CERTIFICATE OF COMPLIANCE

In compliance with Tex R. App. P 9.4(i)(3), I certify that the number of words in this document, excluding those matters list in Rule 9.4(i)(1), which was prepared in WordPerfect X6 using 14-point Book Antiqua, is 1893 words.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petition for Leave to File Interlocutory Appeal Pursuant to  Tex. R. App. P. 28.3 and Tex. Civ. Prac. & Rem. Code 51.014(f) has been served on counsel of record/interested parties as shown below in accordance with the Rules of Civil Procedure on May 20, 2015.

Justin Barbour
StateBarNo. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone: (210) 447-8033
Fax: (210) 447-8036
jbarbour@sr-llp.com

/S/ *Jeff Small*

# APPENDIX

Order Granting Defendants' First Amended Rule 91a.. . . . . . . . . . . . . . Tab 1
    Partial Motion to dismiss dtd May 6, 2015
    (overruling Mtn for New Trial/Reconsideration)

Order Granting Defendants' First Amended Rule 91a.. . . . . . . . . . . . . Tab 2
    Partial Motion to Dismiss dtd April 9, 2015

Defendants' First Amended Rule 91a Partial Motion to Dismiss. . . . . . Tab 3

Plaintiff's Fourth Amended Original Petition.. . . . . . . . . . . . . . . . . . . . Tab 4

Plaintiff's Motion for New Trial/Reconsideration. . . . . . . . . . . . . . . . . Tab 5

Article, David E. Chamberlain and W. Bradley Parker, . . . . . . . . . . . . Tab 6
    *Rule 91a Motions to Dismiss*,
    in STATE BAR OF TEXAS ULTIMATE
    MOTIONS PRACTICE COURSE (2013)

Reporter's Record from April 9, 2015 Dismissal Hearing.. . . . . . . . . . . Tab 7

Reporter's Record from May 6, 2015 Reconsideration Hearing.. . . . . . Tab 8

# Tab 1

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' FIRST AMENDED
## RULE 91a PARTIAL MOTION TO DISMISS

On this date, the Court considered Plaintiff's Motion for Reconsideration/New Trial. After careful consideration of the Motion, the response thereto, arguments of counsel, and the relevant law, the Court is of the opinion that the Motion should be DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration/New Trial is DENIED.

SIGNED on this 6th day of May, 2015.

_____
PRESIDING JUDGE

AGREED AS TO FORM:

_____        _____
Counsel for Plaintiff                                    Counsel for Defendant

# Tab 2

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' FIRST AMENDED
## RULE 91a PARTIAL MOTION TO DISMISS

On this date, the Court considered Defendants' First Amended Rule 91a Partial Motion to Dismiss. After careful consideration of the Motion, the response thereto, arguments of counsel, and the relevant law, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' First Amended Rule 91a Partial Motion to Dismiss is GRANTED. It is further ORDERED that Plaintiff's claims for promissory estoppel, "oral gift" of real estate, and conspiracy are DISMISSED WITH PREJUDICE, and ~~Defendants are awarded their reasonable and necessary attorney's fees incurred with respect to these challenged causes of action.~~

SIGNED on this 9th day of April, 2015.

_____
PRESIDING JUDGE

AGREED AS TO FORM:

_____        _____
Counsel for Plaintiff                           Counsel for Defendant

1
ORDER GRANTING DEFENDANTS' FIRST AMENDED
RULE 91a PARTIAL MOTION TO DISMISS

# Tab3

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

---

## DEFENDANTS' FIRST AMENDED RULE 91a PARTIAL MOTION TO DISMISS

---

For their First Amended Partial Motion to Dismiss pursuant to Texas Rule of Civil Procedure 91a, Defendants FMP SA Management Group, LLC d/b/a Food Management Partners, All Jones, LLC, Allen J. Jones, and Peter Donbavand respectfully show the following:

### I.    INTRODUCTION & FACTUAL BACKGROUND

Plaintiff Cearth Faire filed her Original Petition in the 150th District Court, Bexar County, Texas, on October 21, 2014. Ex. 1, Pl.'s Orig. Pet. Defendants FMP SA Management Group, LLC d/b/a FMP Partners ("FMP"), All Jones, LLC ("All Jones"), and Peter Donbavand ("Donbavand") were served with the Original Petition on November 7, 2014. Defendant Allen J. Jones ("Jones") was served on November 20, 2014. All Defendants timely filed their General Denial and Defenses on November 26, 2014. Ex. 2, Def.'s Answer & Defenses. Plaintiff filed her First Amended Petition on December 5, 2014. Ex. 3, Pl.'s 1st Am. Pet. Plaintiff's First Amended Petition alleged three claims for relief: (1) promissory estoppel regarding an alleged promise to purchase a home for her, (2) "wrongful termination," and (3) conversion of certain property allegedly belonging to her.

1

On December 22, 2015—well within the 60 day period prescribed by Rule 91a.3(a)—Defendants filed their Rule 91a Motion to Dismiss. Through that Motion to Dismiss, Defendants asked the Court to dismiss (1) Plaintiff's wrongful termination claim as to all Defendants, (2) Plaintiff's promissory estoppel claim as to all Defendants, (3) all remaining claims against Defendant Donbavand and (4) the conversion and wrongful termination claims against Defendant Jones.

In response to Defendants' Rule 91a Partial Motion to Dismiss, Plaintiff filed her Second and Third Amended Petitions on January 28 and 30, 2015, respectively. Ex. 4, 2d Am. Pet; Ex. 5, 3d Am. Pet. Through these pleading amendments, Plaintiff has substantially revised the allegations pertaining to her promissory estoppel claim, while dropping her claims of "wrongful termination" and conversion. Meanwhile, Plaintiff's Third Amended Petition has added new, previously unasserted claims of sexual harassment, conspiracy, and fraud.

Defendants' Rule 91a Partial Motion to Dismiss is presently set for hearing on February 4, 2015. In light of Plaintiff's Third Amended Petition, which amends Plaintiff's promissory estoppel claim, previously challenged by Defendants, and adds new claims of sexual harassment, conspiracy, and fraud, Defendants now file their Amended Motion to Dismiss pursuant to Rule 91a.5(b). Defendants specifically move to dismiss Plaintiff's claim for promissory estoppel, as her amended pleadings do not establish a legal exception to the statute of frauds, which bars this claim as a matter of law. Defendants further move to dismiss Plaintiff's claim of conspiracy, which is barred by Plaintiff's Chapter 21's exclusive remedial framework.

## II.     STANDARD OF REVIEW

### A.     *Rule 91a Standard of Dismissal*

Texas Rule of Civil Procedure 91a requires dismissal of claims that have "no basis in law or fact." TEX. R. CIV. P. 91a.1. A cause of action has no basis in law "if the allegations, taken as

2

true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Meanwhile, a cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." *Id.*

### III.   ARGUMENT & AUTHORITIES

#### A.   *Plaintiff Fails to Show Exception to Statute of Frauds, Requiring Dismissal of Promissory Estoppel Claim.*

Faire asserts a claim for promissory estoppel based on Defendant Jones's allegedly "promis[ing] Plaintiff that he would buy a home and transfer ownership to" her. Ex. 5, Pl.'s 3d Am. Pet. at ¶ 11. Defendant's First Rule 91a Partial Motion to Dismiss generally outlines the manner in which the statute of frauds bars this promissory estoppel claim; however, in brief, a contract for the sale or purchase of real property, or one affecting an interest in real property, is subject to the statute of frauds. *Old Tin Roof Steakhouse, LLC v. Haskett*, No. 04-12-00363, 2013 WL 1148921, at *7 (Tex. App.—San Antonio, Mar. 20, 2013, no pet.) (mem. op.) (citing Tex. Bus. & Comm. Code § 26.01(a)(4)). As such, any alleged promise to purchase, sell, or transfer a real property interest, such as a promise to transfer home ownership in this case, must satisfy the statutory prerequisites of the statute of frauds. *See, e.g., Fontenot v. Hanus*, No. 11-10-00016, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. denied) ("agreement is subject to the Statute of Frauds because it relates to the conveyance of real property interests ....."). In such cases, Texas law specifically requires that:

> A promise or agreement [subject to the statute of frauds] is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

TEX. BUS. & COMM. CODE § 26.01(a).

3

In this case, Plaintiff's First Amended Petition conceded that Defendant Jones's alleged promise to "buy her a house" was made orally and, thus, could be subject to the statute of frauds. *See* Ex. 3, Pl.'s 1st Am. Pet. at ¶ 28. To avoid dismissal of her promissory estoppel claim, Plaintiff has now amended her pleading to allege that the statute of frauds is inapplicable because "Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home ..." *Id.* at ¶ 24.

Plaintiff's amended promissory estoppel claim is nonetheless deficient, as a matter of law, and should be dismissed. Plaintiff baldly alleges "Defendant Jones promised he would sign the necessary documents to give" Plaintiff ownership of the home. Ex. 5, Pl.'s 3d Am. Pet. at ¶ 24. However, promissory estoppel claims only avoid "the traditional Statute of Frauds when the alleged oral promise is to sign an *existing* document that satisfies with the Statute of Frauds." *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. denied) (emphasis in original). Thus, even if Plaintiff's allegations were accepted as true, she has failed to allege Defendant Jones promised to sign *existing* documents capable of transferring ownership of the property at issue, nor does she specifically allege that such documents had in fact in been drafted at the time the promise was allegedly made. In cases with facts and allegations like this one, courts have held the promissory estoppel exception to the statute of frauds is inapplicable and dismissed such claims with prejudice. *See id., see also Coastal Corp. v. Atl. Richfield Co.*, 852 S.W.2d 714, 718 (Tex. App.—Corpus Christi, no writ) ("Promissory estoppel is applied when a party promises to sign an *existing* written contract that would satisfy the statute of frauds, but for the lack of a signature. When a document remains to be prepared, as in this case, all of the terms must ultimately be agreed to in writing") (emphasis in original). Because Plaintiff's

4

promissory estoppel allegations, accepted as true, do not establish this exception to the statute of frauds, Plaintiff's claim must be dismissed with prejudice.

**B.     *Plaintiff's Conspiracy Claim Barred by Intra-Corporate Immunity Doctrine.***

Plaintiff's Second and Third Amended Petitions allege, for the first time in this matter, a conspiracy claim against Defendant Donbavand and Jones. This claim specifically alleges Donbavand "acted with intent to assist" other Defendants in "wrongful acts toward Plaintiff, including the discriminatory practices perpetrated." Ex. 5, 3d Am. Pet. at ¶¶ 35-37. Plaintiff's live pleading concedes that Donbavand is "a business partner of Defendant Jones," and that Defendant Jones is President & CEO of Defendant FMP. *Id.* at ¶¶ 16, 27.

Plaintiff's conspiracy claim is barred, as a matter of law, because it is alleged against Defendants Donbavand and Jones, who are both agents of Defendant FMP. Indeed, by naming FMP as a Defendant in this lawsuit, Plaintiff has herself alleged that Donbavand's and Jones's alleged acts were not made in their individual capacities but, instead, committed in the course and scope of their agency with that corporate entity. "Employees or agents of a principal acting within the course and scope of their employment or agency relationship cannot enter into a conspiracy with each other so long as they are not acting outside their capacity as an employee or agent ...." *Crouch v. Trinque*, 262 S.W.3d 417, 427 (Tex. App.—Eastland 2008, no pet.); *see also Atl. Richfield Co. v. Misty Prods., Inc.*, 820 S.W.2d 414, 420-21 (Tex. App.—Houston [14th Dist.] 1991, writ denied) ("An employee or agent of the parent corporation and an employee or agent of the wholly owned subsidiary ... cannot conspire"). Because Donbavand and Jones, both agents of FMP, were incapable, as a matter of law, from conspiring with one another, Plaintiff's conspiracy claim should be dismissed with prejudice.

5

C.   *Plaintiff's Conspiracy Claim Barred by Exclusive Statutory Remedies.*

    1.   **State Law Claims "Entwined" with Statutory Claims are Preempted as a Matter of Law.**

Chapter 21 of the Texas Labor Code is designed to be the exclusive means by which a party can vindicate her statutory rights as it pertains to unlawful harassment or discrimination. *Wheatfall v. Potter*, No. 07-1937, 2010 WL 2854284, *4 (S.D. Tex. July 19, 2010) (federal anti-discrimination statutes, such as Title VII,[1] "provide the exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"). As a result, a claimant's statutory harassment and discrimination claims are preemptive when the complained-of conduct is entwined with the underlying complained-of discriminatory or retaliatory conduct. *See Mosley v. Wal-Mart Stores Tex. LLC*, No. 3:10-cv-2305, 2011 WL 2893086, *3 (N.D. Tex. July 20, 2011). As the *Mosley* court explains, when:

> the gravamen of a plaintiff's case is for sexual harassment, the plaintiff must proceed **solely** under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim .... allowing [tort] damages for a TCHRA violation would eclipse the Legislature's prescribed scheme.

*Id.* In other words, Texas state common law conspiracy claims are preempted whenever they are "entwined" with or arise from the same facts supporting a statutory discrimination claim. In such situations, the preempted claims must be dismissed as a matter of course, with the claimant left solely to rely upon the exclusive, statutory remedial scheme provided by the Texas Legislature.

---

[1] The express purpose of Chapter 21 is "to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 ...." *De Santiago v. West Tex. Comm. Supervision & Corrections Dept.*, 203 S.W.3d 387, 391 (Tex. App.—El Paso 2006, no pet.). "In light of this express purpose, we look to analogous federal precedent when interpreting the Texas Act." *Id.*

2.      **Plaintiff's Conspiracy Claim Relies on Same Underlying Facts as Statutory Chapter 21 Claims, Requiring Their Dismissal.**

In this case, Faire's conspiracy claim is not in any way factually distinct from her Chapter 21 sexual harassment and discrimination claims. In fact, Faire's Third Amended Petition unambiguously alleges that her conspiracy claim is premised on the same factual allegations supporting her Chapter 21 claims. *See* Ex. 5, 3d Am. Pet. at ¶¶ 36-37 (alleging "Defendant Donbavand . . acted with intent to assist Defendant Jones in *discriminatory practices perpetrated against Plaintiff* . . ."). Stated differently, Faire's Third Amended Petition is devoid of any specific factual allegations related specifically and only to her conspiracy claim. In the absence of specific, distinct factual allegations, this Court can only conclude that Faire's conspiracy claim is "entwined" with her statutory harassment and discrimination retaliation claims. As a result, Faire's statutory claims provide her exclusive remedy, preempt her common law conspiracy claim, and that claim should be dismissed with prejudice.

## IV.     CONCLUSION & PRAYER

Plaintiff's claims in this matter are, by and large, legally baseless and factually deficient. First, Plaintiff's claims for promissory estoppel are barred by the statute of frauds, as they are premised upon an oral and unwritten promise to effect the transfer of title to real estate. Furthermore, Plaintiff has failed to establish any exception to the Statute of Frauds, as a matter of law. Second, Plaintiff's conspiracy claim against Defendants is barred by the doctrine of intra-corporate immunity. Finally, Plaintiff's conspiracy claim is barred by her exclusive statutory remedies afforded by Chapter 21. As such, Defendants pray the Court dismiss these claims with prejudice pursuant to Texas Rule of Civil Procedure 91a and for all other relief to which they may be entitled.

7

Respectfully submitted,

Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone: (210) 447-8033
Fax: (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANTS FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC, ALL JONES, LLC, ALLEN J. JONES, AND PETER DONBAVAND**

## FIAT

The foregoing Amended Rule 91a Partial Motion to Dismiss is hereby set for hearing at 8:30 a.m. on March 18, 2015 in the Presiding District Court, Bexar County Courthouse, San Antonio, Texas.

Signed on this _____ day of February, 2015.

_____
JUDGE PRESIDING

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via electronic service, facsimile and certified mail, return receipt requested,* to:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1884 (facsimile)
argyle2@sbcglobal.net

on this 3rd day of February, 2015.

_____
Christine E. Reinhard

9

# EXHIBIT 1

FILED
10/21/2014 4:04:21 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

**4 CITS PPS W/JD - SAC2**

## CAUSE NO. 2014CI16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **150TH** JUDICIAL DISTRICT |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | | |
| **INDIVIDUALLY, AND** | | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, Cearth Faire, files this original petition and request for disclosure against defendants, Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3. Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and may be served by and through its registered agent for service of process, Peter Donbavand, 120 Chula Vista, Hollywood Park, Texas 78232.

5. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and may be served by and through its registered agent for service of process, Peter Donbavand, 120 Chula Vista, Hollywood Park, Texas 78232.

6. Defendant Allen J Jones, is an individual whose address is 73 La Escalera, San Antonio, Texas 78261

7. Defendant Peter Donbavand, is an individual whose business address is, Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232

## JURISDICTION

8. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

9. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for over five months on a 24/7 basis assisting in his defense in a family law matter.

11. Defendant Jones in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy her a home so she would never have worries about a residence. Defendant Jones developed a scheme for the purchase of the house that included an authorization that Plaintiff's pay scale would be increased to cover the house payments. Defendant Jones intended to hide the gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses.

12. Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate transactions to be initiated that would result in a purchase transaction with Plaintiff as the owner. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13. Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' promise of the gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14. Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has also conspired with the other defendants including Defendant Peter Donabavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings are currently pending in justice of the peace court.

15. Defendants continue to harass the Plaintiff although they have been put on notice that question of title is so integrally linked to the issue of possession, that the justice court is without jurisdiction over the matter. The title to the property is one of the facts that give rise to this lawsuit. Plaintiff suffers from mental anguish as a result of the conduct of Defendant Jones and the other defendants who have conspired with Defendant Jones.

**Count 1 Promissory Estoppel as a Claim**

16. Defendant Jones promised the Plaintiff that he would purchase a residence for her. He promised that he would buy the home owned by another partner.

The financing of the purchase was designed so as to be disguised as follows: Plaintiff was to receive and did receive a raise to cover the monthly payments. Defendant Jones also promised Plaintiff lifetime employment.

17. All the necessary real estate documents were ordered by Defendant Jones.

18. Plaintiff relied on Defendant Jones' promise because the nature and subject of the promise was reasonable in the context of the relationship between the Plaintiff and Defendant Jones. Plaintiff's reliance on the promise was also reasonable and substantial, and she moved into the residence incurring moving and repair expenses.

19. Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court.

20. Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this suit is for promissory estoppel.

21. On or about July 25, 2014 at the office of FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC, hereinafter "FMP", 120 Chula Vista, San Antonio, Bexar County, Texas, Allen J Jones, President of FMP, and benefactor of

Plaintiff, made a promise to purchase a home for Plaintiff, located at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff, Cearth Faire, negotiating a temporary lease pending the purchase of the home for her.

22. At the direction of Defendant Jones, Defendant Peter Donbavand, Vice President of Real Estate & Business Development for Defendant FMP, commenced the process of purchasing the home at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff. Defendants' actions in furtherance of the promise, included but were not limited to contracting for an inspection and repairs for the home, prior to purchase.

23. At the direction of Defendant Jones, Defendant Donbavand negotiated a temporary lease agreement between, Tara Kemp, the owner of the home at 8647 Timber Place, and Plaintiff, pending closing of that purchase on or about September 15, 2014. Defendant Donbavand prepared the one-month lease pending the closing of the sale.

24. Relying on the promise to purchase, and subsequent actions on the part of Defendants, Plaintiff Faire gave notice to vacate her prior address.

25. On or about August 30, 2014, Plaintiff's employment with Defendant FMP was abruptly terminated, without notice or good cause connected with the work. Her employment was terminated after several years, and following a recent promotion and pay increase. Defendant Jones had promised Plaintiff lifetime employment based on her willingness to work around the clock if necessary.

26. Employees of Defendants All Jones, LLC, and FMP, under the direction and control of Defendants Jones and Donbavand, were instructed, and did demand and collect Plaintiff's personal iPhone, iPad, and computers. Defendants then had access to all her security and passwords, including her bank account, which they accessed.

27. On or about September 8, 2014, at the direction of Defendants Jones and Donbavand, FMP employee Jessica DeLaTorre personally delivered a Notice to Vacate Property, to Plaintiff at her home at 8647 Timber Place.

### COUNT I - Promissory Estoppel As A Claim

28. Defendant Jones made a promise to the Plaintiff that he would buy her a house. The said house was owned by Tara Kemp, the wife of his partner, Jason Kemp. Defendant Jones assured Plaintiff that the official real estate documents for conveyance were being prepared. Defendant wanted Plaintiff to own the house in consideration for her loyal employment during the past years. The nature of the promise was one that was reasonable considering the special relationship between the parties.

29. Plaintiff Faire reasonably and substantially relied on the promise to her detriment. Her reliance was foreseeable by Defendant Jones and other Defendants acting in concert with Jones. Further, Defendants have actual knowledge of her reliance in that in furtherance of Jones' promise to purchase the house for her, Plaintiff made numerous improvements to the home Defendant Jones promised her. Plaintiff sustained economic damages as a result and great injustice can be avoided only by enforcing the Defendant's promise.

30. Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court

31. Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies COde section 38.001(8) because this suit is for promissory estoppel.

## COUNT II – WRONGFUL TERMINATION

32. Over two years ago Plaintiff and Defendants entered into a valid and enforceable written employment agreement. Throughout the term of employment, Defendant Jones incessantly praised Plaintiff for her efforts both as to the companies and to his personal requirements. Defendant Jones accordingly gave her pay raises and other benefits.

33. Within two weeks of her latest pay raise, Defendant Jones breached the employment agreement by firing her without cause. Defendant Jones has failed to meet the terms of the agreement. His breach has caused injury to the Plaintiff which resulted in economic damages including but not limited to her monthly salary, benefits and a severance package. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

34. Defendant Jones' accessing of her personal bank account and Facebook account and other private matters would be offensive to a reasonable person. Plaintiff has confirmed with her bank of Defendant Jones' intrusion via the internet.

## COUNT III – CONVERSION

35. Plaintiff owned several items of electronic personal property that included an Iphone and an Ipad load with personal information and private pass codes including to bank accounts. Defendants wrongfully acquired and exercised dominion and control over Plaintiff's personal property and invade her right to privacy. Defendants have refused to return Plaintiff's personal property and continue to harass Plaintiff by illegally accessing her email accounts.

36. Plaintiff has made numerous attempts to get her personal property by means of written communications with Defendant Jones. He intentionally and willfully continues to exercise dominion and control over Plaintiff's personal property including electronic information. Defendants' wrongful acts have proximately and directly caused injury to the Plaintiff, which have resulted in economic and non-economic damages. Plaintiff seeks return of the converted property and the damages within the jurisdictional limits of the Court.

37. Further, Plaintiff seeks exemplary damages against all Defendants as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a). Plaintiff is also entitled to recover reasonable attorney fees under the Texas Property Code, because this claim is to recover her personal property.

## JURY DEMAND

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

40. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## OBJECTION TO ASSOCIATE JUDGE

41. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

   a. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

   b. Prejudgment and postjudgment interest.

   c. Court costs.

d.    Attorney's fees

e.    All other relief to which plaintiff is entitled.

                          Respectfully submitted,

                          LAW OFFICE OF OLGA BROWN
                          111 Soledad, Suite 1725
                           San Antonio, Texas 78205
                           210/226-1550 telephone
                           210/226-1884 facsimile
                           Argyle2@sbcglobal.net


                          By: /s/ Olga Brown
                               OLGA BROWN
                               State Bar No. 03155500
                               Attorney for Plaintiff

# EXHIBIT 2

FILED
11/26/2014 11:17:31 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' GENERAL DENIAL, DEFENSES & REQUEST FOR DISCLOSURES TO PLAINTIFF

For their Answer to Plaintiff's Original Petition, Defendants FMP SA Management Group, LLC d/b/a Food Management Partners, LLC, All Jones, LLC, Allen J. Jones, and Peter Donbavand (collectively, "Defendants") respectfully show the following:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition, and demand strict proof thereof as required by the Constitution, Statutes, Laws and Texas Rules of Civil Procedure.

### II.
### DEFENSES

1. **Fails to State a Claim** --Plaintiff fails to state a claim, in whole or in part, in her Petition upon which relief can be granted.

1

2.      **Conditions Precedent** – Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or her failure to satisfy required conditions precedent, including any applicable administrative prerequisites.

3.      **Express Contract** – Plaintiff's claims may be barred, in whole or in part, because the alleged promises at issue in her Petition were subject to a valid, express contract between the parties.

4.      **Statute of Frauds** – Plaintiff's claims may be barred, in whole or in part, by the statute of frauds.

5.      **Lack of Consideration** – Plaintiff's claims may be barred, in whole or in part, because the alleged contracts at issue in her Petition were not supported by mutual consideration.

6.      **Failure of Consideration** – Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to perform a condition precedent to Defendants' alleged duties to perform, if any.

7.      **Wrongfully Acquired Possession** – Plaintiff's claims for alleged conversion may be barred because Plaintiff wrongfully acquired the underlying items and/or property.

8.      **Superior Title** – Plaintiff's claims may be barred, in whole or in part, because Defendants had superior title or right to the underlying items and/or property.

9.      **Comparative Negligence/No Proximate Cause** – Plaintiff's damages and losses, if any, were the result of Plaintiff's own conduct and/or omissions, and were not proximately caused by Defendants' actions and/or omissions.

10.     **Equitable Defenses** – Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, collateral estoppel, *res judicata*, *in pari delicto*, and unclean hands.

2

11. **Failure to Mitigate** – Plaintiff has failed to exercise reasonable care and diligence to mitigate her damages, if any.

12. **Offset** –Plaintiff's damages and losses, if any, should be reduced by any and all interim earnings.

13. **Right to Amend or Supplement** –Defendants reserve the right to amend or supplement their Answer in accordance with the Texas Rules of Civil Procedure.

## III.
## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendants request that Plaintiff disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

## IV.
## PRAYER

Defendants request that, upon final hearing, the Court dismiss this lawsuit in its entirety and order Plaintiff to take nothing by reason of this action; order Plaintiff to pay Defendants the attorney's fees and costs they have incurred and will incur in defending this action; and grant Defendants all other relief to which it may be entitled.

**DATED** this 26th day of November, 2014.

3

Respectfully submitted,

Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone: (210) 447-8033
Fax: (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANTS FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC, ALL JONES, LLC, ALLEN J. JONES, AND PETER DONBAVAND**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via certified mail, return receipt requested,* to:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1884 (facsimile)
argyle2@sbcglobal.net

on this 26th day of November, 2014.

Christine E. Reinhard

4

# EXHIBIT 3

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | 150TH JUDICIAL DISTRICT |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | | |
| **INDIVIDUALLY, AND** | | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Amended Original Petition against defendants, Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3.   Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.   Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5.   Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6.   Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7.   Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

8.   The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

9.   Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

2

## FACTS

10. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter. Plaintiff has not been properly compensated for her services.

11. Defendant Jones in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy her a home so she would never have worries about a residence. Defendant Jones developed a scheme for the purchase of the house that included an authorization that Plaintiff's pay scale would be increased to cover the house payments. Defendant Jones intended to hide the gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses.

12. Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate transactions to be initiated that would result in a purchase transaction with Plaintiff as the owner. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13. Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of

significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' promise of the gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has now conspired with the other defendants including Defendant Peter Donabavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction. Defendants have not withdrawn their petition for eviction, as further proof of the Defendant Jones' promise to Plaintiff.

15.     Defendants continue to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini cooper. Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity to seek employment. During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

### Count 1 Promissory Estoppel as a Claim

16.     Defendant Jones promised the Plaintiff that he would purchase a residence for her. He promised that he would buy the home owned by another partner. The financing of the purchase was designed so as to be disguised as follows: Plaintiff was to receive and did receive a raise to cover the monthly payments. Defendant

4

Jones also promised Plaintiff lifetime employment.

17. All the necessary real estate documents were ordered by Defendant Jones.

18. Plaintiff relied on Defendant Jones' promise because the nature and subject of the promise was reasonable in the context of the relationship between the Plaintiff and Defendant Jones. Plaintiff 's reliance on the promise was also reasonable and substantial, and she moved into the residence incurring moving and repair expenses.

19. Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court.

20. Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this suit is for promissory estoppel.

21. On or about July 25, 2014 at the office of FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC, hereinafter "FMP", 120 Chula Vista, San Antonio, Bexar County, Texas, Allen J Jones, President of FMP, and benefactor of Plaintiff, made a promise to purchase a home for Plaintiff, located at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff, Cearth Faire, negotiating a temporary lease pending the purchase of the home for her.

22. At the direction of Defendant Jones, Defendant Peter Donbavand, Vice

President of Real Estate & Business Development for Defendant FMP, commenced the process of purchasing the home at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff. Defendants' actions in furtherance of the promise, included but were not limited to contracting for an inspection and repairs for the home, prior to purchase.

23. At the direction of Defendant Jones, Defendant Donbavand negotiated a temporary lease agreement between, Tara Kemp, the owner of the home at 8647 Timber Place, and Plaintiff, pending closing of that purchase on or about September 15, 2014. Defendant Donbavand prepared the one-month lease pending the closing of the sale.

24. Relying on the promise to purchase, and subsequent actions on the part of Defendants, Plaintiff Faire gave notice to vacate her prior address.

25. On or about August 30, 2014, Plaintiff's employment with Defendant FMP was abruptly terminated, without notice or good cause connected with the work. Her employment was terminated after several years, and following a recent promotion and pay increase. Defendant Jones had promised Plaintiff lifetime employment based on her willingness to work around the clock if necessary.

26. Employees of Defendants All Jones, LLC, and FMP, under the direction and control of Defendants Jones and Donbavand, were instructed, and did demand and collect Plaintiff's personal iPhone, iPad, and computers. Defendants then had access to all her security and passwords, including her bank account, which they accessed.

6

27. On or about September 8, 2014, at the direction of Defendants Jones and Donbavand, FMP employee Jessica DeLaTorre personally delivered a Notice to Vacate Property, to Plaintiff at her home at 8647 Timber Place.

## COUNT I - Promissory Estoppel As A Claim

28. Defendant Jones made a promise to the Plaintiff that he would buy her a house. The said house was owned by Tara Kemp, the wife of his partner, Jason Kemp. Defendant Jones assured Plaintiff that the official real estate documents for conveyance were being prepared. Defendant wanted Plaintiff to own the house in consideration for her loyal employment during the past years. The nature of the promise was one that was reasonable considering the special relationship between the parties, and the multi-million dollar net worth of the Defendant Jones, that includes approximately one million dollars worth of automobiles.

29. Plaintiff Faire reasonably and substantially relied on the promise to her detriment. Her reliance was foreseeable by Defendant Jones and other Defendants acting in concert with Jones. Further, Defendants have actual knowledge of her reliance in that in furtherance of Jones' promise to purchase the house for her, Plaintiff made numerous improvements to the home Defendant Jones promised her. Plaintiff sustained economic damages as a result and great injustice can be avoided only by enforcing the Defendant's promise, which is reasonable in light of Defendant Jones' net worth.

30.      Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court

31.      Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this suit is for promissory estoppel.

## COUNT II – WRONGFUL TERMINATION

32.      Over two years ago Plaintiff and Defendants entered into a valid and enforceable written employment agreement. Throughout the term of employment, Defendant Jones incessantly praised Plaintiff for her efforts both as to the companies and to his personal requirements. Defendant Jones accordingly gave her pay raises and other benefits.

33.      Within two weeks of her latest pay raise, Defendant Jones breached the employment agreement by firing her without cause. Defendant Jones has failed to meet the terms of the agreement. His breach has caused injury to the Plaintiff which resulted in economic damages including but not limited to her monthly salary, benefits and a severance package. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

8

34.     Defendant Jones' accessing of her personal bank account and Facebook account and other private matters would be offensive to a reasonable person. Plaintiff has confirmed with her bank of Defendant Jones' intrusion via the internet. Plaintiff seeks exemplary damages for this outrageous, if not illegal conduct.

## COUNT III – CONVERSION

35.     Plaintiff owned several items of electronic personal property that included an Iphone and an Ipad load with personal information and private pass codes including to bank accounts. Defendants wrongfully acquired and exercised dominion and control over Plaintiff's personal property and invade her right to privacy. Defendants have refused to return Plaintiff's personal property and continue to harass Plaintiff by illegally accessing her email accounts.

36.     Plaintiff has made numerous attempts to get her personal property by means of written communications with Defendant Jones. He intentionally and willfully continues to exercise dominion and control over Plaintiff's personal property including electronic information. Defendants' wrongful acts have proximately and directly caused injury to the Plaintiff, which have resulted in economic and non-economic damages. Plaintiff seeks return of the converted property and the damages within the jurisdictional limits of the Court.

37.     Further, Plaintiff seeks exemplary damages against all Defendants as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a). Plaintiff

is also entitled to recover reasonable attorney fees under the Texas Property Code, because this claim is to recover her personal property.

## JURY DEMAND

38. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

## CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

40. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Reasonable and necessary Attorney's fees

10

f.    All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net


By: */s/ Olga Brown*
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the _5th_ day of December 2014, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Amended Original Petitioner was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

*/s/ Olga Brown*
OLGA BROWN

# EXHIBIT 4

FILED
1/28/2015 4:07:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Hernandez

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE**<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| **V.** | §<br>§ | |
| | § | 150TH JUDICIAL DISTRICT |
| **FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY** | §<br>§<br>§<br><br><br>§<br>§<br>§ | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Second Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief. Plaintiff has a pending Motion for a Level Three Docket Control Order, and the parties entered into a Rule 11 Agreement showing intent to enter into an Agreed Docket Control Order and setting this matter for Jury Trial November 2, 2015. See Exhibit A.

## CLAIM FOR RELIEF

2.  Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3.  Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.  Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5.  Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6.  Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7.  Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

8.  The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

2

## VENUE

9. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated for her services.

11. Defendant Jones, in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to Plaintiff, so she would never have worries about a residence. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses, and therefore, Plaintiff was further inclined to believe his promise to purchase and transfer ownership.

12. Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate

transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13. Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14. Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has now conspired with the other defendants including Defendant Peter Donbavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction.

15. Defendants continue to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini cooper. Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity of transportation to seek employment. During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

4

16. Plaintiff had an exemplary employment record with Defendants FMP and ALL JONES, LLC, and had immediately before the firing, been given a raise in pay and additional duties. Plaintiff was fired solely because Plaintiff refused to continue perform employment duties that were not in furtherance of the corporate business but to serve as a shield for Defendant Jones numerous illegal activities some including sexual harassment. Defendant Peter Donbavand, a business partner of Defendant Jones was aware of the employment violations occurring at the corporations and by non-action, condoned the wrongful conduct of Defendant Jones.

17. Plaintiff seeks actual damages as a result of the wrongful termination, which include, but are not limited to back pay from the date of retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her wrongful termination.

18. Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones forcing her to choose between the illegal activities he was demanding of her and her livelihood.

19. Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the wrongful termination. Defendant Jones and Defendant Donbavand have inflicted additional injuries by circulating malicious rumors about the Plaintiff, harassing the Plaintiff and other activities which affect her future employment. Plaintiff therefore seeks exemplary damages.

## COUNT 1-PROMISSORY ESTOPPEL as a CLAIM

20.      On or about March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

21.      It was reasonable for Plaintiff to rely on Defendant Jones' promise to purchase a home and gift it to her based on Defendant Jones' financial resources, including his ownership of one million dollars worth of cars, and extensive property real estate holdings in the United States, and in the Dominican Republic.

22.      Defendant Jones promised the Plaintiff that he would execute a written agreement at closing, giving her full title and interest to the home. Defendant Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and his business partner Jason Kemp. All terms for the sale of the house were reached by buyer and seller.

23.      Defendant Jones negotiated all the terms of the real estate purchase. Defendant Jones had reached an agreement with his business partner, Jason Kemp to purchase the house located at 8647 Timber Place San Antonio, Texas 78250 from Kemp's wife, Tara Kemp. The real estate actions necessary for a closing were initiated. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing.

6

24. Although there were no uncertainties regarding the purchase of the home by Defendant Jones for the Plaintiff, there was a delay in the closing. Plaintiff was asked to sign a one month lease pending the real estate closing. In signing the one-month lease, Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home in consideration for her loyal efforts in assisting Defendant Jones in the defense of his suit for divorce.

25. It now appears that Defendant Jones, acting in concert with Defendant Donbavand, who appeared in Justice of Peace court attempting to practice law without a license, regarding this promise, made the following:

a. a false representation or concealment of material facts concerning the real estate transaction;

b. made representation with knowledge, actual or constructive, of those facts;

c. with the intention that it should be acted on;

d. to a party without knowledge or the means of knowledge of those facts

e. who detrimentally relied upon the misrepresentation

26. Plaintiff contends the promise to complete the transaction (closing of the real estate) conveying title to Plaintiff is binding against Defendant Jones in order to avoid injustice. Plaintiff further contends equitable estoppel alleged above is sufficient to preclude the statute of fraud defense to this promise of a home to Plaintiff.

## COUNT 2 QUID PRO QUO SEXUAL HARASSMENT

27. Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant

Allen J. Jones, the President and CEO of Defendant FMP. Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

28. On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman. Defendant Jones then demanded physical conduct of a sexual nature. Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

29. Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

30. At the time of the harassment, Defendant Jones was the President and CEO of the Food Management Partners, a Texas LLC. At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and owner of 150 businesses. Defendant Jones instilled fear of his power on Plaintiff. There was no recourse available to the Plaintiff to complain.

31. Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones. Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment. When Plaintiff was well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about August 31, 2014.

8

32. Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

33. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including the purchase of a female for his own inappropriate sexual requests.

34. Further, Plaintiff seeks exemplary damages against all Defendants, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

### COUNT 3 – Conspiracy

35. Defendant Peter Donbavand and Jason Kemp, CFO of FMP assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff.

36. Defendant Donbavand and Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff including the discriminatory practices perpetrated against Plaintiff more fully described in Petitioner's Second Amended Original Petition.

37. Defendant Donbavand and Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in causing the discriminatory practices and in the breach of the promise Defendant Jones made to Plaintiff.

## JURY DEMAND

38. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

## CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

40. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Reasonable and necessary Attorney's fees

f. All other relief to which plaintiff is entitled.

10

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
  San Antonio, Texas 78205
  210/226-1550 telephone
  210/226-1884 facsimile
  Argyle2@sbcglobal.net

By: _/s/ Olga Brown_____
      OLGA BROWN
      State Bar No. 03155500
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the _28th_ day of January 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                          _/s/ Olga Brown_____
                          OLGA BROWN

# EXHIBIT 5

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Third Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief. Plaintiff has a pending Motion for a Level Three Docket Control Order, and the parties entered into a Rule 11 Agreement showing intent to enter into an Agreed Docket Control Order and setting this matter for Jury Trial November 2, 2015. See Exhibit A.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3. Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6. Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7. Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

8. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

2

## VENUE

9. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated for her services.

11. Defendant Jones, in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to Plaintiff, so she would never have worries about a residence. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses, and therefore, Plaintiff was further inclined to believe his promise to purchase and transfer ownership.

12. Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate

transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13.      Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14.      Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has now conspired with the other defendants including Defendant Peter Donbavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction.

15.      Defendants continue to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini cooper. Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity of transportation to seek employment. During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

4

16. Plaintiff had an exemplary employment record with Defendants FMP and ALL JONES, LLC, and had immediately before the firing, been given a raise in pay and additional duties. Plaintiff was fired solely because Plaintiff refused to continue perform employment duties that were not in furtherance of the corporate business but to serve as a shield for Defendant Jones numerous illegal activities some including sexual harassment. Defendant Peter Donbavand, a business partner of Defendant Jones was aware of the employment violations occurring at the corporations and by non-action, condoned the wrongful conduct of Defendant Jones.

17. Plaintiff seeks actual damages as a result of the wrongful termination, which include, but are not limited to back pay from the date of retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her wrongful termination.

18. Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones forcing her to choose between the illegal activities he was demanding of her and her livelihood.

19. Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the wrongful termination. Defendant Jones and Defendant Donbavand have inflicted additional injuries by circulating malicious rumors about the Plaintiff, harassing the Plaintiff and other activities which affect her future employment. Plaintiff therefore seeks exemplary damages.

## COUNT 1-PROMISSORY ESTOPPEL as a CLAIM

20.      On or about March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

21.      It was reasonable for Plaintiff to rely on Defendant Jones' promise to purchase a home and gift it to her based on Defendant Jones' financial resources, including his ownership of one million dollars worth of cars, and extensive property real estate holdings in the United States, and in the Dominican Republic.

22.      Defendant Jones promised the Plaintiff that he would execute a written agreement at closing, giving her full title and interest to the home. Defendant Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and his business partner Jason Kemp. All terms for the sale of the house were reached by buyer and seller.

23.      Defendant Jones negotiated all the terms of the real estate purchase. Defendant Jones had reached an agreement with his business partner, Jason Kemp to purchase the house located at 8647 Timber Place San Antonio, Texas 78250 from Kemp's wife, Tara Kemp. The real estate actions necessary for a closing were initiated. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing.

6

24.     Although there were no uncertainties regarding the purchase of the home by Defendant Jones for the Plaintiff, there was a delay in the closing. Plaintiff was asked to sign a one month lease pending the real estate closing. In signing the one-month lease, Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home in consideration for her loyal efforts in assisting Defendant Jones in the defense of his suit for divorce.

25.     It now appears that Defendant Jones, acting in concert with Defendant Donbavand, who appeared in Justice of Peace court attempting to practice law without a license, regarding this promise, made the following:

a.     a false representation or concealment of material facts concerning the real estate transaction;

b.     made representation with knowledge, actual or constructive, of those facts;

c.     with the intention that it should be acted on;

d.     to a party without knowledge or the means of knowledge of those facts

e.     who detrimentally relied upon the misrepresentation

26.     Plaintiff contends the promise to complete the transaction (closing of the real estate) conveying title to Plaintiff is binding against Defendant Jones in order to avoid injustice. Plaintiff further contends equitable estoppel alleged above is sufficient to preclude the statute of fraud defense to this promise of a home to Plaintiff.

### COUNT 2 QUID PRO QUO SEXUAL HARASSMENT

27.     Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant

Allen J. Jones, the President and CEO of Defendant FMP. Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

28. On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman. Defendant Jones then demanded physical conduct of a sexual nature. Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

29. Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

30. At the time of the harassment, Defendant Jones was the President and CEO of the Food Management Partners, a Texas LLC. At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and owner of 150 businesses. Defendant Jones instilled fear of his power on Plaintiff. There was no recourse available to the Plaintiff to complain:

31. Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones. Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment. When Plaintiff was well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about August 31, 2014.

8

32.     Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

33. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including the purchase of a female for his own inappropriate sexual requests.

34.     Further, Plaintiff seeks exemplary damages against all Defendants, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

### COUNT 3 – Conspiracy

35.     Defendant Peter Donbavand and Jason Kemp, CFO of FMP assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff.

36.     Defendant Donbavand and Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff including the discriminatory practices perpetrated against Plaintiff more fully described in Petitioner's Third Amended Original Petition.

37.     Defendant Donbavand and Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in causing the discriminatory practices and in the breach of the promise Defendant Jones made to Plaintiff.

## COUNT 4 – Fraud

38.          Additionally, Plaintiff Faire pleads fraud on the part of Defendant Jones and aided and abetted by the other Defendants. Petitioner alleges that Defendants are barred from using the statute of frauds to avoid the promise of gifting real estate, namely the residence at 8647 Timber Place, San Antonio, TX 78250 to Plaintiff.

39.          Plaintiff claims the gift of real estate must be enforced in equity as the denial of the enforcement would amount to a virtual fraud. See *Exxon Corp. Breezevale, Ltd, 82 S.W.3d 429, 439 (Tex. App—Dallas 2002, pet. denied)*.

40.          Plaintiff alleges the facts of her claim removes the suit from the operation of the statute of frauds in that it meets the elements required as set forth;

         (1) payment of consideration,

         (2) possession by the promisee and

         (3) the making by the promisee of valuable improvements;

41.          Plaintiff shows it is undisputed that she worked Defendant Jones with the knowledge of all Defendants for nearly five months in the Dominican Republic on a 24/7 basis as consideration, and she has refrained from a claim of wage and hour violations, in reliance of the promise; Plaintiff has properly taken possession of the home pursuant to a document prepared by the Defendants and Plaintiff has made valuable improvements on the faith of the Agreement/promise.

10

42.    Defendant Peter Donbavand has employed one Robert Ray, attorney at law to initiate eviction proceedings against Plaintiff on two occasions with the full knowledge of Defendant Jones' promise to Plaintiff. Therefore, Plaintiff's injuries resulted from Defendants' actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## JURY DEMAND

43. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

## CONDITIONS PRECEDENT

44. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

45. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a.    Exemplary damages

b.    Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c.    Prejudgment and postjudgment interest.

d.    Court costs.

e.    Reasonable and necessary Attorney's fees

f.    All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
  San Antonio, Texas 78205
  210/226-1550 telephone
  210/226-1884 facsimile
  Argyle2@sbcglobal.net


By:  */s/ Olga Brown*
       OLGA BROWN
       State Bar No. 03155500
       *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the _30th_ day of January 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Third Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD L.L.P
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                          */s/ Olga Brown*
                          OLGA BROWN

12

# Tab 4

FILED
3/10/2015 3:52:26 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | | |
| **INDIVIDUALLY, AND** | | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Fourth Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, Peter Donbavand and Jason Kemp, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. A Level Three Agreed Docket Control Order is in place, this matter is set for Jury Trial November 2, 2015.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3.    Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.    Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5.    Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court

6.    Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7.    Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

8.    Defendant Jason Kemp is an individual  whose business address is Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232.  He may be served at this address, or wherever he may be found.

## JURISDICTION

9.    The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**VENUE**

10. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

**FACTS**

11. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated.

12. Defendant Jones, individually, in recognition for her loyal and tireless services personal to him, promised Plaintiff a home. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit, until he retaliated against Plaintiff by denying he had made a gift of real estate to Plaintiff.

13. Defendant Jones, in his individual capacity, negotiated with Defendant Jason Kemp, whose wife owned the residence at 8647 Timber Pl, San Antonio, TX 78250. Defendant Jones then instructed, Defendant Donbavand, in his individual capacity and outside the scope of corporate business to prepare the necessary documents so he, Jones could purchase the residence for the Plaintiff.

14.     Defendant Donbavand, while a business partner of Defendant Jones and also an agent of Defendant FMP, routinely served Defendant Jones as a personal aide and routinely took orders from Jones outside the course and scope of his duties with the corporate entities to meet the personal demands of Defendant Jones, notwithstanding if the corporate best interests were served.

15. Defendant Kemp, also a business partner of Defendant Jones, took orders and assumed duties outside the course and scope of the corporate entities upon demand from Defendant Jones the President & CEO of Defendant FMP. Defendant Jones treats the corporate entities as his "piggy bank" and Defendants Donbavand and Kemp, as his personal aides.

16.     Defendant Kemp routinely succumbs to the personal demands of Defendant Jones outside the best interests of the corporate business as in this case to sell him the residence at 8647 Timber Pl, San Antonio, TX 78250, so he could gift the property to the Plaintiff in consideration for her assisting in his personal legal matters.

17.     While Defendant Donbavand was completing the necessary documents, again outside the course and scope of corporate business, Defendant Jones requested that Plaintiff move into the house, orally gifting her the house, a present gift. Plaintiff in reliance of his oral promised moved into the house with the consent of Defendant Kemp and the request of Defendant Jones and made valuable and permanent improvements in reliance of Defendant Jones promise to her.

4

18.     Plaintiff incurred moving expenses as well as expenses in making permanent improvements to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.

19.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones demanded the other defendants Defendant Peter Donbavand and Defendant Jason Kemp evict Plaintiff from the house he had given her. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction in that title to the property is at issue. The wrongful eviction proceedings are outside the course and scope of corporate business.

20.     Defendants continued to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini Cooper. Jones promised to repair her car. An ambiguous payment plan was put in place. However, in retaliation for claiming her rightful title to her house, Jones has deprived Plaintiff of a necessity, of transportation to seek employment. During the repossession process, Jones terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

21.     Plaintiff had an exemplary employment record before being hired by Defendants FMP and ALL JONES, LLC.  Immediately before being fired by Defendants, Faire had  been given a raise in pay and been entrusted with additional duties.  Plaintiff was fired solely because Plaintiff refused to continue to perform employment duties that were not in furtherance of the corporate business and because of Defendant Jones' demands for demeaning sexual acts and explicit threats to fire her if she didn't submit.

22.     Plaintiff seeks actual damages as a result of the sexual harassment and discrimination, which include, but are not limited to back pay from the date of quid pro quo retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her unlawful termination.

23.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones explicitly forcing her to choose between the sexual abuse he was demanding of her and her livelihood.

24.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the retaliation.  Defendant Jones, as President and CEO, has inflicted additional injuries by circulating malicious rumors about the Plaintiff at corporate headquarters.  Plaintiff therefore seeks exemplary damages.

## COUNT 1- ORAL GIFT OF REAL ESTATE

25. On or about March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

26. On or about July 20 2014, Plaintiff moved into the house at 8647 Timber Pl, San Antonio, Texas 78250, that Defendant Jones gifted her in his individual capacity but with the knowledge and consent of all Defendants. Plaintiff is still living at her home, taking possession under the present gift.

27. Plaintiff has made permanent and valuable improvement to the home based on the reliance of the gift made to her by Defendant Jones as an individual.

28. It was reasonable for Plaintiff to rely on Defendant Jones' promise of an oral gift of real estate based on Defendant Jones' financial resources, including but not limited to ownership in franchises of Zio's Italian Kitchen, Buffalo Wild Wings, Don Pablo's Big Tex Bold Mex, Furr's, Little Ceasar's and Smashburger.

29. Further, Defendant Jones boasts of having presently one million dollars worth of cars and extensive real estate holdings in the state. In other judicial proceedings, Defendant Jones bragged about owning 150 businesses and having financial resources to "buy" a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings.

30. Defendant Jones informed the Plaintiff that he was buying the house from Defendant Kemp, and that at closing, he would give her full title and interest to the home. Defendants Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and Defendant Jason Kemp. All terms for the sale of the house were reached by buyer and seller, and having absolutely nothing to do with the business of the corporate entities, parties herein

31. Defendant Jones negotiated all the terms of the real estate purchase to make a present gift of real estate to Plaintiff. Defendant Jones, Defendant Kemp, and Defendant Donbavand knew the house located at 8647 Timber Pl, San Antonio, TX 78250 purchased from Kemp's wife, Tara Kemp, was a gift of real estate to the Plaintiff. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing, all outside of the course and scope of corporate business..

32. Defendant Jones made this gift to Plaintiff as an individual and not as President & CEO of the other corporate defendants. Defendant Jones purchased the home from Defendant Kemp as an individual and not as a transaction within the course and scope of corporate business.

33. Defendant Jones ordered Defendant Donbavand to complete the necessary documentation and transactions outside the course and scope of

corporate business. Defendant Donbavand  routinely acts as Defendant Jones' personal aide to carry out his orders regarding personal matters. Defendant Donbavand is experienced in real estate transactions and worked to completing the necessary documents.   In the meantime, in a fit of retaliation, Defendant Jones changed his mind about the gift.  Plaintiff has been living in the house for eight months.

34.     Plaintiff asserts this oral gift of real estate must be enforced  in equity as the facts herein establish a gift of real estate, notwithstanding the requirements of the statute of frauds.

## COUNT 2 – Conspiracy

35.     Defendants Peter Donbavand and Jason Kemp, as individuals acting outside their corporate duties,  assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff, and specifically acting to rescind the oral gift of real estate to Plaintiff

36.     Defendant Donbavand  and Defendant Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff of attempting to rescind the present gift of real estate.

37.     Defendant Donbavand and Defendant Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in the breach of the present gift Defendant Jones made to Plaintiff.

## **COUNT 3 QUID PRO QUO SEXUAL HARASSMENT**

38.     Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant Allen J. Jones, the President and CEO of Defendant FMP.   Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

39.     Plaintiff raises this claim under Tex. Lab. Code Ann. §§ 21.001, .051 (West 1996), which prohibits discrimination on the basis of sex.

40.     On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

41.     Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

42.     At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his financial power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

43.     Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones.  Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment.  When Plaintiff was mentally well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about  August 31, 2014.

44.     Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

45.     Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment  of others and including the purchase of a female as if she was merely chattel.

46.     Further, Plaintiff seeks exemplary damages against Defendant Donbavand and Defendant Kemp, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

## JURY DEMAND

47.  Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.  The jury trail has been set for November 2, 2015.

## CONDITIONS PRECEDENT

48. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

49. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. All the remedies afforded by Tex. Lab. Code Ann. 21.001

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Reasonable and necessary Attorney's fees

f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

111 Soledad, Suite 1725
  San Antonio, Texas 78205
  210/226-1550 telephone
  210/226-1884 facsimile
  Argyle2@sbcglobal.net


By: */s/ Olga Brown*_____
   OLGA BROWN
   State Bar No. 03155500
   *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the __10th__ day of March 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Fourth Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

                */s/ Olga Brown*_____
                OLGA BROWN

# Tab 5

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | **IN THE DISTRICT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S MOTION FOR RECONSIDERATION/NEW TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PLAINTIFF, CEARTH FAIRE, who herein requests this Court to reconsider  this Court's granting of Defendants' Rule 91a Motion to Dismiss her claims of oral gift of real estate and conspiracy.  In support of such request Petitioner would show this Court as follows:

## I. Factual Background of Earlier Motion

At the March 18, 2015 hearing,  Movants based their arguments on complaints of the pleadings more in the light of a no-evidence summary motion or request for  special exception relief.  This is not the basis for determining whether Petitioner's causes of action have merit at this particular stage of litigation.

Petitioner clearly pled each element for her cause of action for oral gift of real estate and conspiracy to defraud by succinctly and factually addressing each element of her claims.  Whether or not those facts support her allegations is a matter for another motion in the future.  At this stage, the reasonable inferences reasonably drawn from them is sufficient to for this court to deny the Rule 91a Motion.  But, more importantly, Movants failed to properly plead their own Motion.

## II. Contents of Motion Fails to Identify  Cause of Action Challenged by Movant

The Movants failed to meet the requirements of the Dismissal Rule. On February 3, 2015, Defendants filed an Amended Motion for Partial Dismissal of Plaintiff's claim of promissory estoppel.  But prior to the hearing, Plaintiff had timely filed her Fourth Amended Original Petition, eliminating the cause of action for promissory estoppel, and included a claim for Oral Promise of Real Estate, separate and distinct from promissory estoppel as a cause of action.

Movant's motion did not include a challenge to the new cause of action. TRCP 91a:  Dismissal of Baseless Causes of Action clearly makes strict requirements of the Movant.  This requirement is not one of an onerous nature.

Movants were simply  required to meet the requirements of *TRCP 91a.*2 which mandates that movant identify each cause of action to which the motion is addressed.  Further, movant must state specifically, the reasons the cause of action has no basis in law and no basis in fact or both.

Movants failed to do both.  Instead and mistakenly, Movants argued the cause of action of promissory estoppel, which was no longer a part of the Fourth Amended Original Petition, the live pleadings.

### III. Movants Merely Argued Evidence, Contrary to Rule

Movants were further mistaken at the time of the hearing by arguing evidence regarding Plaintiff's  claims.  It is undisputed that Rule 91a.7 mandates that the court may not consider evidence in ruling on the Motion.  The court must decide the motion based solely on the pleading of the cause of action.  The pleading of the oral gift of real estate was unchallenged in the amended dismissal  motion, therefore the claim  must stand and proceed to a trier of fact.

Movants further failed to plead and prove an award of attorney fees.  It is also a requirement of the Rule. This court has properly stricken the award from Movant's order.  Likewise, this court should also deny their motion to eliminate Petitioner's claim for oral gift of real estate.

### IV. Movants Failed to Address Individual Conspirators Acts

Movants again failed to address the cause of action of conspiracy that was properly plead by Petitioner.  In their Amended Motion for Dismissal of Conspiracy, they address the issue of conspiracy as being barred by Intra-Corporate Immunity Doctrine.  After Petitioner amends her pleadings and alleges

that each defendant was acting outside the scope of the corporate responsibility, Movant failed again to address the issue in his Amended Motion 91a which requires specificity in the challenges to the cause of action. Movants failed to specifically state the reason(s) there is no basis in law or no basis in fact or both.

Movants were required by to include in the contents of their motion a challenge to the individual acts of each defendant. A conclusory statement of an alleged affirmative defense is not sufficient to meet the requirements of Rule 91a.2.

Petitioner is prepared to challenge Movants' slide show of misstatements of law and of facts and presented to this court. Movants' email traffic supports Petitioner's claims of the individual acts of conspiracy in relation to the Defendant Jones' oral promise of real estate to Petitioner.

## CONCLUSION

Movants' counsel's own words at time of hearing should persuade this court to reconsider the granting of their Motion to Dismiss. Mr. Justin Barbour's own words were as follows:

"......*just as we're bound by plaintiff's live pleadings, in determining whether or not the Rule 91a motion should be granted, I believe the plaintiff should be as well....*"

The Plaintiff's live pleadings include the cause of action of oral gift of real estate. The contents of Movants' Amended Rule 91a motion do not challenge that specific cause of action. Further, the Movants' live pleadings also do not specifically challenge the conspiracy action.

The Movants had the burden to properly plead their Rule 91a motion by simply identifying in their motion each cause of action they challenge and state specifically the reasons the cause of action has no basis in law or in fact or both. Movants failed to meet this burden.

Movants are in agreement, parties are bound by their pleadings. Movants' pleadings do not support a granting of the motion. Defendants' self-serving interpretation of Plaintiff's pleadings do not meet the strict requirement of the Rule. This court therefore should reconsider its ruling in this matter and deny Defendants' Motion to Dismiss.

Plaintiff seeks attorneys fees and costs accordingly, and respectfully requests the Court grant her attorney fees and costs in defending this matter.

**PRAYER**

WHEREFORE ALL PREMISES CONSIDERED , Plaintiff Faire prays that after notice and hearing, this court reconsider its original judgment, deny Defendants' Motion to Dismiss, and, in the alternative, grant an Order for New Trial. Plaintiff prays for attorneys' fees and costs. Plaintiff prays for all other and further relief to which she is entitled.

Respectfully submitted:

By: _/s/ Olga Brown_____

 **LAW OFFICES OF OLGA BROWN**
OLGA BROWN
State Bar No. 03155500
111 Soledad, Suite 1725
San Antonio, Texas 78205
Telephone:  210/226-1550
Telecopier:  210/226-1884
Argyle2@sbcglobal.net
Attorney for Plaintiff

## NOTICE OF HEARING

IT IS HEREBY ORDERED that the above styled and numbered cause is set for hearing before Judge Antonia Arteaga on the 28th day of April 2015 at 11:30 a.m., 57th Judicial District Court, Bexar County Courthouse, San Antonio, Texas.

SIGNED this _____ day of April, 2015.

_____
HON. ANTONIA ARTEAGA

## _CERTIFICATE OF SERVICE_

I certify that a true and correct copy of the above and foregoing Motion for Reconsideration was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on this 21st day of April 2015.
:

_/s/ Olga Brown_____
OLGA BROWN

_PLAINTIFF's Motion for Reconsideration. /New Trial_

# Tab 6

# TABLE OF CONTENTS

I    Legislative History of Rule 91a .......................................................................................................... 1

    A    Statutory Foundation for Rule 91a ........................................................................................... 1

        1.    The Legislature's Sketch of Rule 91a .......................................................................... 1

        2.    Mandatory Award of Attorney's Fees to Prevailing Party ........................................... 1

    B.    Adoption of Rule 91a ............................................................................................................. 2

II    Nuts and Bolts of a Rule 91a Motion to Dismiss .................................................................... 3

    A.    Scope of Rule 91a's Application ............................................................................................. 3

    B.    Rule 91a's Basis for Dismissal .............................................................................................. 4

        1    No Basis in Law .......................................................................................................... 4

            a    A claim may be dismissed when the cause of action alleged is not recognized by Texas law .......... 4

            b    A claim may be dismissed based on the facts alleged in the pleading ....................... 4

            c.    A claim may be dismissed based on exhibits attached to any pleadings pursuant to Rule 59 .......... 5

        2.    No Basis in Fact .......................................................................................................... 5

    C.    Rule 91a Deadlines ................................................................................................................ 5

        1.    Filing the Motion ........................................................................................................ 5

        2.    Setting a Hearing ......................................................................................................... 5

        3.    Responding to the Motion ........................................................................................... 6

        4.    Obtaining a Ruling on the Motion .............................................................................. 6

    D.    Contents of a Rule 91a Motion ............................................................................................. 6

    E.    Mandatory Award of Attorney Fees ....................................................................................... 6

III    Will Rule 91a Prove to be a Useful Tool? ............................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Birdo v. Williams*, 859 S.W.2d 571 (Tex. App.—Houston [1st Dist.] 1993, no writ) ................................................5

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993) ................................................................................................................4

*Centennial Ins. v. Commercial Union Ins.*, 803 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1991, no writ) ........3

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) ................................................................................................4

*Delgado v. Methodist Hosp.*, 936 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1996, no writ) ..............................5

*Fort Bend County v. Wilson*, 825 S.W.2d 251 (Tex. App.—Houston [14th Dist.] 1992, no writ) ..............................3

*GTE Comm'n Sys. v. Tanner*, 856 S.W.2d 725 (Tex. 1993) ........................................................................................4

*Hamilton v. Pechacek*, 319 S.W.3d 801 (Tex. App.—Fort Worth 2010, no pet.) ......................................................4

*Moseley v. Hernandez*, 797 S.W.2d 240 (Tex. App.—Corpus Christi 1990, no writ) ................................................3

*Nath v. Texas Children's Hosp.*, 375 S.W.3d 403 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) ......................5

*Scott v. Gallagher*, 209 S.W.3d 262 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ............................................4, 5

*Tex. & New Orleans R.R. Co. v. Compton*, 136 S.W.2d 1113 (1940) ..........................................................................5

*Winters v. Parker*, 178 S.W.3d 103 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ..................................................7

**Statutes**

TEX. CIV. PRAC & REM. CODE § 14.002 ........................................................................................................................3

TEX. CIV. PRAC. & REM. CODE § 14.003 ....................................................................................................................3, 4

TEX. GOV'T CODE § 22.004(g) ..................................................................................................................................3, 5

**Rules**

FED. R. CIV. P. 12(b)(6) ................................................................................................................................................3

TEX. R. CIV. P. 13 ..........................................................................................................................................................4

TEX. R. CIV. P. 47(a) .....................................................................................................................................................5

TEX. R. CIV. P. 91a ................................................................................................................................................passim

**Session Laws**

Act of May 25, 2011, 82nd Leg., R.S., ch. 203 (HB 274) ........................................................................................1, 6

**Articles**

Angela Morris, *Texas Lawyer Blog* (Nov. 16, 2012), http://texaslawyer.typepad.com/texas_ lawyer_blog /2012/11/high-court-approves-rules-for-dismissal-expedited-proceedings.html ......................................................6

Justices Jane Bland, Bill Boyce, and Greg Perkes, *What's Appealing About the New Dismissal and Expedited Trial Rules?*, presented at the 23rd Annual Conference on State and Federal Appeals, June 13–14, 2013 ............3

*Tort Reform Closing the Lottery*, THE ECONOMIST, Dec. 10, 2011; *see also* Press Release from the Office of Gov. Rick Perry, *Lawsuit Reforms Cut Down on Frivolous Claims, Expedite Justice for the Deserving* (July 27, 2011), http://governor.state.tx.us/news/press-release/16430/ ................................................................................1

# RULE 91A MOTIONS TO DISMISS

## I.   LEGISLATIVE HISTORY OF RULE 91A

Earlier this year, the Texas Supreme Court approved Texas Rule of Civil Procedure 91a, which allows defendants to seek dismissal of any cause of action that has no basis in law or fact

Rule 91a introduces Texas lawyers to a new motion to dismiss that is one of the many production of House Bill 274, which became effective on September 1, 2011.[1] House Bill 274 gained national attention as a "loser pays" tort reform law intended to streamline litigation and discourage frivolous lawsuits.[2] To accomplish these goals, the Legislature enacted a statute requesting that the Texas Supreme Court to draft and adopt rules creating a new motion to dismiss with a mandatory award of attorney's fees to the prevailing party.

Rule 91a's motion to dismiss provides an opportunity for a defendant to obtain an expeditious dismissal of meritless causes of actions. Although Rule 91a provides litigators with a potentially useful tool, the rule's mandatory award of attorney's fees to the prevailing party will deter many from using its procedures rather than other, less expeditious, methods for obtaining a pre-trial dismissal of meritless claims

### A.   Statutory Foundation for Rule 91a

House Bill 274 adds two statutes—section 22.004(g) in the Texas Government Code and section 30.021 in the Texas Civil Practice and Remedies Code—that lay the foundation for Rule 91a and its mandatory award of attorney's fees

### 1.   The Legislature's Sketch of Rule 91a

The first statute added by House Bill 274 gives the Texas Supreme Court the task of adopting rules creating a motion to dismiss claims that have no basis in law or fact:

SECTION 1.01  Amends Section 22.004, Government Code, by adding Subsection (g), as follows:

> (g)   The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. The rules shall provide that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion to dismiss. The rules shall not apply to actions under the Family Code.

### 2   Mandatory Award of Attorney's Fees to Prevailing Party

The second statute added by House Bill 274 provides for a mandatory award of attorney's fees to the prevailing party

SECTION 1.02.  Amends Chapter 30, Civil Practice and Remedies Code, by adding Section 30.021, as follows:

> Sec. 30.021 AWARD OF ATTORNEY'S FEES IN RELATION TO CERTAIN MOTIONS TO DISMISS. Requires the court, in a civil proceeding, on a trial court's granting or denial, in whole or in part, of a motion to dismiss filed under the rules adopted by the supreme court under Section 22.004(g), Government Code, to award costs and reasonable and necessary attorney's fees to the prevailing party. Provides that this section does not apply to actions by or against the state, other governmental entities, or public officials acting in their official capacity or under color of law.

In response to these statutory directives, the Texas Supreme Court adopted Rule 91a.

---

[1]   *See* Act of May 25, 2011, 82nd Leg., R.S., ch 203 (HB 274)

[2]   *See Tort Reform  Closing the Lottery*, THE ECONOMIST, Dec. 10, 2011; *see also* Press Release from the Office of Gov. Rick Perry, *Lawsuit Reforms Cut Down on Frivolous Claims, Expedite Justice for the Deserving* (July 27, 2011), http://governor.state.tx.us/news/press-release/16430/

## B. Adoption of Rule 91a

The Texas Supreme Court adopted Rule 91a on February 12, 2013.[3] Rule 91a provides the following rules:

### 91a. Dismissal of Baseless Causes of Action

**91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

**91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

**91a.3 Time for Motion and Ruling.** A motion to dismiss must be:

(a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant;

(b) filed at least 21 days before the motion is heard; and

(c) granted or denied within 45 days after the motion is filed.

**91a.4 Time for Response.** Any response to the motion must be filed no later than 7 days before the date of the hearing.

**91a.5 Effect of Nonsuit or Amendment; Withdrawal of Motion.**

(a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

(b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

(c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

(d) An amended motion filed in accordance with (b) restarts the time periods in this rule.

**91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

**91a.7 Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action

---

[3] *See* TEX. R. CIV. P. 91a, comment to 2013 change.

in the trial court. The court must consider evidence regarding costs and fees in determining the award.

**91a.8   Effect on Venue and Personal Jurisdiction.** This rule is not an exception to the pleading requirement of Rules 86 and 120a, but a party does not, by filing a motion to dismiss pursuant to this rule or obtaining a ruling on it, waive a special appearance or a motion to transfer venue. By filing a motion to dismiss, a party submits to the court's jurisdiction only in proceedings on the motion and is bound by the court's ruling, including an award of attorney fees and costs against the party.

**91a.9   Dismissal Procedure Cumulative.** This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.

Comment to 2013 change: Rule 91a is a new rule implementing section 22.004(g) of the Texas Government Code, which was added in 2011 and calls for rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. A motion to dismiss filed under this rule must be ruled on by the court within 45 days unless the motion, pleading, or cause of action is withdrawn, amended, or nonsuited as specified in 91a.5. If an amended motion is filed in response to an amended cause of action in accordance with 91a.5(b), the court must rule on the motion within 45 days of the filing of the amended motion and the respondent must be given an opportunity to respond to the amended motion. The term "hearing" in the rule includes both submission and an oral hearing. Attorney fees awarded under 91a.7 are limited to those associated with the challenged cause of action, including fees for preparing or responding to the motion to dismiss.

## II.   NUTS AND BOLTS OF A RULE 91A MOTION TO DISMISS

Rule 91a provides guidelines for a new motion to dismiss, which has been widely compared, and not entirely accurately, to the motion to dismiss allowed

by Rule 12(b)(6) of the Federal Rules of Civil Procedure because it allows a defendant to move for dismissal without filing a special exception and then a summary judgment.[4] Unlike Rule 12(b)(6), which merely allows a party to file a motion asserting that the opposing party's pleading does not state a claim upon which relief can be granted,[5] Rule 91a contains a number of rules specifically governing its motions to dismiss.

### A.   Scope of Rule 91a's Application

Rule 91a generally applies to all civil proceedings with two exceptions. First, as required by the Legislature, Rule 91a does not apply to cases brought under the Family Code.[6] Second, Rule 91a does not apply to inmates' *in forma pauperis* lawsuits, which are governed by Chapter 14 of the Texas Civil Practice and Remedies Code.[7] (Chapter 14 contains its own distinct dismissal mechanism.[8])

---

[4] *See, e.g.,* Justices Jane Bland, Bill Boyce, and Greg Perkes, *What's Appealing About the New Dismissal and Expedited Trial Rules?*, presented at the 23rd Annual Conference on State and Federal Appeals, June 13–14, 2013, at 1, 7–10 (citing *Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Centennial Ins. v. Commercial Union Ins.*, 803 S.W.2d 479, 482 (Tex. App.—Houston [14th Dist.] 1991, no writ); and *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ).

[5] FED. R. CIV. P. 12(b)(6).

[6] TEX. R. CIV. P. 91a.1; TEX. GOV'T CODE § 22.004(g) ("The rules shall not apply to actions under the Family Code.").

[7] TEX. R. CIV. P. 91a.1; *see* TEX. CIV. PRAC. & REM. CODE § 14.002.

[8] TEX. CIV. PRAC. & REM. CODE § 14.003. Section 14.003 allows for dismissal of an inmate's claim if a court finds that the allegation of poverty in the affidavit or unsworn declarations is false, the *claim is frivolous or malicious*, or the inmate filed the required affidavit or unsworn declaration knowing that it was false. *Id.* § 14.003(a). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim's realistic chance of ultimate success is slight, the claim *has no arguable basis in law or in fact*, it is clear that the party cannot prove facts in support of the claim, or the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

## B.  Rule 91a's Basis for Dismissal

Rule 91a allows dismissal of any cause of action that "has no basis in law or fact."[9] This same phrase is also used in Rule 13[10] and a substantially similar phrase is used in Chapter 14.[11] Texas appellate courts have analyzed the meaning of this phrase in reviewing sanctions imposed under Rule 13 and dismissals under Chapter 14. The existing jurisprudence regarding these rules and statutes may provide some guidance in understanding Rule 91a; however, certain distinct differences among the schemes undermine the similarities and make direct comparisons difficult.

### 1.  No Basis in Law

Under Rule 91a, a claim has no basis in law if "the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."[12] Rule 91a's analysis of the legal basis for the relief a plaintiff seeks presents a relatively straightforward question: Do the allegations in the pleading state a cause of action that would authorize relief?[13]

Unlike Rule 13, Rule 91a does not require a trial court to engage in any factual determination regarding the motives involved in filing the pleaded allegations.[14] To the contrary, Rule 91a expressly

prevents a court from considering evidence.[15] This lack of evidentiary and factual issues focuses a court's inquiry under Rule 91a.

Courts are likely to dismiss causes of action under Rule 91a in three circumstances: (1) when the cause of action is not recognized by Texas law; (2) when the pleading alleges facts that negate a cause of action; and (3) when pleading exhibits, attached pursuant to Rule 59, demonstrate that claimant is not entitled to the relief sought as a matter law.

*a    A claim may be dismissed when the cause of action alleged is not recognized by Texas law.*

Courts need not delve into any evidence to determine whether a cause of action is recognized by Texas law. When a claimant alleges a cause of action that is not recognized by Texas law (e.g., a claim for negligent infliction of emotional distress),[16] the cause of action could be dismissed under Rule 91a.

Interestingly, unlike Rule 13, Rule 91a does not recognize that a claim might have a basis in law if "warranted by good faith argument for the extension, modification, or reversal of existing law."[17] The absence of this language may indicate that Rule 91a provides a more stringent test for a claimant's legal contentions than Rule 13.

*b    A claim may be dismissed based on the facts alleged in the pleading*

Dismissal under this portion of Rule 91a may be appropriate when the pleading, on its face, reveals that a claimant is not entitled to the relief sought because the alleged facts are legally insufficient to provide the claimant with a valid cause of action. Such allegations, even taken as true, would not entitle a claimant to any relief.[18]

For example, dismissal under Rule 91a may be appropriate if a plaintiff alleges that by not erecting a railroad crossing sign a railroad company negligently caused an automobile to drive into the sixtieth car of a slow-moving train because if the automobile's driver could not see the train, he could not have seen

---

[9]  TEX. R. CIV. P. 91a.1

[10]  Rule 13 permits sanctions against an attorneys and parties who file a "groundless" pleading in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13. Rule 13 defines "groundless" as "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id*

[11]  TEX. CIV. PRAC. & REM. CODE § 14.003(a) (stating that in determining whether to dismiss a claim, a court may consider whether "the claim has no *arguable* basis in law or in fact" (emphasis added))

[12]  *Id*

[13]  *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) (explaining that a claim has no arguable basis in law under Chapter 14 if the claim presents an "indisputably meritless legal theory")

[14]  *See GTE Comm'n Sys. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (explaining that Rule 13 does not allow sanctions unless the pleading is groundless and is also brought in bad faith or for the purpose of harassment).

[15]  TEX. R. CIV. P. 91a.6.

[16]  *See Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).

[17]  *Compare* TEX. R. CIV. P. 91a.1 *with* TEX. R. CIV. P. 13

[18]  *See City of Keller v. Wilson*, 168 S.W.3d 802, 811–17 (Tex. 2005).

a crossing sign either.[19] These facts, even taken as true, would not entitle a claimant to any relief.[20]

Rule 91a dismissal is unlikely to be applicable in most cases based on facts alleged in a pleading because in most circumstances, claimants are able to allege facts that satisfy Texas's notice pleading requirements[21] while avoiding the specificity that could result in dismissal of their claims.

*c. A claim may be dismissed based on exhibits attached to any pleadings pursuant to Rule 59.*

Rule 91a allows courts to consider exhibits attached to a pleading pursuant to Rule 59.[22] Thus, if the parties simply disagree over the proper interpretation of a document attached to a pleading pursuant to Rule 59, a Rule 91a motion to dismiss may provide a procedural vehicle well-suited to resolving such a dispute. For example, in an insurance coverage dispute in which the facts are not disputed and the insurance policy is attached to the pleadings, Rule 91a may provide a procedural vehicle for obtaining an expeditious ruling on coverage.

2      No Basis in Fact

Rule 91a states that a claim has no basis in fact if "no reasonable person could believe the facts pleaded."[23] This definition seems difficult to apply in the absence of any evidence to place the pleaded facts in context.

Neither Rule 13 nor Chapter 14 provide any help with this problematic definition because both allow for evidentiary hearings.[24] (In fact, when a court dismisses a claim under Chapter 14 without an evidentiary hearing, appellate courts presume that the claim *must* have been dismissed for having no arguable basis in law rather than in fact.[25]) Rule 91a, on the other hand, expressly forbids any evidentiary hearing.[26]

Absent an evidentiary hearing, one might ask how a court could possibly evaluate whether a pleading advances facts that no reasonable person could believe.[27] And if a trial court does dismiss a claim as having no basis in fact, what does that indicate about the attorney who filed the petition?

**C.    Rule 91a Deadlines**

Rule 91a guarantees a ruling on a motion to dismiss no later than 45 days *from the date the motion is filed.*[28] This deadline, along with others in Rule 91a, promises a speedy resolution of the motion to dismiss.

1.     Filing the Motion

A party must decide whether to file a Rule 91a motion to dismiss soon after the petition is served. The motion must be filed within 60 days after service of the first pleading containing the challenged cause of action.[29] Rule 91a does not provide an exception to the due order of pleading requirements for motions to transfer venue and special appearances. But a party can file and obtain a ruling on a Rule 91a motion to dismiss without waiving a special appearance or motion to transfer venue.[30]

2.     Setting a Hearing

The motion to dismiss must be filed at least 21 days before the motion is heard and may be withdrawn until 3 days before the hearing.[31] When

---

[19] *Id.* at 816 (citing *Tex. & New Orleans R.R. Co. v. Compton*, 136 S.W.2d 1113, 1115 (1940))

[20] *Id.*

[21] *See* TEX. R. CIV. P. 47(a) (stating that a pleading should include "a short statement of the cause of action sufficient to give fair notice of the claim involved").

[22] TEX. R. CIV. P. 91a.6.

[23] *Id.*

[24] *See Nath v. Texas Children's Hosp.*, 375 S.W.3d 403, 427 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) (explaining that a trial court may examine the facts and circumstances at the time of filing the petition in order to determine whether a claim is without evidentiary support, i.e., has no basis in fact or law); *Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 487–88 (Tex. App.—Houston [14th Dist.] 1996, no writ) (finding a claim to be groundless under Chapter 14 when the plaintiff *presented no evidence* of "extreme and outrageous" conduct).

[25] *See, e.g., Scott*, 209 S.W.3d at 266.

[26] TEX. R. CIV. P. 91a.6 (implementing TEX. GOV'T CODE § 22.004(g), which requires implementation of rules for dismissal of causes of action that have no basis in law or fact on motion and *without evidence*)

[27] *Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex. App.—Houston [1st Dist.] 1993, no writ) ("When the trial court, as in the present case, dismisses a cause [pursuant to Chapter 14] without a fact hearing, the trial court *could not have determined the suit had no arguable basis in fact*." (emphasis added))

[28] TEX. R. CIV. P. 91a.3(c)

[29] TEX. R. CIV. P. 91a.3(a)

[30] TEX. R. CIV. P. 91a.8.

[31] TEX. R. CIV. P. 91a.3(b), 91a.5(a)

setting a Rule 91a hearing, a party should be aware that the trial court's deadline to rule on the motion is calculated from the date the motion is filed, not from the date of the hearing.[32] The court is not required to conduct an oral hearing on the motion.[33]

### 3. Responding to the Motion

A respondent must file its response to the motion no later than 7 days before the motion is heard.[34] Up until 3 days before the motion is heard, a claimant may either nonsuit or amend the challenged cause of action.[35]

If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may withdraw the motion or file an amended motion at any time before the hearing.[36] Filing an amended motion in response to an amended cause of action, restarts Rule 91a's time periods.[37]

### 4. Obtaining a Ruling on the Motion

Unless the movant timely withdraws the motion or the respondent timely nonsuits the challenged cause of action, a trial court must rule on the motion absent an agreement of the parties to the contrary.[38]

Notwithstanding any agreement of the parties, the trial court must grant or deny the motion no later than 45 days after the date the motion is filed.[39] Rule 91a does not specify what happens if a trial court rules on a motion to dismiss after this 45-day deadline.

### D. Contents of a Rule 91a Motion

A Rule 91a motion to dismiss must: (1) state that it is made pursuant to the rule, (2) identify each cause of action to which it is addressed, and (3) state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.[40] These requirements do not seem particularly onerous for the movant; however, the rule does limit the trial court's

determination to the contents of the motion to dismiss.

### E. Mandatory Award of Attorney Fees

Rule 91a includes a mandatory award of "costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court" to the prevailing party.[41] This provision implements section 30.021 of the Civil Practice & Remedies Code, which was enacted by House Bill 274.[42]

In the original version of House Bill 274, section 30.021 would have "authorized" a trial court to award costs and attorney's fees. However, during the legislative process, the Legislature changed this discretionary award of costs and attorney's fees to a mandatory award.

In speaking about Rule 91a, one Texas Supreme Court justice has recognized that the mandatory award of attorneys' fees may affect the frequency with which 91a motions are filed:

> Whether the motion is granted or denied, the winning party gets attorney fees. So, if you file a motion and lose, the other side gets attorney fees. So, parties are going to have to think seriously about when to use it.[43]

### III. WILL RULE 91A PROVE TO BE A USEFUL TOOL?

Prior to the adoption of Rule 91a, Texas had no procedure for expeditiously obtaining dismissal of a meritless cause of action. Parties could obtain the same result by other means. For example, parties could file special exceptions, which could result in dismissal of the claims if the respondent failed to amend its pleadings after the trial court sustained the special exceptions.[44] If special exceptions did not

---

[32] *See* TEX. R. CIV. P. 91a.3(c).

[33] TEX. R. CIV. P. 91a.6.

[34] TEX. R. CIV. P. 91a.4.

[35] TEX. R. CIV. P. 91a.5.

[36] TEX. R. CIV. P. 91a.5(b).

[37] TEX. R. CIV. P. 91a.5(d).

[38] TEX. R. CIV. P. 91a.5(c).

[39] TEX. R. CIV. P. 91a.3(c).

[40] TEX. R. CIV. P. 91a.2.

---

[41] TEX. R. CIV. P. 91a.6. This mandatory award does not apply to causes of action by or against a government entity or a public official acting in his or her official capacity or under color of law. *Id.*

[42] *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 203, § 1.02 (HB 274).

[43] Angela Morris, *Texas Lawyer Blog* (Nov. 16, 2012), http://texaslawyer.typepad.com/texas_lawyer_blog/2012/11/high-court-approves-rules-for-dismissal-expedited-proceedings.html.

[44] *See, e.g., Winters v. Parker*, 178 S.W.3d 103, 105–06 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

result in dismissal, parties could also pursue summary judgment.

Rule 91a's promise of an expeditious ruling on a motion to dismiss makes it a potentially useful tool in defending against a claim, but its mandatory award of attorney's fees will make any lawyer pause before using it. The costs and attorney fees involved in filing or responding to a motion to dismiss should typically be relatively inexpensive compared to the ultimate cost of trying a case or even obtaining summary judgment.

Nevertheless, the mandatory award of attorney fees will certainly cause both movants and respondents to approach Rule 91a with some degree of caution. It will no doubt deter many potential movants from filing such a motion. However, it will also place pressure on respondents to take a serious look at the causes of action alleged.

As lawyers become familiar with this rule, it will be interesting to see how often Rule 91a motions are filed and, once filed, how often the motion survives to the hearing without the movant withdrawing the motion or the respondent non-suiting or amending the challenged causes of action.

# Tab 7

# REPORTER'S RECORD

## VOLUME 1 OF 1 VOLUME(S)

### TRIAL COURT CAUSE NO. 2014-CI-16674

| | |
|---|---|
| CEARTH FAIRE | ) IN THE DISTRICT COURT |
| | ) |
| vs. | ) BEXAR COUNTY, TEXAS |
| | ) |
| FMP SA MANAGEMENT GROUP, | ) |
| LLC, D/B/A FOOD MANAGEMENT | ) |
| PARTNERS, LLC, ALL JONES, | ) |
| ALLEN J. JONES, | ) |
| INDIVIDUALLY AND PETER | ) |
| DONBAVAND, INDIVIDUALLY | ) 150TH JUDICIAL DISTRICT |

---

## MOTION TO ENTER DEFENDANTS' FIRST AMENDED RULE 91a PARTIAL MOTION TO DISMISS

---

On the 9th day of April, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the **HONORABLE ANTONIA ARTEAGA**, Judge Presiding, held in San Antonio, Bexar County, Texas.

Proceedings reported by computerized stenotype machine.

COPY

MARIA E. FATTAHI, CSR, RPR, CRR
Auxiliary Official Court Reporter
(210) 335-1594

## A P P E A R A N C E S

**MS. OLGA BROWN**
SBOT NO. 03155500
Attorney at Law
111 Soledad, Ste. 1725
San Antonio, Texas 78205
Telephone: (210)226-1550
**ATTORNEY FOR PLAINTIFF**

**MR. JUSTIN BARBOUR**
SBOT NO. 24055142
Schmoyer Reinhard, LLP
17806 IH 10 West, Ste. 400
San Antonio, Texas 78257
Telephone: (210)447-8033
**ATTORNEY FOR DEFENDANTS**

VOLUME 1 OF 1 VOLUME(S)
ORDER GRANTING DEFENDANTS' FIRST AMENDED
RULE 91a PARTIAL MOTION TO DISMISS

APRIL 9, 2015                                          PAGE    VOL.

Appearances.................................................  2      1

Index.......................................................  3      1

Proceedings.................................................  4      1

Court's Ruling..............................................  7      1

Adjournment.................................................  7      1

Court Reporter's Certificate................................  8      1

WITNESS INDEX

| PLAINTIFF'S WITNESS(ES) | DIRECT | CROSS | VOIR DIRE | VOL. |
|---|---|---|---|---|
| (None) | | | | |

| DEFENDANTS' WITNESS(ES) | DIRECT | CROSS | VOIR DIRE | VOL. |
|---|---|---|---|---|
| (None) | | | | |

EXHIBIT INDEX

PLAINTIFF'S EXHIBIT(S)

| NO. DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|
| (None) | | | |

DEFENDANTS' EXHIBIT(S)

| NO. DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|
| (None) | | | |

THE COURT: 2014-CI-16674 Cearth Faire versus FMP SA Management Group, d/b/a Food Management, Partners, LLC, All Jones, LLC, Allen J. Jones, Individually and Peter Donbavand, Individually.

Let the record reflect that we have Mr. Barbour here on behalf of....

MR. BARBOUR: FMP SA Management.

THE COURT: And we have Ms. Brown here on behalf of?

MS. BROWN: Cearth Faire.

THE COURT: Thank you. And today we're here on a motion to enter, and I have been given the proposed order by Mr. Barbour titled Order Granting Defendant's First Amended Rule 91a Partial Motion to Dismiss.

And, specifically, Ms. Brown, what objections, if any, do you have to the language? If you could direct the Court to the exact language, which paragraph, and how you'd like to it be to changed.

MS. BROWN: Your Honor, we strictly object to the part of the order that orders the plaintiff's claim for promissory estoppel be dismissed and I have arguments and --

THE COURT: So specifically is that --

MS. BROWN: -- and the --

THE COURT:  Ms. Brown --

MS. BROWN:  -- and the --

THE COURT:  Ms. Brown, I need to know specifically is that on Paragraph 2 or paragraph 1?

MS. BROWN:  Where the order reads "it is further ordered that the plaintiff's claim for promissory estoppel," I would like for "promissory estoppel" to be deleted from the order.

THE COURT:  And do you believe that -- and you were here initially on what date?

MR. BARBOUR:  On March 18th, Your Honor.

THE COURT:  On March 18th, did you -- you disagree that the Court granted summary judgment with regard to promissory estoppel?

MS. BROWN:  No, Your Honor.  I don't agree with that and here's the reason why.

THE COURT:  What I want to know is do you believe I ordered it on that day or you do not believe I ordered it that day?

MS. BROWN:  You ordered it that day, but I want to state on the record an objection to that because Mr. Barbour misrepresented to you the fact that the rule required for us to nonsuit that claim and that is definitely not what the rule says.

THE COURT:  I'm sorry, Ms. Brown.  On a

motion to enter, it is strictly an administerial hearing wherein I memorialize what took place in our initial hearing which was in March.

So if you would like to ask the Court to reconsider, I'd be happy to do that but it needs to be properly in a motion to reconsider.

But this today is simply a motion to enter the order that was the Court's back in March 18th of 2015.

MS. BROWN: But on the other hand, Your Honor, I do not want to try this Rule 91a motion by consent.

I do not want to bring that -- my objection to that for the first time in appeal, so I want a record that today before this Court that I have requested and are stating and prepared to argue why the promissory estoppel section of this order must be deleted.

THE COURT: I respectfully disagree.

Are there any other objections to any other language which you believe the Court did not -- the Court ruled upon and it improperly or not correctly stated according to the Court's rule -- not that you disagree with but you think that any language in here does not reflect the Court's ruling from March?

MS. BROWN: The other objection that I have, Your Honor, is that Mr. Barbour included in his order that the defendants be awarded reasonable attorney's fees incurred with respect to the challenged causes of action.

THE COURT: Would you agree or disagree, Mr. Barbour, that the Court did not award attorney's fees back in March?

MR. BARBOUR: At that time, no, Your Honor, but Rule 91a does make an award of fees mandatory upon granting that motion.

THE COURT: Okay. Again, I did not order in March. I am not going to include it in my order of today.

If you would like for me to reconsider it, you know the proper procedure. Your request as to the last sentence of the order requested it is hereby granted.

Is there any other objections that you have to the proposed order, Ms. Brown?

MS. BROWN: No. None further, Your Honor. Thank you so much.

THE COURT: Thank you. Then we'll stand adjourned. Thank you very much.

MARIA E. FATTAHI, CSR, RPR, CRR
Auxiliary Official Court Reporter
(210) 335-1594

STATE OF TEXAS   )
COUNTY OF BEXAR )

I, Maria E. Fattahi, Official Court Reporter in and for the 57th District Court of Bexar, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $56.00 and was paid/will be paid by Ms. Olga Brown.

WITNESS MY OFFICIAL HAND on this the 20th day of April, 2015.

Maria E. Fattahi, CSR, RPR, CRR
Texas CSR 3566, Exp. 12/31/15
Auxiliary Official Court Reporter
101 W. Nueva, Ste. 301
San Antonio, Texas 78204
Telephone: 210-335-1594
E-mail: maria.fattahi@bexar.org

Tab 8

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2014-CI-16674

CEARTH FAIRE ) IN THE DISTRICT COURT
)
)
VS. ) 150TH JUDICIAL DISTRICT
)
)
FMP SA MANAGEMENT GROUP, LLC, )
ET AL. ) BEXAR COUNTY, TEXAS
*************************************************************

MOTION FOR NEW TRIAL

*************************************************************

On the 6th day of May, 2015, the following came on to be heard in the above-entitled and numbered cause before the Honorable Antonia Arteaga, Judge presiding, held in San Antonio, Bexar County, Texas:

Proceedings reported by computerized stenotype machine.

**APPEARANCES**


MR. JEFFREY SMALL
SBOT NO. 00793027
    12451 Starcrest Drive, Suite 100
    San Antonio, Texas  78216
    Phone:  (210) 496-0611
        Appearing for Cearth Faire


MS. OLGA BROWN
SBOT NO. 03155500
    111 Soledad Street, Suite 1725
    San Antonio, Texas  78205
    Phone:  (210) 226-1550
        Appearing for Cearth Faire


MR. JUSTIN J. BARBOUR
SBOT NO. 24055142
    17806 West IH 10, Suite 400
    San Antonio, Texas  78257
    Phone:  (210) 447-8033
        Appearing for FMP SA Management Group, LLC,
        et al.

CHRONOLOGICAL INDEX

VOLUME 1 OF 1

*MARCH 18, 2015*

PAGE    VOL.

Appearances.............................  2    1

Court Reporter's Certificate............ 28    1

*P R O C E E D I N G S*

THE COURT: 2014-CI-16674, Cearth Faire versus FMP SA Management Group, LLC, DBA Food Management Partners; All Jones, LLC; Allen J. Jones, individually; and Peter Donbavand, individually.

If I could have the attorneys please identify themselves for the record and whom they represent beginning on my left?

MR. SMALL: Jeff Small for Cearth Faire.

THE COURT: Thank you, Mr. Small.

MS. BROWN: Your Honor, Olga Brown, also for Cearth.

THE COURT: Good morning, Ms. Brown.

MR. BARBOUR: Good morning, Your Honor. Justin Barbour for defendants.

THE COURT: Good morning, Mr. Barbour.

MR. RAY: Your Honor, I'm Robert Ray. I'm not counsel of record on this matter, but I am counsel of record for one of the defendants in another cause of action that has bearing on this one.

THE COURT: Okay. So we're going to let you have a seat and just hang out with us this morning.

MR. RAY: If you don't mind.

THE COURT: I don't mind at all.

MR. RAY: Thank you.

THE COURT: And it is currently 8:25, and we are scheduled to hear a motion for a new trial. The Court has granted you 60 minutes in order to present, which is highly unusual in the 57th. Ordinarily our motions for new trial are anywhere from 15 to 30 minutes, but your legal assistant is quite persuasive, Ms. Brown. So we agreed to go ahead and give you the full hour.

So with that, you have the floor. Or is it going to be you or Mr. Small?

MS. BROWN: Your Honor, I would like to make the opening, have Mr. Barbour address it, and then Mr. Small kind of close it if that's all right with Your Honor.

THE COURT: Okay. So you'd like to start out and then -- well, this is what we'll -- give me the reasons why you believe that I got it wrong the first time. And then if you'd like to allow Mr. Small to chime in -- I don't need opening, I don't necessarily need closing remarks at all, but we want to get straight to the meat of the matter.

Ms. Brown, I'll let you begin.

And then, Mr. Small, you can take it up.

And then we're going to hear from Mr. Barbour. If there's any reply necessary in between,

we will direct accordingly.

Go ahead, Ms. Brown.

MS. BROWN: Thank you, Your Honor.

And once again, it's nothing that the Court did wrong at all, but here's where I -- the reason that we're asking this morning that you deny the motion on -- and -- reconsider and deny the motion, frankly, for this, Your Honor: Because the defendants --

THE COURT: Let's be clear --

MS. BROWN: Yes.

THE COURT: -- there is no motion to dismiss.

MS. BROWN: Yes.

THE COURT: Okay.

MS. BROWN: Because for the simple reason, Your Honor, that the defendants did not meet the requirements of 91(a). That rule has very specific rules. And I would like to direct the Court's attention to Rule 91(a)(2). And it addresses contents of the motion. And this requirement that they did not meet does not support the ruling of this Court in this way, Your Honor:

On February 3rd, 2015, the defendants filed their last pleading, and it was an amended 91(a) partial motion for dismissal. Over a month later -- and it was

timely -- the petitioner filed an amended motion dropping the cause of action for promissory estoppel and adding oral gift of real estate.

Following that, Your Honor, the defendants were required to do one of two things. They either had to amend their motion to dismiss or to withdraw their motion. They did neither. Even though in their response, Your Honor -- we stated this is a new cause of action that we're adding. And in all fairness we filed this 10 days before the March 18th hearing that Your Honor entertained.

Now, because they failed to meet this 91(a)(2) contents of the motion, the Court's ruling cannot support the denial.

91(a) -- the granting of 91(a), Your Honor, is done in three instances. And I'll be really brief.

One is that there's not a recognized cause of action in this state. Oral gift of real estate is a recognized cause of action in this state.

The second instance in which the motion is granted is if on the facts -- the facts of -- petitioner cannot gain relief. For example, if the petitioner in a say auto accident pleads that the accident happened 15 years ago and there was no tolling statute, then on its face that pleading is -- cannot bring relief to the

petitioner. In that instance the motion to dismiss is granted.

The third one is when a petitioner attached an -- a document or a affidavit, let's say an insurance policy. And the insurance policy definitely does not -- states that there's no coverage or he's not a named insurer (sic). And I've looked at all the cases, Your Honor, and it's only on those three case -- those three general groups of cases that a motion to dismiss is granted.

The Court in making a legal analysis of whether or not to grant the motion must do this: Do the allegations of the pleading state a cause of action which authorizes relief?

Our cause of action for oral gift of real estate is a viable cause of action. It's a recognized cause of action.

And in that case, Your Honor, because it was not challenged, it was not challenged by the defendant --

THE COURT: What specifically do you say was not challenged? The cause of action on oral gift of real estate?

MS. BROWN: That's correct, Your Honor.

THE COURT: Okay.

MS. BROWN: And like I said, he had to amend his motion or withdraw it, one of the two. He did not do that.

And so, Your Honor, this -- the Court does not have discretion to determine whether or not the contents of the motion were met or not. They either were met or they were not.

For example, he did not challenge and state specifically what his challenges were. So, therefore, this Court I believe should reconsider their ruling on this and deny their cause of action.

The same thing, Your Honor, applies for our claim of conspiracy. In his third amended petition for -- to dismiss or in his third motion to dismiss -- excuse me. Clear the record. In his second amended motion to dismiss, he alleges that there's no cause of action because of intra-corporate immunity.

I came back, Your Honor -- Mr. Small and I came back and we amended our pleadings and said basically the corporate officers were not acting in their corporate duties. They were acting as individuals.

Conspiracy is basically this: One or more individuals getting together to commit an unlawful act. And so that too, Your Honor, is not supported by the

motion.

In other words -- in other words, he did not meet the legal requirements of the rule. And, therefore, the ruling that the motion be granted cannot stand.

And basically, Your Honor, like I said, we pointed this out to the Court in the original hearing on March 18th. We said he did not amend.

Mr. Barbour on behalf of the defendants went on. And even in the response that he filed yesterday after --

THE COURT: I'm sorry, Ms. Brown, if I can interrupt just a second. You seem very clear on your statements with regard to the arguments made on March 18th.

MS. BROWN: Yes.

THE COURT: Is there a transcript available?

MS. BROWN: Yes, there is, Your Honor.

THE COURT: Okay. Thank you.

MS. BROWN: And I have it with you (sic) and -- because the defendants allege that we didn't bring it up to the attention of the Court. We did.

THE COURT: Okay.

MS. BROWN: And I have the transcript. And

it's page 6 lines 10 and 11 of the transcript.

THE COURT: Thank you.

MS. BROWN: And Mr. Small at that time also informed the Court that this proceeding is basically about pleadings. That the rule strictly says the Court cannot entertain evidence. What happened in that March 18th meeting was evidence. But this whole 91(a), the new rule, is about pleadings. Did the attorneys, Mr. Jeff Small and I, plead correctly oral gift of real estate?

We did. It went unchallenged. And, therefore, Your Honor, we're saying please reconsider and deny their motion in its entirety.

THE COURT: Thank you.

Mr. Barbour, would you like to reply at this point or would you like Mr. Small to go ahead.

MR. BARBOUR: I would yield to plaintiff's discretion. If Mr. Small feels like he can blend in at this point, I would be happy to respond after that but --

MR. SMALL: Your Honor, I don't have a whole lot to add because Ms. Brown was very succinct. Just using the language of the Rule 91(a)(5) says that the Court may not rule on a motion to dismiss after nonsuit or amendment. So consequently the promissory

estoppel is beyond the Court's reach.

And similarly 91(a)(2), you know, does say that -- that the pleadings must tell why -- it must address each cause of action. Well, oral gift of real estate was in our fifth amended petition, but it was not in FMP's live 91(a) motion so consequently that too is beyond the Court's reach.

So promissory estoppel is not in the fifth amended, but yet it was addressed and ruled on. And I would contend that according to the rule that promissory estoppel and oral gift of real estate are both beyond the Court's discretion.

THE COURT: Thank you.

Mr. Barbour.

MR. BARBOUR: Yes, Your Honor. I'll get to the substance of I think plaintiff's argument in a moment, but first Your Honor hadn't quite asked whether this objection was raised at the March 18th hearing, which the motion to dismiss was originally argued.

Ms. Brown directed us to page 6, lines 10 and 11 of the hearing transcript, which I think is at tab 3 of the binder that Your Honor has.

And as I read page 6 line 3 (sic), that's actually me talking just giving an overview of plaintiff's sexual harassment claim, which is not at

issue in the motion to dismiss at all.

THE COURT: I believe it's page 6, line 10 and 11 that she referenced.

MR. BARBOUR: 10 and 11, Your Honor, yes, Your Honor, that's what I'm looking at as well. I apologize if I misspoke, but that is me giving an overview of plaintiff's sexual harassment claim under chapter 21, which isn't a target of the motion to dismiss at all. That is certainly not plaintiff raising an objection as to the fact that the contents of the motion aren't directed to the oral gift or amended conspiracy claim.

So on that basis, Your Honor, there's authority cited in our response indicating that the parties have a duty to raise objections, to raise concerns to the Court at their earliest opportunity. In this case that was indisputably at the March 18th hearing at which these arguments were made.

Plaintiff declined to raise these objections at that time and instead argued the motion on the merits. I don't know why that would be, but that was the tactic they chose, Your Honor. So our contention would be that any such arguments have been waived at this point and would not be a ground to either reverse the Court's decision on the motion to dismiss or

potential error on that point.

THE COURT: Can we pause for just a second?

MR. BARBOUR: Yes, Your Honor.

THE COURT: Ms. Brown, did you mean to bring the Court's attention to a different part of your transcript?

MS. BROWN: I will, Your Honor. I'm going to have Mona look through it. I must have quoted the wrong --

THE COURT: Okay. Just let us know when you're ready.

Mr. Barbour, I'm going to allow you to continue.

MR. BARBOUR: Yes, Your Honor.

So that initial point aside, Your Honor, next we're turning to the property-related claims where Ms. Faire is in essence attempting to ask the Court at trial or at some point to compel defendants to transfer title to a home that she's living in currently without any written agreement between the parties whatsoever under the guise that there was a promise of a gift at some point that this home would be transferred.

Ms. Brown, as I understand, is arguing that this oral gift claim wasn't before the Court at the March 18th hearing and therefore can't be the subject of

the motion to dismiss.

In my perspective, I see a few different issues with her contention here. The first, Your Honor, is that rule 91(a)(5)(a) clearly describes what a plaintiff has to do or what a party has to do if they don't wish to take a claim all the way through the motion to dismiss hearing.

Mr. Small has suggested that a claim is nonsuited or amended, that it's beyond the Court's reach. With all due respect to Mr. Small, Your Honor, I don't believe that's correct.

Rule 91(a)(5)(a) specifically says the Court may not rule on a motion to dismiss if at least three days before the date of the hearing the respondent nonsuits the challenge cause of action or the movant files a withdrawal of the motion.

We did not withdraw our motion, and plaintiff very clearly did not file a nonsuit of her claim of promissory estoppel. Meaning, Your Honor, no matter where we end up, as of the March 18th hearing, the promissory estoppel claim is still both before the Court and also it's also subject to that motion to dismiss.

Plaintiff is now alleging that she dropped the promissory estoppel claim and instead amended this

new claim for oral gift of real estate.

They're not separate claims, Your Honor. They are the same claim entirely. And plaintiff has merely repackaged the existing claim, which has been present in her petition under the guise of a promissory estoppel claim since late October trying to avoid the motion to dismiss through this kind of I would call gamesmanship potentially, Your Honor, but certainly a nonsubstantive change there.

It's reflected by plaintiff's pleadings, there's no substantive difference between the nature of the underlying allegations whatsoever between this alleged promissory estoppel and the subsequent oral gift claim.

Plaintiff's third amended petition, which alleged the quote, unquote promissory estoppel claim four times alleges that plaintiff was quote, unquote gifted the property.

And then we move to the fourth petition which is filed in response to the motion to dismiss. And then she removes the term promissory estoppel and inserts the term oral gift of real estate suggesting that it's a different claim and that we then have to kick this can down the road later on to another motion to dismiss hearing, but that's neither warranted nor

necessary, Your Honor. It's all the same claim trying to compel a transfer of property in the absence of a statute of frauds.

And specifically to this point, Your Honor, I would argue that plaintiff has conceded the fact that the oral gift claim is, in fact, addressed in the Rule 91(a) motion to dismiss.

On page 2 of her response to that motion, plaintiff argues, quote, by their Rule 91(a) motion, defendants challenge plaintiff's claim for an oral gift of real estate.

And then she continues on to some of the merits of that.

But plaintiff admits in her response that the oral gift claim is in fact challenged by the Rule 91(a) motion to dismiss. And subsequently falling back from that position trying to, you know, argue the exact opposite at this point, Your Honor, has no basis whatsoever and she's bound to her prior pleadings, which admitted which claims were in fact addressed in that motion.

And then finally, Your Honor, I would note that I respectfully take issue I think with Mr. Small's interpretation and Ms. Brown's interpretation of Rule 91(a) which seemingly would require the parties, you

know, to constantly be amending their Rule 91(a) motion to dismiss every time an amended pleading is filed in response to it. That's not what the rule requires.

The rule requires you state the basis on which there's no basis in law or no basis in fact for the claim alleged.

Our Rule 91(a) motion contends -- properly I believe -- that plaintiff's claim for a property-related claim trying to compel the transfer of this home is barred by the statute of frauds, that she has not shown any exceptions, you know, available to that claim to show that even accepting all of her allegations as true, she would be able to compel the transfer of that property in the absence of a written agreement.

It doesn't matter whether you style the argument as promissory estoppel, oral gift of real estate, or whatever other claim plaintiff may conjure later on in this litigation potentially. The statute of frauds is still the reason that claim fails. That defense and that argument is stated succinctly and sufficiently under Rule 91(a) to articulate why plaintiffs can't recover and their claim has no basis in the law. And, therefore, the motion to dismiss is appropriate.

THE COURT: Thank you, Mr. Barbour.

Give me just one second please, Mr. Small.

MR. SMALL: Yes, ma'am.

(Short pause.)

THE COURT: We're back on the record.

Mr. Barbour, you're standing. Was there something more?

MR. BARBOUR: As to the oral gift claim, Your Honor, I would finally note, none of plaintiff's arguments contend that she has in fact alleged a sufficient claim for this oral gift of real estate. At our hearing, we discussed in detail the fact that plaintiff has not shown any present gift, any immediate transfer of property as necessary to state that claim. So all of these technicalities of Rule 91(a) aside, which I also believe are baseless, at the end of the day she still has not alleged a claim that stands up to scrutiny for this transfer of real estate. And, therefore, Your Honor, I believe that it was, in fact, appropriate for the Court to dismiss that property-related claim.

Would the Court like me to address the conspiracy claim at this time, as well?

THE COURT: Yes.

MR. BARBOUR: Yes, Your Honor.

Finally we turn to the conspiracy claim and plaintiff's argument again at this point is essentially that because she filed an amended petition in response to the motion to dismiss, that therefore this claim was somehow beyond the Court's reach and the Court could not reach the merits of whether or not she had alleged that conspiracy claim.

This is not within Rule 91(a) either, Your Honor. Rule 91(a) requires that we file a motion to dismiss, identify the cause of action in fact that it can't go forward. It allows the plaintiff the option to either respond to the motion to dismiss or to amend her pleadings, which it does, but the rule does not foreclose the Court's ability to rule on a motion to dismiss notwithstanding that amendment, that the Court has full discretion to evaluate the merits of that claim and to see whether there's a basis in law or a basis in fact for that claim and to move forward.

Plaintiff's reasoning to Rule 91(a), we would indefinitely be cycling through and forever amending our pleadings and amending our motions and never reaching the goal of Rule 91(a), which is the efficient resolution and dismissal potentially of patently frivolous and baseless causes of action.

THE REPORTER: Would you please slow down.

MR. BARBOUR: I apologize for that. I apologize.

So there being no requirement that we have amended our Rule 91(a) motion in response to her amended petition, that arguments falls flat.

And again, Your Honor, I would turn to the merits of plaintiff's conspiracy claim. And again at the March 18th hearing on the motion to dismiss, plaintiff was completely unable to identify a single allegation in her petition that showed an unlawful or illegal act taken by any of defendants whatsoever. Therefore, that claim has no basis in law under the wording of Rule 91(a)(1) because her allegations even taken as true would not entitle her to the relief sought. Meaning if we took her petition and put it in front of a jury and said everything in here is true, they would not be able to render a verdict for her on that conspiracy claim because there's no unlawful or illegal acts alleged anywhere within that petition.

And so for those reasons, Your Honor, we would suggest that the Court was entirely proper in dismissing plaintiff's property-related claims and her conspiracy claims. And respectfully I ask that the Court deny the plaintiff's motion for new trial.

THE COURT: Thank you, Mr. Barbour.

Mr. Small, round two.

MR. SMALL: Your Honor, having been engaged in an oral gift of real estate case in Kendall County for the best part of the last two years revolving around a supposed 1500 acre gift of a ranch, I can state categorically that I have yet to see one case dealing with an oral gift of real estate that equates that cause of action to promissory estoppel. They are two different things. And taking issue with counsel's suggestion of what 91(a) does and does not permit, 91(a)(5) is titled effective nonsuit or amendment. The Court may not rule on a motion to dismiss if at least three days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action or the movant withdraws the motion.

And I would suggest that the cases say that an amendment that drops a cause of action -- an amended petition that drops a cause of action is effective nonsuit of that particular cause of action. And here again --

THE COURT: When you say you believe the cases say, which cases are you --

MR. SMALL: I was not prepared to present a case to the Court, but I will be happy to provide that authority to the Court and to Mr. Barbour because if --

I've run into case where even if you drop a defendant out of the caption on a case, you have effectively dropped them out of the case. So, you know, that's the equivalent of a nonsuit.

THE COURT: And so I'm going to ping-pong back to Mr. Barbour.

Mr. Barbour, would you agree or disagree that by dropping a cause of action that that is the effect of a nonsuit and so -- which is the -- then would fall within the realm of subsection A?

MR. BARBOUR: I would not, Your Honor. You know, Rule 162 specifically provides for nonsuits to occur and there's a nonsuit pleading a plaintiff has to file or a claimant has to file obviously to nonsuit that claim. And under Texas' notice pleading standards, you know, headings frankly are irrelevant to a plaintiff's claim anyway. You know, it's the content of the pleading that we're looking at. So whether a plaintiff styles her claim as promissory estoppel or oral gift or whatever the case may be, the underlying claim itself, you know, does not change in light of that.

So I think if the framers of Rule 91(a) wanted to allow for the, you know, the amendment of the pleading to withdraw that cause of action, they would have provided for that, respectfully, Your Honor. They

did not. They specifically required a nonsuit, which is a very clear delineated bright-line action. You're either forgoing the claim voluntarily and nonsuiting it or, you know, an amendment may or may not, you know, we're left in this gray area. And plaintiff having not followed that very clear procedure to specifically and affirmatively disallow the promissory estoppel claim by nonsuiting it means that, you know, it's still there intertwined with this oral gift claim as conceded in her response to the motion to dismiss.

THE COURT: Thank you, Mr. Barbour.

And before we go any further, Mr. Small, and right now the Court is of the mindset that I really would like case law, but did we find within the transcript from March 18th the portion where the argument that was made this morning was in fact made on March 18th?

MR. SMALL: Yes, ma'am. It was Page 11 lines 10 and 11, not page 6.

MS. BROWN: Apologize for that, Your Honor.

THE COURT: It's okay. Page 11, lines --

MR. SMALL: Page 11, lines 10 and 11 are the most succinct place I think.

(Short pause.)

THE COURT: Mr. Barbour, would you like to

respond at this time?

MR. BARBOUR: I would, Your Honor. As I read lines -- page 11, lines 10 and 11, you know, there's -- they have not objected to our current pleading. I see that. I don't see any argument there that the motion to dismiss is defective or can't proceed based on its current content whatsoever. They were an affirmative duty. If they're wanting to argue that the quote, unquote, contents of the motion as provided under Rule 91(a)(2) must specifically address it and that it's insufficient, that's not at all spelled out there, Your Honor. And even if they did, they never asked the Court for a ruling on that motion at that time and it wasn't raised, you know, as a formal objection. It's an aside that doesn't at all raise these issues for the Court's review.

And so I would both argue that it's not a proper objection whatsoever and it certainly was not preserved at that point to be raised in the motion for new trial. So I don't think they exhausted their burdens at all.

THE COURT: Thank you, Mr. Barbour.

Mr. Small, I'm going to let you hopefully tie up any loose ends at this time.

MR. SMALL: I would.

The last thing. And counsel appear to be attempting to tag Ms. Brown with some kind of admission that promissory estoppel and oral gift of real estate are one and the same, but the fact of the matter is that 91(a) explicitly states that this is a ruling only on the pleadings. And the pleadings say what the pleadings say. No evidence, no argument of counsel, no nothing. It's the pleadings and the pleadings alone.

And we would ask that the Court deny their 91(a) motion to dismiss. Thank you.

THE COURT: Thank you, Mr. Small.

So what we're going to do is we're going to allow Mr. Small to submit by e-mail and only for this purpose, and CC Mr. Barbour, his two cases on the issue of 91(a) and whether dropping a cause of action in fact falls into the realm that would permit the argument that was made today. Only that case. And he's going to get it to me before noon. Yes? Yes. And that way Mr. Barbour -- I don't know if you're doing anything before 2:00 today or not. I really would -- I want to have some finality one way or another. And I want to let you guys know before 5:00 if at all possible. So if you would like that, then Mr. Small can get it to me before noon, and then you can have until what time afternoon to respond, Mr. Barbour?

MR. BARBOUR: You said 2:00, Your Honor, that would be fine by me.

THE COURT: Okay. So 2:00 and that way -- so that would be wonderful. If you get it before then -- I have lunch between 12:00 and 1:30 and I don't have a judges' meeting at lunch so -- just so you know the Court's schedule. But with that, I appreciate your arguments. I appreciate your early morning rise in coming to the 57th this morning. And y'all are excused. Thank you very much.

(Proceeding concluded.)

STATE OF TEXAS

COUNTY OF BEXAR

    I, Mary Martinez, Certified Court Reporter in and for Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the proceedings requested in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record truly and correctly reflects the exhibits, if any, offered by the respective parties.

    I further certify that the total cost for the preparation of this Reporter's Record is $  216.00  (expedited) and was paid by    Ms. Olga Brown   .

    To which I certify on this the    15th    day of  May   , 2015.

                                  /s/ Mary Martinez
                                Mary Martinez, CSR 5943
                                57th District Court
                                Bexar County Courthouse
                                100 Dolorosa Street
                                San Antonio, Texas 78205
                                Telephone: 210.335.1602
                                Exp: 12-31-2016

# Appendix 21



# Fourth Court of Appeals
## San Antonio, Texas

June 3, 2015

No. 04-15-00315-CV

Cearth **FAIRE**,
Appellant

v.

**FMP SA MANAGEMENT GROUP, LLC** d/b/a Food Management Partners, LLC; All Jones, LLC; Allen J. Jones, Individually; Peter Donbavand, Individually; and Jason Kemp, Individually,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-16674
Honorable Antonia Arteaga, Judge Presiding

### ORDER

Petitioner Cearth Faire's petition for permission for leave to file an interlocutory appeal is DENIED. Appellees' motion to dismiss Faire's petition is MOOT. Appellees' motion for sanctions is DENIED.

It is so **ORDERED** on June 3, 2015.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of June, 2015.

_____
Keith E. Hottle, Clerk



# Appendix 22



SCHMOYER REINHARD LLP
*Attorneys at Law*

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

JUSTIN BARBOUR
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

September 16, 2015

**VIA HAND DELIVERY**

Denise Chavez
Court Coordinator
285th District Court
Bexar County Courthouse
300 Dolorosa, 2nd Floor
San Antonio, Texas 78205

> Re:  Cause No. 2014-CI-16674; *Cearth Faire v. FMP SA Management Group, LLC d/b/a Food Management Partners, LLC et al*; In the 150th Judicial District Court, Bexar County, Texas.

Dear Ms. Chavez:

Pursuant to Judge Price's directive at this morning's hearing on Defendant Allen J. Jones' Motion to Disqualify in the above-styled matter, enclosed please find one sealed envelope containing the following documents for Judge Price's *in camera* review in connection with that Motion: FAIRE 015-16, FAIRE 068-71, FAIRE 149-204, FAIRE 213-230, FAIRE 237-241, and FAIRE 246-255. We respectfully request that this sealed envelope containing Defendant Jones' privileged documents be provided to Judge Price at your earliest opportunity. Upon Judge Price's review of these documents and disposition of the Motion to Disqualify, we would further respectfully request that these privileged documents be returned to our office.

We would very respectfully note that the documents contained herein are protected by the attorney-client and/or work product privileges, and absolutely no waiver of such privileges is intended or may be implied by the inadvertent or accidental review of such documents by any recipients other than Judge Price. Counsel for Plaintiff, Ms. Olga Brown, Esq., is hereby notified of our submission of these privileged documents for the Court's *in camera* review by copy of this correspondence.

Ms. Denise Chavez
Court Coordinator, 285th Judicial District Court
September 16, 2015
Page 2

Thank you for your assistance in this matter.

Sincerely,

Justin Barbour

Sealed Enclosures

cc: Ms. Olga Brown, Esq. [*Via Facsimile – 210.226.1884*]



Date/Time: Sep. 16. 2015 1:51PM

| File<br>No. Mode | Destination | Pg(s) | Result | Page<br>Not Sent |
|---|---|---|---|---|
| 0518 Memory TX | 12102261884 | P. 3 | OK | |

----------------------------------------------------------------------------------

Reason for error
    E. 1) Hang up or line fail           E. 2) Busy
    E. 3) No answer                 E. 4) No facsimile connection
    E. 5) Exceeded max. E-mail size    E. 6) Destination does not support IP-Fax



## SCHMOYER REINHARD LLP
Attorneys at Law

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

# Fax

**Date:** September 16, 2015

| To: | Company: | Fax: | Phone: |
|---|---|---|---|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 3

**Re:** Cearth Faire v FMP, et al               108.023

☐ Urgent     ☑ For Review     ☐ Please Comment     ☐ Please Reply     ☐ Please Recycle

Please see the following attachment. ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.



## SCHMOYER REINHARD LLP
*Attorneys at Law*

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

# Fax

**Date:**       September 16, 2015

| To: | Company: | Fax: | Phone: |
|---|---|---|---|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:**  3

**Re:**    *Cearth Faire v FMP, et al*                                                        108.023

☐ **Urgent**          ☑ **For Review**          ☐ **Please Comment**          ☐ **Please Reply**          ☐ **Please Recycle**

Please see the following attachment.  ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.



# Appendix 23

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Aroyla2@sbcglobal.net

September 14, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:   Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc   D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones,      Individually, And Peter Donbavand, Individually,* In The 150th Judicial          District, Bexar County, Texas

## Attempt to Confer Over Defendant Jones Affidavit

Dear Mr. Barbour:

Please let this letter serve as an attempt to confer over the legal competence of Defendant Jones giving an affidavit which attempts to establish the grounds for disqualification of an attorney.

As I have brought to your attention on numerous occasions,  Defendant Jones has made a judicial admission of his involvement in human trafficking.  Jones has testified in open court before the Hon. Cathleen Stryker that he paid Ten Thousand Dollars cash to purchase a young lady from a brothel in the Dominican Republic.  For your convenience, I am enclosing a transcript of his testimony.  Again.

.       Jones' conduct constitutes a serious crime and a grave violation of human rights. Therefore, his credibility in this motion and in the entire lawsuit is at issue. Before the court can consider any of his statements, I must have the right to cross-examine Jones.

Your motion requests the court to deny the Plaintiff counsel of her choice. This is a very severe remedy and the Court must follow exacting standards when considering the motion to disqualify.  The Court should not consider the Jones Affidavit.  There is no evidence to support the grounds and any ruling granting the motion would be an abuse of discretion. Please have Defendant Jones available for cross-examination or consider dropping the motion to disqualify.

If you wish to discuss this further, please do not hesitate to give me a call. I look forward to resolving the issue. Thank you.

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc      Cearth Faire
File

Q.    That's where you met Allen?

A.    Yes.

Q.    Was it your intention to be employed at such a house?

A.    No.

Q.    And did the men pay for sex with women?

A.    Yes.

Q.    And was Allen one of those men?

A.    Yes.

Q.    How did you get out of there?

A.    He took me out every morning I -- he pay for my passport and for me, like he said.

Q.    And then a month later you and Allen were married?

A.    We get married, yes.

MS. WHITLEY:  I'll pass the witness.

**REDIRECT EXAMINATION**

BY MR. SKINNER:

Q.    You don't know that Allen was -- that Astin was given any Benadryl, do you?

A.    I did not know.  I told her to call Dr. Storandt. I give her to be -- piece of paper with notes and phone numbers, and say, please call to Dr. Storandt and ask her if -- if -- before give my child anything, and I asked her to pass it to my ex-husband, but she bring it back --

don't think it's right for a man to take children from a woman.

Q. So, let's explore that a little bit. You weren't ordered to do it. This is something you agreed to do?

A. Yes.

Q. Now, I want to speak briefly, and then we're going to get on to the substance of this. You met Tetyana basically at a brothel, didn't you?

A. Yes.

Q. And you paid $10,000 to get her out of that, didn't you?

A. I paid because they said they would not ---

MS. WHITLEY: Objection, Your Honor, that's hearsay.

MR. SKINNER: Objection; relevance.

THE COURT: Sustained -- overruled.

MS. WHITLEY: It's relevant.

Q. (BY MS. WHITLEY) You paid them how much money?

A. I don't know. I paid the money to get her passport back and for the expenses that they said that they had spent on her.

Q. And a month later y'all got married?

A. Yes -- or I'm not sure about that.

THE COURT: Back up a little bit from the microphone. It's a little bit --

# Appendix 24

# LAW OFFICES OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884

July 21, 2015

Donna Kay McKinney
Bexar County District Court Clerk
300 Dolorosa, Suite 217
San Antonio, Texas  78205

## VACATION NOTICE

Dear Ms. McKinney:

Please accept this correspondence as notice that I will be on vacation and unavailable for hearings, settings or trials on the following dates:

August 6 – August 12, 2015

By copy of this letter, I am notifying all counsel of record of my plans and asking them to please not schedule any hearings, depositions or trials during this time

Thank you for your cooperation in this matter

Very truly yours,

OLGA BROWN

OB/mf

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2015 JUL 21  AM 11: 19
DEPUTY
BY

Vacation Letter of Olga Brown,                                    Page 1 of 2

CC:

| Attorney Name | Firm | Facsimile |
|---|---|---|
| Stacy Goodbread | Stacy E Goodbread, PC | 210.656.1026 |
| Tom C. McCall | The McCall Firm | 512.477.2271 |
| Kindra A Johnson | The McCall Firm | 512.477.2271 |
| Thomas A Cowen | Chaves, Gonzales & Hoblit, LLP | 210.226.1544 |
| James A Sindon | Law Office of James Sindon | 830.334.4823 |
| Patrick Kelly | Langley & Banack | 830.876.5451 |
| Tex/Carol Corrigan | Corrigan and Corrigan | 210.829.0701 |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 |
| Christine Reinhard | Schmoyer Reinhard LLP | 210.447.8036 |
| Steven Gonzalez | Gonzalez Palacios, LLP | 956.618.0445 |
| Todd A. Prins | Prins Law Firm | 210.820.0929 |
| Brett T Reynolds | Blakely & Reynolds, PC | 210.805.9654 |
| Patricia A Finch | Patricia A Finch, PC | 830.372.2160 |
| Gershon D Cohen | | 210.820.2609 |
| Tim K Singley | Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C. | 210.525.0666 |
| Elizabeth Fisher | | 210.572.7575 |
| Carmen Rojo | | 210.446.3822 |
| | | |
| M Arnold Govella | | 361.758.9801 |
| Robert Valdez | | 210.227.6948 |
| Robert Ray | Law Office of Robert N Ray | 210.733.9819 |
| Lucretia Marmor | Langley & Banack | 210.735.6889 |
| Donald Loving | Law Office of Hugh Leighton McWilliams | 210.340.2246 |
| | | |
| Lucretia Marmor | Langley & Banack | 210.735.6889 |
| Leigh A Mammarella | | 210.491.9969 |
| James McKibben | | 361.883.8353 |
| Lee Hernandez | | 210.735.4231 |
| Carlo Garcia | | 210.308.6939 |



# Appendix 25

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

June 22, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc
       D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones,
       Individually, And Peter Donbavand, Individually,* In The 150th Judicial
       District, Bexar County, Texas

Dear Mr. Barbour:

Thank you for your letter of June 8, 2015, regarding your contention that
my client "wrongfully produced" documents in response to the Defendants'
discovery requests.

It is important to note that what you asked for, and what was produced,
supports one or more of Ms. Faire's causes of action.

Further, not all documents you address are "privileged" particularly in the
context of your clients' requests. If Ms. Faire did not produce the documents,
your clients would then move for a "no-evidence" summary judgment. Are the
Defendants trying to have it both ways?

Please review what you contend is "privileged" again. You will find that
Defendant Jones has made his conduct a matter of public record.

As such, in an abundance of caution, all that your clients requested was
produced, to counsel for Allen J Jones, only.

Thank you.

Respectfully,

OLGA BROWN

OB/mf
cc     Cearth Faire
File



# Appendix 26



**JUSTIN BARBOUR**
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

June 8, 2015

**VIA FAX - 210.226.1884**
Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

> Re: Cause No. 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba Food Management Partners, LLC., et al*; In the 150th Judicial District Court for Bexar County, Texas
> Our File No: 108.023

Dear Ms. Brown:

In reviewing Plaintiff's document production in the above-styled matter, we have reason to believe that Ms. Faire has wrongfully produced to you, and that you have wrongfully come into possession of, reviewed, and produced, Defendant Allen Jones's personal, privileged documents and information. This letter outlines our concerns regarding Ms. Faire's wrongful disclosure of these privileged documents and demands that you immediately take affirmative actions to remedy this issue.

You have previously noted that Plaintiff Cearth Faire was formerly a personal assistant to Mr. Jones. In her capacity as Mr. Jones's agent, Ms. Faire was copied on numerous privileged communications to and from his counsel, including communications regarding legal strategy and advice in Mr. Jones's divorce and child custody disputes with his ex-wife, Tetyana Jones. However, because such privileges belonged to Mr. Jones—not to Ms. Faire—Plaintiff lacks the ability to waive such privileges attached to such documents and communications. Instead, only the holder of the privilege himself—in this case, Mr. Jones—may waive the attorney-client or work product privileges that attach to such documents.

In reviewing Ms. Faire's document production in the above-styled matter, we have reason to believe she provided to you Mr. Jones's privileged documents and information, including documents produced at FAIRE-0015-16, 68-71, 149-204, 213-230, 237-241, and 246-255. These *90 pages of privileged communications* include correspondence to and from Mr. Jones's legal counsel and communications discussing legal strategies and obligations. Moreover, because you represented Tetyana Jones during these divorce and child custody proceedings, you were well aware these communications were privileged. Indeed, many of these documents

included correspondence with attorneys, including Sam Bashara, with whom you were adverse in those family law matters. Yet, despite having come into possession of these known privileged communications, your office has apparently reviewed, analyzed, and produced these documents, without any notice whatsoever to Mr. Jones, Mr. Bashara, or our firm.

In light of Ms. Faire's wrongful retention and production of these privileged documents, as well as your office's review, analysis, and production of such documents, this correspondence is sent to demand that you and Ms. Faire immediately take the following actions, including:

- The immediate return of any and all of Mr. Jones's privileged documents and communications in Ms. Faire's possession, including but not limited to the documented located at the Bates-ranges identified above and any copies or duplicates thereof;
- That you immediately provide an accounting and detailed description of Mr. Jones's other privileged information and documents described to you by Ms. Faire or otherwise provided to you or your office; and
- That you withdraw from your representation of Ms. Faire in this matter.

We appreciate your prompt attention to this critically important matter. I understand that, from your pending vacation notice, you may be out of the office through this Friday, June 12. As such, we would request that you provide written confirmation that you have taken the steps outlined above no later than the close of business on Tuesday, June 16. If you have any questions or wish to discuss this matter further, please contact me at your earliest convenience.

Sincerely,

Justin Barbour

JB/vp





## SCHMOYER REINHARD LLP
### Attorneys at Law

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

# Fax

**Date:** June 8, 2015

| To: | Company: | Fax: | Phone: |
|---|---|---|---|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 3

**Re:** *Cearth Faire v FMP, et al*                                                    108.023

☐ **Urgent**    ☑ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

Please see the following attachment. ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.

1)
2)

Date/Time: Jun. 8. 2015 10:45AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 0162 | Memory TX | 2261884 | P. 3 | OK | |

---

Reason for error
　E. 1) Hang up or line fail　　　　　E. 2) Busy
　E. 3) No answer　　　　　　　　　　E. 4) No facsimile connection
　E. 5) Exceeded max. E-mail size　　E. 6) Destination does not support IP-Fax



**SCHMOYER REINHARD** LLP
Attorneys at Law

17806 IH 10 West, Suite 400 · San Antonio, Texas 78257 · Office: 210.447.8033 · Fax: 210.447.8036 · www.sr-llp.com

# Fax

**Date:** June 8, 2015

| To: | Company: | Fax: | Phone: |
|-----|----------|------|--------|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages: 3**

**Re:** Cearb Fairo v FMP, et al　　　　　　　　　　　　　　108.023

☐ Urgent　☒ For Review　☐ Please Comment　☐ Please Reply　☐ Please Recycle

Please see the following attachment. ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.



# Appendix 27



## SCHMOYER
## REINHARD LLP
*Attorneys at Law*

17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

**JUSTIN BARBOUR**
210.447.8033 (tel.)
210.447.8036 (fax)
jbarbour@sr-llp.com

May 27, 2015

**VIA FAX - 210.226.1884**
Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, TX 78205

> Re: Cause No. 2014-CI-16674; *Cearth Faire v FMP SA Management Group, LLC dba Food Management Partners, LLC., et al*; In the 150th Judicial District Court for Bexar County, Texas
> Our File No: 108.023

Dear Ms. Brown:

This letter is sent to follow up on a couple scheduling issues pertaining to the above-styled matter.

First, with regard to Plaintiff's proposed First Amended Docket Control Order, Defendants are amenable to resetting the trial in this matter to March 7, 2016. However, Defendants would propose the following modifications to the First Amended DCO's proposed deadlines:

- Move the parties' pleadings amendment deadline from November 6, 2015 to October 23, 2015;
- Move the discovery deadline from January 5, 2016 to December 4, 2015; and
- Move the dispositive motion deadline from January 12, 2016 to January 5, 2016.

I have attached a marked-up, executed draft of the First Amended DCO, with these changes initialed. If this meets with your approval, please feel free to file.

Second, please note that, in addition to the hearing on Defendants' Motion to Modify, Defendants are also dropping tomorrow's hearing on their Motion to Compel, due to a medical issue that has left me voice-less. Apologies for the late notice, though I would anticipate we will reset the hearing on the Motion to Compel sometime in the near future.

Please contact me at your convenience if you have any questions.

Sincerely,

Justin Barbour

JB/vp
Enclosure

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | 150TH JUDICIAL DISTRICT |
| **FMP SA MANAGEMENT GROUP, LLC,** | § | |
| **D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | § | |
| **INDIVIDUALLY, AND** | § | |
| **PETER DONBAVAND, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| **Defendants** | § | |
| | § | **BEXAR COUNTY, TEXAS** |

## AGREED ORDER GRANTING LEVEL 3 DOCKET CONTROL

On _____, came on to be considered the Plaintiff's

Motion For Level 3 Discovery Plan and Docket Control Order, and the Court is of the

opinion that such Motion should be **GRANTED.**

## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.      This cause is set for trial on **March 7, 2016.**

2.      On or before **November 3, 2015,** Defendants shall designate all experts which

Defendants intend to call to testify at the trial of this cause and provides reports

of said experts;

3.      On or before **October 6, 2015,** Plaintiff shall designate all experts which Plaintiff

intends to call to testify at the trial of this cause and provide reports of said

experts;

4.    On or before **January 29, 2016**, all parties shall participate in mediation of this cause; ~~*(illegible)*~~

    *October 23*

5.    On or before ~~November 6,~~ 2015, Defendants and Plaintiff shall file any amended or supplemental pleadings upon which Defendant and Plaintiff intend to go to trial; and

    *December 4, 2015*

6.    On or before ~~January 5, 2016,~~ all discovery shall be concluded in this cause.

7.    All dispositive motions, including all motions for summary judgment, shall be filed

    *January 5*

    by ~~January 12,~~ 2016.

8.    The deadline to file a Robinson Motion to Strike Expert Witnesses for lack of foundation for Opinion is **January 29, 2016**.

9.    Motions in Limine and proposed jury questions and instructions shall be filed and exchanged between the parties on or before the Thursday before trial, before 3:00 p.m.

10.   The terms of this Docket Control Order can only be modified upon further Order of the Court upon a showing of good cause or upon the written agreement of all parties to this suit.

**SIGNED AND ENTERED** on this _____ day of _____, 2015.

_____

HON. JUDGE PRESIDING

Cause 2014-CI-16674
Amended Agreed Level 3 Discovery Control Plan.

Page 2

APPROVED AS TO FORM:


/s/ Olga Brown
OLGA BROWN
SBN: 03155500
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1550 telephone
(210) 226-1884 facsimile
Argyle2@sbcglobal.net
*Attorney for Plaintiff*

CHRISTINE E REINHARD / Justin Barbour
SBN: 24013389                24055142
SCHMOYER REINHARD LLP
17806 IH 10West, Suite 400
San Antonio, Texas 78257
(210)447-8033 telephone
(210)447-8036 facsimile
creinhard@sr-llp.com
*Attorney for Defendants*



17806 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr-llp.com

# Fax

**Date:** May 27, 2015

| To: | Company: | Fax: | Phone: |
|---|---|---|---|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 6

**Re:** *Cearth Faire v FMP, et al*                                                                 108.023

☐ **Urgent**      ☑ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**      ☐ **Please Recycle**

Please see the following attachment. ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.

P. 1

Date/Time: May. 27. 2015  8:52AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 0130 | Memory TX | 12102261884 | P. 6 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection
E. 6) Destination does not support IP-Fax



## SCHMOYER REINHARD LLP
Attorneys at Law

17600 IH 10 West, Suite 400 • San Antonio, Texas 78257 • Office: 210.447.8033 • Fax: 210.447.8036 • www.sr4p.com

# Fax

**Date:** May 27, 2015

| To: | Company: | Fax: | Phone: |
|-----|----------|------|--------|
| Olga Brown | Law Office of Olga Brown | 210.226.1884 | 210.226.1550 |
| **From:** | **Company:** | **Fax:** | **Phone:** |
| Justin Barbour | Schmoyer Reinhard LLP | 210.447.8036 | 210.447.8033 |

**Pages:** 6

**Re:** Cearth Falro v FMP, et al                    108.023

☐ Urgent        ☑ For Review        ☐ Please Comment        ☐ Please Reply        ☐ Please Recycle

Please see the following attachment. ORIGINAL(S) WILL NOT FOLLOW.

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address above.



# Appendix 28

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

May 21, 2015

**Via facsimile (210) 447-8036**
Christine E Reinhard/Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

Dear Mr. Barbour:

Enclosed please find a file stamped copy of my client's Petition for Leave to File Interlocutory Appeal regarding the 91a, which you were also e-served. In the interest of the environment, I am not faxing you all the exhibits, which were also e-served to you.

I would request that you drop your setting on your Amended Motion to Modify Order set for May 28, 2015.

Thank you for your professional courtesies.

Respectfully,

OLGA BROWN

OB/mf
cc     Cearth Faire

File

ACCEPTED
04-15-00315-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/20/2015 1:28:52 PM
KEITH HOTTLE
CLERK

NO. ___04-15-00315-CV___

## IN THE COURT OF APPEALS FOR
## THE FOURTH DISTRICT OF TEXAS
## SITTING AT SAN ANTONIO

**CEARTH FAIRE,**

*Petitioner,*

*v.*

***FMP SA MANAGEMENT GROUP, LLC d/b/a***
***FOOD MANAGEMENT PARTNERS, LLC, ALL JONES, LLC***
**ALLEN J. JONES, INDIVIDUALLY, PETER DONBAVAND,**
**INDIVIDUALLY, AND JASON KEMP, INDIVIDUALLY,**

*Respondents.*

Cause No. 2014-CI-16674 from the
150th District Court, Bexar County, Texas
Hon . Antonia Arteaga, presiding

**Petition for Leave to File Interlocutory Appeal Pursuant to
Tex. R. App. P. 28.3 and Tex. Civ. Prac. & Rem. Code 51.014(f)**

Olga Brown
State Bar No. 03155500
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210.226.1550/210.226.1884
argyle2@sbcglobal.net

Jeff Small
State Bar No. 00793027
LAW OFFICE OF JEFF SMALL
12451 Starcrest, Suite 100
San Antonio, Texas 78216
210.496.0611/f: 210.579.1399
jdslaw@satx.rr.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

    Issue No. 1:    Does permitting an interlocutory appeal now serve the best interests of judicial economy thereby eliminating the risk of two trials by deciding the propriety of the trial court's Rule of Civil Procedure 91a dismissal of several of Petitioner's causes of action before the remaining issues go to trial? . . . . . . . . . . . . . . . . . . vi

    Issue No. 2:    Is dismissal under Rule 91a proper when Petitioner's causes of action state a recognized cause of action and her factual pleadings do not show as a matter of law that she cannot prevail? . . . . . . . . . . . . . . . . . . . . . . vi

INFORMATION COMPLYING WITH RULE 25.1(d). . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REASONS TO GRANT PERMISSION
FOR AN INTERLOCUTORY APPEAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    The trial court erred by dismissing Petitioner's causes of action because each states a recognized cause of action in Texas and none of her factual pleadings affirmatively negate her entitlement to relief. . . . . . . . . . . 5

    A.    Texas Rule of Civil Procedure 91a. . . . . . . . . . . . . . . . . . . 5

    B.    There is "no basis in law" only if the pleading fails to state a recognized cause of action. . . . . . . . . . . . . . . . . . . . . . 7

    C.    A pleading has "no basis in fact" only if no reasonable person could believe the facts pleaded. . . . . . . . . . . . . . . . 7

CONCLUSION and PRAYER. .................................... 8

VERIFICATION. ........................................... 11

CERTIFICATE OF COMPLIANCE. ................................. 11

CERTIFICATE OF SERVICE. .................................... 12

APPENDIX. .............................................. 12

# INDEX OF AUTHORITIES

## Cases

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*City of Keller v. Wilson,*
    168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Drake v. Walker,*
    No. 05-14-0355-CV, 2015 Tex. App. LEXIS 4732
    (Tex. App.— Dallas May 8, 2015, no pet. h.). . . . . . . . . . . . . . . . . 5

*GoDaddy.com, LLC v. Hollie Toups ,*
    429 S.W.3d 752 (Tex. App.—  Beaumont 2014, pet. denied) . . . . . . . 8

*Gulley v. State Farm Lloyds,*
    350 S.W.3d 204 (Tex. App.-- San Antonio 2011, no pet.) . . . . . . . . . 4

*Scott v. Gallagher,*
    209 S.W.3d 262 (Tex. App.— Houston [1st Dist.] 2006, no pet.). . . . . 7

*Wooley v. Schaffer,*
    447 S.W.3d 71 (Tex. App.— Houston [14th Dist.] 2014, pet. filed). . . 5

## Rules

TEX. R. APP. P. 25.1(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. APP. P. 28.3(k). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. CIV. P. 47 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. CIV. P. 91a.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

TEX. R. CIV. P. 91a.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. CIV. P. 91a.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. CIV. P. 91a.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. CIV. P. 91a, cmt. to 2013 change. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## Other Authorities

David E. Chamberlain and W. Bradley Parker,
    *Rule 91a Motions to Dismiss,*
    in State Bar of Texas Ultimate
    Motions Practice Course (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

House Comm. on Civil Practices, Bill Analysis,
    Tex. H.B. 978, 77th Leg., R.S. (2001) . . . . . . . . . . . . . . . . . . . . . . . . . 4

## ISSUES PRESENTED

*Issue No. 1*:      Does permitting an interlocutory appeal now serve the best interests of judicial economy thereby eliminating the risk of two trials by deciding the propriety of the trial court's Rule of Civil Procedure 91a dismissal of several of Petitioner's causes of action before the remaining issues go to trial?

*Issue No. 2*:      Is dismissal under Rule 91a proper when Petitioner's causes of action state a recognized cause of action and her factual pleadings do not show as a matter of law that she cannot prevail?

## INFORMATION COMPLYING WITH RULE 25.1(d)

Plaintiff/Appellant Cearth Faire desires to pursue an interlocutory appeal in accordance with the provisions of Texas Rule of Appellate Procedure 28.3 and the Texas Civil Practice and Remedies Code section 51.014(f). The order being appealed dated May 6, 2015 (ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 1)), overruled Ms. Faire's Motion for Reconsideration/New Trial in cause number 2014-CI-16674, which dismissed certain of Ms. Faire's causes of action pursuant to Rule 91a. If the Court grants leave to file an interlocutory appeal pursuant to TEX. R. APP. P. 28.3(k), that appeal is treated as accelerated in accordance with Rule 26.1(b).

## STATEMENT OF FACTS

The facts stated herein are those as alleged in Plaintiff's Fourth Amended Petition (App'x Tab 3).

Defendants/Appellants FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC and All Jones, LLC, all of which are owned and controlled by Defendant Allen Jones, employed Plaintiff/Appellant Faire. Defendants Peter Donbavand and Jason Kemp are business partners of Allen Jones. In addition to her employment for the corporate defendants, Ms. Faire also served as Defendant/Appellant Allen J. Jones personal assistant. As his personal assistant, Ms. Faire took care of Allen Jones' personal matters. She lived in the Dominican Republic caring for Jones' children on a 24/7 basis for approximately five months, also assisting administratively in his defense in Jones' divorce proceedings pending in Bexar County, Texas during 2013 and 2014.

In recognition for her loyal and tireless employment services to him, Jones gifted Ms. Faire the house at 8647 Timber Place in San Antonio. Jones negotiated with Defendant Jason Kemp, who works for Jones, and purchased the home at 8647 Timber Pl, San Antonio, TX 78250, from Kemp's wife who was the deeded owner of that property. It was this property that Jones gifted

1

to Ms. Faire. Jones instructed another employee, Peter Donbavand, in his individual capacity and outside the scope of corporate business, to prepare the necessary documents so Jones could finalize the gift to Ms. Faire. Jones later retaliated against Ms. Faire by denying he had gifted the real estate to her.

Both defendants Donbavand and Kemp, while business partners of Jones and employees and agents of FMP, routinely served Jones as personal aides, taking and executing orders from Jones outside the course and scope of their duties with the corporate entities to meet his personal demands without regard for whether those orders served the corporate interests.

While Donbavand completed the necessary transfer documents, Jones insisted that Ms. Faire move into the house, which she did in reliance on his gift of the house to her. She made valuable and permanent improvements to the house in reliance on Defendant Jones' promise to her. She also incurred moving expenses, as well as expenses in making permanent improvements to the residence to make it habitable.

When Ms. Faire refused Jones' sexual advances, he fired her despite having recently promoted her, given her additional duties, and increased her pay based on meritorious work. Jones then ordered Donbavand and Jason Kemp to evict Ms. Faire from the house Jones had given her. Jones also

2

reneged on other promises he had made to Ms. Faire.

Ms. Faire sued for sexual harassment, conspiracy, promissory estoppel, and fraud. Defendants filed a Rule 91a motion and an amended motion to dismiss (DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 2)). After Defendants filed their amended motion to dismiss, but before the hearing at which the causes of action were dismissed, Ms. Faire amended her petition to drop the claim for promissory estoppel and added a claim for an oral gift of real estate. *See* PLAINTIFF'S FOURTH AMENDED PETITION (App'x Tab 3).Defendants filed no further amended pleadings until after the motion to dismiss had been heard, belatedly asking for the opportunity to present evidence of reasonable and necessary attorneys' fees.

The trial court overruled Ms. Faire's motion to reconsider the dismissal of her causes of action on May 6, 2015. ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS DTD MAY 6, 2015 (App'x Tab 1);ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS dtd April 9, 2015 (App'x Tab 2).

## REASONS TO GRANT PERMISSION
## FOR AN INTERLOCUTORY APPEAL

This Court should grant leave for an interlocutory appeal because Rule 91a is relatively new[1] and, thus, there is not a great deal of case law to guide its interpretation. Permitting an interlocutory appeal at this point in the case will serve the interests of judicial economy and advance the ultimate termination of the litigation in that the question at hand involves a controlling question of law. This is so because an appeal at this juncture will eliminate the potential for two trials if the trial court's Rule 91a dismissal of several of Plaintiff/Appellant's causes of action was, indeed, erroneous. *See Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207-08 (Tex. App.— San Antonio 2011, no pet.) (citing House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (explaining that the addition of subsection (d) would promote judicial efficiency by "allowing the trial court to certify a question for appeal" when "the trial court rules on an issue that is pivotal in a case but about which there is legitimate disagreement")).

---

[1] Adopted by the Supreme Court of Texas February 12, 2013.

*See* TEX. R. CIV. P. 91a, cmt. to 2013 change

# ARGUMENT

**The trial court erred by dismissing Petitioner's causes of action because each states a recognized cause of action in Texas and none of her factual pleadings affirmatively negate her entitlement to relief.**

## A.    Standard of Review

A trial court's ruling on a Rule 91a motion to dismiss — whether there is a basis in law and a basis in fact — is reviewed de novo; the pleadings are construed liberally in favor of the plaintiff, looking to the pleader's intent; and the factual allegations in the pleadings are accepted as true. *Wooley v. Schaffer*, 447 S.W.3d 71, 74 (Tex. App.— Houston [14th Dist.] 2014, pet. filed) (analogizing 91a dismissal motion to plea to the jurisdiction); *see Drake v. Walker*, No. 05-14-0355-CV, 2015 Tex. App. LEXIS 4732, at *7 (Tex. App.— Dallas May 8, 2015, no pet. h.).

## A.    Texas Rule of Civil Procedure 91a

Rule 91a permits the dismissal of only those causes of action that have "no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

5

Rule 91a specifically requires that a motion to dismiss address each challenged cause of action and must state specifically the reason the cause of action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. The court may not rule on a cause of action that has been non-suited or is not included in the plaintiff's latest amended petition. TEX. R. CIV. P. 91a.2, 91a.5. Further, the rule explicitly states that in determining a Rule 91a motion the trial court is to consider only the pleadings and may NOT consider evidence. TEX. R. CIV. P. 91a.6.

The trial court's dismissal here violates each of those tenets. *Compare* DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 2), *with* PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION (App'x Tab 3). Because the trial court dismissed issues already amended out of the pleadings at the time of the hearing and Defendants orally requested and were granted dismissal of a cause of action not addressed in their amended motion (*See* App'x Tab 1 & App'x Tab 2), there is a legitimate question in this case whether the trial court's dismissal of Petitioner's causes of action was proper. Thus, this Court should grant permission for an interlocutory appeal of that dismissal.

6

**B.    There is "no basis in law" only if the pleading fails to state a recognized cause of action.**

Texas "[c]ourts are likely to dismiss causes of action under Rule 91a in three circumstances: (1) when a cause of action is not recognized by Texas law; (2) when the pleading alleges facts that negate a cause of action; and (3) when pleading exhibits, attached pursuant to Rule 59, demonstrate that claimant is not entitled to the relief sought as a matter of law." David E. Chamberlain and W. Bradley Parker, *Rule 91a Motions to Dismiss*, in STATE BAR OF TEXAS ULTIMATE MOTIONS PRACTICE COURSE, at § II B.1., at 4 (2013) (App'x Tab 4).

The question presented by Rule 91a is "relatively straightforward" — Do the pleadings state a cause of action that would entitle the plaintiff to relief? *Scott v. Gallagher*, 209 S.W.3d 262, 267 (Tex. App.— Houston [1st Dist.] 2006, no pet.) ("no arguable basis in law" under Civil Practice and Remedies Code Chapter 14 means a claim that is "indisputably meritless"). Putting it differently, the question is "whether, as a matter of law, [the petition] state[s] a cause of action that would authorize relief." *Id.* Thus, giving the pleader the benefit of the doubt, if a plaintiff's petition arguably states a cause of action recognized in the state of Texas, dismissing it under Rule 91a is error. *Id.*

## C.    A pleading has "no basis in fact" only if no reasonable person could believe the facts pleaded.

When analyzing a plaintiff's petition as to whether it has a basis in fact, a court may go no further than ascertaining whether a "reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. A claim may be dismissed for having "no basis in fact" when, taken as true as the pleaded facts must be, they are legally insufficient to support plaintiff's claim. *See City of Keller v. Wilson*, 168 S.W.3d 802, 811- 17 (Tex. 2005). If the facts pleaded satisfy Texas's notice pleading requirements, the claim is not subject to dismissal under Rule 91a. *See* TEX. R. CIV. P. 47 (a) (pleading satisfies notice pleading requirements if it gives "fair notice of the claim involved").

Using the Federal Rule of Civil Procedure 12(b)(6) for guidance, the Beaumont Court of Appeals observed that a claim will survive dismissal if the pleader alleges "enough facts to state a claim to relief that is plausible on its face." *GoDaddy.com, LLC v. Hollie Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## CONCLUSION and PRAYER

Judicial efficiency will be served here by granting leave for an interlocutory appeal rather than permitting a trial to go forward on the

8

remaining issues in this cause only to have the issue of the propriety of the 91a dismissal then come before this court and be remanded back for another trial if the 91a dismissal is determined to be erroneous. The interests of all concerned would be better served by abating the trial court proceedings, permitting the interlocutory appeal to go forward, and then reinstating the trial court proceedings after a determination has been made by this Court on the 91a issue.

The trial court dismissed a cause of action that had been amended out of Petitioner's pleadings before the hearing on the motion to dismiss; dismissed a cause of action not addressed in Respondents' Amended Motion to Dismiss, and delved into evidentiary details rather than ruling strictly on the pleadings as required by Rule 91a. All of these actions are error requiring reversal of the trial court's dismissal. It is better that the reversal come now rather than after a trial on the remaining issues and then a remand for another trial.

Accordingly, Petitioner respectfully requests that she be permitted to pursue an interlocutory appeal of the trial court's dismissal of her causes of action.

9

Respectfully submitted,

/S/ *Jeff Small*

Olga Brown
State Bar No. 03155500
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210.226.1550/210.226.1884
argyle2@sbcglobal.net

Jeff Small
State Bar No. 00793027
Law Office of Jeff Small
12451 Starcrest Dr., Suite 103
San Antonio, TX 78216.2988
210.496.0611/F: 210.579.1399
jdslaw@satx.rr.com

Counsel for Petitioner Cearth Faire

**VERIFICATION**

Before me, the undersigned notary, on this day personally appeared Olga Brown, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Olga Brown. I am over 18 years of age, of sound mind, and capable of making this verification. the facts in this verification are within my personal knowledge and are true and correct.

2. I am one of the attorneys for petitioner. All the documents included with this petition for permission to file an interlocutory appeal are true copies."



RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

Olga Brown

Sworn to and subscribed to before me by Olga Brown on May 20th, 2015.

Notary Public, State of Texas

10

## CERTIFICATE OF COMPLIANCE

In compliance with Tex R. App. P 9.4(i)(3), I certify that the number of words in this document, excluding those matters list in Rule 9.4(i)(1), which was prepared in WordPerfect X6 using 14-point Book Antiqua, is 1893 words.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petition for Leave to File Interlocutory Appeal Pursuant to Tex. R. App. P. 28.3 and Tex. Civ. Prac. & Rem. Code 51.014(f) has been served on counsel of record/interested parties as shown below in accordance with the Rules of Civil Procedure on May 20, 2015.

Justin Barbour
StateBarNo. 24055142
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone: (210) 447-8033
Fax: (210) 447-8036
jbarbour@sr-llp.com

/s/ Jeff Small

# APPENDIX

Order Granting Defendants' First Amended Rule 91a. . . . . . . . . . . . . . Tab 1
    Partial Motion to dismiss dtd May 6, 2015
    (overruling Mtn for New Trial/Reconsideration)

Order Granting Defendants' First Amended Rule 91a. . . . . . . . . . . . . . Tab 2
    Partial Motion to Dismiss dtd April 9, 2015

Defendants' First Amended Rule 91a Partial Motion to Dismiss. . . . . . Tab 3

Plaintiff's Fourth Amended Original Petition. . . . . . . . . . . . . . . . . . . . . . Tab 4

Plaintiff's Motion for New Trial/Reconsideration. . . . . . . . . . . . . . . . . . Tab 5

Article, David E. Chamberlain and W. Bradley Parker, . . . . . . . . . . . . Tab 6
    *Rule 91a Motions to Dismiss,*
    in STATE BAR OF TEXAS ULTIMATE
    MOTIONS PRACTICE COURSE (2013)

Reporter's Record from April 9, 2015 Dismissal Hearing. . . . . . . . . . . Tab 7

Reporter's Record from May 6, 2015 Reconsideration Hearing. . . . . . . Tab 8



# Appendix 29

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2014-CI-16674

CEARTH FAIRE                         ) IN THE DISTRICT COURT
                                     )
                                     )
VS.                                  ) 150TH JUDICIAL DISTRICT
                                     )
                                     )
FMP SA MANAGEMENT GROUP, LLC, )
ET AL.                               ) BEXAR COUNTY, TEXAS
*********************************************************

MOTION TO PARTIALLY DISMISS

*********************************************************

On the 18th day of March, 2015, the following came on to be heard in the above-entitled and numbered cause before the Honorable Antonia Arteaga, Judge presiding, held in San Antonio, Bexar County, Texas:

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

MR. JEFFREY SMALL
SBOT NO. 00793027
   12451 Starcrest Drive, Suite 100
   San Antonio, Texas  78216
   Phone:  (210) 496-0611
      Appearing for Cearth Faire


MS. OLGA BROWN
SBOT NO. 03155500
   111 Soledad Street, Suite 1725
   San Antonio, Texas  78205
   Phone:  (210) 226-1550
      Appearing for Cearth Faire


MR. JUSTIN J. BARBOUR
SBOT NO. 24055142
   17806 West IH 10, Suite 400
   San Antonio, Texas  78257
   Phone:  (210) 447-8033
      Appearing for FMP SA Management Group, LLC,
      et al.

CHRONOLOGICAL INDEX

VOLUME 1 OF 1

*MARCH 18, 2015*

|  | PAGE | VOL. |
|---|---|---|
| Appearances................................ | 2 | 1 |
| Court Reporter's Certificate.............. | 41 | 1 |

*P R O C E E D I N G S*

THE COURT: 2014-CI-16674, Cearth Faire versus FMP SA Management Group, LLC, et al.

If I could the attorneys please identify themselves for the record and whom they represent. If we could start on my left.

Good morning.

MR. SMALL: Good morning, Your Honor. Jeff Small for Cearth Faire and -- with Olga Brown.

THE COURT: Good morning, Ms. Brown.

MS. BROWN: Good morning, Your Honor.

THE COURT: And who else is seated at your table?

MR. SMALL: This is Ms. Faire.

MS. BROWN: The plaintiff.

THE COURT: Thank you.

Good morning, counsel.

MR. BARBOUR: Good morning, Your Honor. Justin Barbour for defendants, along with Robert Ray. Individual defendant Peter Donbavand is with us as well today.

THE COURT: I'm sorry, which one?

MR. BARBOUR: Individual defendant Peter Donbavand.

THE COURT: Peter Donbavand?

MR. BARBOUR: Yes, Your Honor.

THE COURT: Okay. Thank you.

And with that, you're here on your motion to partially dismiss, is that correct?

MR. BARBOUR: That's correct, Your Honor.

THE COURT: I've read your pleadings. If you would like to begin --

MR. BARBOUR: Yes, Your Honor.

THE COURT: -- go ahead.

MR. BARBOUR: Would you prefer we stand or sit?

THE COURT: When you're arguing in court, you should stand.

MR. BARBOUR: Yes, Your Honor.

Your Honor, if you had the opportunity to read our pleadings, I think we can be a little more efficient in our argument.

We are here arguing that three of plaintiff's claims -- three of the four claims in this matter should be dismissed, Your Honor.

The first claim we're moving to dismiss is a claim for promissory estoppel wherein plaintiff seeks to essentially compel defendants to honor what she says was an oral promise to convey ownership in a home to her later in time.

The second claim that we're seeking to dismiss, Your Honor, is a claim for quote, unquote, oral gifts, pertaining to that same home wherein plaintiff alleges that defendants promised to orally gift a home to her.

The third claim we're seeking to dismiss is a civil conspiracy claim, Your Honor, wherein plaintiff alleges that defendants somehow conspired to deny her the gift of the home at issue in those first two claims.

And her final claim, Your Honor, is a Chapter 21 claim for sexual harassment, which defendants are not seeking to dismiss today under Rule 91a.

If Your Honor -- if it would help Your Honor's following of my argument, in the front pocket of our binder, Your Honor --

THE COURT:  I got it.

MR. BARBOUR:  Yes, Your Honor.

THE COURT:  You have it too, right?  Y'all have the same thing, the --

MR. SMALL:  Yes, ma'am.

MR. BARBOUR:  On the fourth slide of that handout, Your Honor, we got a brief -- a little cite to a case which briefly outlines an overview of the statute of frauds, which Your Honor knows is at Section 2601 of the Business and Commerce Code and which provides that

claims pertaining to ownership of real property or a home both must be in writing and must -- and at the agreement or promise conveying ownership to that property must be signed by the individual allegedly transferring ownership of the property.

Quite simply, Your Honor, insofar as plaintiff's first two claims seek to compel a transfer of ownership of the property, she's essentially asking the Court to look to just this oral representation, this oral argument, or this oral promise made by defendant Jones and to basically conclude that she stated a claim for relief based solely upon this oral promise. And as Your Honor knows, exceptions to the statute of frauds are exceptionally disfavored even in the Rule 91, any context. And, of course, as noted, Texas courts have uniformly looked with disfavor on litigants seeking to bypass the statute of frauds by pleading other causes of action.

So getting into the argument proper, Your Honor, with regard to plaintiff's promissory estoppel claim, plaintiff's current petition is her fourth amended petition so her fifth petition since this matter was filed I believe in early November of last year, Your Honor. Plaintiff has alleged this promissory estoppel claim which alleges that individual defendant Jones made

a promise during plaintiff's employment with defendant that at some point in the future he would buy and convey title to a home to her. In our motion to dismiss proper, Your Honor, defendants argued that under the law, a promissory estoppel claim can only survive the statute of frauds if plaintiff specifically alleges that the promise at issue isn't just to convey title to a home, but that the plaintiff alleges that the defendant and the individual against whom the promissory estoppel claim is alleged promises to convey title to the home specifically by promising to execute a written contract or a written agreement that would itself suffice to satisfy the statute of frauds.

A simple reading of plaintiff's fourth amended petition, Your Honor, demonstrates that no such allegations are at issue in this matter. Plaintiff hasn't alleged whatsoever that defendant Jones promised to execute a specific ownership agreement, a sale agreement, a deed, anything that would convey title to the property to the home to her. And moreover, Your Honor, specifically going back to the Gaubert decision cited on our slide and in our brief, plaintiff has specifically not alleged that defendant Jones promised to sign a written agreement that itself complied with the statute of frauds. Instead, Your Honor, it would

appear that plaintiff has abandoned this promissory estoppel claim since there's no substantive argument given on it with -- inside of her response brief itself. And instead there are only vague allegations along these lines within the fourth amended petition.

So because plaintiff's allegations, even accepted as true under Rule 91a, Your Honor, would not entitle her to relief sought because she's not alleged that defendant Jones promised to execute an agreement to convey title to the property that -- it satisfied the statute of frauds, we respectfully ask that plaintiff's promissory estoppel claim be dismissed under Rule 91a.

THE COURT: Mr. Barbour?

MR. BARBOUR: Yes, Your Honor.

THE CURT: I like to ping-pong arguments, i.e., you've made your argument on the promissory estoppel issues. At this time, I'd like to turn it over --

MR. BARBOUR: Yes, Your Honor.

THE COURT: -- to opposing counsel if you believe that your promissory estoppel argument doesn't go hand in hand with oral gift. Are we going to be getting into that? Do you believe your arguments bleed over? Or do you believe that we can divide the arguments as such on each one?

MR. BARBOUR: I believe there is overlap, but I think we can differentiate them especially if it helps the Court's review of the issues, Your Honor.

THE COURT: Does it help your presentation to go on to the second and then ping pong?

MR. BARBOUR: Not necessarily, Your Honor, no, so we can ping pong arguments, yes.

THE COURT: Okay. Your serve.

MR. SMALL: Your Honor, Jeff Small for Cearth Faire.

THE COURT: May I just add for the record how happy I am to see Mr. Small. He's one of my favorite attorneys. Let me just give you full disclosure. I like him a lot. Just so you know. And Ms. Brown.

And, Mr. Barbour, I don't know you well enough, but I really do like your associate. I just have to say.

Mr. Small, good morning.

MR. SMALL: Good morning, Judge.

Can I fill them in on the rest of the details?

We were successful in Judge Arteaga's court on a significant judgment some time back and --

THE COURT: We spent some time together in

court.

MR. SMALL: Good long time.

Your Honor, I need to back up just a little bit prior to the promissory estoppel argument because at its face, 91a is an argument simply on the pleadings. The rule itself states that no evidence is taken or considered in whether we dismiss under 91a or not.

And, frankly, Judge, opposing counsel has not objected to our current pleading. They filed their 91a motion to dismiss. We amended. And they have not objected to our current pleading.

That said, promissory estoppel is not in our fourth amended pleading, but even that being the case, I would dispute Mr. Barbour's characterization of what our pleadings do and do not include. We expressly contend that an oral promise was made to Ms. Faire to convey this property to her. And the inference from that is that Mr. Jones was going to prepare a deed in -- to Ms. Faire on this house. So that knocks the underpinnings out from underneath counsel's promissory estoppel argument.

But more importantly, the basis of an oral gift of real estate, which is an exception to the statute of frauds, is that a promise has been made orally. And the elements of an oral gift of real

estate, with which I'm intimately familiar after having spent two weeks in trial in Junction on this very issue on a ranch, is a present gift, permanent improvements, and possession of that gift. Now, here we don't have to get into the details. As a matter of fact, I would suggest that the Court is precluded from getting into the details anything beyond reading what our pleading says.

If there is a stated cause of action, oral gift of real estate, and the facts that are pled could be believed by a reasonable person, the Court's consideration of 91a motion is over.

If the Court is familiar with a 12(b)(6) motion in federal court, 91a -- there's some dispute about, you know, does it match up exactly with a 12(b)(6) or doesn't it. And my conclusion is that it's probably a little bit different, but a 12(b)(6) motion is you haven't stated a cause of action.

The cases that talk about 91a in Texas are such that a 91a dismissal has been granted in a case where there was no immunity and no matter how they replead, the plaintiff could not win because the defendant was immune. And so the only two things that the Court looks at here is, is there a cause of action? And we've pled three: Oral gift of real estate, civil

conspiracy, and quid pro quo sexual harassment. And are those stated causes of action? And, secondly, are the facts that are pled prima facie proof of those causes of actions? And if the answer to those questions are yes, it's game over; 91a motion has to be dismissed.

THE COURT: So, Mr. Barbour, what I'm understanding from Mr. Small is he's not responding to your argument on promissory estoppel because there is no argument in that their fourth amended pleading doesn't include promissory estoppel.

Is that correct, Mr. Small?

MR. SMALL: Yes, ma'am.

MR. BARBOUR: Yes, Your Honor. I mean, Rule 91a sets out pretty specific procedures if a party wishes to withdraw a claim that is challenged within the motion to dismiss itself. And it specifically requires a party to affirmatively nonsuit the challenged claim if they wish to drop it. And so from my perspective if a claim has been nonsuited expressly and under Texas' liberal pleadings standards, there's still allegation that a promise was made and that Ms. Faire, by her perspective, relied to her detriment on that promise.

THE COURT: Mr. Small, are you formally dismissing the promissory estoppel claim?

MR. SMALL: We are, Your Honor, because our

claim is --

THE COURT: Is that yes?

MR. SMALL: -- is wrapped up in the oral gift of real estate.

THE COURT: He stated on the record that they are formally dismissing promissory estoppel. Is there anything more you need on that?

MR. BARBOUR: Not on that one, Your Honor. No, Your Honor.

THE COURT: Then let's move forward to oral gift and civil conspiracy.

MR. BARBOUR: Yes, Your Honor. As to I think some of the prima facie elements of a claim for oral gift of real estate under Texas law. And as Your Honor is aware again, an oral gift is going to be subject to the statute of frauds and therefore would be disfavored under Texas law.

To establish this prima facie gift of oral real estate, its survival of 91a motion to dismiss, Ms. Faire needs to allege that defendants made what the law calls a gift in praesenti, a present gift; at the time that the gift is made that she then took possession under the gift by the donee with the donor's consent -- meaning in this case Ms. Faire took possession of that home because of defendant Jones' gift and that she then

made permanent and valuable improvements to the property.

In this case, Your Honor, we allege -- and I agree with Mr. Small that Rule 91a requires plaintiff to allege a viable cause of action. And Rule 91a further requires Ms. Faire to affirmatively allege claims that if accepted as true just based on the four corners of her pleadings would establish a claim for relief.

So I agree, frankly, Your Honor for putting evidence in front of you I think that would be favorable to us. But I understand that today we're limited just to the four corners of her pleading.

If we go to the next slide after the elements of the oral gift claim, Your Honor, the one that begins with Jones did not own a home. This includes a handful of selections from Ms. Faire's own pleading, her fourth amended petition, which in defendants' perspective affirmatively demonstrate that she's precluded as a matter of law from establishing the three elements of a gift of oral real estate.

Paragraph 13 of her fourth amended petition, Ms. Faire alleges defendant Jones negotiated with defendant Jason Kemp, whose wife owned a residence. Defendant Jones then instructed defendant Donbavand to

prepared the necessary documents so he, Jones, could purchase the residence for plaintiff.

Plaintiff is admitting that as of this point in time right here, Mr. Jones did not own the property.

Dropping down to paragraph 17 of the fourth amended petition. Plaintiff herself alleges while defendant Donbavand was completing the necessary documents -- those are the documents by which Mr. Jones himself can take ownership of the property -- defendant Jones requested the plaintiff move into the house, orally gifting her the house.

And she took possession of that -- by plaintiff's own allegations, Ms. Faire took possession of this house -- this house on Timber Place Road before the documents were completed by which Mr. Jones could take ownership. She's admitting that Mr. Jones didn't own the house when she took ownership of the property.

And as we show, Your Honor, at most defendant Jones intended a future gift of this property by plaintiff's own admissions.

Paragraph 25, Ms. Faire alleges defendant Jones promised to buy a home and gift it to plaintiff upon their return to San Antonio.

That's a future -- a promise of a future

gift.

At paragraph 28, plaintiff alleges it was reasonable for plaintiff to rely on defendant Jones' promise of an oral gift of real estate. And a promise of oral gift of real estate, Your Honor, respectfully, is not a present gift as required to state a prima facie claim of oral gift of real estate.

And on the next slide, Your Honor, there's some pertinent cases here, especially ones from the Fourth Court, which specifically address situations like this in which the courts distinguish a future promise of possession and ownership of a home from a present gift as required to state a claim for oral gift.

The Thompson v Dart decision, Your Honor, the Fourth Court said to be a gift in praesenti, the donor must, at the time he makes -- at the time the donor makes the gift intend an immediate divestiture of the rights and ownership out of himself, and a consequent immediate vesting of such rights in the donee.

The El Paso Court of Appeals agreed with that in the Flores decision wherein it said that to be a present gift, the owner has to release all dominion and control over the property.

And the Woodworth decision at the very

bottom discussing the gift general, Your Honor, holds that a gift may generally not be made to take effect in the future since that future promise is without consideration.

And the last slide in the section, Your Honor, quite simply, we agree, at this point in the proceeding we can only look at plaintiff's pleadings. I readily admit that. But even looking solely at her pleadings, Ms. Faire admits that at the time she took ownership of the house and at the time Mr. Jones promised to gift her this house allegedly, he didn't own the property. Someone else owned the property when she took ownership.

Her prior petitions have alleged, you know, accurately that she even signed a lease with the then-owner of that house. That has been removed from the fourth amended petition at this point, Your Honor. But regardless, even looking at the fourth amended petition, she admits that there was no present gift of the property from Mr. Jones; that he instead intended a future gift; and by the time he took ownership of the house after her termination of employment with defendant FMP, she has been terminated. She alleges that she's suffering retaliation at that point. And at that point, the promise of a gift had been rescinded. And so by the

time a gift could have become effective when Mr. Jones took ownership of the house, she alleges that he had already decided not to gift it. So there's no gift at all and there's certainly not a present gift. And she didn't take ownership under that gift as required to state a prima facie claim for oral gift, Your Honor.

THE COURT: Thank you.

MR. SMALL: Your Honor, there's no requirement that he own the property at question in order to intend to make a gift.

THE COURT: What about Thompson v Dart where it states that to be a gift in praesenti, the donor must at the time he makes it --

MR. SMALL: Sure. It speaks of intent there. It doesn't -- it doesn't talk anything about the mechanics of actually conveying the property to her at that time. It's talking about his intent at the time. And so the -- but, you know, going back, I'll draw the Court back to the basics of 91a. And the question is: Could a reasonable person from the facts that we have pled believe that a gift was made, that Ms. Faire made permanent improvements -- which we explicitly pled in paragraph 18 -- and that she took possession of the house, not ownership but possession, in concert with this intended divestiture on her behalf?

Now, were there mechanics and logistics that had to be accomplished in order to effectuate the gift? Most certainly. But that does not change the fact that there's a prima facie statement here of a cause of action, that's one. And then the second thing is -- the question is: Could somebody reasonably believe from the facts pled that we have a present gift? And the answer to that is clearly yes.

They don't dispute that there's a cause of action pled, so, you know, how deep do we get into the facts?

And, you know, if there's basically any fact issue, you know, that's maybe a cause for a summary judgment motion, but it's not cause to prevent Ms. Faire from getting into court in the first place.

THE COURT: So you're saying even if the defendant didn't own the property, that he allegedly promised to --

MR. SMALL: The intention was there, Your Honor.

THE COURT: And he did not have to have current ownership of said property?

MR. SMALL: I don't believe that that's a part of the oral gift. What, you know, even their case talks about is an intention of immediate divestiture.

Well, you know, he's -- mechanically he has to acquire the house.

And by the way, the fellow that owned the house at the time is an employee and close associate of Mr. Jones. So it's not like this is some, you know, speculative-something-or-another.

THE COURT: Well, but it goes on to say, intent and immediate divestiture of the rights of ownership out of himself and a consequent immediate vesting of such rights in the donee.

MR. SMALL: Sure. And I agree. But, you know, my point is -- there's no question that we've covered the legal aspect of the statement of a case. The question is have we covered the factual aspect.

And the factual pleadings is -- the question is could any reasonable person believe our facts constitute an oral gift?

THE COURT: And your facts indicate that the defendant was an owner?

MR. SMALL: The facts as pled here say that he has to accomplish the purchase and the conveyance to her, yes, ma'am.

THE COURT: But they don't indicate that he is an owner?

MR. SMALL: Not that he is the current

owner of the house, no, ma'am.

THE COURT: And you believe it doesn't matter because he does not have to be a current owner?

MR. SMALL: Not in order to cover the elements of an oral gift, no, ma'am.

THE COURT: Despite the Thompson-Dart case or -- let's look at Flores versus Flores, which I know is out of El Paso, but to be a gift in praesenti, the owner must release all dominion and control over the property. And it says the owner must release all dominion and control over the property.

MR. SMALL: It doesn't say that.

THE COURT: Does it not?

MR. SMALL: No.

THE COURT: Okay.

MR. SMALL: The cases that we've dealt with -- and, again, I'll harken back to my November experience in Junction -- they talk about releasing dominion and control, and -- but it's what was the giver's intent at the time he made the gift. Now, I can intend to give you 30 acres out in Leon Springs that I don't own because I'm going to acquire it this afternoon. And I release all dominion and control over it to you, but I have to go through the logistics of buying it, getting the deed, deeding it to you. And

it's the same thing here.

The question is simply:  Are there facts here from which a reasonable person could believe that a present gift was made to Ms. Fair?

And you're not going to find anyplace where it says owner.

THE COURT:  Except that Flores v Flores according to the excerpt that Mr. Barbour has given to the Court --

MR. SMALL:  Well, in that case it says owner, but, you know, you don't find that as a requirement.  The assumption in most of these cases, I will grant you, is that it's a present owner that is making a gift, but that's not one of the three elements.

THE COURT:  Well, isn't one of the elements that defendant's gift is made -- being made in the present?

MR. SMALL:  Yes.

THE COURT:  Okay.  How can it be -- I don't know where we're missing the connection here, but how can it be made in the present when the person making said gift presently doesn't own said gift?

MR. SMALL:  Just as I indicated.  I am accomplishing the effectuation of that gift this afternoon, but I make that gift to you right at this

minute.

THE COURT: But how is that not to take effect in the future?

MR. SMALL: I think it's the difference between, you know, 20 years from now, which was the case up in Junction, you know, I'll give you the property when I die over against I'll give you the property this afternoon. That's today. That's present.

THE COURT: And do you have any other case law to back you up, Mr. Small?

MR. SMALL: I do not.

THE COURT: Okay. Let me --

MR. SMALL: The case law, Your Honor, is -- you know, I don't dispute that the language is there that says owner, et cetera, et cetera, but not all of the cases use that phraseology and none of the cases make present ownership a qualification for a present gift.

THE COURT: Thank you.

On the same issue, would you like to respond?

MR. BARBOUR: Your Honor, the Thompson v Dart case and both the Thompson case and the Flores v Flores case are attached at the back tab of plaintiff's binder or --

THE COURT: You read my mind.

MR. BARBOUR: -- excuse me, movant's binder, Your Honor.

THE COURT: Go ahead.

MR. BARBOUR: The Thompson v Dart case includes a provision that, you know, to be a gift in praesenti, which is -- I think Mr. Small would agree -- a prima facie element to establish this claim. Expanding on that, the courts have said that that gift in praesenti is one in which the donor must at the time he makes it intend to divest himself of ownership of the property.

The Thompson v Dart case continues that at the time the gift is made, the donee's possession must be in the nature of an owner's right to control. That we can't take a gift of property subject to a non-ownership interest. That if you are going to claim a gift that means that at the time the gift is made, immediately you take possession of that property. I can't tell you, Your Honor, that five minutes from now I'm planning to gift you a parcel of real estate because in the intervening five minutes, various things may happen. The gift can't take effect in the future. And there's no consideration to bind that promise.

And specifically bringing it back to the

facts of this case as alleged in plaintiff's pleadings, Your Honor, she alleges that the promise to convey title to the real estate happened I think in late July, early August 2014. She takes ownership allegedly subject to that gift, but Mr. Jones doesn't take ownership of the home until after she's terminated well into September 2014. And that's the intervening period of time, Your Honor, that breaks it up and it renders the gift not being one in praesenti but one in futuro.

And the Flores v Flores case -- actually the Thompson v Dart case specifically distinguishes the concept of an in praesenti gift from one that is futuro. That if there's a promise of a gift in futuro, that that, by the very allegation and in the facts pled within that petition, mean the plaintiff is then estopped from asserting that there was a present gift because her own allegations accepted as true under rule 91a do not entitle her to the relief sought, which is the exact text from Rule 91a itself.

And so it's not just a matter of, you know, did she plead something that a reasonable juror, somebody might think established a gift. We have to construe his allegations as true and apply to the prima facie elements of that claim and see whether or not she establishes a prima facie claim accordingly. And

because her own pleadings, her own petition demonstrate that there was no in praesenti gift whatsoever but instead it was an in futuro gift, the Fourth Court in the Thompson v Dart case specifically provides that there is no such claim pled in this matter, Your Honor.

THE COURT: Thank you.

Do you want another moment to respond, or we're going to get to the third element?

MR. SMALL: No, ma'am.

THE COURT: Okay. Go ahead with the third element.

MR. BARBOUR: And the third element, Your Honor, is that we --

THE COURT: I'm sorry, the next cause of action.

MR. BARBOUR: Yes, Your Honor.

Originally plaintiff had pled her civil conspiracy claim as a civil conspiracy to discriminate and sexually harass plaintiff during her employment with FMP.

In the fourth amended petition filed in response to the motion to dismiss, plaintiff has now amended that claim and instead, Your Honor, alleged that it wasn't a conspiracy to discriminate against her, but instead it was a conspiracy to rescind the oral gift of

real estate to her.

As Your Honor knows, the elements of a claim for civil conspiracy -- excuse me, Your Honor -- are that she must establish that were two or more persons, an object to be accomplished, a meeting of the minds, one or more unlawful acts and damages as a result. In this case, Your Honor, plaintiff is alleging this conspiracy to rescind a gift of oral real estate.

Looking at her amended petition, Your Honor, she no longer alleges any conspiracy or any acts that were unlawful or overt. Instead she's alleging a gift to -- a claim for conspiracy to rescind the oral gift.

Rescission of an oral gift is not a tort and it's not an unlawful conduct, Your Honor. Her oral claim is more or less akin to a declaratory judgment action wherein she's alleging she's the owner and the title owner of this property. Defendants dispute that. And then we have to come before the Court. And the court adjudicates whom the proper owner of that is. But she hasn't alleged, nor is there a gift or wrongful denial of an oral gift of real estate. And because she specifically limited her conspiracy claim just to that recession of an oral gift, even accepting her allegations as true, there's no longer an unlawful or

overt act. And by that -- by virtue of that, she then is again estopped from asserting a prima facie case of civil conspiracy under Rule 91a. And, therefore, that claim should be dismissed as dictated by the four corners of her own pleading, Your Honor.

MS. BROWN: Your Honor, may I respond to the conspiracy claim?

And just as a matter of background, Mr. Jones, as I have alleged in here, is a very powerful man who dictates how business is conducted at the office regardless of whether it's in the best interest of the corporation or not. He asked Ms. Jones to live in the Dominican Republic for over five years while she -- while he was holding a baby hostage -- an infant-child hostage.

I represent to the Court the facts because I represented Mr. Jones' first wife.

During this entire time that she was in the Dominican Republic working 24/7, Mr. Jones repeatedly told her, the minute I get back to the states, you're going to have a home -- because she had been working, like I said, 24/7 helping defend him in the divorce pending here in Bexar County.

As a historical background, Mr. Donbavand, who's present here today, is head of the real estate

portion of this corporation. Mr. Kemp and his wife own this property. They -- when this case gets to court on the facts and I've had an opportunity to depose the different individuals who acted in their individual capacity to -- not in furtherance of the corporate thing, but to defraud Ms. Faire -- they would take affirmative steps, Your Honor, to defraud her.

Some of the affirmative steps after Ms. Faire believes she has a gift -- an oral gift of real estate, they've taken us to JP court twice trying to evict her. They're acting not in furtherance of corporate business for all of these businesses that they have, but they're actually knowing that Ms. Faire had been fired, did not have any money, were dragging her back and forth to court. The torts that they committed or the fraud that they perpetrated less -- is a tort. I mean, fraud is a tort.

For example -- I will give you an example. Mr. Donbavand here said, here is a lease as a buyer's lease. Mr. Jones is the buyer. In essence, you're the buyer. The facts are convoluted. And I've been working on this case to get the facts straightened out.

But going back to have we pled a fraud. We have pled fraudulent acts.

I think simply I have to state this, Your

Honor: These individuals who worked under Mr. Jones outside the course and scope of their duties individually perpetrated a fraud against Ms. Faire that was not limited solely to the gift of the house, but them trying to prove that there had been no gift. And that is a tort under state laws, Your Honor.

And we ask -- respectfully request that the Court by denying this particular cause of action gives us an opportunity to go before the trier of fact. This case is set for trial November the 3rd. There's a docket control -- level 3 docket control order in place.

And, likewise, Your Honor, if they feel like we're not entitled to that, they have opportunities for motion for summary judgment or special exceptions.

THE COURT: Ms. Brown, can you state the lawful -- or unlawful act that occurred.

MS. BROWN: Fraud, Your Honor.

THE COURT: Could you be more specific?

MS. BROWN: Okay. The fraud is this: They go along with Mr. Jones' orders, personal to Mr. Jones, personal to them to participate in fraudulent acts to keep Ms. Faire from having the house -- the rightful -- the rightful thing to house because we feel like, you know, outside of this, Ms. Faire relied on Mr. Jones' promise --

THE COURT: I'm sorry, what were the fraudulent acts?

MS. BROWN: The fraudulent act was participation in the denial of the fact that Ms. Faire did not have ownership of this house. She's been in this house, Your Honor, for over six months. She's made valuable improvements to this house. And she moved in in reliance --

THE COURT: So the fraud you're saying was that these codefendants indicated --

MS. BROWN: Have acted in numerous ways, Your Honor.

THE COURT: Well, the one that you stated is that these defendants denied that your client had ownership?

MS. BROWN: Yes, Your Honor.

THE COURT: And by denying that your client had ownership, they committed fraud?

MS. BROWN: Exactly, Your Honor.

THE COURT: Your response, Mr. Barbour.

MR. BARBOUR: I have a couple of responses. The first is, respectfully, just as we're bound by plaintiff's live pleading in determining whether or not the Rule 91a motion should be granted, I believe plaintiff should be, as well. She's the master of her

pleadings.

Ms. Brown is arguing that Ms. Faire signed a lease and she relied on this lease. I will represent to the Court that in an attempt to evade that -- the first two grounds for a 91a motion, she has removed from her fourth amended petition, any allegation of that lease. That's not contained anywhere within the fourth amended petition itself.

If the Court were to look to prior petitions and see the existence of that lease, that would be the third amended petition, and I would respectfully suggest that if Ms. Brown thinks that that should be considered, then it's quite clear that when Ms. Faire took possession of that Timber Place property, she didn't take possession as an owner; she took possession as a tenant personally to the terms of that lease, which at the very least must require the promissory estoppel and the oral gift claims be dismissed 'cause there's no possible way by her own allegations she can establish a claim as to either of those.

More specifically as to this conspiracy claim, I hear Ms. Brown saying that Ms. Faire alleges that defendants have acted together, that she believes she's been defrauded somehow. The fraud claim has been

dropped. There's no fraud claim within the four corners of the fourth amended petition. I believe -- I'm 95 percent confident, Your Honor, that if you searched, you wouldn't find the word "fraud" anywhere within that petition whatsoever. There's no allegation of fraud here.

If we look at page -- well, Count 2 of your plaintiff's fourth amended petition, paragraphs 35 to 37, she alleges that defendants acting outside their corporate duties specifically acted to rescind the oral gift of real estate to plaintiff.

That's what she's alleging. That's the conspiracy -- to rescind this oral gift of real estate.

Generally alleging a conspiracy to engage in an act does not entitle her to relief under Rule 91a. She has to show an unlawful affirmative overt act taken by each of the defendants against whom this conspiracy claim is alleged. Because she's simply alleging that they're conspiring to rescind this oral gift, which is not a tort, which is not fraudulent, which is not an unlawful act, she's not established the prima facie element of the claim within the four pleadings of her own petition. And, therefore, Your Honor, we would suggest and respectfully request that the conspiracy claim be dismissed under Rule 91a.

MR. SMALL: Your Honor, the standard by which the pleadings are judged here and everywhere in Texas is fair notice. And we don't have to use the word "fraud" in here to have alleged an overt unlawful act to support a conspiracy claim. We don't have to use magic words.

The gist of this whole pleading is that Mr. Jones, Mr. Donbavand, and Mr. Kemp conspired to do Ms. Faire out of a gift that she was promised and which she relied on in incurring moving expenses and making improvements. And this was all, you know, wrapped up in her working for him for an extended period of time, et cetera, et cetera. And the machinations, which were driven by Mr. Jones, who's the kingpin CEO of these corporations -- the question again comes back to what could a reasonable person believe. And if they believe that she was defrauded out of a gift, whether or not the Court believes that she was given an oral gift of real estate, the conspiracy claim still stands.

THE COURT: And can you direct in your fourth amended petition as to the specific language that you're relying upon wherein if read on its face would prove your cause of action.

MR. SMALL: Well, first of all, Your Honor, I would take issue with the Court's use of the word

"prove," but I would direct the Court to paragraphs 11 through -- you know, just as a starter 11 through 24 in the statement of facts that set out the course of events that occurred here.

MR. BARBOUR: Would Your Honor entertain a response to that or --

THE COURT: In just a moment.

MR. BARBOUR: Yes, Your Honor.

(Short pause.)

THE COURT: We're back on the record.

Mr. Small, help me out here. Are you saying that the fraud is within -- begins paragraph 11. Specifically, what I am reading in a nutshell is that the codefendants are employed by Mr. Jones and were following his directions. And you believe that according to the -- there's -- I'm not sure how they defrauded her. I agree that according to the pleadings, they state he followed his directive -- direction that they were somehow involved in trying to evict her or somehow involved in the repossession of a vehicle or so, but I don't know how that constitutes an unlawful act on its face.

MR. SMALL: Well, first of all, Your Honor, it's -- there -- it not only says facts but inferences therefrom, but, you know, here she's been given a gift,

but, you know, Donbavand and Kemp are working with Jones to throw her out of a house that's supposedly hers. And, you know, Your Honor, it's -- you know, does it say, you know, one, two, three, this is specifically what, you know, Mr. Kemp did or what Mr. Donbavand did, you know, on "X" day? No, it does not. But for notice pleadings, you don't have to do that.

And my point is here and the oral gift is -- we get over that very minimal hump.

THE COURT: Mr. Barbour, I'll allow a response -- a short one as we are way over our time.

MR. BARBOUR: Yes, Your Honor.

THE COURT: I'd like to hear your response.

MR. BARBOUR: Rather briefly, Your Honor, you are -- plaintiff is entitled to reasonable inferences from her pleadings. Rule 91a by its terms expressly requires dismissal of cause of action for no basis in fact if the allegations within the four corners of the petition taken as true together with the inferences reasonably drawn from them don't entitle her to relief.

Mr. Small -- Ms. Faire is alleging that this conspiracy was to deny her this gift of property. Accepting that as true -- and even all reasonable inferences from that -- there's no unlawful act

committed in furtherance of this conspiracy within the four corners of that petition.  It's a title -- contest title in the property.

In the absence of any reasonable inference showing an unlawful overt act committed in furtherance of this conspiracy, Rule 91a dictates if there's no cause of action or there's no basis in law for this cause of action and -- it ought to be dismissed, Your Honor.

THE COURT:  On a scale of one to ten, how strongly do you feel about that if challenged on appeal, Mr. Barbour?

MR. BARBOUR:  Based on the four corners of the fourth amended petition, I would give it an eight I think, Your Honor.

THE COURT:  Ms. Brown, you know how much I respect you and Mr. Small, as well --

MS. BROWN:  May I just address the Court just very briefly, Your Honor?  And give the Court a historical thing.  The Court must be informed that all of the records concerning how they manipulate and try to defraud her, all of the records are in the hands of the defendants.  So we've given them fair notice.  We cannot give them the specific details that Mr. Barbour is requiring because we have not had access to all of

these.

We've been before Judge Sakai, who has denied their motion for protective order and compelled them to give us the information. And like basically employment cases or other tort cases where all of the information is in the hands of that defendant, it is very difficult for the plaintiff to say, this is how you defrauded me, you changed title to the property back and forth so that we can (sic) address the issue of current ownership or --

They've done numerous things, Your Honor, that we cannot in all reasonables (phonetic) tell you this is what they did because we don't have all of the evidence that we requested.

This case was filed in October of 2014. We were very diligent in sending out requests for depositions, requests for identification of documents. We have done our best.

And, Your Honor, I think all that is required of us at this time is fair notice. And we're saying in our pleadings, you have acted in a manner that amounts to defrauding Ms. Faire of an oral gift of real estate.

At this time, Your Honor, I wish I could offer the Court more because I know that this Court

listens to everything that we want to bring, but our hands are tied. Our hands are tied because in spite of our diligence in getting requests for discovery immediately, requests for depositions immediately, they've all been quashed. And that is why, Your Honor.

But the fair notice -- there's a reasonable inference that this Court can make that these gentlemen who held the power, who held the documents acted in an unlawful way.

THE COURT: Thank you, Ms. Brown.

MS. BROWN: Thank you, Your Honor.

THE COURT: And the Court has absolutely no doubt in the diligence of counsel and the hard work of counsel, but like you, my hands are tied.

Your motion is granted, Mr. Barbour. Please prepare the order.

We are adjourned.

(Proceeding concluded.)

STATE OF TEXAS

COUNTY OF BEXAR

 

    I, Mary Martinez, Certified Court Reporter in and for Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the proceedings requested in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record truly and correctly reflects the exhibits, if any, offered by the respective parties.

    I further certify that the total cost for the preparation of this Reporter's Record is $  220.00  and was paid by    Ms. Olga Brown      .

    To which I certify on this the   8th   day of    April    , 2015.

                     /s/ Mary Martinez
Mary Martinez, CSR 5943
57th District Court
Bexar County Courthouse
100 Dolorosa Street
San Antonio, Texas 78205
Telephone:  210.335.1602
Exp:  12-31-2016

# Appendix 30

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2014-CI-16674

CEARTH FAIRE                         ) IN THE DISTRICT COURT
                                     )
                                     )
VS.                                  ) 150TH JUDICIAL DISTRICT
                                     )
                                     )
FMP SA MANAGEMENT GROUP, LLC, )
ET AL.                               ) BEXAR COUNTY, TEXAS
**********************************************************

MOTION FOR NEW TRIAL

**********************************************************

On the 6th day of May, 2015, the following came on to be heard in the above-entitled and numbered cause before the Honorable Antonia Arteaga, Judge presiding, held in San Antonio, Bexar County, Texas:

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

MR. JEFFREY SMALL
SBOT NO. 00793027
    12451 Starcrest Drive, Suite 100
    San Antonio, Texas  78216
    Phone:  (210) 496-0611
        Appearing for Cearth Faire


MS. OLGA BROWN
SBOT NO. 03155500
    111 Soledad Street, Suite 1725
    San Antonio, Texas  78205
    Phone:  (210) 226-1550
        Appearing for Cearth Faire


MR. JUSTIN J. BARBOUR
SBOT NO. 24055142
    17806 West IH 10, Suite 400
    San Antonio, Texas  78257
    Phone:  (210) 447-8033
        Appearing for FMP SA Management Group, LLC,
    et al.

CHRONOLOGICAL INDEX

VOLUME 1 OF 1

*MARCH 18, 2015*

PAGE    VOL.

Appearances.............................  2    1

Court Reporter's Certificate............ 28    1

*P R O C E E D I N G S*

THE COURT: 2014-CI-16674, Cearth Faire versus FMP SA Management Group, LLC, DBA Food Management Partners; All Jones, LLC; Allen J. Jones, individually; and Peter Donbavand, individually.

If I could have the attorneys please identify themselves for the record and whom they represent beginning on my left?

MR. SMALL: Jeff Small for Cearth Faire.

THE COURT: Thank you, Mr. Small.

MS. BROWN: Your Honor, Olga Brown, also for Cearth.

THE COURT: Good morning, Ms. Brown.

MR. BARBOUR: Good morning, Your Honor. Justin Barbour for defendants.

THE COURT: Good morning, Mr. Barbour.

MR. RAY: Your Honor, I'm Robert Ray. I'm not counsel of record on this matter, but I am counsel of record for one of the defendants in another cause of action that has bearing on this one.

THE COURT: Okay. So we're going to let you have a seat and just hang out with us this morning.

MR. RAY: If you don't mind.

THE COURT: I don't mind at all.

MR. RAY: Thank you.

THE COURT: And it is currently 8:25, and we are scheduled to hear a motion for a new trial. The Court has granted you 60 minutes in order to present, which is highly unusual in the 57th. Ordinarily our motions for new trial are anywhere from 15 to 30 minutes, but your legal assistant is quite persuasive, Ms. Brown. So we agreed to go ahead and give you the full hour.

So with that, you have the floor. Or is it going to be you or Mr. Small?

MS. BROWN: Your Honor, I would like to make the opening, have Mr. Barbour address it, and then Mr. Small kind of close it if that's all right with Your Honor.

THE COURT: Okay. So you'd like to start out and then -- well, this is what we'll -- give me the reasons why you believe that I got it wrong the first time. And then if you'd like to allow Mr. Small to chime in -- I don't need opening, I don't necessarily need closing remarks at all, but we want to get straight to the meat of the matter.

Ms. Brown, I'll let you begin.

And then, Mr. Small, you can take it up.

And then we're going to hear from Mr. Barbour. If there's any reply necessary in between,

we will direct accordingly.

Go ahead, Ms. Brown.

MS. BROWN:  Thank you, Your Honor.

And once again, it's nothing that the Court did wrong at all, but here's where I -- the reason that we're asking this morning that you deny the motion on -- and -- reconsider and deny the motion, frankly, for this, Your Honor:  Because the defendants --

THE COURT:  Let's be clear --

MS. BROWN:  Yes.

THE COURT:  -- there is no motion to dismiss.

MS. BROWN:  Yes.

THE COURT:  Okay.

MS. BROWN:  Because for the simple reason, Your Honor, that the defendants did not meet the requirements of 91(a).  That rule has very specific rules.  And I would like to direct the Court's attention to Rule 91(a)(2).  And it addresses contents of the motion.  And this requirement that they did not meet does not support the ruling of this Court in this way, Your Honor:

On February 3rd, 2015, the defendants filed their last pleading, and it was an amended 91(a) partial motion for dismissal.  Over a month later -- and it was

timely -- the petitioner filed an amended motion dropping the cause of action for promissory estoppel and adding oral gift of real estate.

Following that, Your Honor, the defendants were required to do one of two things. They either had to amend their motion to dismiss or to withdraw their motion. They did neither. Even though in their response, Your Honor -- we stated this is a new cause of action that we're adding. And in all fairness we filed this 10 days before the March 18th hearing that Your Honor entertained.

Now, because they failed to meet this 91(a)(2) contents of the motion, the Court's ruling cannot support the denial.

91(a) -- the granting of 91(a), Your Honor, is done in three instances. And I'll be really brief.

One is that there's not a recognized cause of action in this state. Oral gift of real estate is a recognized cause of action in this state.

The second instance in which the motion is granted is if on the facts -- the facts of -- petitioner cannot gain relief. For example, if the petitioner in a say auto accident pleads that the accident happened 15 years ago and there was no tolling statute, then on its face that pleading is -- cannot bring relief to the

petitioner. In that instance the motion to dismiss is granted.

The third one is when a petitioner attached an -- a document or a affidavit, let's say an insurance policy. And the insurance policy definitely does not -- states that there's no coverage or he's not a named insurer (sic). And I've looked at all the cases, Your Honor, and it's only on those three case -- those three general groups of cases that a motion to dismiss is granted.

The Court in making a legal analysis of whether or not to grant the motion must do this: Do the allegations of the pleading state a cause of action which authorizes relief?

Our cause of action for oral gift of real estate is a viable cause of action. It's a recognized cause of action.

And in that case, Your Honor, because it was not challenged, it was not challenged by the defendant --

THE COURT: What specifically do you say was not challenged? The cause of action on oral gift of real estate?

MS. BROWN: That's correct, Your Honor.

THE COURT: Okay.

MS. BROWN: And like I said, he had to amend his motion or withdraw it, one of the two. He did not do that.

And so, Your Honor, this -- the Court does not have discretion to determine whether or not the contents of the motion were met or not. They either were met or they were not.

For example, he did not challenge and state specifically what his challenges were. So, therefore, this Court I believe should reconsider their ruling on this and deny their cause of action.

The same thing, Your Honor, applies for our claim of conspiracy. In his third amended petition for -- to dismiss or in his third motion to dismiss -- excuse me. Clear the record. In his second amended motion to dismiss, he alleges that there's no cause of action because of intra-corporate immunity.

I came back, Your Honor -- Mr. Small and I came back and we amended our pleadings and said basically the corporate officers were not acting in their corporate duties. They were acting as individuals.

Conspiracy is basically this: One or more individuals getting together to commit an unlawful act. And so that too, Your Honor, is not supported by the

motion.

In other words -- in other words, he did not meet the legal requirements of the rule. And, therefore, the ruling that the motion be granted cannot stand.

And basically, Your Honor, like I said, we pointed this out to the Court in the original hearing on March 18th. We said he did not amend.

Mr. Barbour on behalf of the defendants went on. And even in the response that he filed yesterday after --

THE COURT: I'm sorry, Ms. Brown, if I can interrupt just a second. You seem very clear on your statements with regard to the arguments made on March 18th.

MS. BROWN: Yes.

THE COURT: Is there a transcript available?

MS. BROWN: Yes, there is, Your Honor.

THE COURT: Okay. Thank you.

MS. BROWN: And I have it with you (sic) and -- because the defendants allege that we didn't bring it up to the attention of the Court. We did.

THE COURT: Okay.

MS. BROWN: And I have the transcript. And

it's page 6 lines 10 and 11 of the transcript.

THE COURT: Thank you.

MS. BROWN: And Mr. Small at that time also informed the Court that this proceeding is basically about pleadings. That the rule strictly says the Court cannot entertain evidence. What happened in that March 18th meeting was evidence. But this whole 91(a), the new rule, is about pleadings. Did the attorneys, Mr. Jeff Small and I, plead correctly oral gift of real estate?

We did. It went unchallenged. And, therefore, Your Honor, we're saying please reconsider and deny their motion in its entirety.

THE COURT: Thank you.

Mr. Barbour, would you like to reply at this point or would you like Mr. Small to go ahead.

MR. BARBOUR: I would yield to plaintiff's discretion. If Mr. Small feels like he can blend in at this point, I would be happy to respond after that but --

MR. SMALL: Your Honor, I don't have a whole lot to add because Ms. Brown was very succinct. Just using the language of the Rule 91(a)(5) says that the Court may not rule on a motion to dismiss after nonsuit or amendment. So consequently the promissory

estoppel is beyond the Court's reach.

And similarly 91(a)(2), you know, does say that -- that the pleadings must tell why -- it must address each cause of action. Well, oral gift of real estate was in our fifth amended petition, but it was not in FMP's live 91(a) motion so consequently that too is beyond the Court's reach.

So promissory estoppel is not in the fifth amended, but yet it was addressed and ruled on. And I would contend that according to the rule that promissory estoppel and oral gift of real estate are both beyond the Court's discretion.

THE COURT: Thank you.

Mr. Barbour.

MR. BARBOUR: Yes, Your Honor. I'll get to the substance of I think plaintiff's argument in a moment, but first Your Honor hadn't quite asked whether this objection was raised at the March 18th hearing, which the motion to dismiss was originally argued.

Ms. Brown directed us to page 6, lines 10 and 11 of the hearing transcript, which I think is at tab 3 of the binder that Your Honor has.

And as I read page 6 line 3 (sic), that's actually me talking just giving an overview of plaintiff's sexual harassment claim, which is not at

issue in the motion to dismiss at all.

THE COURT: I believe it's page 6, line 10 and 11 that she referenced.

MR. BARBOUR: 10 and 11, Your Honor, yes, Your Honor, that's what I'm looking at as well. I apologize if I misspoke, but that is me giving an overview of plaintiff's sexual harassment claim under chapter 21, which isn't a target of the motion to dismiss at all. That is certainly not plaintiff raising an objection as to the fact that the contents of the motion aren't directed to the oral gift or amended conspiracy claim.

So on that basis, Your Honor, there's authority cited in our response indicating that the parties have a duty to raise objections, to raise concerns to the Court at their earliest opportunity. In this case that was indisputably at the March 18th hearing at which these arguments were made.

Plaintiff declined to raise these objections at that time and instead argued the motion on the merits. I don't know why that would be, but that was the tactic they chose, Your Honor. So our contention would be that any such arguments have been waived at this point and would not be a ground to either reverse the Court's decision on the motion to dismiss or

potential error on that point.

THE COURT: Can we pause for just a second?

MR. BARBOUR: Yes, Your Honor.

THE COURT: Ms. Brown, did you mean to bring the Court's attention to a different part of your transcript?

MS. BROWN: I will, Your Honor. I'm going to have Mona look through it. I must have quoted the wrong --

THE COURT: Okay. Just let us know when you're ready.

Mr. Barbour, I'm going to allow you to continue.

MR. BARBOUR: Yes, Your Honor.

So that initial point aside, Your Honor, next we're turning to the property-related claims where Ms. Faire is in essence attempting to ask the Court at trial or at some point to compel defendants to transfer title to a home that she's living in currently without any written agreement between the parties whatsoever under the guise that there was a promise of a gift at some point that this home would be transferred.

Ms. Brown, as I understand, is arguing that this oral gift claim wasn't before the Court at the March 18th hearing and therefore can't be the subject of

the motion to dismiss.

In my perspective, I see a few different issues with her contention here. The first, Your Honor, is that rule 91(a)(5)(a) clearly describes what a plaintiff has to do or what a party has to do if they don't wish to take a claim all the way through the motion to dismiss hearing.

Mr. Small has suggested that a claim is nonsuited or amended, that it's beyond the Court's reach. With all due respect to Mr. Small, Your Honor, I don't believe that's correct.

Rule 91(a)(5)(a) specifically says the Court may not rule on a motion to dismiss if at least three days before the date of the hearing the respondent nonsuits the challenge cause of action or the movant files a withdrawal of the motion.

We did not withdraw our motion, and plaintiff very clearly did not file a nonsuit of her claim of promissory estoppel. Meaning, Your Honor, no matter where we end up, as of the March 18th hearing, the promissory estoppel claim is still both before the Court and also it's also subject to that motion to dismiss.

Plaintiff is now alleging that she dropped the promissory estoppel claim and instead amended this

new claim for oral gift of real estate.

They're not separate claims, Your Honor. They are the same claim entirely. And plaintiff has merely repackaged the existing claim, which has been present in her petition under the guise of a promissory estoppel claim since late October trying to avoid the motion to dismiss through this kind of I would call gamesmanship potentially, Your Honor, but certainly a nonsubstantive change there.

It's reflected by plaintiff's pleadings, there's no substantive difference between the nature of the underlying allegations whatsoever between this alleged promissory estoppel and the subsequent oral gift claim.

Plaintiff's third amended petition, which alleged the quote, unquote promissory estoppel claim four times alleges that plaintiff was quote, unquote gifted the property.

And then we move to the fourth petition which is filed in response to the motion to dismiss. And then she removes the term promissory estoppel and inserts the term oral gift of real estate suggesting that it's a different claim and that we then have to kick this can down the road later on to another motion to dismiss hearing, but that's neither warranted nor

necessary, Your Honor. It's all the same claim trying to compel a transfer of property in the absence of a statute of frauds.

And specifically to this point, Your Honor, I would argue that plaintiff has conceded the fact that the oral gift claim is, in fact, addressed in the Rule 91(a) motion to dismiss.

On page 2 of her response to that motion, plaintiff argues, quote, by their Rule 91(a) motion, defendants challenge plaintiff's claim for an oral gift of real estate.

And then she continues on to some of the merits of that.

But plaintiff admits in her response that the oral gift claim is in fact challenged by the Rule 91(a) motion to dismiss. And subsequently falling back from that position trying to, you know, argue the exact opposite at this point, Your Honor, has no basis whatsoever and she's bound to her prior pleadings, which admitted which claims were in fact addressed in that motion.

And then finally, Your Honor, I would note that I respectfully take issue I think with Mr. Small's interpretation and Ms. Brown's interpretation of Rule 91(a) which seemingly would require the parties, you

know, to constantly be amending their Rule 91(a) motion to dismiss every time an amended pleading is filed in response to it. That's not what the rule requires.

The rule requires you state the basis on which there's no basis in law or no basis in fact for the claim alleged.

Our Rule 91(a) motion contends -- properly I believe -- that plaintiff's claim for a property-related claim trying to compel the transfer of this home is barred by the statute of frauds, that she has not shown any exceptions, you know, available to that claim to show that even accepting all of her allegations as true, she would be able to compel the transfer of that property in the absence of a written agreement.

It doesn't matter whether you style the argument as promissory estoppel, oral gift of real estate, or whatever other claim plaintiff may conjure later on in this litigation potentially. The statute of frauds is still the reason that claim fails. That defense and that argument is stated succinctly and sufficiently under Rule 91(a) to articulate why plaintiffs can't recover and their claim has no basis in the law. And, therefore, the motion to dismiss is appropriate.

THE COURT: Thank you, Mr. Barbour.

Give me just one second please, Mr. Small.

MR. SMALL: Yes, ma'am.

(Short pause.)

THE COURT: We're back on the record.

Mr. Barbour, you're standing. Was there something more?

MR. BARBOUR: As to the oral gift claim, Your Honor, I would finally note, none of plaintiff's arguments contend that she has in fact alleged a sufficient claim for this oral gift of real estate. At our hearing, we discussed in detail the fact that plaintiff has not shown any present gift, any immediate transfer of property as necessary to state that claim. So all of these technicalities of Rule 91(a) aside, which I also believe are baseless, at the end of the day she still has not alleged a claim that stands up to scrutiny for this transfer of real estate. And, therefore, Your Honor, I believe that it was, in fact, appropriate for the Court to dismiss that property-related claim.

Would the Court like me to address the conspiracy claim at this time, as well?

THE COURT: Yes.

MR. BARBOUR: Yes, Your Honor.

Finally we turn to the conspiracy claim and plaintiff's argument again at this point is essentially that because she filed an amended petition in response to the motion to dismiss, that therefore this claim was somehow beyond the Court's reach and the Court could not reach the merits of whether or not she had alleged that conspiracy claim.

This is not within Rule 91(a) either, Your Honor. Rule 91(a) requires that we file a motion to dismiss, identify the cause of action in fact that it can't go forward. It allows the plaintiff the option to either respond to the motion to dismiss or to amend her pleadings, which it does, but the rule does not foreclose the Court's ability to rule on a motion to dismiss notwithstanding that amendment, that the Court has full discretion to evaluate the merits of that claim and to see whether there's a basis in law or a basis in fact for that claim and to move forward.

Plaintiff's reasoning to Rule 91(a), we would indefinitely be cycling through and forever amending our pleadings and amending our motions and never reaching the goal of Rule 91(a), which is the efficient resolution and dismissal potentially of patently frivolous and baseless causes of action.

THE REPORTER: Would you please slow down.

MR. BARBOUR: I apologize for that. I apologize.

So there being no requirement that we have amended our Rule 91(a) motion in response to her amended petition, that arguments falls flat.

And again, Your Honor, I would turn to the merits of plaintiff's conspiracy claim. And again at the March 18th hearing on the motion to dismiss, plaintiff was completely unable to identify a single allegation in her petition that showed an unlawful or illegal act taken by any of defendants whatsoever. Therefore, that claim has no basis in law under the wording of Rule 91(a)(1) because her allegations even taken as true would not entitle her to the relief sought. Meaning if we took her petition and put it in front of a jury and said everything in here is true, they would not be able to render a verdict for her on that conspiracy claim because there's no unlawful or illegal acts alleged anywhere within that petition.

And so for those reasons, Your Honor, we would suggest that the Court was entirely proper in dismissing plaintiff's property-related claims and her conspiracy claims. And respectfully I ask that the Court deny the plaintiff's motion for new trial.

THE COURT: Thank you, Mr. Barbour.

Mr. Small, round two.

MR. SMALL: Your Honor, having been engaged in an oral gift of real estate case in Kendall County for the best part of the last two years revolving around a supposed 1500 acre gift of a ranch, I can state categorically that I have yet to see one case dealing with an oral gift of real estate that equates that cause of action to promissory estoppel. They are two different things. And taking issue with counsel's suggestion of what 91(a) does and does not permit, 91(a)(5) is titled effective nonsuit or amendment. The Court may not rule on a motion to dismiss if at least three days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action or the movant withdraws the motion.

And I would suggest that the cases say that an amendment that drops a cause of action -- an amended petition that drops a cause of action is effective nonsuit of that particular cause of action. And here again --

THE COURT: When you say you believe the cases say, which cases are you --

MR. SMALL: I was not prepared to present a case to the Court, but I will be happy to provide that authority to the Court and to Mr. Barbour because if --

I've run into case where even if you drop a defendant out of the caption on a case, you have effectively dropped them out of the case. So, you know, that's the equivalent of a nonsuit.

THE COURT: And so I'm going to ping-pong back to Mr. Barbour.

Mr. Barbour, would you agree or disagree that by dropping a cause of action that that is the effect of a nonsuit and so -- which is the -- then would fall within the realm of subsection A?

MR. BARBOUR: I would not, Your Honor. You know, Rule 162 specifically provides for nonsuits to occur and there's a nonsuit pleading a plaintiff has to file or a claimant has to file obviously to nonsuit that claim. And under Texas' notice pleading standards, you know, headings frankly are irrelevant to a plaintiff's claim anyway. You know, it's the content of the pleading that we're looking at. So whether a plaintiff styles her claim as promissory estoppel or oral gift or whatever the case may be, the underlying claim itself, you know, does not change in light of that.

So I think if the framers of Rule 91(a) wanted to allow for the, you know, the amendment of the pleading to withdraw that cause of action, they would have provided for that, respectfully, Your Honor. They

did not. They specifically required a nonsuit, which is a very clear delineated bright-line action. You're either forgoing the claim voluntarily and nonsuiting it or, you know, an amendment may or may not, you know, we're left in this gray area. And plaintiff having not followed that very clear procedure to specifically and affirmatively disallow the promissory estoppel claim by nonsuiting it means that, you know, it's still there intertwined with this oral gift claim as conceded in her response to the motion to dismiss.

THE COURT: Thank you, Mr. Barbour.

And before we go any further, Mr. Small, and right now the Court is of the mindset that I really would like case law, but did we find within the transcript from March 18th the portion where the argument that was made this morning was in fact made on March 18th?

MR. SMALL: Yes, ma'am. It was Page 11 lines 10 and 11, not page 6.

MS. BROWN: Apologize for that, Your Honor.

THE COURT: It's okay. Page 11, lines --

MR. SMALL: Page 11, lines 10 and 11 are the most succinct place I think.

(Short pause.)

THE COURT: Mr. Barbour, would you like to

respond at this time?

MR. BARBOUR: I would, Your Honor. As I read lines -- page 11, lines 10 and 11, you know, there's -- they have not objected to our current pleading. I see that. I don't see any argument there that the motion to dismiss is defective or can't proceed based on its current content whatsoever. They were an affirmative duty. If they're wanting to argue that the quote, unquote, contents of the motion as provided under Rule 91(a)(2) must specifically address it and that it's insufficient, that's not at all spelled out there, Your Honor. And even if they did, they never asked the Court for a ruling on that motion at that time and it wasn't raised, you know, as a formal objection. It's an aside that doesn't at all raise these issues for the Court's review.

And so I would both argue that it's not a proper objection whatsoever and it certainly was not preserved at that point to be raised in the motion for new trial. So I don't think they exhausted their burdens at all.

THE COURT: Thank you, Mr. Barbour.

Mr. Small, I'm going to let you hopefully tie up any loose ends at this time.

MR. SMALL: I would.

The last thing. And counsel appear to be attempting to tag Ms. Brown with some kind of admission that promissory estoppel and oral gift of real estate are one and the same, but the fact of the matter is that 91(a) explicitly states that this is a ruling only on the pleadings. And the pleadings say what the pleadings say. No evidence, no argument of counsel, no nothing. It's the pleadings and the pleadings alone.

And we would ask that the Court deny their 91(a) motion to dismiss. Thank you.

THE COURT: Thank you, Mr. Small.

So what we're going to do is we're going to allow Mr. Small to submit by e-mail and only for this purpose, and CC Mr. Barbour, his two cases on the issue of 91(a) and whether dropping a cause of action in fact falls into the realm that would permit the argument that was made today. Only that case. And he's going to get it to me before noon. Yes? Yes. And that way Mr. Barbour -- I don't know if you're doing anything before 2:00 today or not. I really would -- I want to have some finality one way or another. And I want to let you guys know before 5:00 if at all possible. So if you would like that, then Mr. Small can get it to me before noon, and then you can have until what time afternoon to respond, Mr. Barbour?

MR. BARBOUR: You said 2:00, Your Honor, that would be fine by me.

THE COURT: Okay. So 2:00 and that way -- so that would be wonderful. If you get it before then -- I have lunch between 12:00 and 1:30 and I don't have a judges' meeting at lunch so -- just so you know the Court's schedule. But with that, I appreciate your arguments. I appreciate your early morning rise in coming to the 57th this morning. And y'all are excused. Thank you very much.

(Proceeding concluded.)

STATE OF TEXAS

COUNTY OF BEXAR

    I, Mary Martinez, Certified Court Reporter in and for Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the proceedings requested in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record truly and correctly reflects the exhibits, if any, offered by the respective parties.

    I further certify that the total cost for the preparation of this Reporter's Record is $  216.00  (expedited) and was paid by    Ms. Olga Brown    .

    To which I certify on this the    15th    day of  May    , 2015.

                           /s/ Mary Martinez    
Mary Martinez, CSR 5943
57th District Court
Bexar County Courthouse
100 Dolorosa Street
San Antonio, Texas 78205
Telephone:  210.335.1602
Exp:  12-31-2016

# Appendix 31

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ┌ ┐<br><br>**Human Resources Director**<br>**FOOD MANAGEMENT PARTNERS INC./ALL JONES LLC**<br>**120 Chula Vista**<br>**Hollywood Park, TX 78232**<br><br>└ ┘ | **Cearth Faire** |

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**31C-2015-00783**

FEPA CHARGE NO.
**1A15377**

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____

*(FEP Agency)*

[X] The    **Texas Workforce Commission Civil Rights Division**    and sent to EEOC for dual filing purposes.

*(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency.
For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s):  Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race    [ ] Color    [X] Sex    [ ] Religion    [ ] National Origin    [ ] Age    [ ] Disability    [ ] Retaliation    [ ] Genetic Information    [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| February 23, 2015 | **Travis G. Hicks,**<br>**Director** | |

DEF-CF-00608

## INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

DEF-CF-00609

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 1A15377 |
| [X] EEOC | 31C-2015-00783 |

**Texas Workforce Commission Civil Rights Division** and EEOC

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Cearth Faire | (210) 725-7787 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 8647 Timber Place | San Antonio, TX 78250 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Food Management Partners, Inc. | 15+ | (210) 403-3725 |

| Street Address | City, State and ZIP Code |
|---|---|
| 120 Chula Vista | Hollywood Park, TX 78232 |

RECEIVED
FEB 10 2015
TWC CRD

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ALL Jones, LLC | 15+ | (210) 403-3725 |

| Street Address | City, State and ZIP Code |
|---|---|
| 120 Chula Vista | Hollywood Park, TX 78232 |

| | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest: 01/22/2013    Latest: 08/30/2014 |

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

[ ] CONTINUING ACTION

THE PARTICULARS ARE:

I.    **PERSONAL HARM:** I have been subjected to sexual harassment and discharge. I agreed to a physical relationship with President Allen J Jones for fear of losing my job. During this relationship, Mr. Jones promised me a home which he purchased. He had me spend four months in the Dominican Republic for work related purposes. On 8/30/14 I refused to engage in his latest demand for a sexual encounter and he proceeded to terminate me. Mr. Jones though his company ALL Jones, LLC, from which I was also compensated, has repossessed my car and is attempting to evict me from the home he purchased for me.

II.   **RESPONDENT'S REASON FOR ADVERSE ACTION:** I was informed by HR Tracy Amass that Mr. Jones decided he no longer needed an assistant.

III.  **DISCRIMINATION STATEMENT:** I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21, and Title VII of the Civil Rights Act of 1964, as amended, because of my sex as related to sexual harassment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | COMPLAINANT COMPLETES BELOW. |
|---|---|
| | My name is _Cearth_ (First) _____ (Middle) _Faire_ (Last)  my date of birth is _01-20-64_ (Date of Birth) |
| I declare under penalty of perjury that the above is true and correct. | and my address is _8647 Timber Pl._ (Street) _S.A_ (City) _TX_ _78250_ (Zip) |
| | _USA_ (Country)  I declare under penalty of perjury that the foregoing is true and correct |
| 02-10-2015    _Cearth Faire_ | Executed in _Bexar_ County, State of Texas, on the _10_ (Day) day of _February_ (Month) |
| Date    Charging Party Signature | 20 _15_ (Year) |

DEF-CF-00610

# Appendix 32

MAILING ADDRESS
101 East 15th Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us
EEOMediation@twc.state.tx.us

(512) 463-2642 Main
(512) 463-2643 Fax
(888) 452-4778 Toll Free
(800) 735-2989 Texas Relay



# Texas Workforce Commission
## Civil Rights Division
### RESPONDENT NOTICE OF CHARGE OF DISCRIMINATION AND INVITATION TO MEDIATE

February 19, 2015

FOOD MANAGEMENT PARTNERS INC./ALL JONES LLC
120 Chula Vista,
Hollywood Park, TX 78232

**Reference:** Cearth Faire  v. FOOD MANAGEMENT PARTNERS INC./ALL JONES LLC
**TWCCRD Charge No.:** 1A15377
**EEOC Charge No.:** 31C-2015-00783C

To Whom It May Concern:

A Charge of Discrimination has been filed against your organization with the Texas Workforce Commission, Civil Rights Division (TWCCRD). Enclosed is a copy of the Charge of Discrimination, the Mediation Invitation, and detailed instructions to assist you in responding to our request for a Respondent's Position Statement and supporting documentation.

It has been determined that the above referenced Charge of Discrimination is eligible to participate in the TWCCRD Mediation program. You are cordially invited to participate in our free, voluntary and confidential Mediation program. Our mediation process is initiated before an investigation begins.

Most of our mediations are completed in one session. While the time required for mediation varies, the mediation session commonly involves one-half day. Successful mediation results in the closure of the Charge. If mediation is unsuccessful, the Charge is referred for investigation. Please complete and return the Respondent's Mediation Invitation by **no later than 14 calendar days** from the date of this letter.

The TWCCRD has used mediation as an alternative approach since 1995. TWCCRD's trained mediators utilize appropriate techniques to resolve employment discrimination complaints. Complaints that have not been successfully mediated will be referred promptly for investigation, unless the TWCCRD has determined there are extenuating circumstances.

The TWCCRD mediation scheduler will contact both parties to schedule a voluntary mediation session. Once the mediation session has been scheduled, your assigned mediator will contact you to provide information about the process and answer any questions you may have about mediation. The TWCCRD requests both parties to be prepared to schedule a mediation date within the next month.

If either party does not agree to mediate or if the mediation is unsuccessful, your Charge will be transferred to Investigations. **Submit the Position Statement and Supporting Documentation within 7 calendar days after you have declined mediation or mediation fails.** Please be advised that your case will be assigned to an investigator who will contact you. The Instructions for Position Statement and Supporting Documentation sheet provides guidance to respondents about the information that must be submitted to the TWCCRD.

Please note that TWCCRD may request additional information relevant to the Charge. Feel free to contact us if additional clarification about the investigation process. Failure to submit the requested documentation may result in the TWCCRD recommending a finding of cause against your organization based on the available evidence.

DEF-CF-00611

If you are represented by legal counsel, please include the legal counsel's name address, e-mail address and telephone number in a letter sent to the TWCCRD or on the enclosed Respondent's Mediation Invitation form. Upon receipt of the legal representation statement, all further communication is forwarded to your legal counsel.

If you have questions, please call the TWCCRD at (512) 463-2642 or our toll free number (888) 452-4778. Thank you for your time and consideration.

Sincerely,

Texas Workforce Commission
Civil Rights Division


Enclosures:    Copy of Charge of Discrimination
Instructions for Position Statement and Supporting Documentation
Unsworn Declaration
Mediation Invitation and Brochure

MAILING ADDRESS:
101 East 15th Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us
EEOMediation@twc.state.tx.us



(512) 463-2642  Main
(512) 463-2643  Fax
(888) 452-4778 Toll Free
(800) 735-2989 Texas Relay

# Texas Workforce Commission
## Civil Rights Division
### RESPONDENT'S MEDIATION INVITATION

February 19, 2015

**Reference:**      Cearth Faire v. FOOD MANAGEMENT PARTNERS INC./ALL JONES LLC
**TWCCRD Charge No.:**  1A15377
**EEOC Charge No.:**    31C-2015-00783C

Please initial the appropriate line below to indicate if you will/will not participate in mediation.  By choosing to participate, you are indicating that you understand mediation is voluntary.

If both the Complainant and Respondent agree to participate in mediation, a TWCCRD mediation scheduler will contact you to discuss further details and schedule a mediation session.

Please return this form to TWCCRD within **fourteen calendar days** of the date of this letter:

If we have not received a response from you or your legal representative by that date, we will assume that you are not interested in participating in our Mediation program.  Your complaint will be transferred to Investigations at that time.

_____      Respondent **will** participate in mediation.
_____      Respondent **will not** participate in mediation.

**Please complete below:**

_____
Respondent Printed Name

_____
Respondent's Signature

_____          _____
Telephone Number                                        E-mail Address

_____
Date Signed

**Represented by Legal Counsel?**  ☐ **YES**   ☐ **NO**
If YES, please provide contact legal representative information below:

_____
Respondent Legal Representative Contact Name

_____
Respondent Legal Representative Firm's Name

_____          _____
Street Address                                          E-mail Address

_____          _____
Telephone Number                                        City, State, Zip Code

MAILING ADDRESS:
101 East 15th Street, Room 144T
Austin, TX 78778-0001
www.twc.state.tx.us
EEOMediation@twc.state.tx.us

(512) 463-2642 Main
(512) 463-2643 Fax
(888) 452-4778 Toll Free
(800) 735-2989 Texas Relay



# Texas Workforce Commission
# Civil Rights Division
## INSTRUCTIONS FOR POSITION STATEMENT AND SUPPORTING DOCUMENTATION

NOTE: If either party does not agree to mediate or if the mediation is unsuccessful, the Respondent must submit the Position Statement and Supporting Documentation. Please be prepared to submit the Position Statement and Supporting Documentation within **7 calendar days** after the case is transferred to Investigations.

**Failure to submit the requested documentation may result in the TWCCRD recommending a finding of cause against your company/agency based on the available evidence.**

The Position Statement must address each allegation made in the Complainant's Charge of Discrimination and each of the items below. Provide copies of any documentation that supports the Position Statement. Please clearly identify or label the Respondent's Position Statement and Supporting Documentation. Documentation provided to us in support of the Respondent's position will not be released to the Complainant while the investigation is open. However, the Complainant may obtain the investigation file under the Texas Public Information Act after the investigation closes. A summary of your position and documentation will be prepared and sent to the Complainant for a rebuttal.

The Position Statement must include the following:
(1)     The full legal name and address of the Respondent, including if applicable, the relationship to and name and address of any parent company or agency.
(2)     The name, title and address of the individual(s) most directly responsible for managing the company or agency.
(3)     The number of employees currently employed by the Respondent.
(4)     A detailed statement that completely responds to each allegation in the Charge of Employment Discrimination.
(5)     A copy of the following information or documentation:
    a.     Policies and procedures regarding Equal Employment Opportunity (EEO), including complaint reporting procedures.
    b.     Written statements from all persons involved or that witnessed the actions identified in the Charge of Discrimination
    c.     A list of similarly-situated employees working in the last 2 years, including position title, the date and reason for the action taken for each employee listed
    d.     Any other documentation to support the reason for the adverse personnel action.

You may submit your Position Statement and Supporting Documentation by email to EEOIntake@twc.state.tx.us, fax to (512) 463-2642 or mail to 101 East 15th Street, #144-T, Austin, Texas 78778-0001. Failure to fully and completely respond to all information requested may result in an in person investigation at the worksite or the issuance of a subpoena under Texas Labor Code Sections 21.003(4) and 21.306.

Please understand that Texas Labor Code Section 21.055 prohibits retaliation against a person who has filed, testified, assisted or participated in any manner in an investigation of a complaint of discrimination under Chapter 21 of the Texas Labor Code.

DEF-CF-00614

## UNSWORN DECLARATION
### (Civil Practice and Remedies Code, Chapter 132)

My name is _____ _____ _____;
                   (First)             (Middle)          (Last)

my date of birth is _____; and my address is
                 (MM/DD/YYYY)

_____, _____, _____, _____,
        (Street)             (City)      (State)  (Zip Code)

and _____.
     (County)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _____ County, State of _____, on the _____ day
            (County)                   (State)     (Day)

of _____, _____.
     (Month)      (Year)

_____
(Signature)

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO:
San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

Date **February 11, 2015**
EEOC Charge No.
**31C-2015-00783**

FEPA Charge No.
**1A15377**

CHARGE TRANSMITTAL

SUBJECT:

**Cearth Faire** _v._ **FOOD MANAGEMENT PARTNERS INC./ALL JONES LLC**
_____ _____
_Charging Party_ _Respondent_

Transmitted herewith is a charge of employment discrimination initially received by the:

[ ] EEOC [X] **Texas Workforce Commission Civil Rights Division** on **January 28, 2015**
_____ _____
_Name of FEPA_ _Date of Receipt_

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

[ ] EEOC requests a waiver [ ] FEPA waives

[ ] No waiver requested [ ] FEPA will investigate the charge initially

_Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge._

| Typed Name of EEOC or FEPA Official **Lowell Keig** | Signature/Initials |
|---|---|

**Cearth Faire** _v._ **FOOD MANAGEMENT PARTNERS INC./ALL JONES LLC**
_____ _____
_Charging Party_ _Respondent_

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official **Travis Hicks, Director** | Signature/Initials |
|---|---|

TO:
Texas Workforce Commission Civil Rights Division
101 East 15th St
Room 144T
Austin, TX 78778

Date **February 11, 2015**
EEOC Charge No.
**31C-2015-00783**
FEPA Charge No.
**1A15377**

DEF-CF-00616

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 1A15377 |
| [X] EEOC | 31C-2015-00783 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Cearth Faire | (210) 725-7787 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 8647 Timber Place | San Antonio, TX 78250 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Food Management Partners, Inc. | 15+ | (210) 403-3725 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 120 Chula Vista | RECEIVED Hollywood Park, TX 78232 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ALL Jones, LLC | FEB 10 2015 | 15+ | (210) 403-3725 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 120 Chula Vista | TWC CRD | Hollywood Park, TX 78232 | |

| RACE | COLOR | [X] SEX | RELIGION | NATIONAL ORIGIN | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|---|---|---|

| | Earliest | Latest |
|---|---|---|
| RETALIATION | AGE | DISABILITY | OTHER (Specify below.) | 01/22/2013 | 08/30/2014 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE:

I      **PERSONAL HARM:** I have been subjected to sexual harassment and discharge. I agreed to a physical relationship with President Allen J Jones for fear of losing my job. During this relationship, Mr. Jones promised me a home which he purchased. He had me spend four months in the Dominican Republic for work related purposes. On 8/30/14 I refused to engage in his latest demand for a sexual encounter and he proceeded to terminate me. Mr. Jones though his company ALL Jones, LLC, from which I was also compensated, has repossessed my car and is attempting to evict me from the home he purchased for me.

II      **RESPONDENT'S REASON FOR ADVERSE ACTION:** I was informed by HR Tracy Amass that Mr. Jones decided he no longer needed an assistant.

III     **DISCRIMINATION STATEMENT:** I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21, and Title VII of the Civil Rights Act of 1964, as amended, because of my sex as related to sexual harassment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | COMPLAINANT COMPLETES BELOW |
|---|---|

I declare under penalty of perjury that the above is true and correct.

My name is _Cearth_ _Faire_ my date of birth is 01-20-64
(First) (Middle) (Last) (Date of Birth)

and my address is 8647 Timber Pl, S.A. TX 78250
(Street) (City) (Zip)

USA
(Country)

I declare under penalty of perjury that the foregoing is true and correct

02-10-2015      _Cearth Faire_
Date      Charging Party Signature

Executed in Bexar County, State of Texas, on the 10 day of February
(County) (Day) (Month)

20 15
(Year)

DEF-CF-00617



# Appendix 33

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Cearth Faire<br>c/o Olga Brown<br>Law Office of Olga Brown<br>111 Soledad, Ste. 1725<br>San Antonio, TX 78205 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 31C-2015-00783 | **Jaime Valdez,**<br>**State & Local Coordinator** | | **(210) 281-7661** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)* **Charging Party filed suit in court of competent jurisdiction.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Travis G. Hicks,
Director

Oct. 6, 2015
*(Date Mailed)*

Enclosures(s)

cc: **Food Management Partners Inc.**
**All Jones LLC**
**c/o Christine E. Reinhard**
**Schmoyer Reinhard LLP**
**17806 IH 10 West, Ste. 400**
**San Antonio, TX 78257**

RECEIVED
OCT 0 8 2015

# Appendix 34



# DISMISSAL NOTICE

| TO:<br>**Cearth Faire**<br>**8647 Timber Place**<br>**San Antonio, TX 78250** | FROM:  Texas Workforce Commission<br>Civil Rights Division<br>101 East 15th Street, Room 144T<br>Austin, TX  78701-1919 |
|---|---|

| TWCCRD Charge No.<br>1A15377 | EEOC Charge No.<br>31C-2015-00783C | TWCCRD Representative<br>**Kermesha L. Carter** |
|---|---|---|

**The TWCCRD is closing its file Cearth Faire v. FOOD MANAGEMENT PARTNERS INC./ALL JONES LLC for the following reason:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Commission on Human Rights Act.

[ ]  The Respondent employs less than the required number of employees or not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]  The TWCCRD issues the following determination:  Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]  **Other (briefly state):  No Jurisdiction; Lawsuit filed on behalf of CP in state court prior to conclusion of Division's Investigation**

On behalf of the Division

Olga Brown
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, TX 78205

Michelle Goodwine
Employment Investigations Mgr.

8/20/15
DATE

FOOD MANAGEMENT PARTNERS INC./ALL JONES
LLC
120 Chula Vista
Hollywood Park, TX 78232

SCHMOYER AND REINHARD LLP
Justin Barbour
17806 IH 10 West Suite 400
San Antonio, TX 78257



RECEIVED
AUG 24 2015
By

# Appendix 35

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, LLC, | § | |
| D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, ALL JONES, LLC, | § | |
| ALLEN J. JONES, INDIVIDUALLY, AND | § | |
| PETER DONBAVAND, INDIVIDUALLY, | § | BEXAR COUNTY, TEXAS |
| *Defendants.* | § | |
| | § | |

## DEFENDANT ALLEN J. JONES'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF CEARTH FAIRE

TO:    PLAINTIFF, CEARTH FAIRE, by and through her attorneys of record, Olga Brown, of the Law Office of Olga Brown, 111 Soledad, Suite 1725, San Antonio, Texas 78205.

Defendant ALLEN J. JONES propounds the following Interrogatories and Requests for Production of Documents on Plaintiff Cearth Faire ("Faire" or "Plaintiff"). Pursuant to Rules 193, 196, and 197 of the Texas Rules of Civil Procedure, you are advised that the Responses to these Interrogatories must be answered separately, in writing, and under oath, within thirty (30) days from the date of service hereof, and delivered to Christine E. Reinhard, Schmoyer Reinhard LLP, 17806 IH 10 West, Suite 400, San Antonio, Texas, 78257. You are also advised that all documents requested for production should be delivered to Christine E. Reinhard, Schmoyer Reinhard LLP, 17806 IH 10 West, Suite 400, San Antonio, Texas, 78257. You are further advised that these Interrogatories, together with your sworn Responses thereto, as well as documents produced, may be offered in evidence at the trial of the above action. Also, you are advised that these Interrogatories and Requests for Production of Documents are continuing in nature, and must be supplemented upon receipt of additional or different information by you or your attorney.

1

# I.    Definitions and Instructions

1.    Any reference to memoranda or other documentary material herein refers both to originals and copies of the memoranda or documents now in the possession, custody or control of the Plaintiffs and/or such memoranda or documents which the Plaintiffs may have given to a third party.

2.    "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association, partnership, or other form of legal entity, unless the contents of the interrogatory indicate otherwise.

3.    "Individual" means the plural as well as the singular and refers only to natural persons.

4.    "Perjury" is the willful assertion as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his or her evidence, either upon oath or in any form allowed by law to be substituted for an oath, where such evidence is given in open court, or in an affidavit, or otherwise, such assertion being material to the issue or a point of inquiry and known to such witness to be false.

5.    "Identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address and telephone number and, when referring to a natural person, additionally the present or last known place of employment.

6.    "Identify" with respect to documents means to give, to the extent known, the type of document, the general subject-matter, the date of the document, the author(s), addressee(s), and recipient(s).

7.    "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including, but not limited to, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, drawings, graphs, charts, photographs, records, tape recordings (including audio, video, or digital), motion pictures, computer information, and other data compilations from which information can be obtained, **INCLUDING ANY ELECTRONIC STORED INFORMATION**, and including any draft versions of any of the foregoing, and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified or produced was but is no longer in your possession or control or is no longer in existence, state whether it is:

   a.    Missing or lost;

   b.    Destroyed;

   c.    Transferred voluntarily or involuntarily to others and, if so, to whom;

   d.    Otherwise disposed of;

and in each instance explain the circumstances surrounding the document passing from your possession or control or the document no longer being in existence, including relevant dates, and describe the contents of each such document.

8.   Responsive documents in the form of Electronically Stored Information must be produced in "native file" state, i.e., as the document is stored and including complete and unaltered embedded data and/or metadata.

9.   "Plaintiff," "Faire," "you," or "your" means Plaintiff Cearth Faire, as well as all agents, employees, attorneys, investigators, and other persons acting for or on behalf of Cearth Faire.

10.  "FMP" means Defendant FMP SA Management Group d/b/a Food Management Partners, as well as all agents, employees, attorneys, investigators and other persons acting for FMP SA Management Group d/b/a Food Management Partners.

11.  "All Jones" means Defendant All Jones, LLC, as well as all agents, employees, attorneys, investigators and other persons acting for All Jones, LLC.

12.  "Donbavand" means Defendant Peter Donbavand, as well as all agents, employees, attorneys, investigators and other persons acting for Peter Donbavand.

13.  "Jones" means Defendant Allen Jones, as well as all agents, employees, attorneys, investigators and other persons acting for Allen Jones.

14.  "Petition" means your Third Amended Petition and any amendments or supplements thereto.

16.  The word "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests and interrogatories, all facts, documents, things or communications that might otherwise be construed as outside the scope of these requests and interrogatories.

17.  "Relating to," "relates to," and "regarding" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, or tending to prove, disprove, or explain.

18.  "Health care provider" means any hospital, clinic, physician, nurse, chiropractor, social worker, psychologist, therapist, or counselor.

## II.   Instructions for Interrogatories

1.   If you discover new information, you are obligated to supplement your responses to these interrogatories under the Texas Rules of Civil Procedure.

3

2.      If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based, and identify the information objected to by furnishing its date, participants (*e.g.*, names of speakers, authors, addresses) and a general description of the nature, rather than the substance, of the purportedly privileged information. If the information objected to contains relevant non-objectionable matter, you should disclose it.

3.      If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data to the extent possible and indicate that the data is estimated.


### III.    FIRST SET OF INTERROGATORIES


**INTERROGATORY NO. 1:**
Identify each instance in which you contend Jones "promised Plaintiff that he would buy a home and transfer ownership to her," as alleged in your Petition, including the dates on which such promises were made, the manner in which Jones allegedly made such promises (*e.g.,* by email, oral communications, etc.) and any witnesses to such communications.

**ANSWER:**


**INTERROGATORY NO. 2:**
If you contend you were employed by Jones, state the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 3:**
Identify all documents supporting your contention that Jones "authorized for the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.

**ANSWER:**


**INTERROGATORY NO. 4:**
Identify all copies of the "written agreement [Jones promised to execute] at closing, giving [you] full title and interest to the home," as alleged in your Petition.

**ANSWER:**


4

**INTERROGATORY NO. 5:**
Identify all "necessary documents" Jones promised to sign "to give Plaintiff full and complete ownership of the home," including any such documents in your possession, custody, and control, whether you contend such documents were drafted, and the approximate date(s) on which you reviewed any such documents.

**ANSWER:**


**INTERROGATORY NO. 6:**
Identify each manner in which you contend you "detrimentally relied upon [Defendant Jones's] misrepresentation," as alleged in your Petition, including but not limited to any costs or expenses incurred based on such alleged misrepresentations.

**ANSWER:**

**INTERROGATORY NO. 7:**
If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element or damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component was determined, and should identify the source of each number used in the calculation.

**ANSWER:**


**INTERROGATORY NO. 8:**
Identify each act committed by Jones in furtherance of the "conspiracy" alleged in your Petition.

**ANSWER:**


**INTERROGATORY NO. 9:**
Identify the goal or objective of the conspiracy alleged in your Petition.

**ANSWER:**


**INTERROGATORY NO. 10:**
Describe Plaintiff's efforts and her methodology used to identify and locate any electronic documents in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account and text messages, responsive to Defendant's Requests for Production.

**ANSWER:**

5

**INTERROGATORY NO. 11:**
Identify all search terms used by Plaintiff in identifying and locating documents maintained in any of her personal email accounts, including the mommiesawitch@yahoo.com account, and responsive to Defendant's Requests for Production.

**ANSWER:**


**INTERROGATORY NO. 12:**
Identify the last date on which Plaintiff deleted any emails, text messages, or other electronically stored data in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account, and describe in detail steps taken by Plaintiff to ensure documents, data, and information responsive to Defendant's Requests for Production were not deleted or lost during this process.

**ANSWER:**


**INTERROGATORY NO. 13:**
Identify the email accounts you have had and/or currently have, whether created by you or for your use, since November 13, 2012. Your answer should include the full email address, the date the account was established, and an indication as to whether you have sent and/or received any emails from such account(s) related to your employment with Defendants or your claims against Defendants in this lawsuit.

**ANSWER:**

*End of Interrogatories*


## IV.    Instructions for Requests for Production

1.    Unless otherwise noted, the relevant time period of these requests is from the commencement of your employment with Defendant to the present, and your Responses shall include all documents that relate or refer to this period even though prepared before or subsequent to this period.

2.    If you later discover additional responsive documents, you are obligated to supplement your responses under the Texas Rules of Civil Procedure.


## V.    Requests for Production

1.    W-2 forms or 1099 forms that you have filed or received from January 1, 2010 to the present.

2. Resumes that you have prepared since January 1, 2010 to the present.

3. Your personal diaries, journals, calendars, and/or notes created by you on or after November 13, 2012, that discuss or reference the facts underlying any of your claims in this lawsuit. This request is not seeking any documents protected from discovery by the attorney-client privilege.

4. Maps, charts, tables, diagrams, and chronologies created by you on or after November 13, 2012, that reference the facts underlying any of your claims in this lawsuit. This request is not seeking any documents protected from discovery by the attorney-client privilege.

5. Videotapes, audiotapes, and photographs relating to your allegations against Defendants or the facts underlying any of your claims in this lawsuit. This Request includes all duplicate copies you have in your possession, including any copies of audio recordings.

6. Written, audiotaped, or videotaped statements that you have taken from any person whom you believe may have knowledge of facts relevant to the claims in your lawsuit.

7. Written, audiotaped, or videotaped statements in which you allegedly complain of unlawful discrimination and/or retaliation during your employment with Defendant.

8. Correspondence, including but not limited to emails, between you and Defendant Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

9. Correspondence, including but not limited to emails, between you and Defendant Donbavand regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

10. Correspondence, including but not limited to emails, between you and any employee or agent of Defendant FMP regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

11. Correspondence, including but not limited to emails, between you and any employee or agent of Defendant All Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

12. Correspondence, including but not limited to emails, between you and any individual identified in your Responses to Defendants' Requests for Disclosure regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

13. Statements, documents, videotapes, and audiotapes you submitted to the EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.

14. Statements, documents, videotapes, and audiotapes you received from EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.

15. Rebuttal and impeachment evidence you intend on introducing at trial that is not otherwise responsive to Defendant's Requests for Production or Interrogatories propounded on you.

16. Documents submitted by you in conjunction with any bankruptcy petition filed by you since January 1, 2010.

17. Documents taken, received, kept, or generated by a health care provider relating to any emotional distress or mental anguish you claim as damages in this lawsuit.

18. Medical records supporting your claim that you suffered mental anguish as a result of Defendants' conduct and/or omissions as alleged in this lawsuit.

19. If you are seeking attorney's fees, the contract(s) for legal services between you and your counsel in this case.

20. If you are seeking attorney's fees, documents, including but not limited to "time sheets," bills, invoices, and/or receipts, that support your claim for reasonable attorney's fees, costs, and expenses in this case.

21. Privilege log of all documents withheld from production due to a claim of privilege.

22. Documents relied upon by a consulting expert whose opinion(s) and/or work product have been reviewed by or relied upon by a testifying expert.

23. Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings sent to or received from any current or former employee of Defendant relating to your claims in this lawsuit.

24. Any documents identified in or relied upon in your Responses to Defendant's Requests for Disclosures.

25. Any documents relied upon or referenced in responding to Defendant's Interrogatories.

26. Documents created by you that record, summarize, document or reference conversations or communications between you and any current or former employee of Defendants about your claims in this lawsuit. This Request does not seek documents created by you in order to seek legal advice or documents created at the behest of your attorney.

27. Correspondence, notes, memoranda, reports, documents, or other written or recorded material taken or received from Defendants by Plaintiff, including but not limited to, policies, procedure manuals, reports, performance reviews, counselings, and/or memoranda.

8

28. Documents discussing or referencing your work performance while employed with Defendant from November 13, 2012 to the present.

29. Evaluations, reprimands, or other documents discussing your performance or employment status with Defendants since November 13, 2012.

30. Documents received from employers to whom you have inquired about employment at any time from January 1, 2014 to the present.

31. Documents received from employers that have made you an offer of employment at any time from January 1, 2014 to the present.

32. Documents, including but not limited to written applications for employment, submitted to potential employer(s) at any time from January 1, 2014 to the present.

33. Documents you intend to offer as an exhibit during any proceeding, deposition, hearing, or trial of this lawsuit.

34. Emails you sent to or received from any current or former employee of Defendant that discuss or evidence your claims in this lawsuit.

35. Documents that support your claim for back pay as alleged in your Petition.

36. Documents that support your claim for front pay as alleged in your Petition.

37. Documents that support your claim for "non-economic" damages, as alleged in your Petition.

38. Documents revealing your gross and net income, including benefits, since January 1, 2010 to the present.

39. Documents supporting your contention that "Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to" her, as alleged in your Petition.

40. Documents supporting your contention that "Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit," as alleged in your Petition.

41. Documents supporting your contention that Defendant Jones "authorized for [sic] the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.

42. Documents evidencing any Defendant's alleged intent to gift the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.

43. Documents that, if executed, would transfer ownership of the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.

9

44.     Documents evidencing Plaintiff's "moving expenses."

45.     Documents evidencing Plaintiff's "expenses in making repairs to the residence to make it habitable."

46.     A copy of the "inspection report" identified in Paragraph 13 of your Petition.

47.     A copy of the "one-month lease" identified in Paragraph 13 of your Petition.

48.     Documents supporting your contention that "Plaintiff had clear title to her 2005 Mini Cooper," as alleged in your Petition.

49.     A copy of the "payment plan" identified in Paragraph 15 of your Petition.

50.     Documents supporting your contention that "immediately before the firing, [you had] been given a raise in pay and additional duties," as alleged in your Petition.

51.     Documents supporting your contention that you were asked to "perform employment duties that were not in furtherance of the corporate business," as alleged in your Petition.

52.     Documents supporting your contention that "Donbavand … was aware of the employment violations …," as alleged in your Petition.

53.     Documents supporting your contention that Defendants have "circulat[ed] malicious rumors about the Plaintiff," as alleged in your Petition.

54.     The "written agreement" Defendant Jones allegedly promised to execute at closing, as alleged in Paragraph 22 of your Petition.

55.     Any documents that existed at the time of closing and would "giv[e you] full title and interest to the home," as alleged in your Petition.

56.     Documents supporting your contention that Defendants made "a false representation or concealment of material facts concerning the real estate transaction," as alleged in your Petition.

57.     Documents supporting your contention that Defendants "made representation with knowledge, actual or constructive, of those facts," as alleged in your Petition.

58.     Documents supporting your contention that you "detrimentally relied upon the misrepresentation," as alleged in your Petition.

59.     Documents evidencing any costs or expenses incurred by you based upon your alleged detrimental reliance upon Defendants' representations.

60.  Documents, including but not limited to any invoices for work performed, evidencing "valuable improvements" you contend you have made to the property located at 8647 Timber Place, San Antonio, Texas 78250.

61.  Documents, including but not limited to emails and correspondence, evidencing any instance in which Defendant Jones "made sexual advances toward Plaintiff," as alleged in your Petition.

62.  Documents, including but not limited to emails and correspondence, evidencing any instance in which you complained of Defendant Jones's alleged "sexual advances."

63.  Documents, including but not limited to emails and correspondence, evidencing any instance in which you resisted Defendant Jones's alleged "sexual advances."

64.  Documents supporting your contention that Defendant Jones "made it clear that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones," as alleged in your Petition.

65.  Documents evidencing any instance in which you "refused to further submit to Defendant Jones's inappropriate requests," as alleged in your Petition.

66.  Documents evidencing any act committed by Donbavand in furtherance of the "conspiracy" alleged in your Petition.

67.  Documents evidencing any act committed by Kemp in furtherance of the "conspiracy" alleged in your Petition.

68.  Documents evidencing your "payment of consideration" for the property located at 8647 Timber Place, San Antonio, Texas 78250, as alleged in your Petition.

69.  Documents evidencing "valuable improvements" you have made to the property located at 8647 Timber Place, San Antonio, Texas, as alleged in your Petition.

70.  All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present.

71.  All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present regarding your claims in this lawsuit.

72.  All emails sent from your mommiesawitch@yahoo.com email account from November 13, 2012 to present to any person identified in your Responses to Defendants' Requests for Disclosure.

73.  All emails received at your mommiesawitch@yahoo.com email account from November 13, 2012 to present from any person identified in your Responses to Defendants' Requests for Disclosure.

***End of Requests for Production***

Respectfully submitted,

Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 177802050
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
PH: 210.447.8033
FX: 210.447.8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANT
ALLEN J. JONES**

## CERTIFICATE OF SERVICE

On March 2, 2015, a true and correct copy of the foregoing document was served *via certified mail, return receipt requested* on the following counsel of record in this matter:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
PH: 210.226.1550
FX: 210.226.1884
argyle2@sbcglobal.net

Christine E. Reinhard

13

# Appendix 36

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, LLC, | § | |
| D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, ALL JONES, LLC, | § | |
| ALLEN J. JONES, INDIVIDUALLY, AND | § | |
| PETER DONBAVAND, INDIVIDUALLY, | § | BEXAR COUNTY, TEXAS |
| *Defendants.* | § | |
| | § | |

**DEFENDANT FMP SA MANAGEMENT GROUP, LLC D/B/A FOOD MANAGEMENT
PARTNERS'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO PLAINTIFF CEARTH FAIRE**

TO:     PLAINTIFF, CEARTH FAIRE, by and through her attorneys of record, Olga Brown, of
the Law Office of Olga Brown, 111 Soledad, Suite 1725, San Antonio, Texas 78205.

Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT

PARTNERS propounds the following Interrogatories and Requests for Production of Documents

on Plaintiff Cearth Faire ("Faire" or "Plaintiff").  Pursuant to Rules 193, 196, and 197 of the Texas

Rules of Civil Procedure, you are advised that the Responses to these Interrogatories must be

answered separately, in writing, and under oath, within thirty (30) days from the date of service

hereof, and delivered to Christine E. Reinhard, Schmoyer Reinhard LLP, 17806 IH 10 West, Suite

400, San Antonio, Texas, 78257.  You are also advised that all documents requested for production

should be delivered to Christine E. Reinhard, Schmoyer Reinhard LLP, 17806 IH 10 West, Suite

400, San Antonio, Texas, 78257.  You are further advised that these Interrogatories, together with

your sworn Responses thereto, as well as documents produced, may be offered in evidence at the

trial of the above action.  Also, you are advised that these Interrogatories and Requests for

1

Production of Documents are continuing in nature, and must be supplemented upon receipt of additional or different information by you or your attorney.

## I.    Definitions and Instructions

1.    Any reference to memoranda or other documentary material herein refers both to originals and copies of the memoranda or documents now in the possession, custody or control of the Plaintiffs and/or such memoranda or documents which the Plaintiffs may have given to a third party.

2.    "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association, partnership, or other form of legal entity, unless the contents of the interrogatory indicate otherwise.

3.    "Individual" means the plural as well as the singular and refers only to natural persons.

4.    "Perjury" is the willful assertion as to a matter of fact, opinion, belief, or knowledge, made by a witness in a judicial proceeding as part of his or her evidence, either upon oath or in any form allowed by law to be substituted for an oath, where such evidence is given in open court, or in an affidavit, or otherwise, such assertion being material to the issue or a point of inquiry and known to such witness to be false.

5.    "Identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address and telephone number and, when referring to a natural person, additionally the present or last known place of employment.

6.    "Identify" with respect to documents means to give, to the extent known, the type of document, the general subject-matter, the date of the document, the author(s), addressee(s), and recipient(s).

7.    "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including, but not limited to, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, drawings, graphs, charts, photographs, records, tape recordings (including audio, video, or digital), motion pictures, computer information, and other data compilations from which information can be obtained, **INCLUDING ANY ELECTRONIC STORED INFORMATION**, and including any draft versions of any of the foregoing, and any carbon or photographic copies of any such material if you do not have custody or control of the original.  If any document requested to be identified or produced was but is no longer in your possession or control or is no longer in existence, state whether it is:

      a.    Missing or lost;

      b.    Destroyed;

       c.       Transferred voluntarily or involuntarily to others and, if so, to whom;

       d.       Otherwise disposed of;

and in each instance explain the circumstances surrounding the document passing from your possession or control or the document no longer being in existence, including relevant dates, and describe the contents of each such document.

8. Responsive documents in the form of Electronically Stored Information must be produced in "native file" state, i.e., as the document is stored and including complete and unaltered embedded data and/or metadata.

9. "Plaintiff," "Faire," "you," or "your" means Plaintiff Cearth Faire, as well as all agents, employees, attorneys, investigators, and other persons acting for or on behalf of Cearth Faire.

10. "FMP" means Defendant FMP SA Management Group d/b/a Food Management Partners, as well as all agents, employees, attorneys, investigators and other persons acting for FMP SA Management Group d/b/a Food Management Partners.

11. "All Jones" means Defendant All Jones, LLC, as well as all agents, employees, attorneys, investigators and other persons acting for All Jones, LLC.

12. "Donbavand" means Defendant Peter Donbavand, as well as all agents, employees, attorneys, investigators and other persons acting for Peter Donbavand.

13. "Jones" means Defendant Allen Jones, as well as all agents, employees, attorneys, investigators and other persons acting for Allen Jones.

14. "Petition" means your Third Amended Petition and any amendments or supplements thereto.

16. The word "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests and interrogatories, all facts, documents, things or communications that might otherwise be construed as outside the scope of these requests and interrogatories.

17. "Relating to," "relates to," and "regarding" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, or tending to prove, disprove, or explain.

18. "Health care provider" means any hospital, clinic, physician, nurse, chiropractor, social worker, psychologist, therapist, or counselor.

## II.     Instructions for Interrogatories

1.     If you discover new information, you are obligated to supplement your responses to these interrogatories under the Texas Rules of Civil Procedure.

2.     If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based, and identify the information objected to by furnishing its date, participants (*e.g.*, names of speakers, authors, addresses) and a general description of the nature, rather than the substance, of the purportedly privileged information.  If the information objected to contains relevant non-objectionable matter, you should disclose it.

3.     If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data to the extent possible and indicate that the data is estimated.

## III.     FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify your current home address and who resides with you at this address.

**ANSWER:**

**INTERROGATORY NO. 2:**
Identify all names or aliases you are using today or have used in the past.

**ANSWER:**

**INTERROGATORY NO. 3:**
Identify each and every lawsuit, arbitration, bankruptcy, administrative complaint, administrative charge (including, but not limited to, charges of discrimination filed with the Texas Workforce Commission and/or the Equal Employment Opportunity Commission), appeal, judgment, and execution to which you have been a party in any capacity within the last five (5) years.  Include in your answer the case style and/or governmental identification number and the name and location of the applicable court or agency.

**ANSWER:**

**INTERROGATORY NO. 4:**
Identify, by date and nature of offense, each and every criminal conviction, arrest, prosecution, charge, indictment, information and/or investigation (not including minor traffic violations) directed toward you in the last ten (10) years, including the location of the alleged offense and the

4

governmental authority seeking or making the conviction, arrest, prosecution, charge, indictment, information, and/or investigation.

**ANSWER:**


**INTERROGATORY NO. 5:**
Identify all employers for whom you have worked since January 1, 2014 to the present, and state the dates of such employment (start and end), the position(s) held with each employer, your rate of pay, the benefits for each such position(s), and the total amount of compensation before deductions earned through each such employer.

**ANSWER:**


**INTERROGATORY NO. 6:**
Identify all employers with whom you have applied for employment since January 1, 2014 to the present, and state the dates of such applications, the position(s) applied for, and the ultimate disposition of each such application.

**ANSWER:**


**INTERROGATORY NO. 7:**
Identify each individual whom you contend harassed or discriminated against you on the basis of your sex as alleged in your Petition, including the approximate date(s) on which each such harassment or discrimination occurred, the nature of such harassment or discrimination, and any witnesses to such incidents.

**ANSWER:**


**INTERROGATORY NO. 8:**
Identify each individual whom you contend retaliated against you in violation of the Texas Labor Code as alleged in your Petition, including the date(s) on which each such allegedly retaliatory act occurred and the nature of such allegedly retaliatory acts.

**ANSWER:**


**INTERROGATORY NO. 9:**
Identify each employee or agent of Defendant FMP to whom you complained of the alleged discrimination and harassment to which you contend you were subjected, including the dates on which such complaints were made, the manner in which such complaints were communicated to such agents, and any witnesses to such complaints.

**ANSWER:**

5

**INTERROGATORY NO. 10:**
Identify each employment duty "not in furtherance of the corporate business" which you contend you were asked to perform, as alleged in your Petition, including the dates on which such requests were allegedly made of you and the individuals making such requests.

**ANSWER:**


**INTERROGATORY NO. 11:**
Identify all current or former employees, representatives, or agents of Defendant FMP whom you have contacted, or have been in contact with, regarding any matters relating to your Petition or to the subject matter of this lawsuit. For each communication, please include in your response the substance of each communications, the parties to the communication, the dates of such communications and contacts, and the nature (in person, by telephone, or through a third party) to the communication.

**ANSWER:**


**INTERROGATORY NO. 12:**
Identify each individual from whom you have taken a written, audiotaped, or videotaped statement regarding any of the facts underlying your claims in this lawsuit.

**ANSWER:**


**INTERROGATORY NO. 13:**
Identify each manner in which you contend "Kemp … acted with intent to assist Defendant Jones in his wrongful acts," as alleged in your Petition.

**ANSWER:**


**INTERROGATORY NO. 14:**
With respect to any expert used for consultation and not expected to be called as a witness at trial, state the name, address, and telephone number of the expert and the subject matter of the expert's work. This Interrogatory applies only to those consulting experts whose opinions and/or work have been reviewed or relied upon by an expert who will testify at the trial of this case.

**ANSWER:**

**INTERROGATORY NO. 15:**
If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element or damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component was determined, and should identify the source of each number used in the calculation.

**ANSWER:**

**INTERROGATORY NO. 16:**
Identify each health care provider from whom you have received treatment and/or a diagnosis relating to any mental anguish, emotional distress, or other mental health problem you contend was caused or exacerbated by Defendant FMP as alleged in your Petition.

**ANSWER:**

**INTERROGATORY NO. 17:**
Identify each act committed by any employee or agent of FMP in furtherance of the "conspiracy" alleged in your Petition.

**ANSWER:**

**INTERROGATORY NO. 18:**
Describe Plaintiff's efforts and her methodology used to identify and locate any electronic documents in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account and text messages, responsive to Defendant's Requests for Production.

**ANSWER:**

**INTERROGATORY NO. 19:**
Identify all search terms used by Plaintiff in identifying and locating documents maintained in any of her personal email accounts, including the mommiesawitch@yahoo.com account, and responsive to Defendant's Requests for Production.

**ANSWER:**

**INTERROGATORY NO. 20:**
Identify the last date on which Plaintiff deleted any emails, text messages, or other electronically stored data in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account, and describe in detail steps taken by Plaintiff to

ensure documents, data, and information responsive to Defendant's Requests for Production were not deleted or lost during this process.

**ANSWER:**


**INTERROGATORY NO. 21:**
Identify the email accounts you have had and/or currently have, whether created by you or for your use, since November 13, 2012. Your answer should include the full email address, the date the account was established, and an indication as to whether you have sent and/or received any emails from such account(s) related to your employment with Defendants or your claims against Defendants in this lawsuit.

**ANSWER:**

*End of Interrogatories*


## IV.   Instructions for Requests for Production

1.   Unless otherwise noted, the relevant time period of these requests is from the commencement of your employment with Defendant to the present, and your Responses shall include all documents that relate or refer to this period even though prepared before or subsequent to this period.

2.   If you later discover additional responsive documents, you are obligated to supplement your responses under the Texas Rules of Civil Procedure.

## V.   Requests for Production

1.   W-2 forms or 1099 forms that you have filed or received from January 1, 2010 to the present.

2.   Resumes that you have prepared since January 1, 2010 to the present.

3.   Your personal diaries, journals, calendars, and/or notes created by you on or after November 13, 2012, that discuss or reference the facts underlying any of your claims in this lawsuit. This request is not seeking any documents protected from discovery by the attorney-client privilege.

4.   Maps, charts, tables, diagrams, and chronologies created by you on or after November 13, 2012, that reference the facts underlying any of your claims in this lawsuit. This request is not seeking any documents protected from discovery by the attorney-client privilege.

5.   Videotapes, audiotapes, and photographs relating to your allegations against Defendants or the facts underlying any of your claims in this lawsuit. This Request includes all duplicate copies you have in your possession, including any copies of audio recordings.

8

6.    Written, audiotaped, or videotaped statements that you have taken from any person whom you believe may have knowledge of facts relevant to the claims in your lawsuit.

7.    Written, audiotaped, or videotaped statements in which you allegedly complain of unlawful discrimination and/or retaliation during your employment with Defendant.

8.    Correspondence, including but not limited to emails, between you and Defendant Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

9.    Correspondence, including but not limited to emails, between you and Defendant Donbavand regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

10.   Correspondence, including but not limited to emails, between you and any employee or agent of Defendant FMP regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

11.   Correspondence, including but not limited to emails, between you and any employee or agent of Defendant All Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

12.   Correspondence, including but not limited to emails, between you and any individual identified in your Responses to Defendants' Requests for Disclosure regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

13.   Statements, documents, videotapes, and audiotapes you submitted to the EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.

14.   Statements, documents, videotapes, and audiotapes you received from EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit.

15.   Documents relating in any manner to any criminal records (including but not limited to police reports, arrest, and/or conviction records) identified in your response to Interrogatory No. 4.

16.   Rebuttal and impeachment evidence you intend on introducing at trial that is not otherwise responsive to Defendant's Requests for Production or Interrogatories propounded on you.

17.   Petitions and complaints in lawsuits identified in response to Interrogatory No. 3.

18.   Documents submitted by you in conjunction with any bankruptcy petition filed by you since January 1, 2010.

19. Documents taken, received, kept, or generated by a health care provider relating to any emotional distress or mental anguish you claim as damages in this lawsuit.

20. Medical records supporting your claim that you suffered mental anguish as a result of Defendants' conduct and/or omissions as alleged in this lawsuit.

21. If you seek emotional distress, mental anguish, or other compensatory damages, a signed copy of the attached authorization for release of medical records.

22. If you have worked or applied for work with any other employer besides Defendant since January 1, 2014, a signed copy of the attached authorization for release of employment records.

23. If you are seeking attorney's fees, the contract(s) for legal services between you and your counsel in this case.

24. If you are seeking attorney's fees, documents, including but not limited to "time sheets," bills, invoices, and/or receipts, that support your claim for reasonable attorney's fees, costs, and expenses in this case.

25. Privilege log of all documents withheld from production due to a claim of privilege.

26. Documents relied upon by a consulting expert whose opinion(s) and/or work product have been reviewed by or relied upon by a testifying expert.

27. Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings sent to or received from any current or former employee of Defendant relating to your claims in this lawsuit.

28. Any documents identified in or relied upon in your Responses to Defendant's Requests for Disclosures.

29. Any documents relied upon or referenced in responding to Defendant's Interrogatories.

30. Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings you have received from the individuals identified in your responses to Interrogatory Nos. 7-9 and 12-13 above that relate to your claims in this lawsuit.

31. Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings that relate to the employment practices identified in response to Interrogatory Nos. 7-8 above.

32. Documents created by you that record, summarize, document or reference conversations or communications between you and any current or former employee of Defendants

about your claims in this lawsuit. This Request does not seek documents created by you in order to seek legal advice or documents created at the behest of your attorney.

33. Correspondence, notes, memoranda, reports, documents, or other written or recorded material taken or received from Defendants by Plaintiff, including but not limited to, policies, procedure manuals, reports, performance reviews, counselings, and/or memoranda.

34. Documents discussing or referencing your work performance while employed with Defendant from November 13, 2012 to the present.

35. Evaluations, reprimands, or other documents discussing your performance or employment status with Defendants since November 13, 2012.

36. Documents received from employers to whom you have inquired about employment at any time from January 1, 2014 to the present.

37. Documents received from employers that have made you an offer of employment at any time from January 1, 2014 to the present.

38. Documents, including but not limited to written applications for employment, submitted to potential employer(s) at any time from January 1, 2014 to the present.

39. Documents you intend to offer as an exhibit during any proceeding, deposition, hearing, or trial of this lawsuit.

40. Emails you sent to or received from any current or former employee of Defendant that discuss or evidence your claims in this lawsuit.

41. Documents that support your claim for back pay as alleged in your Petition.

42. Documents that support your claim for front pay as alleged in your Petition.

43. Documents that support your claim for "non-economic" damages, as alleged in your Petition.

44. Documents revealing your gross and net income, including benefits, since January 1, 2010 to the present.

45. Documents supporting your contention that "Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to" her, as alleged in your Petition.

46. Documents supporting your contention that "Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit," as alleged in your Petition.

47. Documents supporting your contention that Defendant Jones "authorized for [sic] the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.

48. Documents evidencing any Defendant's alleged intent to gift the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.

49. Documents that, if executed, would transfer ownership of the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.

50. Documents evidencing Plaintiff's "moving expenses."

51. Documents evidencing Plaintiff's "expenses in making repairs to the residence to make it habitable."

52. A copy of the "inspection report" identified in Paragraph 13 of your Petition.

53. A copy of the "one-month lease" identified in Paragraph 13 of your Petition.

54. Documents supporting your contention that "Plaintiff had clear title to her 2005 Mini Cooper," as alleged in your Petition.

55. A copy of the "payment plan" identified in Paragraph 15 of your Petition.

56. Documents supporting your contention that "immediately before the firing, [you had] been given a raise in pay and additional duties," as alleged in your Petition.

57. Documents supporting your contention that you were asked to "perform employment duties that were not in furtherance of the corporate business," as alleged in your Petition.

58. Documents supporting your contention that "Donbavand … was aware of the employment violations …," as alleged in your Petition.

59. Documents supporting your contention that Defendants have "circulat[ed] malicious rumors about the Plaintiff," as alleged in your Petition.

60. The "written agreement" Defendant Jones allegedly promised to execute at closing, as alleged in Paragraph 22 of your Petition.

61. Any documents that existed at the time of closing and would "giv[e you] full title and interest to the home," as alleged in your Petition.

62. Documents supporting your contention that Defendants made "a false representation or concealment of material facts concerning the real estate transaction," as alleged in your Petition.

63. Documents supporting your contention that Defendants "made representation with knowledge, actual or constructive, of those facts," as alleged in your Petition.

64. Documents supporting your contention that you "detrimentally relied upon the misrepresentation," as alleged in your Petition.

65. Documents evidencing any costs or expenses incurred by you based upon your alleged detrimental reliance upon Defendants' representations.

66. Documents, including but not limited to any invoices for work performed, evidencing "valuable improvements" you contend you have made to the property located at 8647 Timber Place, San Antonio, Texas 78250.

67. Documents, including but not limited to emails and correspondence, evidencing any instance in which Defendant Jones "made sexual advances toward Plaintiff," as alleged in your Petition.

68. Documents, including but not limited to emails and correspondence, evidencing any instance in which you complained of Defendant Jones's alleged "sexual advances."

69. Documents, including but not limited to emails and correspondence, evidencing any instance in which you resisted Defendant Jones's alleged "sexual advances."

70. Documents supporting your contention that Defendant Jones "made it clear that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones," as alleged in your Petition.

71. Documents evidencing any instance in which you "refused to further submit to Defendant Jones's inappropriate requests," as alleged in your Petition.

72. Documents evidencing any act committed by Donbavand in furtherance of the "conspiracy" alleged in your Petition.

73. Documents evidencing any act committed by Kemp in furtherance of the "conspiracy" alleged in your Petition.

74. Documents evidencing your "payment of consideration" for the property located at 8647 Timber Place, San Antonio, Texas 78250, as alleged in your Petition.

75. Documents evidencing "valuable improvements" you have made to the property located at 8647 Timber Place, San Antonio, Texas, as alleged in your Petition.

76. All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present.

77. All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present regarding your claims in this lawsuit.

78.     All emails sent from your mommiesawitch@yahoo.com email account from November 13, 2012 to present to any person identified in your Responses to Defendants' Requests for Disclosure.

79.     All emails received at your mommiesawitch@yahoo.com email account from November 13, 2012 to present from any person identified in your Responses to Defendants' Requests for Disclosure.

***End of Requests for Production***

Respectfully submitted,

_(signature)_

Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 177802050
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
PH: 210.447.8033
FX: 210.447.8036
creinhard@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANT**
**FMP SA MANAGEMENT GROUP D/B/A**
**FOOD MANAGEMENT PARTNERS**

## <u>CERTIFICATE OF SERVICE</u>

On March 2, 2015, a true and correct copy of the foregoing document was served *via certified mail, return receipt requested* on the following counsel of record in this matter:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
PH: 210.226.1550
FX: 210.226.1884
argyle2@sbcglobal.net

_(signature)_

Christine E. Reinhard

15

# AUTHORIZATION FOR THE USE AND DISCLOSURE OF
# PROTECTED HEALTH INFORMATION

1.      I hereby authorize my Medical Providers to use and disclose protected health information from the record(s) of:

Patient's Name:  Cearth Faire _____

Birth Date:  ____1/20/1964_____  Social Security No.: _____

2.      Copies of the following records shall be used and disclosed:

__X__ Complete Medical Records for the patient's admission or treatment for <u>November 13, 2013 to present.</u>

_____ Complete Medical Records for ALL of the patient's admissions.

_____ Other  _____

                                                        (Specifically Identify)

3.      I understand that the records used and disclosed under this authorization form may include information relating to Human Immunodeficiency Virus ("HIV") infection or Acquired Immunodeficiency Syndrome ("AIDS"); treatment for or history of drug or alcohol abuse; or mental or behavioral health or psychiatric care.

4.      I request that copies of the records indicated above be sent to:

Name of Recipient:          **SCHMOYER REINHARD LLP**
Address:                          **17806 IH 10 West, Suite 400**
City:                              **San Antonio**
State:                             **Texas**
Zip Code:                         **78257**

5.      I understand that the information furnished by my Health Care Providers may no longer be protected by Federal and Texas privacy law once it is disclosed to the Recipient and, therefore, may be subject to re-disclosure by the Recipient.

6.      This use and disclosure is at the request of the individual signing below.

7.      I understand that I may revoke this authorization in writing at any time except to the extent that any of my Medical Providers have already relied on this authorization.  I understand that I may revoke this authorization by sending or faxing a written notice to the Privacy Officer of the Medical Provider(s) stating my intent to revoke this authorization.

8.      If not revoked, I understand that this authorization will expire 180 days from the date shown next to my signature unless I have indicated another date here: _____.

9.      I understand that my Medical Providers may not condition my treatment based on my completion of this authorization form.

10.     A copy of this Authorization will have the same effect as that of an original.

_____        _____
Signature of Patient or Legal Representative                    Date

_____
Printed Name of Legal Representative (if any)

Description of authority to act for the patient: _____

_____

**AUTHORIZATION AND RELEASE**
**FOR EMPLOYMENT RECORDS**

I hereby authorize any company, business, person, institution, firm or corporation, to release to Schmoyer Reinhard LLP, and any of its agents, any material or information pertaining to your employment of CEARTH FAIRE, including by way of example, but not limited to the following:

Complete and/or updated personnel records, payroll records, human resources records, office notes, reports, correspondence and/or written documents pertaining to the employment of CEARTH FAIRE including but not limited to his applications for employment, contracts or agreements signed by all parties, documents reflecting dates of employment, resume provided, records of all positions held, job descriptions of positions held, attendance records, wage records, pay stubs, employee benefits records, workers' compensation files, warning letters, performance evaluations, counseling documents, disciplinary documents, complimentary letters, complaint letters, medical records, training records and/or records contained in your files from other sources pertaining to CEARTH FAIRE'S employment.

This Authorization also includes the authority to copy and inspect any and all such records.

You are hereby released from any and all liability in connection with the disclosure of information, records, documents, writings and physical evidence to the firm specified above.

This Authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof.

A copy of this Authorization may be used in place of and with the same force and effect as the original.

_____1/20/1964_____
Date of Birth

_____
Signature: CEARTH FAIRE

_____
Social Security Number

STATE OF TEXAS          §
                                      §
COUNTY OF _____     §

        SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority on this _____ day of _____, 2014.

                                      _____

                                      Notary Public in and for the
                                      State of Texas

                                      My Commission Expires:_____



# Appendix 37

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | |
| | § | **150TH JUDICIAL DISTRICT** |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | § | |
| INDIVIDUALLY, AND | § | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT FMP'S
FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**

TO:     Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, Defendants, by and through their attorney of record, Christine E Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.


    Plaintiff, Cearth Faire, serves these objections and answers to Defendant FMP's first set of interrogatories and first requests for production.

                        Respectfully submitted,

                        LAW OFFICE OF OLGA BROWN
                        111 Soledad, Suite 1725
                          San Antonio, Texas 78205
                          210/226-1550 telephone
                          210/226-1884 facsimile
                          Argyle2@sbcglobal.net


                        By:  */s/ Olga Brown*
                              OLGA BROWN
                              State Bar No. 03155500
                              *Attorney for Plaintiff*



**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on the  1st day of April 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Objections and Responses to Defendant FMP's First Set of Interrogatories and First Request for Production to Plaintiff was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown
OLGA BROWN

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT FMP'S
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify your current home address and who resides with you at this address.

**ANSWER:** Objection, as Defendant has posed two questions. Subject to and without waiving the foregoing objection, 8647 Timber Pl, San Antonio, TX 78250,

**INTERROGATORY NO. 2:**

Identify all names or aliases you are using today or have used in the past.

**ANSWER:** Plaintiff objects to the use of "aliases." Subject to and without waiving the foregoing objection, Cearth Faire and Cearth Lowden.

**INTERROGATORY NO. 3:**

Identify each and every lawsuit, arbitration, bankruptcy, administrative complaint, administrative charge (including, but not limited to, charges of discrimination filed with the Texas Workforce Commission and/or the Equal Employment Opportunity Commission), appeal, judgment, and execution to which you have been a party in any capacity within the last five (5) years. Include in your answer the case style and/or governmental identification number and the name and location of the applicable court or agency.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business. Subject to and without waiving the foregoing objection, please refer to Defendants' Bates DEF-CF000607-000617

**INTERROGATORY NO. 4:**

Identify, by date and nature of offense, each and every criminal conviction, arrest, prosecution, charge, indictment, information and/or investigation (not including minor traffic violations) directed toward you in the last ten (10) years, including the location of the alleged offense and the governmental authority seeking or making the conviction, arrest, prosecution, charge, indictment, information, and/or investigation.

**ANSWER:** Plaintiff objects to this interrogatory as worded, and as it implies she has had any such items listed. Plaintiff objects to the request as overly broad, and not designed to lead to discoverable and/or admissible evidence. Subject to and without waiving the foregoing objection, None.

**INTERROGATORY NO. 5:**

Identify all employers for whom you have worked since **January 1, 2014** to the present, and state the dates of such employment (start and end), the position(s) held with each employer, your rate of pay, the benefits for each such position(s), and the total amount of compensation before deductions earned through each such employer.

**ANSWER:** Objection, merely harassing and annoying, as Defendants FMP, ALL JONES, LLC and their subsidiaries, are fully aware, January 1, 2014, until they terminated my employment August 31, 2014, they were my only employers, and have all the information, and the best information requested in this interrogatory. Please refer to Defendants' own payroll, benefit, expense and other documents, whether produced, withheld, redacted, or destroyed.

**INTERROGATORY NO. 6:**

Identify all employers with whom you have applied for employment since January 1, 2014 to the present, and state the dates of such applications, the position(s) applied for, and the ultimate disposition of each such application.

**ANSWER:** Steel Point, Texas State Optical, and other "anonymous" employers via Indeed.com, beginning October 29, 2014, up through March 12, 2015. Positions applied for: Contract Administrative, Executive Assistant, Executive Administrative, Administrative Assistant, Executive/Personal Assistant, Administration Assistant, VMware Administrator, Executive Assistant, Human Resource Asst, Admin Support spec, VMware Administrator, Commercial and Plumbing admin, Professional Housing, "Entry Level Positions", "Office and Accounting", Director of Education, Modeling & Acting Instructor, Field Marketing/Sales, Office/Administrative, Receptionist/Administrative, Admin Asst, Operations Manager, JR Project, Fleet Manager/DOT Specialist, Executive Asst, Quality Assurance analyst, Legal Asst, Secretary/Office Mgr, Exec Asst, Medical Receptionist, Admin Asst, Admissions Coordinators, Export/Shipping Coordinator, Exec Asst, Development Coord, Exec Asst, Medical Territory Sales, Optometry Practice Administrator, Admin Asst, Exec Asst, Optometry Practice, Asst Property Manager, Resident Asst, Business Office Mgr, Business Office Mgr, Property Management, Executive Assistant, Special Events coordinator II, Executive assistant, Administrative Assistant, Equine Veterinary, Legal Secretary/Paralegal, marketing, Administrative Assistant, Executive Admin Assistant, Assistant Property Manager, Business Office Manager, Dental Administrative, Administrative Assistant, Office Manager/Administrative, Executive Administrative, Legal Secretary, Executive Assistant/Personal, Assistant Manager, Hospice Director of Clinical, Executive Assistant Needed, Client Services, Executive Business Assistant, Receptionist/Customer, Assistant Business Office, Retail Admin Assistant, Administrative, Administrative Assistant, Project Administrator, Administration, $75-100k Executive personal Assistant, Assistant Brand Ambassador, Executive Assistant, Temporary Irrigation, Secretary/Customer Service, Executive Assistant, Executive Assistant, Executive Assistant, Senior Executive Assistant. Ultimate disposition: not

4

hired. Plaintiff will supplement.


**INTERROGATORY NO. 7:**

Identify each individual whom you contend harassed or discriminated against you on the basis of your sex as alleged in your Petition, including the approximate date(s) on which each such harassment or discrimination occurred, the nature of such harassment or discrimination, and any witnesses to such incidents.

**ANSWER:** Plaintiff objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Allen J Jones, beginning on or about January 22, 2013, and continuing through my termination on or about August 30, 2014. Please refer to the pleadings and Defendants' Bates DEF-CF000607-000617, and witnesses have been listed in Plaintiff's Amended Responses to Defendants' Request for Disclosures. Plaintiff will supplement.


**INTERROGATORY NO. 8:**

Identify each individual whom you contend retaliated against you in violation of the Texas Labor Code as alleged in your Petition, including the date(s) on which each such allegedly retaliatory act occurred and the nature of such allegedly retaliatory acts.

**ANSWER:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Allen J Jones, Peter Donbavand, Jason Kemp, Tracy Amass. The first retaliatory act was my termination on August 30, 2014. Subsequent retaliatory acts include but are not limited to: multiple attempts to deprive me of my home, repossession of my car, false police reports filed, falsification of employment records, and libel and slander, together hindering my reemployment efforts. Plaintiff will supplement.


**INTERROGATORY NO. 9:**

Identify each employee or agent of Defendant FMP to whom you complained of the alleged discrimination and harassment to which you contend you were subjected, including the dates on which such complaints were made, the manner in which such complaints were communicated to such agents, and any witnesses to such complaints.

**ANSWER:** See Defendants DEF-CJ-00054/55, complaint policy, which required me to report to my supervisor, (Allen J Jones), and elevate through the chain up to and including the President/CEO, (Allen J Jones), which I did, repeatedly. See the result in Defendants DEF-CJ-00111/12.

**INTERROGATORY NO. 10:**

Identify each employment duty "not in furtherance of the corporate business" which you

contend you were asked to perform, as alleged in your Petition, including the dates on which such requests were allegedly made of you and the individuals making such requests.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business. Plaintiff further objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection: Perform sexual acts for, on, and with the President/CEO and others at his direction, transport his illegal substances during air travel, for and at the direction of the President/CEO, aid the President/CEO, and Peter Donbavand, in keeping Mr. Jones' infant child out of the United States, in the Dominican Republic, and out of reach of his mother (See DEF-CF-490). Transport/travel with same infant child to return child to his mother in the United States, from the Dominican Republic   Plaintiff will supplement.

**INTERROGATORY NO. 11:**
Identify all current or former employees, representatives, or agents of Defendant FMP whom you have contacted, or have been in contact with, regarding any matters relating to your Petition or to the subject matter of this lawsuit. For each communication, please include in your response the substance of each communications, the parties to the communication, the dates of such communications and contacts, and the nature (in person, by telephone, or through a third party) to the communication.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Plaintiff objects as this request is better addressed at deposition, and Plaintiff objects, as all such communications are in the custody and control of Defendants. Subject to and without waiving the foregoing objection, Plaintiff will supplement.

**INTERROGATORY NO. 12:**
Identify each individual from whom you have taken a written, audiotaped, or videotaped statement regarding any of the facts underlying your claims in this lawsuit.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Subject to and without waiving the foregoing objection, none at this time. Plaintiff will supplement as required by the rules.

**INTERROGATORY NO. 13:**

Identify each manner in which you contend "Kemp … acted with intent to assist Defendant Jones in his wrongful acts," as alleged in your Petition.

**ANSWER:** Plaintiff objects to this request because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Subject to and without waiving the foregoing objection, none at this time. Plaintiff will supplement as required by the rules

**INTERROGATORY NO. 14:**

With respect to any expert used for consultation and not expected to be called as a witness at trial, state the name, address, and telephone number of the expert and the subject matter of the expert's work. This Interrogatory applies only to those consulting experts whose opinions and/or work have been reviewed or relied upon by an expert who will testify at the trial of this case.

**ANSWER:** None at this time. Plaintiff will supplement as required by the rules.

**INTERROGATORY NO. 15:**

If you are seeking an award of any sum of money, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element or damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component was determined, and should identify the source of each number used in the calculation.

**ANSWER:** Objection, premature, and Plaintiff is not required to marshal all her evidence. Plaintiff will supplement when request is more specific.

**INTERROGATORY NO. 16:**

Identify each health care provider from whom you have received treatment and/or a diagnosis relating to any mental anguish, emotional distress, or other mental health problem you contend was caused or exacerbated by Defendant FMP as alleged in your Petition.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because it is overly broad, premature, not limited in time or scope, and further objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper Plaintiff further objects as this request calls for a medical diagnosis. Subject to and without waiving the foregoing objection, none at this time. Vine Wellness Group. Plaintiff will supplement as required by the rules.

**INTERROGATORY NO. 17:**

Identify each act committed by any employee or agent of FMP in furtherance of the "conspiracy" alleged in your Petition.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records and said Defendants can obtain such information from their own intracorporate emails and this was a routine matter of conducting business. Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper . Subject to and without waiving the foregoing objection, Plaintiff will supplement as required by the rules.

**INTERROGATORY NO. 18:**

Describe Plaintiff's efforts and her methodology used to identify and locate any electronic documents in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account and text messages, responsive to Defendant's Requests for Production.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory. Subject to and without waiving the foregoing objection, Plaintiff searched for pdonbavand@foodmps.com", "allenjones@foodmps.com",ajones@foodmps.com "allen jones" then printed same. Text messages are in the possession of Defendants.

**INTERROGATORY NO. 19:**

Identify all search terms used by Plaintiff in identifying and locating documents maintained in any of her personal email accounts, including the mommiesawitch@yahoo.com account, and responsive to Defendant's Requests for Production.

**ANSWER:** Plaintiff objects and declines to give a narrative answer to this Interrogatory, because the request asks for information that is available from Defendants' business records and said Defendants can obtain such information from their own intracorporate emails and this was a routine matter of conducting business. Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper . Subject to and without waiving the foregoing objection, see Answer to No. 18 above.

**INTERROGATORY NO. 20:**

Identify the last date on which Plaintiff deleted any emails, text messages, or other electronically stored data in her possession, custody, or control, including but not limited to emails stored in her mommiesawitch@yahoo.com email account, and describe in detail steps taken by Plaintiff to ensure documents, data, and information responsive to Defendant's Requests for Production were not deleted or lost during this process.

**ANSWER:**  Objection as this request calls for answer that is not in evidence.   Subject to and without waiving the foregoing objection, Text messages relevant to this suit are in the possession of Defendants.  Plaintiff has not deleted emails or other electronically stored data in her possession, custody, or control, and relevant to this suit.


**INTERROGATORY NO. 21:**

Identify the email accounts you have had and/or currently have, whether created by you or for your use, since November 13, 2012.  Your answer should include the full email address, the date the account was established, and an indication as to whether you have sent and/or received any emails from such account(s) related to your employment with Defendants or your claims against Defendants in this lawsuit.

**ANSWER:**  Objection as this request is overly broad, this request is two questions, which calls for two answer.  Subject to and without waiving the foregoing objections, any information responsive to these interrogatories is in the possession, custody and control of Defendants, who have refused Plaintiff access to the information responsive to this request.

CAUSE NO. 2014-CI-16674

| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, LLC, | § | |
| D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | § | |
| INDIVIDUALLY, AND | § | |
| PETER DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## VERIFICATION

| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared CEARTH FAIRE, known to me through TXDL NO. *****898, SSN ***-**-4220 to be the person whose name is subscribed below and who being by me duly sworn on her oath deposed and said that She has read the foregoing and that the statements contained therein are within her personal knowledge and are true and correct.

_____
CEARTH FAIRE

SWORN and SUBSCRIBED to before me on this 31st day of May 2015.

_____
Notary Public in and for State of Texas

My Commission

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT FMP'S
FIRST REQUEST FOR PRODUCTION**

**GENERAL OBJECTIONS**

PLAINTIFF OBJECTS BASED ON TRCP 193.1, PLAINTIFF IS NOT REQUIRED TO PRODUCE DOCUMENTS EXCLUSIVELY IN THE CONTROL AND POSSESSION OF DEFENDANTS.

1.    W-2 forms or 1099 forms that you have filed or received from January 1, 2010 to the present.
**RESPONSE**:    Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit.  Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants.   Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.

2.    Resumes that you have prepared since January 1, 2010 to the present.
**RESPONSE:**   Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit.  Subject to and without waiving the foregoing objection, please see Defendants' Bates DEF-CJ-00076/78 and Faire0001-02.

3.    Your personal diaries, journals, calendars, and/or notes created by you on or after November 13, 2012, that discuss or reference the facts underlying any of your claims in this lawsuit.  This request is not seeking any documents protected from discovery by the attorney-client privilege.

**RESPONSE:**    Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

4.    Maps, charts, tables, diagrams, and chronologies created by you on or after November 13, 2012, that reference the facts underlying any of your claims in this lawsuit.  This request is not seeking any documents protected from discovery by the attorney-client privilege.

**RESPONSE:** Objection, Plaintiff cannot properly respond, as the requested items were last in the possession of Defendant Allen Jones, in his personal safe, and further, have been withheld from Plaintiff by Defendants. See TRCP 193.1. Further, Defendants have withheld such documents from Plaintiff. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

5. Videotapes, audiotapes, and photographs relating to your allegations against Defendants or the facts underlying any of your claims in this lawsuit. This Request includes all duplicate copies you have in your possession, including any copies of audio recordings**.**

**RESPONSE:** Objection as the requested items were last in the possession of Defendants, and only limited "responsive" documents were "recovered" by Defendants in response to my proper discovery requests. Plaintiff objects to this request in that it assumes such documents are in possession of Plaintiff. Such documents are in possession o Defendants or other third parties. All other "responsive" documents are in the possession, custody and control of Defendants, and have been withheld from Plaintiff by Defendants. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

6. Written, audiotaped, or videotaped statements that you have taken from any person whom you believe may have knowledge of facts relevant to the claims in your lawsuit**.**
**RESPONSE:** None at this time. Plaintiff will supplement as required by the rules.

7. Written, audiotaped, or videotaped statements in which you allegedly complain of unlawful discrimination and/or retaliation during your employment with Defendant**.**
**RESPONSE:** Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, please refer to Defendants' Bates DEF-CF000607-000617. Plaintiff will supplement as required by the rules.

8. Correspondence, including but not limited to emails, between you and Defendant Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present**.**

**RESPONSE:** Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same. See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Faire003-131.

9.      Correspondence, including but not limited to emails, between you and Defendant Donbavand regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.
**RESPONSE:**      Objection, as Defendants Jones and Donbavand are in possession and control of such emails between Donbavand and Plaintiff, and further Defendants withheld same from Plaintiff, or "redacted" same. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Faire0132-0256.

10.    Correspondence, including but not limited to emails, between you and any employee or agent of Defendant FMP regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendants Jones is in possession and control of such emails between him and Plaintiff, and furthers have withheld same from Plaintiff, or "redacted" same. See TRCP 193.1. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please also refer to Requests 8 and 9 above.

11.    Correspondence, including but not limited to emails, between you and any employee or agent of Defendant All Jones regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present.

**RESPONSE:** Objection, as Defendant ALL JONES and co-defendants are in possession and control of such emails between any employee or agent of Defendants, and further, See TRCP 193.1. Further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank Defendants were sent a Retention Notice on

December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-10 above.

12. Correspondence, including but not limited to emails, between you and any individual identified in your Responses to Defendants' Requests for Disclosure regarding any of the facts underlying your claims in this lawsuit dated after November 13, 2012 to the present**.**

**RESPONSE:** Objection, as Defendants are in possession and control of such emails between any employee or agent of Defendants, and further, Defendants have withheld same from Plaintiff, or "redacted" same to the degree the "responsive" documents are virtually blank. . Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, please see Requests 8-11 above.

13. Statements, documents, videotapes, and audiotapes you submitted to the EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit**.**
**RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

14. Statements, documents, videotapes, and audiotapes you received from EEOC, Department of Labor, or the TWC-Civil Rights Division regarding any of the facts underlying your claims in this lawsuit**.**
**RESPONSE:** Please refer to Defendants' Bates DEF-CF000607-000617

15. Documents relating in any manner to any criminal records (including but not limited to police reports, arrest, and/or conviction records) identified in your response to Interrogatory No. 4**.**
**RESPONSE:** Plaintiff incorporates her objection to Interrogatory No. 4, objects as this request is solely for the purpose of harassment. Subject to and without waiving the foregoing objection, none.

16. Rebuttal and impeachment evidence you intend on introducing at trial that is not otherwise responsive to Defendant's Requests for Production or Interrogatories propounded on you**.**

**RESPONSE:** Plaintiff objects as this request is overly broad, and because this request requires Plaintiff to marshall her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, None at this time. However, discovery is in its early stages, ongoing, and

Defendants' have withheld and/or redacted "responsive" documents. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Plaintiff will supplement once she is afforded access to properly requested responsive documents.

17. Petitions and complaints in lawsuits identified in response to Interrogatory No. 3.
**RESPONSE:** None other than this suit, for which, Defendants' are in possession of all such requested documents. Please see Requests 13 and 14 above

18. Documents submitted by you in conjunction with any bankruptcy petition filed by you since January 1, 2010.
**RESPONSE:** Plaintiff objects, as this request is irrelevant, and will not lead to admissible evidence related to the subject matter of this suit. Subject to and without waiving the foregoing objection, none.

19. Documents taken, received, kept, or generated by a health care provider relating to any emotional distress or mental anguish you claim as damages in this lawsuit.
**RESPONSE:** Plaintiff will supplement.

20. Medical records supporting your claim that you suffered mental anguish as a result of Defendants' conduct and/or omissions as alleged in this lawsuit.
**RESPONSE:** Plaintiff will supplement.

21. If you seek emotional distress, mental anguish, or other compensatory damages, a signed copy of the attached authorization for release of medical records.
**RESPONSE:** Plaintiff objects as these are three separate questions.

22. If you have worked or applied for work with any other employer besides Defendant since January 1, 2014, a signed copy of the attached authorization for release of employment records.
**RESPONSE:** Objection as this is two questions, calling for two answers, and as such is improper.

23. If you are seeking attorney's fees, the contract(s) for legal services between you and your counsel in this case.
**RESPONSE:** See Faire 0257-0260.

24. If you are seeking attorney's fees, documents, including but not limited to "time sheets," bills, invoices, and/or receipts, that support your claim for reasonable attorney's fees, costs, and expenses in this case.
**RESPONSE: :** See Faire 0261-0264. Plaintiff will supplement.

14

25. Privilege log of all documents withheld from production due to a claim of privilege.
**RESPONSE**: None

26. Documents relied upon by a consulting expert whose opinion(s) and/or work product have been reviewed by or relied upon by a testifying expert.
**RESPONSE:** None at this time. Plaintiff will supplement as required by the rules.

27. Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings sent to or received from any current or former employee of Defendant relating to your claims in this lawsuit.
**RESPONSE:** None at this time. However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents. Plaintiff will supplement once she is afforded access to properly requested responsive documents TRCP 193.1

28. Any documents identified in or relied upon in your Responses to Defendant's Requests for Disclosures.
**RESPONSE:** Objection as this request requires Plaintiff to marshall her evidence on this particular issue and such request is improper.

29. Any documents relied upon or referenced in responding to Defendant's Interrogatories.
**RESPONSE:** Objection as this request requires Plaintiff to marshall her evidence on this particular issue and such request is improper.

30. Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings you have received from the individuals identified in your responses to Interrogatory Nos. 7-9 and 12-13 above that relate to your claims in this lawsuit.

    **RESPONSE:** None at this time. However, discovery is in its early stages, ongoing, and Defendants' have withheld and/or redacted "responsive" documents. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, Plaintiff will supplement once she is afforded access to properly requested responsive documents. TRCP 193.1

31. Statements, reports, memoranda, notes, documents, and/or other written instruments and/or tape recordings that relate to the employment practices identified in response to Interrogatory Nos. 7-8 above.
**RESPONSE:** None at this time. However, discovery is in its early stages,

ongoing, and Defendants' have withheld and/or redacted "responsive" documents. Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to examination of security tapes previously requested of Defendants, and forensic examination of equipment and devices of Defendants. Subject to and without waiving the foregoing objection, Plaintiff will supplement once she is afforded access to properly requested responsive documents.

32. Documents created by you that record, summarize, document or reference conversations or communications between you and any current or former employee of Defendants about your claims in this lawsuit. This Request does not seek documents created by you in order to seek legal advice or documents created at the behest of your attorney.
**RESPONSE:** Objection as this request is non-sensical. Subject to and without waiving the foregoing objection, attorney-work product.

33. Correspondence, notes, memoranda, reports, documents, or other written or recorded material taken or received from Defendants by Plaintiff, including but not limited to, policies, procedure manuals, reports, performance reviews, counselings, and/or memoranda.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted, in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

34. Documents discussing or referencing your work performance while employed with Defendant from November 13, 2012 to the present.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

35. Evaluations, reprimands, or other documents discussing your performance or employment status with Defendants since November 13, 2012.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted

36. Documents received from employers to whom you have inquired about employment at any time from January 1, 2014 to the present.
**RESPONSE:** None

37.  Documents received from employers that have made you an offer of employment at any time from January 1, 2014 to the present.
**RESPONSE:**  None at this time.  Plaintiff will supplement.

38.  Documents, including but not limited to written applications for employment, submitted to potential employer(s) at any time from January 1, 2014 to the present.
**RESPONSE:**  None, as the mechanisms have been online.  See response to Defendants' Interrogatory No.6.

39.  Documents you intend to offer as an exhibit during any proceeding, deposition, hearing, or trial of this lawsuit.
**RESPONSE:**  Objection, as this request is premature, and Plaintiff is not required to marshall all evidence at this time.   Further, Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Discovery is ongoing, Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

40.  Emails you sent to or received from any current or former employee of Defendant that discuss or evidence your claims in this lawsuit.
**RESPONSE**:   See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

41.  Documents that support your claim for back pay as alleged in your Petition.
**RESPONSE:**  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

42.  Documents that support your claim for front pay as alleged in your Petition.
**RESPONSE:**  See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

43.  Documents that support your claim for "non-economic" damages, as alleged in your Petition.

**RESPONSE:** Plaintiff objects to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Plaintiff will supplement pursuant to the rules.

44. Documents revealing your gross and net income, including benefits, since January 1, 2010 to the present.
   **RESPONSE:** Plaintiff objects to the request for documents unrelated to her employment with Defendants and the subject matter of this suit. Plaintiff further objects, as the best documents are in the possession, custody and control of Defendants. Defendants have withheld and/or redacted such documents from Plaintiff

45. Documents supporting your contention that "Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to" her, as alleged in your Petition.
   **RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants   Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants.

46. Documents supporting your contention that "Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit," as alleged in your Petition.
   **RESPONSE**: Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants   Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants..   Please refer to Defendants' BATES DEF-CF-00118, DEF-CF-000448, 00401 and other documents in the possession of Defendants.

47. Documents supporting your contention that Defendant Jones "authorized for [sic] the necessary real estate transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership," as alleged in your Petition.
   **RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants   Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014. Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents. Plaintiff will seek appropriate court

intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.

48.     Documents evidencing any Defendant's alleged intent to gift the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
         **RESPONSE:** Plaintiff objects as documents responsive to this request are in the the possession, custody and control of Defendants, including email communication between Jones and other defendants   Defendants have withheld such documents from Plaintiff.   Defendants were sent a Retention Notice on December 5, 2014.  Defendants are in violation of said notices, and Defendants are guilty of spoliation of relevant documents.  Plaintiff will seek appropriate court intervention including, but not limited to forensic examination of equipment and devices of Defendants. Please refer to DEF_CF-00401-410 and DEF-CJ-00085/86, DEF- CJ-00085/86, DEF-CF-00118-00152 and other documents in the possession of Defendants.


49.     Documents that, if executed, would transfer ownership of the property located at 8647 Timber Place, San Antonio, Texas 78250 to Plaintiff.
         **RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted.  Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

50.     Documents evidencing Plaintiff's "moving expenses.
         **RESPONSE:**  "Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1.


51.     Documents evidencing Plaintiff's "expenses in making repairs to the residence to make it habitable.
         **RESPONSE:**   " Please see Faire0265-0272 and objections and responses to Request 8 and 9 above.

52.     A copy of the "inspection report" identified in Paragraph 13 of your Petition.
         **RESPONSE:** See Defendants' DEF-CF-00119-00144.

53.     A copy of the "one-month lease" identified in Paragraph 13 of your Petition.
         **RESPONSE:** Please refer to BATES DEF-CJ-00085-00086.

54. Documents supporting your contention that "Plaintiff had clear title to her 2005 Mini Cooper," as alleged in your Petition.
**RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. DEF-CF-00514 Please also see Faire0273-0279.

55. A copy of the "payment plan" identified in Paragraph 15 of your Petition.
**RESPONSE:** Please refer to the Pleadings and See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' ever produce responsive documents properly requested by Plaintiff.

56. Documents supporting your contention that "immediately before the firing, [you had] been given a raise in pay and additional duties," as alleged in your Petition.
**RESPONSE**: See DEF-CJ-00065.

57. Documents supporting your contention that you were asked to "perform employment duties that were not in furtherance of the corporate business," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, please refer to 2013-CI-04328 and 2013-CI-11046.

58. Documents supporting your contention that "Donbavand … was aware of the employment violations …," as alleged in your Petition.
**RESPONSE:** See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff TRCP 193.1.

59. Documents supporting your contention that Defendants have "circulat[ed] malicious rumors about the Plaintiff," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection. **See DEF-CJ-00064, DEF-CJ-000111-15, DEF-CF-00456,**

**00463** Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

60. The "written agreement" Defendant Jones allegedly promised to execute at closing, as alleged in Paragraph 22 of your Petition.

**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

61. Any documents that existed at the time of closing and would "giv[e you] full title and interest to the home," as alleged in your Petition.

**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

62. Documents supporting your contention that Defendants made "a false representation or concealment of material facts concerning the real estate transaction," as alleged in your Petition.

**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

63. Documents supporting your contention that Defendants "made representation with knowledge, actual or constructive, of those facts," as alleged in your Petition.

**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

64. Documents supporting your contention that you "detrimentally relied upon the misrepresentation," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

65. Documents evidencing any costs or expenses incurred by you based upon your alleged detrimental reliance upon Defendants' representations.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection, see Faire0265-0272. Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

66. Documents, including but not limited to any invoices for work performed, evidencing "valuable improvements" you contend you have made to the property located at 8647 Timber Place, San Antonio, Texas 78250.
**RESPONSE:** DEF-CF-496/97 and see Request 65 above.

67. Documents, including but not limited to emails and correspondence, evidencing any instance in which Defendant Jones "made sexual advances toward Plaintiff," as alleged in your Petition.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing objection Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants. See TRCP 193.1.

68. Documents, including but not limited to emails and correspondence, evidencing any instance in which you complained of Defendant Jones's alleged "sexual advances.
**RESPONSE:** Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper. Subject to and without waiving the foregoing

objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1."

69.     Documents, including but not limited to emails and correspondence, evidencing any instance in which you resisted Defendant Jones's alleged "sexual advances.
**RESPONSE:**   " Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1.

70.     Documents supporting your contention that Defendant Jones "made it clear that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones," as alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1.

71.     Documents evidencing any instance in which you "refused to further submit to Defendant Jones's inappropriate requests," as alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1.

72.     Documents evidencing any act committed by Donbavand in furtherance of the "conspiracy" alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection, see DEF-CF-00477,00478,00479, 00482/00483, 00486, 00492, 00496

Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1

73.  Documents evidencing any act committed by Kemp in furtherance of the "conspiracy" alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is duplicative, overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Plaintiff also objects and declines to give a narrative answer to this interrogatory because the request asks for information that is available from Defendants' business records, and said Defendants can obtain such information from their own intracorporate emails, and this was a routine matter of conducting business.  Subject to and without waiving the foregoing objection,  see DEF-CF-00486, 00490, 00491, 00496, 00509,00510, 00511.  Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1

74.  Documents evidencing your "payment of consideration" for the property located at 8647 Timber Place, San Antonio, Texas 78250, as alleged in your Petition.
**RESPONSE:**  Plaintiff objects to this request because it is overly broad, and further object to this request because it seeks data or information that exists in electronic or magnetic form in the sole control of Defendants, further Plaintiff objects because this request requires Plaintiff to marshal all her evidence on this particular issue, and such request is improper.  Subject to and without waiving the foregoing objection,  Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1

75.  Documents evidencing "valuable improvements" you have made to the property located at 8647 Timber Place, San Antonio, Texas, as alleged in your Petition.
**RESPONSE:**  Plaintiff will supplement when Defendants properly and completely respond to Plaintiff's request for documents under the possession, custody and control of defendants.  See TRCP 193.1 and Request 66 above.

76.  All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present.
**RESPONSE:**   Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request.  Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13.  Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has

requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

77. All emails sent to or from your mommiesawitch@yahoo.com email account from November 13, 2012 to present regarding your claims in this lawsuit.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff.

78. All emails sent from your mommiesawitch@yahoo.com email account from November 13, 2012 to present to any person identified in your Responses to Defendants' Requests for Disclosure.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP 193.1

79. All emails received at your mommiesawitch@yahoo.com email account from November 13, 2012 to present from any person identified in your Responses to Defendants' Requests for Disclosure.
**RESPONSE:** Objection, as Defendants seek information protected by the attorney-client and work-product privilege in this request. Subject to an without waiving the foregoing objection, please see Plaintiff's Objections and Responses to Interrogatory No. 18, 19 and 20, and Plaintiff's Objections and Responses to Request for Production No. 9, 10, 11, 12 and 13. Further, See Defendants' Bates stamped documents produced and those withheld, as well as those redacted in response to Plaintiff's discovery requests. Defendants are in possession, custody or control of the requested documents, if any. Plaintiff has requested all of the above from Defendants, and most has been withheld or redacted. Plaintiff will supplement should Defendants' produce responsive documents properly requested by Plaintiff. TRCP193.1



# Appendix 38



# Bexar County

## District Clerk/County Clerk Search

# Full Case Information

# Case Summary

### Case Information for Cause #: 2013CI04328

**TETYANA JONES vs ALLEN J JONES**

| | |
|---|---|
| **Cause No. :** | 2013CI04328 |
| **Name :** | TETYANA JONES |
| **Business Name :** | |
| **Litigant Type :** | PETITIONER |
| **Date Filed :** | 03/14/2013 |
| **Docket Type :** | DIVORCE W/CHILDREN |
| **Case Status :** | PENDING |
| **Court :** | 057 |

*Information as of: 10/14/2015 09:17:14 AM*

# Case History

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 3/14/2013 | PETITION FOR DIVORCE |
| P00002 | 3/14/2013 | CIVIL CASE INFORMATION SHEET |
| P00003 | 3/14/2013 | APPLICATION FOR PROTECTIVE ORDER |
| P00004 | 3/14/2013 | PETITIONER'S SUPPORTING AFFIDAVIT |
| P00005 | 3/14/2013 | CIVIL CASE INFORMATION SHEET |
| P00006 | 3/14/2013 | REQUEST FOR WORKS PPS/NTPO TPO |
| P00007 | 3/14/2013 | SERVICE ASSIGNED TO CLERK 2 |
| P00012 | 3/14/2013 | COPY OF P O SENT TO SAPD/SHERIFF |
| P00013 | 3/14/2013 | TEXAS CRIME INFORMATION DATA FORM FOR: ALLEN JACKIE JONES |
| T00008 | 3/14/2013 | NON-JURY SETTING ON TEMPORARY ORDERS (ASSIGNED TO JUDGE CANALES) COURT: 109 TRIAL DATE & TIME: 3/28/2013 9:00AM |
| T00009 | 3/14/2013 | NON-JURY SETTING ON TRO & TEMPORARY ORDERS (ASSIGNED TO JUDGE CANALES) COURT: 109 TRIAL DATE & TIME: 3/28/2013 9:00AM |
| T00010 | 3/14/2013 | NON-JURY SETTING ON APPLICATION FOR PROTECTIVE ORDER (ASSIGNED TO JUDGE CANALES) COURT: 109 TRIAL DATE & TIME: 3/28/2013 9:00AM |
| T00011 | 3/14/2013 | NON-JURY SETTING ON TEMPORARY PROTECTIVE ORDER (ASSIGNED TO JUDGE CANALES) COURT: 109 TRIAL DATE & TIME: 3/28/2013 9:00AM |
| O00001 | 3/14/2013 | TEMPORARY EX PARTE PROTECTIVE ORDER AND ORDER SETTING HEARING JUDGE: JOHN D. GABRIEL, JR. VOL: 4022 PAGE: 1638 PAGE COUNT: 10 |
| O00002 | 3/14/2013 | TEMP REST ORD, ORD SET HRG TEMP ORD JUDGE: JOHN D. GABRIEL, JR. VOL: 4013 PAGE: 3009 PAGE COUNT: 9 |

| O00003 | 3/14/2013 | ORDER TO APPEAR |
|---|---|---|
| | | JUDGE: JOHN D. GABRIEL, JR. |
| | | VOL: 4018 PAGE: 1978 PAGE COUNT: 8 |
| O00004 | 3/14/2013 | ORDER TO APPEAR |
| | | JUDGE: JOHN D. GABRIEL, JR. |
| | | VOL: 4018 PAGE: 1986 PAGE COUNT: 9 |
| S00001 | 3/15/2013 | CITATION |
| | | ALLEN JACKIE JONES |
| | | ISSUED: 3/15/2013 RECEIVED: 3/19/2013 |
| | | EXECUTED: 3/22/2013 RETURNED: 3/25/2013 |
| S00002 | 3/15/2013 | NOTICE |
| | | ALLEN JACKIE JONES |
| | | ISSUED: 3/15/2013 RECEIVED: 3/19/2013 |
| | | EXECUTED: 3/22/2013 RETURNED: 3/25/2013 |
| S00003 | 3/15/2013 | TEMPORARY RESTRAINING ORDER |
| | | ALLEN JACKIE JONES |
| | | ISSUED: 3/15/2013 RECEIVED: 3/19/2013 |
| | | EXECUTED: 3/22/2013 RETURNED: 3/25/2013 |

*Information as of: 10/14/2015 09:17:14 AM*

# Appendix 39

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

*IN RE ALLEN J. JONES, Relator*

*AFFIDAVIT OF JUSTIN BARBOUR*

STATE OF TEXAS      §
                    §
COUNTY OF BEXAR §

On this date, Justin Barbour appeared before me in Bexar County, Texas and stated the following:

**I.**

My name is Justin Barbour. I am over 18 years of age. I am under no disability, and I am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

I am an attorney licensed to practice law in the State of Texas. My law practice consists primarily of labor and employment law in state and federal courts, as well as in private arbitrations. I was licensed to practice law in the State of Texas in 2006, after graduating from the *University of Texas School of Law*. I am a partner in the firm of *Schmoyer Reinhard LLP*, where I have worked since 2008. Previously, I was an associate in the San Antonio offices of *Akin Gump Strauss Hauer & Feld LLP*. While at *Schmoyer Reinhard LLP* I have served as counsel of record in more than 100 lawsuits and private

1

arbitrations in various jurisdictions throughout the State of Texas. I have also represented clients in administrative proceedings, including those before the Texas Workforce Commission, Equal Employment Opportunity Commission, Occupational Safety & Health Administration, and Department of Labor. I also regularly provide legal counsel and training to clients on various labor, employment and policy issues.

## II.

My firm, Schmoyer Reinhard LLP, is counsel of record for Defendants, including Mr. Allen J. Jones, in the matter styled *Cearth Faire v. FMP SA Management Group, LLC d/b/a Food Management Partners, et al.*; Cause No. 2014-CI-16674. In that underlying lawsuit, Plaintiff has produced to Defendants nearly 100 pages of Mr. Jones' privileged documents, including emails exchanged between Mr. Jones, his attorneys, and their respective representatives. Prior to Plaintiff's production of these privileged emails and communications, neither Ms. Faire nor Ms. Brown had made me aware that either of them were in possession of or had reviewed Mr. Jones' privileged documents.

Based on Ms. Brown's review and analysis of Mr. Jones' privileged documents, Mr. Jones filed a Motion to Disqualify in the trial court. That Motion was argued before the Hon. Richard Price on September 16, 2015. At that hearing, Judge Price directed that the relevant privileged documents, which had been reviewed by Ms. Brown and produced by Ms. Faire, be submitted to him in a sealed form for *in camera* inspection. Later that same day, the privileged emails produced at FAIRE 015-16, 068-71, 213-230, 237-241, and 246-255 were delivered in a sealed format to Judge Price's chambers for inspection in adjudicating the Motion to Disqualify. True and correct copies of these privileged documents, as they were produced by Plaintiff, are being delivered to this Court in hard copy format in an envelope with a cover page entitled Relator's Sealed Mandamus Appendix.

## III.

I do not believe that disqualification of Ms. Brown would unfairly prejudice Ms. Faire in her ability to prosecute her claims in this matter. This matter is not set for trial until March 7, 2016, and the parties' dispositive motion briefing deadlines are several months away. No depositions have yet been taken in this matter. Thus, I believe that, should Ms. Brown be disqualified, Ms. Faire will have ample time to identify and retain substitute counsel, who would then have ample time to learn the case and provide competent representation.

## IV.

I have reviewed the documents contained in Relator's Mandamus Appendix/Record, which is being filed herewith. The documents contained within that Mandamus Appendix/Record are true and correct copies of the documents identified therein.

Further, affiant sayeth not."

_____
Justin Barbour

SUBSCRIBED and SWORN to before me on this 14th day of October, 2015.

VERONICA PORTILLO
Notary Public, State of Texas
My Commission Expires
February 12, 2017

_____
Notary Public in The State of Texas

My Commission Expires:

2/12/17
_____

3

# Appendix 40

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

June 26, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:  Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

Dear Mr. Barbour:

Thank you for your letter of June 26, 2015, containing the offer to drop your Motion to Compel presently set for July 1, 2015. I am in complete agreement that we should make attempts to resolve the discovery issues before going to court.

However, in exchange, I would also like for us to enter into an agreement concerning resetting of the hearing date for Kemp's 91a motion. My understanding of Rule 91a 5 © is that we can come to an agreement concerning the hearing date. See attached note.

Therefore, what I am asking, is if we can drop all hearings so that we can have an opportunity to further discuss all discovery issues and maybe even moving toward resolving all other issues between our respective clients.

Enjoy your personal time, and if you need to contact me directly, please note my cellular number is 210 325 3262. Again, appreciate your letter.

Respectfully,

OLGA BROWN

OB/mf
cc   Cearth Faire
File

setting a Rule 91a hearing, a party should be aware that the trial court's deadline to rule on the motion is calculated from the date the motion is filed, not from the date of the hearing.[32] The court is not required to conduct an oral hearing on the motion.[33]

### 3. Responding to the Motion

A respondent must file its response to the motion no later than 7 days before the motion is heard.[34] Up until 3 days before the motion is heard, a claimant may either nonsuit or amend the challenged cause of action.[35]

If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may withdraw the motion or file an amended motion at any time before the hearing.[36] Filing an amended motion in response to an amended cause of action, restarts Rule 91a's time periods.[37]

### 4. Obtaining a Ruling on the Motion

Unless the movant timely withdraws the motion or the respondent timely nonsuits the challenged cause of action, a trial court must rule on the motion absent an agreement of the parties to the contrary.[38] Notwithstanding any agreement of the parties, the trial court must grant or deny the motion no later than 45 days after the date the motion is filed.[39] Rule 91a does not specify what happens if a trial court rules on a motion to dismiss after this 45-day deadline.

### D. Contents of a Rule 91a Motion

A Rule 91a motion to dismiss must: (1) state that it is made pursuant to the rule, (2) identify each cause of action to which it is addressed, and (3) state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.[40] These requirements do not seem particularly onerous for the movant; however, the rule does limit the trial court's

determination to the contents of the motion to dismiss

### E. Mandatory Award of Attorney Fees

Rule 91a includes a mandatory award of "costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court" to the prevailing party.[41] This provision implements section 30.021 of the Civil Practice & Remedies Code, which was enacted by House Bill 274.[42]

In the original version of House Bill 274, section 30.021 would have "authorized" a trial court to award costs and attorney's fees. However, during the legislative process, the Legislature changed this discretionary award of costs and attorney's fees to a mandatory award.

In speaking about Rule 91a, one Texas Supreme Court justice has recognized that the mandatory award of attorneys' fees may affect the frequency with which 91a motions are filed:

> Whether the motion is granted or denied, the winning party gets attorney fees. So, if you file a motion and lose, the other side gets attorney fees. So, parties are going to have to think seriously about when to use it.[43]

### III. WILL RULE 91A PROVE TO BE A USEFUL TOOL?

Prior to the adoption of Rule 91a, Texas had no procedure for expeditiously obtaining dismissal of a meritless cause of action. Parties could obtain the same result by other means. For example, parties could file special exceptions, which could result in dismissal of the claims if the respondent failed to amend its pleadings after the trial court sustained the special exceptions.[44] If special exceptions did not

---

[32] *See* TEX. R. CIV. P. 91a.3(c)

[33] TEX. R. CIV P 91a.6.

[34] TEX. R CIV. P 91a.4

[35] TEX. R. CIV. P. 91a.5.

[36] TEX. R. CIV P. 91a.5(b)

[37] TEX R CIV. P 91a.5(d).

[38] TEX. R CIV. P. 91a.5(c).

[39] TEX. R. CIV. P. 91a.3(c).

[40] TEX. R CIV P 91a.2.

---

[41] TEX. R. CIV. P. 91a.6. This mandatory award does not apply to causes of action by or against a government entity or a public official acting in his or her official capacity or under color of law *Id*

[42] *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 203, § 1.02 (HB 274).

[43] Angela Morris, *Texas Lawyer Blog* (Nov. 16, 2012), http://texaslawyer.typepad.com/texas_lawyer_blog/2012/11/high-court-approves-rules-for-dismissal-expedited-proceedings.html.

[44] *See, e.g., Winters v. Parker,* 178 S.W.3d 103, 105–06 (Tex. App.—Houston [1st Dist.] 2005, no pet.).



# Appendix 41

# LAW OFFICE OF OLGA BROWN

111 SOLEDAD, SUITE 1725
SAN ANTONIO, TEXAS 78205
(210) 226-1550
TELECOPIER (210) 226-1884
Argyle2@sbcglobal.net

September 10, 2015

**Via facsimile (210) 447-8036**
Justin Barbour
Schmoyer Reinhard LLP
17806 IH 10 West, Suite 400
San Antonio, TX 78257

Re:    Cause 2014-CI-16674, *Cearth Faire v. Fmp Sa Management Group, Llc D/B/A Food Management Partners, Llc, All Jones Llc, Allen J Jones, Individually, And Peter Donbavand, Individually,* In The 150th Judicial District, Bexar County, Texas

Dear Mr. Barbour:

Please be advised that I am not available for the settings of September 14, 2015 that you have scheduled without conferring with my office.

Please refer to District Clerk records to verify that I have a prior setting for 2013-CI-18358.

Respectfully,

OLGA BROWN

OB/mf
Enclosures (as stated)
cc        Cearth Faire
File

# Appendix 42

FILED
9/10/2015 2:25:30 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Alex Lewicke

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, PETER DONBAVAND, | § | |
| INDIVIDUALLY, AND JASON KEMP, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants*. | § | BEXAR COUNTY, TEXAS |

**FIRST AMENDED FIAT ON DEFENDANT ALLEN J. JONES' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

Defendant Allen J. Jones' Motion to Disqualify Plaintiff's Counsel is hereby set for

Room 109

hearing at 9:00 a.m. on September 16, 2015 in the Presiding District Court, Bexar County

Courthouse, San Antonio, Texas.

9/10/2015

Signed on this _____ day of September, 2015.

Larry Noll
Presiding Judge
408th District Court
Bexar County, Texas

_____
JUDGE PRESIDING

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via electronic service and facsimile* to:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1884 (facsimile)
argyle2@sbcglobal.net

on this 10th day of September, 2015.

_____
Justin Barbour

# Appendix 43

DOCUMENT SCANNED AS FILED



2014CI16674 -D150

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| | § | |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | § | |
| INDIVIDUALLY, AND | § | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

### ORDER ON DEFENDANT ALLEN J JONES' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

On September 16, 2015, Defendant Allen J Jones' Motion to Disqualify

Plaintiff's Counsel , came to be heard.  After considering the motion, the

response, the argument of counsel and the documents presented *in camera*:

Defendant Allen J. Jones' Motion to Disqualify Plaintiff's Counsel  is  __DENIED__

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the

Defendant Allen J Jones' Motion to Disqualify Plaintiff's Counsel  is __DENIED__

SIGNED on _October 2_____, 2015.

HON. RICHARD PRICE

DOCUMENT SCANNED AS FILED

APPROVED AS TO FORM:

_____
OLGA BROWN
SBN: 03155500
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1550 telephone
(210) 226-1884 facsimile
Argyle2@sbcglobal.net
*Attorney for Plaintiff*

_____
CHRISTINE E REINHARD
SBN: 24013389
SCHMOYER REINHARD LLP
17806 IH 10West, Suite 400
San Antonio, Texas 78257
(210)447-8033 telephone
(210)447-8036 facsimile
creinhard@sr-llp.com
*Attorney for Defendants*

APPROVED AS TO FORM:

OLGA BROWN
SBN: 03155500
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1550 telephone
(210) 226-1884 facsimile
Argyle2@sbcglobal.net
*Attorney for Plaintiff*

CHRISTINE E REINHARD
SBN: 24013389
SCHMOYER REINHARD LLP
17806 IH 10West, Suite 400
San Antonio, Texas 78257
(210)447-8033 telephone
(210)447-8036 facsimile
creinhard@sr-llp.com
*Attorney for Defendants*



# Appendix 44

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE**<br>*Plaintiff* | § <br> § <br> § | **IN THE DISTRICT** |
| **V.** | § <br> § <br> § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC,**<br>**ALL JONES, LLC, ALLEN J JONES, INDIVIDUALLY, AND PETER DONBAVAND, INDIVIDUALLY** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| ***Defendants*** | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S SECOND AMENDED NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT, ALLEN J JONES

TO: Defendant, Allen J Jones, by and through his attorney of record, Christine E Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Please take notice that on the **2nd day of October 2015** and continuing thereafter from the day until completed Plaintiff, by and through her attorney of record, Olga Brown, will take the oral and videotaped deposition of Defendant, **ALLEN J JONES,** pursuant to Rule 199 of the Texas Rules of Civil Procedure at 9:00 a.m at Schmoyer Reinhard LLP, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Your attention is directed to the penalties set forth in Rule 215 of the Texas Rules of Civil Procedure for failure of the deponent to appear or to comply with the discovery requested.

Such deposition and answers shall be taken to be used and read in evidence upon trial in the above styled and numbered cause relevant to issues raised by Plaintiff.

You are invited to attend and examine the witness.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

BY:      _/s/ Olga Brown_
OLGA BROWN
State Bar No. 03155500
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 Telephone
210/226-1884 Facsimile
Argyle2@sbcglobal.net
*ATTORNEY FOR Cearth Faire*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of August 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Amended Notice of Intent to Take the Oral and Videotaped Deposition of Defendant, Allen J Jones was furnished to:

VIA FACSIMILE (210) 447-8036
    Christine E Reinhard
    SCHMOYER REINHARD LLP
    17806 IH 10 West, Suite 400
    San Antonio, Texas 78257

_/s/ Olga Brown_
OLGA BROWN



# Appendix 45

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE**<br>*Plaintiff* | § <br> § <br> § | **IN THE DISTRICT** |
| **V.** | § <br> § <br> § | **150TH JUDICIAL DISTRICT** |
| **FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES, INDIVIDUALLY, AND PETER DONBAVAND, INDIVIDUALLY** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT, JASON KEMP

TO:   Defendant, Jason Kemp, by and through his attorney of record, Christine E Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Please take notice that on the **2nd day of October 2015** and continuing thereafter from the day until completed Plaintiff, by and through her attorney of record, Olga Brown, will take the oral and videotaped deposition of Defendant, **JASON KEMP,** pursuant to Rule 199 of the Texas Rules of Civil Procedure at 1:30 p.m or immediately following the deposition of Allen J Jones, at Schmoyer Reinhard LLP, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

Your attention is directed to the penalties set forth in Rule 215 of the Texas Rules of Civil Procedure for failure of the deponent to appear or to comply with the discovery requested.

Such deposition and answers shall be taken to be used and read in evidence upon trial in the above styled and numbered cause relevant to issues raised by Plaintiff.

You are invited to attend and examine the witness.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

BY:     _/s/ Olga Brown_____.
        OLGA BROWN
        State Bar No. 03155500
        111 Soledad, Suite 1725
        San Antonio, Texas 78205
        210/226-1550 Telephone
        210/226-1884 Facsimile
        Argyle2@sbcglobal.net
        *ATTORNEY FOR Cearth Faire*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of August 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Amended Notice of Intent to Take the Oral and Videotaped Deposition of Defendant, Jason Kemp was furnished to:

VIA FACSIMILE (210) 447-8036
        Christine E Reinhard
        SCHMOYER REINHARD LLP
        17806 IH 10 West, Suite 400
        San Antonio, Texas 78257

                                _/s/ Olga Brown_____
                                OLGA BROWN

| Appendix No. | Document | Date | Allegations Made Therein |
|---|---|---|---|
| 1 | Plaintiff's Reply to Defendant's Response to Second Motion to Compel Deposition of Defendant Allen J. Jones | 10/12/2015 | Page 1 - "It is true and a matter of record that Jones has judicially admitted to human trafficking in open court in cause number 2013-CI-04328." Page 1-2 "It is also a matter of record that Jones held hostage his infant son in the Dominican Republic for five months to gain financial advantage in the pending divorce that was finalized on July 17, 2013." |
| 2 | Plaintiff's Amended Response to Defendant Kemp's Rule 91a Motion to Dismiss and request for Attorney Fees | 10/6/2015 | Page 3 – "Defendant Kemp was well aware of Defendant Jones' business and personal activities, which included … Jones' disparaging treatment of females, including, but not limited to a judicial admission in a Bexar County District Court by Jones of having purchased a female in the Dominican Republic for his own needs." Page 4 – "Defendant Kemp … is aware of Defendant Jones' demadns of Plaintiff to work for approximately five months to assist him in his divorce defense, by caring for his infant child on a 24 hour basis, in addition to her other job duties …. Defendant Kemp … condones Defendant Jones' 'human trafficking' as judicially admitted." |
| 3 | Plaintiff's Sixth Amended Original Petition | 10/6/2015 | Para 41 "Further, in other judicial proceedings, Defendant Jones made judicial admissions of … having financial resources to 'buy' a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings. In other words, judicial admissions of human trafficking on the part of the CEO of Defendant corporations, with the knowledge of other corporate officers, including Defendant Kemp, CFO. |

| | | | |
|---|---|---|---|
| 4 | Plaintiff's Second Motion to Compel the Oral and Videotaped Deposition of Defendant Allen J. Jones | 10/2/2015 | Para 7 "Defendant Jones has a history here in Bexar County, Texas of making judicial admissions in other proceedings that would shock the conscious of this tribunal and has not suffered consequences. For example, Defendant Jones testified before the Hon. Judge Cathy Stryker that he paid $10,000.00 cash for his third wife in the Dominican Republic." |
| | | | Para 8 – "Plaintiff believes that if Jones does not hold respect for the global laws of human rights and United States laws prohibiting human trafficking, Defendant Jones will not attend the oral and videotaped deposition…" |
| 5 | Plaintiff's Response to Defendant Jones' Motion to Disqualify Plaintiff's Attorney | 9/15/2015 | "Plaintiff Faire assisted [Jones] in the care of his infant son he was holding hostage in the Dominican Republic to gain leverage in the divorce proceedings."<br><br>Exhibit B Para 4 – "My attorney Olga Brown represented Mr. Jones' third wife, Tetyana Jones, in an international child custody case. Mr. Jones was accused of holding the infant, Astin, in the Dominican Republic to gain an advantage in his divorce action."<br><br>Exhibit B Para 6 – "As Mr. Jones' personal assistant, I was to gather personal information and forward it to his legal team, Peter Donbavand, Melissa Figueroa, and counsel Sam Bashara." |
| 9 | Plaintiff's Fifth amended Original Petition | 6/23/2015 | Para 29 "Further, in other judicial proceedings, Defendant Jones made judicial admissions of … having financial resources to 'buy' a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings. In other words, judicial admissions of human trafficking on the part of the CEO of Defendant corporations, with the knowledge of other corporate officers, including Defendant Kemp, CFO." |

| 10 | Plaintiff's Response to Defendant Kemp's Rule 91a Motion to Dismiss and Request for Attorney Fees | 6/16/2015 | Page 2 – "Para 41 "Further, in other judicial proceedings, Defendant Jones made judicial admissions of … having financial resources to 'buy' a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings.  In other words, judicial admissions of human trafficking on the part of the CEO of Defendant corporations, with the knowledge of other corporate officers, including Defendant Kemp, CFO."" |
|---|---|---|---|
| 20 | Plaintiff's Petition for Leave to File Interlocutory Appeal | 5/20/2015 | Page 1 – "[Faire] lived in the Dominican republic caring for Jones' children on a 24/7 basis for approximately five months, also assisting administratively in his defense in Jones' divorce proceedings pending in Bexar County, Texas during 2013 and 2014." |
| 23 | September 14, 2015 Correspondence from Olga Brown | 9/14/2015 | "Defendant Jones has made a judicial admission of his involvement in human trafficking.  Jones has testified in open court before the Hon. Cathleen Stryker that he paid Ten Thousand Dollars to purchase a young lady from a brothel in the Dominican Republic. For your convenience, I am enclosing a transcript of his testimony."<br><br>"Jones' conduct constitutes a serious crime and a grave violation of human rights.  Therefore, his credibility in this motion and in the entire lawsuit is at issue." |
| 30 | Transcript of Argument on Plaintiff's Motion for Reconsideration of Order Granting Jones Rule 91a Motion to Dismiss in Part | 5/6/2015 | Page 29:21-23 "She had been working, like I said, 24/7 helping him defend in the divorce pending here in bexar County." |

# Appendix 47

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. 2014-CI-16674

| | |
|---|---|
| CEARTH FAIRE,<br>       Plaintiff, | IN THE DISTRICT COURT OF |
| VS. | BEXAR COUNTY, TEXAS |
| FMP SA MANAGEMENT GROUP,<br>LLC D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC;<br>ALL JONES, LLC; ALLEN J.<br>JONES, INDIVIDUALLY, AND<br>PETER DONBAVAND; AND JASON<br>KEMP, INDIVIDUALLY,<br>      Defendants. | 150TH JUDICIAL DISTRICT |

---------------------------------------------------------------

DEFENDANT ALLEN J. JONES'

MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

SEPTEMBER 16, 2015

---------------------------------------------------------------

On the 16th day of September, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the HONORABLE RICHARD PRICE, Judge Presiding, held in the 285th District Court, San Antonio, Bexar County, Texas:

Proceedings reported by machine shorthand.

MARY ORALIA BERRY, CSR, RMR, CRR OFFICIAL COURT REPORTER
285TH DISTRICT COURT                    BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS  78205        (210)335-2289

**A P P E A R A N C E S:**

**MS. OLGA BROWN**
SBOT NO.:  03155500
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas  78205
Phone:  (210)226-1550
ATTORNEY FOR PLAINTIFF, CEARTH FAIRE

**MR. JUSTIN BARBOUR**
SBOT NO.:  24055142
Schmoyer Reinhard, LLP
17806 IH-10 West, Suite 400
San Antonio, Texas  78257
Phone:  (210)447-8033
ATTORNEY FOR DEFENDANTS, FMP SA MANAGEMENT
GROUP, LLC D/B/A FOOD MANAGEMENT PARTNERS, LLC;
ALL JONES, LLC; ALLEN J. JONES, INDIVIDUALLY,
AND PETER DONBAVAND, INDIVIDUALLY; AND JASON
KEMP, INDIVIDUALLY

# CHRONOLOGICAL INDEX

## VOLUME 1

## SEPTEMBER 16, 2015

|  | PAGE | VOL |
|---|---|---|
| CAPTION ...................................... | 1 | 1 |
| APPEARANCES .................................. | 2 | 1 |
| CHRONOLOGICAL INDEX .......................... | 3 | 1 |
| PROCEEDINGS .................................. | 4 | 1 |
| COURT'S RULING .............................. | 30 | 1 |
| ADJOURNMENT ................................. | 30 | 1 |
| COURT REPORTER'S CERTIFICATE ................ | 31 | 1 |

P R O C E E D I N G S

SEPTEMBER 16, 2015

WEDNESDAY

*(8:59 a.m. Before the Court.)*

*THE COURT:* We're on the record. Cause No. 2014-CI-16674 styled *Cearth Faire* --

*MS. BROWN:* Cearth, Your Honor.

*THE COURT:* -- *Cearth Faire v. FMP SA Management Group, LLC d/b/a Food Management Partners, LLC; All Jones, LLC; Allen J. Jones, Individually, and Peter Donbavand, Individually; and Jason Kemp, Individually.*

Can I have announcements as to who is here and who you represent?

*MR. BARBOUR:* Justin Barbour for defendants, Your Honor.

*MS. BROWN:* Olga Brown for the plaintiff, Cearth Faire.

*THE COURT:* Okay. And for the record, what is the matter that's before the Court today?

*MR. BARBOUR:* Your Honor, we're here on Defendant Allen J. Jones' Motion to Disqualify Plaintiff's Counsel.

*THE COURT:* Okay. Is that the only matter that's before the Court today?

MS. BROWN: Your Honor, if we get through in time, the Court said that you could hear my not ready motion on the motion to dismiss.

THE COURT: Well, unless I'm hearing the motion to dismiss -- what was sent up from Presiding Court?

MS. BROWN: The motion to disqualify, Your Honor.

THE COURT: Okay. The Court will be hearing what was sent up from Presiding Court because that is what the Presiding Court sent up to hear, okay?

MS. BROWN: Thank you, Your Honor.

MR. BARBOUR: Yes, Your Honor.

THE COURT: So the matter before the Court is Defendant Allen J. Jones' Motion to Disqualify Plaintiff's Counsel?

MR. BARBOUR: Yes, Your Honor.

THE COURT: Are y'all ready to proceed?

MS. BROWN: We are ready, Your Honor.

MR. BARBOUR: Yes, sir.

THE COURT: Okay. All right. Counsel, Mr. Barbour, you may proceed.

MR. BARBOUR: Your Honor, I represent all five defendants, including Allen J. Jones, who is the CEO of codefendant Food Management Partners.

Plaintiff, Mrs. Faire, is a former personal assistant to Mr. Jones. And plaintiff's own pleadings, as well as the evidence in the record, Your Honor, reflect that during an approximately two-year term in which she was defendant Jones' personal assistant, she handled a variety of personal and business matters for him, particularly including assisting him in the defense of a divorce and child custody -- or childcare custody proceedings that were happening at that time.

Mrs. Brown, who now represents Mrs. Faire, represented defendant Jones' ex-wife during those prior proceedings. So Ms. Brown has now been adverse to defendant Jones on two separate occasions, both with regard to the divorce proceedings and now with regard to this case, which at present only involves a Chapter 21 claim for sexual harassment with regard to defendant Jones at least.

In the course of discovery, obviously we've propounded relatively standard requests for production. You know, give us all of your documents, your e-mails, your communications, that reflect the fact that you contend that defendant Jones sexually harassed you in the course of your employment with defendant FMP. Unexpected to us, we didn't get, you know, sexual

harassing communications, text messages, or anything like that.

The relevant part, we received 90 pages of defendant Jones' privileged communications between himself and his defense counsel in the prior proceedings in which Mrs. Faire served as his personal assistant.

THE COURT: Okay. And let me back up. Between Jones, do you mean him -- or which Jones are you talking about? I just want to make sure.

MR. BARBOUR: Yes, Your Honor. Defendant Allen J. Jones, individually, what the --

THE COURT: And his --

MR. BARBOUR: His attorney, Sam Bashara --

THE COURT: Okay.

MR. BARBOUR: -- who represented him in the divorce proceedings; Melinda Flores, who is Mr. Bashara's personal assistant; as well as agents of Mr. Jones himself. Sometimes we have two. Sometimes we have five individuals.

But each of these e-mails right here, each of these 90 pages of e-mails are, in fact, privileged communications, Your Honor. And I would be happy to tender them to the Court for in camera inspection, if the Court would like to review them to determine that.

Now, again, Your Honor, what this

indicated to us, was that Ms. Brown, who represented Mr. Jones' ex-wife, has now seen behind that veil and has seen the litigation strategy, the childcare issues, those very intensely private communications with counsel that Mr. Jones and his agents were exchanging with Mr. Bashara's office with regard to the childcare and custody proceedings.

Prior to these -- the production of these privileged documents, Ms. Brown had given us no indication whatsoever that Ms. Faire was still in possession of Mr. Jones' privileged communications, and she certainly had not indicated to us that she herself, as counsel for Ms. Faire, had obtained, reviewed, and digested these documents, Your Honor.

And, in fact, another motion that is set for hearing today is Ms. Faire and Ms. Brown's motion for in camera inspection of our privilege log. And I know that's not currently before the Court, but it's on the Presiding docket today, Your Honor. And that further asks that an additional 249 pages of e-mails that we've designated as privileged, and particularly pertaining to that childcare and custody proceeding, be examined again for potential production to Ms. Faire for review by Ms. Brown so that she can further have insight and invade Mr. Jones' attorney-client privilege.

With that factual background, Your Honor, the Supreme Court's *Meador* decision, which is attached at Tab A of the notebook that the Court has been provided, outlines the six factors the Court needs to review in determining whether or not an attorney who comes into possession of another party's privileged communications outside of discovery, meaning it's not that we inadvertently produced our own privileged communications of her, but her own client provided her outside of discovery, should be disqualified.

To briefly review those six factors, Your Honor, the first is whether the attorney should have known the documents were privileged. Mrs. Brown was adverse to defendant Jones, and, in fact, attempted to seek Ms. Faire's adverse deposition during those childcare custody proceedings. She interacted with Mr. Bashara. She interacted with Ms. Flores, as agents and attorneys for Mr. Jones during that divorce proceeding.

There's simply no credible question -- there's no way Ms. Brown, I believe, can credibly deny that she should have known that each of these 90 pages of privileged e-mails were, in fact, privileged when she received them from Mr. Faire.

The second is the promptness -- the second

factor is the promptness with which opposing counsel notifies Mr. Jones' attorney that she's, in fact, in possession of those privileged e-mails. Quite simply, Your Honor, Ms. Brown herself never notified of this -- notified us of this. She simply produced the documents back to us in response to our requests for production.

As I sit here today, I have no idea when she first came into the possession of them, but it could have been substantially long ago, back to September 2014 when she began representing Ms. Faire. But regardless, she's never offered to return the privileged documents, despite our written request that she do so, and she never notified us promptly of her possession of those documents.

The third is the extent to which the attorney reviews and digests the privileged information. Ms. Brown, alone, can speak to that, but I believe that her communications, which are attached as exhibits to our motion to disqualify, evidence the fact that by producing them in discovery, she clearly reviewed them and understood and knew the contents of those privileged communications rather thoroughly, if not incredibly thoroughly.

The fourth factor, Your Honor, is the significance of the privileged information. Again, Your

Honor, a review of the documents -- which, you know, I would be happy to tender to the Court for in camera review -- does, in fact, reflect that some of these privileged communications are simply transmittal letters. Some of them say, We received an e-mail from Ms. Brown regarding divorce proceedings. Here, Ms. Faire, here, Mr. Jones, if you would like to review it. That's not the most privileged communication.

Some of them, especially those towards the back of the privileged communications, including Faire 254 to Faire 255, are -- I don't want to review those -- you know, read them into the record obviously, Your Honor, but I tender them to the Court and suggest that, again, these are intensely personal private communications that Mr. Jones and his agents rightfully relied upon and believed they would be held privileged and not subject to disclosure, especially to Mr. Jones' ex-wife's attorney.

And, further, you know, in terms of the importance of the privileged information, in subsequent communications, Ms. Brown has related that she intends to rely upon these privileged communications for which Mr. Jones has never waived privilege and attempting to show liability in this matter.

So there's no doubt that by Ms. Brown's

own admissions, her use and her reliance upon these privileged communications goes to the very heart of the matter that Ms. Faire intends to try in this lawsuit.

The fifth matter is the extent to which the movant is at fault for the unauthorized disclosure. Quite simply, Your Honor, Mr. Jones, as our motion reflects, had an absolute good faith basis to assume that his agent, his personal assistant, who owes fiduciary duties to him, would hold his privileged communications close and would not, you know, disclose them to anyone, particularly including his ex-wife's attorney. And there's no evidence in the record whatsoever, Your Honor, that Mr. Jones allowed it or was negligent in allowing Ms. Brown to come into possession of these documents.

And, finally, Your Honor, the sixth *Meador* factor is the prejudice of the non-movant to Ms. Faire if the Court were, in fact, to grant the motion to disqualify. We're relatively early in this litigation, Your Honor. There's been a handful of discovery motions. Not a single deposition has been taken yet. I would respectfully submit that Ms. Faire has ample time to procure alternate counsel in the event the Court was, in fact, able -- was -- did, in fact, grant the motion to disqualify.

Now, Your Honor, having received Ms. Brown's response late yesterday, I understand that she's going to submit to the Court that we should have filed a motion to disqualify immediately upon her representing Ms. Faire when the lawsuit was filed back in October, when we filed our initial appearance in November and so forth.

Neither the pleadings in the matter at that time, the discovery available, the statements from Mrs. Brown, anything along those lines back then, Your Honor, gave us any indication that she had come into possession of Mr. Jones' privileged communications. We didn't even know that Ms. Faire was still in possession of these privileged communications.

Respectfully, if I had come to court with a motion to disqualify Ms. Brown at that time, I believe I would have lacked a good faith basis to pursue the relief that we're seeking today, Your Honor. And given the severe remedy that I admit we are seeking, the fact that we do so reluctantly but out of an abundance and a need to try and protect our clients' privileged communications, Your Honor, that is why we didn't, you know, hastily seek the relief we're seeking today.

But, Your Honor, in light of the six *Meador* factors, each of which, I believe, reflect that

Ms. Brown -- that Ms. Faire should, in fact --
Ms. Brown, excuse me, should be disqualified from
continued representation of Ms. Faire, we would present
the Court with that information.

THE COURT: When were the documents
produced in discovery?

MR. BARBOUR: Yes, Your Honor.

THE COURT: When was that?

MR. BARBOUR: Sometime in April, Your
Honor.

THE COURT: April of 2015?

MR. BARBOUR: Yes, Your Honor.

MS. BROWN: Your Honor, I think the record
will show it was March 15th -- March 31st.

MR. BARBOUR: Okay. We received them in
April, I suppose, then, Your Honor, yes.

THE COURT: That's fine. Okay. And when
again was the suit filed?

MR. BARBOUR: The suit was filed in late
October 2014, I believe.

Olga?

MS. BROWN: Over a year ago, Your Honor.

THE COURT: Okay. Please continue.
Please continue.

MR. BARBOUR: In addition to the Meador

analysis, Your Honor, other precedented cases that when an opposing counsel represents a member of the party's litigation team, that there's a rebuttable presumption that that member of the litigation team has, in fact, disclosed confidences, disclosed privileged communications, and whatnot; and, therefore, that attorney's disqualification is required.

And if the Court would -- you know, would consider Tab C in the notebook --

THE COURT: Okay.

MR. BARBOUR: -- the *In re RSR Corporation* decision from the Court of Appeals in Dallas.

The court in that decision held that unless the attorney representing a member of the litigation team is able to conclusively rebut the presumption that confidences and privileged communications have been disclosed, that disqualification in that type of situation is required, Your Honor.

And Ms. Brown in her response has done nothing other than to dispute the application of the *Meador* factors, nor to dispute the fact that these confidences and these privileges have, in fact, been disclosed. In fact, the 90 pages of e-mails and plaintiff's passive admissions indicate that, in fact,

Ms. Brown has reviewed these privileged communications. And so under that litigation team exception as well, Your Honor, disqualification would also be required.

THE COURT: Okay.

MR. BARBOUR: So I'm reserving the right to rebuttal.

THE COURT: Okay. And then you would get to rebuttal to whatever response. I mean, it's your motion, so you'll get the last word.

MR. BARBOUR: Thank you very much.

THE COURT: Okay. Ms. Brown?

MS. BROWN: Thank you, Your Honor. And may it please the Court?

Mr. Barbour -- I have great respect for Mr. Barbour. In fact, Ms. Faire and Mr. Jones attempted to resolve the claims that Ms. Faire now has against Mr. Jones.

THE COURT: Okay.

MS. BROWN: When that failed, I notified him to have his counsel contact me because I wanted to see if we could resolve this issue and enter into a settlement agreement for the claims that I will inform the Court later on.

THE COURT: Okay. And I don't want to get -- I don't want to hear anything about discussions.

*MS. BROWN:* That's fine.

*THE COURT:* The Court just wants to hear concerning the motion before it.

*MS. BROWN:* Yeah, exactly. But what I'm trying to do, Your Honor, is lay the background that my first communication with Mr. Barbour, I made full and complete disclosure that I had represented Mr. Jones' third wife, Tatyana Jones, for a period of two months while this child custody hearing was pending. Basically, the marriage of Mr. Jones to my client -- to my original client, Tatyana, was a very brief marriage, so the sole issue there was child custody.

In order for Mr. Jones, who, by the way, Your Honor, is a very wealthy man -- he owns a lot of franchises. In fact, FMP means Food Management Partners. They own 55 Buffalo Wild Wing franchises, you know, Smashburger, a whole bunch of these. But this was a very brief marriage. There was little or no discovery concerning Mr. Jones' assets. The whole thing centered around international child custody issues.

What Mr. Jones had done was taken the infant son and held him hostage in the Dominican Republic in order to have some leverage, as if he already didn't have great financial leverage, over Ms. Jones -- the third Ms. Jones. So my period -- or my

representation of Ms. Jones basically centered around the Hague Convention, the issues, nothing like the tort claims that we have.

So Ms. Faire's claims are completely different from the information that I gathered about international child custody issues. What -- the end result was that Mr. Bashara, who all of us know is an excellent family law practitioner, he and I entered into an agreement, and we settled that case, and that was it. My client then went to other -- other attorneys to discuss postdivorce issues.

So my point in this, Your Honor, is we have two very different cases. A year ago, I made full disclosure to Mr. Barbour. Now Mr. Barbour is saying these are privileged and confidential information. My review of just one of them is basically this: Communications with Sam Bashara and Mr. Jones about getting permission to get records from an elementary school or pre-kinder or maybe a nursery school or something; nothing, Your Honor, relevant to this.

Now, Mr. Barbour, if he had timely filed this motion over a year ago, when I put him and Mr. Jones on full notice that I had represented Tatyana Jones, there's -- actually there's ongoing litigation between Mr. Jones and Tatyana. And, basically, all of

the information they're complaining about that I know are public record. For example, I filed a brief on the Hague Convention concerning child custody. That's a matter of public record, and so there is no -- he -- in his motion other than listing what he considered privileged and confidential.

Now we've been before Judge Sakai where they're trying to keep all of this information out. Judge Sakai said, Produce this information and let a court decide whether it's privileged or confidential.

THE COURT: You're talking about the 90 pages of --

MS. BROWN: Of all -- all of the discovery.

THE COURT: In this case -- I'm talking about this case.

MR. BARBOUR: I would respectfully disagree with the characterization of Judge Sakai's order as compelling us to produce the privileged information. We did not produce the information. We would have held it under the protection of a privilege and issued a privilege log. He granted plaintiff's motion to compel responses to a discovery request, and that was where that matter was left, Your Honor.

THE COURT: Okay.

MS. BROWN: All right. And I want to go back to -- and I'll just be filing, Your Honor, my response to this right here. Defendant Jones' objections, whether they're valid or not as to my representation of Ms. Faire, have been waived for this reason: A year is too long. The courts have held that two months is reasonable. Even three months is reasonable. But, Your Honor, the courts -- the case law that I cited in my response cut it off at four months. After four months, a waiver is established.

In his motion to -- to have me disqualified, Mr. Barbour failed -- he brings up the matters of the *Meador* factors, but he fails to bring forth evidence. His motion, Your Honor, is not sworn to. There is no evidence of the harm that Mr. Jones has sustained.

Now, he did follow -- he did file an affidavit from Allen Jones. And in the affidavit, for the first time he claims, Your Honor, that Ms. Faire was a member, and a key member, of his defense team. If she was to be a key member, Mr. Bashara did not contact her. But more importantly, Mr. Bashara did not need anything from Ms. Faire. What she did, in essence, Your Honor, was babysit this infant son in the Dominican Republic on a 24-hour basis.

Mr. Barbour cherry-picks, as part of his exhibit, the fact that in my fourth or fifth petition, I stated she was an important member of the Jones' defense team. But in other pleadings that are before the Court, I am more specific. I say by caring for this infant on a 24-hour basis.

Now, Mr. Jones -- and I want to address this. Mr. Jones is not a credible witness. Mr. Jones in other proceedings in response to questions by another attorney concerning his third wife and not having anything to do with me, actually admits to human trafficking.

THE COURT: Okay. I want to stick to what is before the Court in this motion. I want to stay very --

MS. BROWN: All right.

THE COURT: We have a motion to disqualify. I want to stick to the issues concerning it.

MS. BROWN: But here is how it's relevant, Your Honor. It's relevant because there is no evidence on his part that Mr. Jones was harmed except for Mr. Jones' conclusory statements, and I say that they are controverted by facts and by Ms. Faire's statements.

And I appreciate Your Honor not wanting me

to do that. But if Mr. Jones claims he is so harmed by my continuing representation after a period of over one year, why is he not here today? Why is he not here to tell Your Honor, This is the damage that I've sustained.

I'm ready, Your Honor, to take my oath, as an officer of the Court, and inform the Court that I have heavily litigated this case for over one year. I have in this case over 80 billable hours at the rate of 2- -- or 250 or $300 an hour. I have invested a lot of time. And she will sustain, Your Honor, over a quarter of a million dollars in attorney's fees.

So I want the Court to know that even though he brings up these *Meador* factors as to why the Court should disqualify me a year later, it's definitely not timely. I want to tell the Court, Look, by his very motion, by the procedure with which he brings this motion, there's been a waiver. His claim -- sure, he had a claim back then maybe, but he hasn't proven it.

I never represented Mr. Jones. I never spoke with Mr. Jones. I never had anything to do with him because he insulates himself with his staff, with his partners.

Now, one of the claims that Ms. Faire has or had to bring against Mr. Jones was an oral gift of real estate. Immediately upon me pleading this claim,

Mr. Barbour filed a motion to -- a motion to do the expedited request and under 91a -- Rule 91a.

Unfortunately for Ms. Faire, even though -- and, you know, 91a, Your Honor, just for the basis of the record, is a very simple motion to be denied. Did the plaintiff plead correctly? Did she plead correctly? Did she have facts or even inferences of facts to support her cause of action? And the plaintiff wins.

Well, in that case against Mr. Jones, the trial court granted Mr. Barbour's motion. We intend to appeal that, Your Honor. But on the other side of this, while this motion is pending, Mr. Jones has three or four attempts to evict Ms. --

THE COURT: Okay. I want to bring it back. Let's stay on the motion to disqualify. That is the only matter, and remember y'all announced 30 minutes.

MS. BROWN: Yes. And the reason that it's important, Your Honor, is this: Because I want the record to reflect the many opportunities that Mr. Jones had to raise his claim for disqualification -- for my disqualification. At the time of his answer in November of 2014, any one of the three or four times he attempted eviction proceedings, at any one of those times, he had

the chance to bring this claim up.

So, basically, Your Honor, I think that no matter what he says, no matter what I say, this Court should go no further than: When did you realize that Ms. Brown was going to be counsel for Ms. Faire? And he knew. He actually had, Your Honor, actual notice because when Ms. Faire paid my retainer through a credit card, somehow that financial transaction went over to Mr. Jones and his office. I have attached that to my response, and that, Your Honor, is back in October of last year.

And whether the information is privileged, whether it's confidential, and like I said, and whether the -- the matters are substantially related -- and they're not -- any of those things that might have given him a right, might have given him a right to disqualify me have been waived.

THE COURT: Okay.

MS. BROWN: Now, at all times, Mr. Jones is represented by Mr. Barbour and his law firm. And I just read the other day that they are the most prestigious largest employment --

THE COURT: Well, let's keep -- let's keep to the facts.

MS. BROWN: Okay. All right.

*THE COURT:* Y'all announced 30 minutes, and I want to hear from Mr. Barbour any further response, okay?

*MS. BROWN:* Okay. Just one more thing, Your Honor. And like I said, I filed this, and I said, This case should go no further than the untimeliness.

Now, I will address only one -- one other issue. He claims that Ms. Faire, as an ex-employee of Mr. Jones, has a fiduciary relationship for his loyalty, his duty of good faith, and this. He only made a conclusory statement, an employee-employer relationship. He has not established for this Court how this fiduciary relationship still -- or continues when he has done all of these things that no court would impose a fiduciary relationship, and because, like I wrote in my response, he has economically, physically, and emotionally abused her.

And she has a right, Your Honor, to defend herself as an employee. And as an employee, she has to provide information that was given to her by Mr. Jones. Like Ms. Faire at all times wanted to follow the law, I wanted to honor Judge Sakai's request by saying, Produce all that you have.

Now, prior -- and just a few more minutes, Your Honor.

THE COURT: Well, you need to wrap it up because -- so I have Mr. -- wrap up.

MS. BROWN: Okay. And the rest of the issues that I raised, Your Honor, are fully described in my response. But my whole defense to this is timeliness. One year is a waiver of any claims. Six months is a waiver.

And even if the Court wanted to entertain his response that said, I didn't find out until March -- April, May, June, July, August, September, seven -- six months, Your Honor, is a clear waiver, and it's clearly defined in the case law that I've cited and including decisions from the Fourth Court of Appeals.

THE COURT: Okay. Thank you, Ms. Brown.

Mr. Barbour?

MR. BARBOUR: I'll be brief, Your Honor. Your Honor, may I approach?

THE COURT: Yes.

MR. BARBOUR: I would like to tender to the Court for in camera inspection, if the Court would like them --

THE COURT: Okay. Do you have them in a sealed envelope --

MR. BARBOUR: I do not.

THE COURT: -- with in camera?

*MR. BARBOUR:* We can arrange that, though.

*THE COURT:* Okay. The Court -- if the Court -- if you wish something for the Court, it needs to be in an in camera form.

*MR. BARBOUR:* Okay. We will arrange for that this Honor -- this afternoon, Your Honor.

*MS. BROWN:* Your Honor, I'm going to object to him tendering to the Court information he didn't attach to his motion. I think the law clearly requires him to be specific about what -- and he did not give me any notice.

*THE COURT:* But isn't this the documents that were supposedly produced in discovery --

*MR. BARBOUR:* Absolutely, Your Honor.

*THE COURT:* -- by you, Ms. Brown?

*MR. BARBOUR:* Absolutely, Your Honor. And the documents that I'm going to tender to the Court for in camera inspection have been outlined to Ms. Brown in prior correspondence to designate the items that we believe are privileged.

And, respectfully, Your Honor, it's not Ms. Brown's decision to determine which of Mr. Jones' documents are privileged or how important that privilege is to him and so forth. That's her trying to adjudicate his attorney-client privilege, which is absolutely

improper.

But if it would please the Court, this Honor -- Your Honor, this afternoon we will tender these for in camera inspection, copying Ms. Brown and designating those items for production to be included.

THE COURT: But they need to be in the form to be submitted to a court for in camera inspection.

MR. BARBOUR: Yes, Your Honor.

THE COURT: Okay. Sealed, everything.

MR. BARBOUR: Yes, Your Honor.

THE COURT: Okay.

MR. BARBOUR: To be very brief, Your Honor, I understand Your Honor has other obligations. The facts that the divorce and the employment law case are separate, is of no importance whatsoever. The issue is: Has Ms. Brown invaded Mr. Jones' privilege? Ms. Brown makes no discussion whatsoever of those six *Meador* factors that I spent time outlining for the Court, and her response does not address them either.

They're essentially conceded that Ms. Brown came into possession of Mr. Jones' privileged communications, gave no indication to opposing counsel that she had done so, made no effort to remedy that harm to Mr. Jones and so forth. That is essentially conceded

through both the argument and in the briefing itself.

As to the waiver argument, Your Honor, I -- when Ms. -- when I learned that Ms. Brown was representing Ms. Faire last October, I had no indication at all that she was in possession of these privileged communications. All I knew is she was representing her and that was the end of it. We were not made aware of the fact that privileged communications and information itself had been disclosed until these documents were produced substantially later in discovery, Your Honor.

The balance of our arguments, Your Honor, I believe are addressed in the pleadings, and I would tender those today to the Court for its consideration.

THE COURT: Okay. The Court will await the submission.

MS. BROWN: I just have one more -- I mean, one brief statement, Your Honor, about Ms. Brown being in possession. In the cases that I cited, an attorney did not get disqualified, even though he went to another law firm's office and reviewed documents and came back. And I'll be happy to bring this case. He was not disqualified on the issue of timeliness.

THE COURT: Anything?

MR. BARBOUR: I just think the pleadings address the matter, Your Honor.

## COURT'S RULING

*THE COURT:* Okay. The Court will review the pleadings, all the case law, will await the submission of the in camera documents that Mr. Barbour has indicated in a form for in camera. And then the Court is taking this matter under advisement and will issue its ruling once it's had an opportunity to review everything.

*MR. BARBOUR:* Thank you, Your Honor.

*THE COURT:* At this time, we're off the record.

*MS. BROWN:* Thank you, Your Honor.

*MR. BARBOUR:* Thank you, Your Honor.

*(9:34 a.m. Court was adjourned.)*

*-*-*-*-*-*-*-*-*-*-*-*

(END OF PROCEEDINGS)

THE STATE OF TEXAS )

COUNTY OF BEXAR )

I, MARY ORALIA BERRY, Official Court Reporter in and for the 285th District Court of Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total original costs for preparation of this Reporter's Record is $196.00 and was paid by Mr. Justin Barbour.

WITNESS MY OFFICIAL HAND this the 19th day of October, 2015.

/s/ Mary Oralia Berry
Mary Oralia Berry, Texas CSR #2963
Expiration Date: 12/31/15
Official Court Reporter-Bexar County,TX
100 Dolorosa
285th District Court
Bexar County Courthouse
San Antonio, Texas 78205
Phone: (210)335-2289